IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CENDANT PUBLISHING, INC.

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Civil Action No. 05-414-JJF

NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that Amazon.com, Inc. has served the attached

subpoenas directed to: Adam Wallace, Charles M. Stack and Flashline, Inc.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_Karen A. Keller_

Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
*Attorneys for Plaintiff Amazon.com, Inc.*

*Of Counsel:*

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
C. J. Alice Chen
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Dated:  December 21, 2005

# EXHIBIT 1

• AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Ohio |

Cendant Publishing, Inc.

V.

Amazon.com, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] _____

Case Pending in the United States District Court
For the District of Delaware
Case No.: 05-414-JJF

TO: Adam Wallace
c/o Flashline, Inc.
1300 East 9th Street, Suite #1600
Cleveland, Ohio 44114

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

Please see the attached Exhibit A.

| PLACE Fincun-Mancini, Inc. 1801 East Ninth Street, Suite 1720 Cleveland, OH 44114-3198 | Please contact to make arrangements for copying if needed. | DATE AND TIME January 3, 2006 12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Attorneys for Defendant Amazon.com, Inc.* | DATE 12/14/2005 December 14, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Darren E. Donnelly, Fenwick & West, LLP, 801 California St., Mountain View, CA 94041 (650)988-8500

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12/20/05 | 1300 E 9th St. Cleve, OHio |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

Adam Wallace                              Pers.

SERVED BY (PRINT NAME)                    TITLE

Timothy D Shaver                          Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   12/20/05
              DATE

SIGNATURE OF SERVER   Timothy D Shaver

ADDRESS OF SERVER   7599 Hillside

Indep. OHio

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

1.      "Cendant" or "Plaintiff" shall mean and include Cendant Publishing, Inc. (also named Affinion) and CD Intellectual Property Holdings LLC, and shall include each of their respective divisions, parents, subsidiaries, affiliates, related companies, associated organizations, joint ventures, predecessors or successor companies (including all entities directly or indirectly acquired thereby), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.  This definition specifically includes, but is not limited to CUC International.

2.      "Amazon.com" refers to Defendant Amazon.com, Inc.

3.      "You" or "your" refer to (a) you as an individual, (b) any past or present partner or affiliates, whether domestic or foreign, and whether an individual or an entity, (c) any persons acting on your behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf you are currently or were in the past acting, whether domestic or foreign, and whether an individual or an entity.

4.      The term "Books.com" shall mean and include the entity operating as "Book Stacks Unlimited," "Books.com," and/or "Bookstacks.com," and shall include their divisions, parents, subsidiaries, affiliates, associated organizations, joint ventures, predecessors or successor companies (including specifically all entities directly or indirectly acquired by Cendant), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers, trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.

5.      The term "'370 Patent" refers to U.S. Patent No. 6,782,370, listing Charles Stack as inventor, filed on September 4, 1997, issued on August 24, 2004, and titled "System and Method for Providing Recommendation of Goods or Services Based on Recorded Purchasing History."

6.      The term "'370 Patent embodiments" means an actual or purported embodiment of any claim of the '370 Patent, including but not limited to, the feature identified as the Affinity service in the '370 Patent, or any predecessor or successor feature.

7.      The term "related patents/applications" as used herein in connection with the '370 Patent means (a) any U.S., international, or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date, (b) all parent, child, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of the application(s) that led to issuance of the '370 Patent.

8.      The term "instrumentality" shall refer to an apparatus, system, component, machine, thing, combination, composition, method, product, device, service, capability, functionality, feature, process, manufacture, act, activity, program, application, or any combination thereof.

9.      The term "information material to patentability" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the

2

specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "Information Material To Patentability" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (a) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

      10.    The terms "person" or "persons" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

      11.    The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices,

pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

12.    The term "all documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

13.    The term "communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

14.    The terms "relate to," "relates to," "related to," "relating to," "referring to" and "regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

15.    The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

16.    The term "any" or "each" should be understood to include and encompass "all."

17.    The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

18.    The singular form of any work shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

/ / /

/ / /

/ / /

## INSTRUCTIONS

1.     The subpoena served upon you commands you to (at a minimum) produce all responsive documents in your possession, custody or control, or in the possession, custody or control of your agents or representatives, e.g., employees or attorneys.

2.     You are to provide documents responsive to this subpoena organized and labeled to correspond with the categories set forth below or can provide documents as they are kept in the ordinary course of business.

3.     Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5.     File folders with tabs or labels, or directories of files, or other information organization structures including documents called for by these requests should be produced intact with such documents.

6.     Documents attached to each other shall not be separated.

7.     The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege) supply a list of the documents for which limitation of discovery is claimed, indicating:

  a.     the identity of each document's author, writer, sender or initiator;

  b.     the identity of each document's recipient, addressee, or person for whom it was intended;

  c.     the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if the date does not appear on the

5

document;

    d.    the general subject matter as described on each document, or, if no such he description appears, then some other description sufficient to identify the document;

    e.    the claimed grounds for limitation of discovery (e.g., "attorney-client privilege);

    f.    the identity of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    g.    the number of pages of the document;

    h.    a description of any accompanying material transmitted with or attached to such document; and

    i.    whether any business or non-legal matter is contained or discussed in such document.

    8.    If your response to a particular demand is that you lack the ability to comply with that demand, state whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document.

    9.    If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2, which states "If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to

keep such documents confidential and to use them only for purposes of litigating the case."

10.    To the extent permitted and authorized by law, these document requests shall be deemed to be continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1.    All documents that relate to communications with Cendant, Books.com, or any of their current or former employees or representatives regarding the '370 Patent, related patents/applications, or Amazon.com.

2.    All documents related to this lawsuit.

3.    All documents related to the '370 Patent.

4.    All documents relating to any '370 Patent embodiments.

5.    All documents relating to the decision to pursue, decision to prepare, decision to file, filing, preparation and/or prosecution of the '370 Patent and/or any related patents/applications, including, without limitation, communications with any person related to any of the foregoing.

6.    All documents related to any system, method, apparatus, product, service, functionality, capability, or means that you believe, or have believed, practiced any claim of the '370 Patent or related patents/applications.

7.    All documents relating to any attempt to enforce the '370 Patent and/or any related patents/applications.

8.    All documents that relate to any legal proceedings involving the '370 Patent and/or related patents/applications.

9.    All articles, abstracts, papers, technical reports, programs or other documents prepared (in whole or in part) by you or on your behalf, that relate to subject matter disclosed in the '370 Patent.

10.    All documents you believe are relevant in any way to the construction of any

7

claim, claim limitations, or claim term of the '370 Patent.

      11.    All documents related to whether Amazon.com practices any claim in the '370 Patent.

      12.    All documents related to data created through use of any '370 Patent embodiments.

      13.    All documents related to the respective contributions of each actual or listed inventor to the subject matter described in the claims of the '370 Patent and any related patents/applications.

      14.    All documents relating to your communications or collaboration with any person in subject areas related to those disclosed in the '370 Patent prior to the issuance thereof.

      15.    All documents related to communications with any person who has contended that he or she is, or you believe is, a contributor to the conception or reduction to practice of subject matter within the scope of any claim of the '370 Patent or related patents/applications which communications are related to the subject matter of the '370 Patent, any related patents/application, Books.com, Amazon.com or Cendant, or this litigation.

      16.    All documents related to the first disclosure of any invention claimed in the '370 Patent.

      17.    All documents relating to any use of any '370 Patent embodiment prior to the actual filing date of the '370 Patent.

      18.    All documents relating to any authorization to practice any '370 Patent embodiment, including (without limitation), documents sufficient to show the person authorized and the use.

      19.    All documents related to any problem solved by any invention claimed in the '370 Patent.

      20.    All documents demonstrating, referring to, or relating to the attempt or failure of others to arrive at any alleged invention claimed in the '370 Patent.

      21.    All documents relating to any long-felt need for any alleged invention claimed in

the '370 Patent.

22.    All documents relating to any commercial success of any product or service practicing any claimed invention in the '370 Patent.

23.    All documents you contend show a nexus between any alleged commercial success of any product or service practicing any claimed invention in the '370 Patent and the particular claimed inventions.

24.    All documents related to the sale, license, mortgage, assignment, or transfer (or any offer relating to any of the foregoing) of any rights in the '370 Patent or any related patents/applications.

25.    All documents that relate to negotiations for the sale, license, mortgage or assignment or transfer of any rights in the '370 Patent or any related patents/applications, whether or not those negotiations led to a transfer of rights.

26.    All documents related to any copying of any '370 Patent embodiment, including without limitation documents sufficient to show the allegedly copied embodiment, the claimed invention, and the allegedly copying Instrumentality.

27.    All documents related to any invention or discovery by others of any invention claimed in any of the '370 Patent.

28.    All documents that relate to the level of skill in the art relevant to the '370 Patent.

29.    All documents related to the content of the '370 Patent, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the '370 Patent and or related patents/applications.

30.    All documents relating to the inventions claimed in the '370 Patent or any related patents/applications, including without limitation invention disclosures, notes or files made in preparing and/or prosecuting the '370 Patent or related patents/applications.

31.    All documents relating to, or corroborating, conception or reduction to practice of

each claimed invention in the '370 Patent.

32.    All documents relating to, or corroborating, any diligence in reducing to practice each claimed invention in the '370 Patent.

33.    All documents relating to the design, testing, implementation, and/or development of any embodiment of one or more inventions in the '370 Patent.

34.    All technical notebooks and files related to the subject matter disclosed in the '370 Patent, including but not limited to engineering or lab notebooks, progress reports, grant applications, research summaries, journals, invention disclosures, and/or files of any inventor, listed or not, of the '370 Patent.

35.    All documents in any file maintained by or for you relating to the '370 Patent, any related patents/applications,'370 Patent embodiments, or this litigation.

36.    A copy of every actual or purported embodiment or implementation of each claimed invention of the '370 Patent or any related patents/applications actually reduced to practice.

37.    All documents relating to use or commercialization of any '370 Patent embodiments before the actual filing date thereof.

38.    All documents relating to any features of Books.com for suggesting, recommending, or evaluating items prior to the actual filing date of the '370 Patent.

39.    All documents relating to systems, methods, services, techniques, publications, features, or research for providing recommendations based on prior ratings, purchases, or use prior to the filing date of the '370 Patent.

40.    All documents relating to information material to patentability of any claim in the '370 Patent.

41.    All documents related to agreements you negotiated or entered into with Cendant or any of its representatives.

42.    All documents related to agreements you negotiated or entered into with Books.com or any of its representatives relating to inventions, the '370 Patent, or '370 Patent

10

embodiments.

43.     All documents related to any interest you have in the outcome of this litigation, enforcement of the '370 Patent, or related patents/applications.

44.     All documents related to your work in connection with the inventions disclosed in the '370 Patent, including any progress reports, or other summaries of your work.

45.     All documents relating to any obligation to assign any patents, patent applications, or rights thereto to any employer, including but not limited to any policy relating to ownership of intellectual property or inventions your employer had in place during the period from immediately prior to the earliest date of conception of any claim in the '370 Patent until the issuance thereof.

46.     All documents related to any search concerning prior work, prior art, validity, due diligence, or patentability related to the '370 Patent, specifically including but not limited to, all documents relating to any literature searches, or review of online services related to the work disclosed in the '370 Patent.

47.     All documents relating to CUC Publishing.

48.     All documents relating to the operation of Books.com, including but not limited to, inventory, capacity, transaction volume, number of unique accounts or users, or web site metrics.

49.     All documents relating to any valuation of Books.com.

50.     All documents relating to financial information of Books.com, including its costs, revenues, profits, losses, expenses, investors, valuation, or capitalization.

51.     All documents relating to competitors of Books.com or competition with Books.com.

52.     All documents relating to the sale or acquisition of Books.com.

53.     All documents related to any plan, proposal, or strategy for enforcing the '370 Patent.

54.     All documents relating to any valuation of the '370 Patent.

11

55.    All documents related to agreements you negotiated or entered into with any person regarding the '370 Patent.

56.    All documents relating to any opinion concerning the patentability, enforceability, infringement, or enforcement of the '370 Patent or related patents/applications.

57.    All documents related to your educational background and previous employment, including a resume or curriculum vitae.

58.    All documents related to your experience in any of the fields of technology of the '370 Patent, any related patents/applications, and any patents on which you are listed as an inventor.

59.    Any communications you have had with any member(s) of the press or media (including Internet publications) related to Cendant, Books.com, Amazon.com, the '370 Patent, or this lawsuit.

60.    Any and all document retention or destruction policies to which you adhered from 1997 to the present.

61.    All documents relating to any destruction of any documents requested herein.

62.    All documents requested or collected by you from any non-party related to Books.com, the '370 Patent and any of its inventions and embodiments.

63.    All documents relating to the system or service referred to as the Affinity service in the '370 Patent.

64.    All copies or backups of any Internet or web service operated by, or under the name of Books.com, which included any '370 Patent embodiments.

65.    All documents relating to collaborative (or social) information filtering, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

66.    All documents relating to intelligent agents, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

12

67.    All documents relating to recommender systems, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

68.    All documents relating to Amazon.com, features on the Amazon.com website, or communications between Amazon.com and Cendant.

69.    All documents relating to individuals involved with the design, development, testing, implementation, or operation of any '370 Patent embodiments.

70.    All documents requested by or provided to counsel for the Plaintiff in this action.

71.    All documents relating to any purported prior art to the '370 Patent.

72.    All documents sufficient to show the creation, parties to, scope, and duration of any relationship upon which you rely in withholding any documents on the grounds of privilege or immunity applicable to that relationship.

# EXHIBIT 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Ohio |

Cendant Publishing, Inc.

**SUBPOENA IN A CIVIL CASE**

V.

Amazon.com, Inc.

Case Number:[1]

Case Pending in the United States District Court
For the District of Delaware
Case No.: 05-414-JJF

TO:  Charles M. Stack
c/o Flashline, Inc.
1300 East 9th Street, Suite #1600
Cleveland, Ohio 44114

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

Please see the attached Exhibit A.

| PLACE   Fincun-Mancini, Inc.<br>1801 East Ninth Street, Suite 1720<br>Cleveland, OH 44114-3198 | Please contact to make arrangements<br>for copying if needed. | DATE AND TIME<br>January 3, 2006<br>12:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| Attorneys for Defendant Amazon.com, Inc. | 12/14/2005<br>December 14, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Darren E. Donnelly, Fenwick & West, LLP, 801 California St., Mountain View, CA 94041 (650)988-8500

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/16/05 | 1300 E. 9th St. Cle. Oflo |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Charles Stack | Pers. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Timothy D. Shaver | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/16/05
DATE

Signature _____
SIGNATURE OF SERVER

7599 Hillside Rd.
ADDRESS OF SERVER

Toledo Ohio

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.      "Cendant" or "Plaintiff" shall mean and include Cendant Publishing, Inc. (also named Affinion) and CD Intellectual Property Holdings LLC, and shall include each of their respective divisions, parents, subsidiaries, affiliates, related companies, associated organizations, joint ventures, predecessors or successor companies (including all entities directly or indirectly acquired thereby), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.  This definition specifically includes, but is not limited to CUC International.

2.      "Amazon.com" refers to Defendant Amazon.com, Inc.

3.      "You" or "your" refer to (a) you as an individual, (b) any past or present partner or affiliates, whether domestic OR foreign, and whether an individual or an entity, (c) any persons acting on your behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf you are currently or were in the past acting, whether domestic OR foreign, and whether an individual or an entity.

4.      The term "Books.com" shall mean and include the entity operating as "Book Stacks Unlimited," "Books.com," and/or "Bookstacks.com," and shall include their divisions, parents, subsidiaries, affiliates, associated organizations, joint ventures, predecessors or successor companies (including specifically all entities directly or indirectly acquired by Cendant), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers, trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.

5.    The term "'370 Patent" refers to U.S. Patent No. 6,782,370, listing Charles Stack as inventor, filed on September 4, 1997, issued on August 24, 2004, and titled "System and Method for Providing Recommendation of Goods or Services Based on Recorded Purchasing History."

6.    The term "'370 Patent embodiments" means an actual or purported embodiment of any claim of the '370 Patent, including but not limited to, the feature identified as the Affinity service in the '370 Patent, or any predecessor or successor feature.

7.    The term "related patents/applications" as used herein in connection with the '370 Patent means (a) any U.S., international, or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date, (b) all parent, child, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of the application(s) that led to issuance of the '370 Patent.

8.    The term "instrumentality" shall refer to an apparatus, system, component, machine, thing, combination, composition, method, product, device, service, capability, functionality, feature, process, manufacture, act, activity, program, application, or any combination thereof.

9.    The term "information material to patentability" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the

2

specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "Information Material To Patentability" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (a) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

      10.    The terms "person" or "persons" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

      11.    The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices,

3

pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

12.    The term "all documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

13.    The term "communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

14.    The terms "relate to," "relates to," "related to," "relating to," "referring to" and "regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

15.    The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

16.    The term "any" or "each" should be understood to include and encompass "all."

17.    The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

18.    The singular form of any work shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

/ / /

/ / /

## INSTRUCTIONS

1.    The subpoena served upon you commands you to (at a minimum) produce all responsive documents in your possession, custody or control, or in the possession, custody or control of your agents or representatives, e.g., employees or attorneys.

2.    You are to provide documents responsive to this subpoena organized and labeled to correspond with the categories set forth below or can provide documents as they are kept in the ordinary course of business.

3.    Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.    Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5.    File folders with tabs or labels, or directories of files, or other information organization structures including documents called for by these requests should be produced intact with such documents.

6.    Documents attached to each other shall not be separated.

7.    The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege) supply a list of the documents for which limitation of discovery is claimed, indicating:

   a.    the identity of each document's author, writer, sender or initiator;

   b.    the identity of each document's recipient, addressee, or person for whom it was intended;

   c.    the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if the date does not appear on the document;

d.    the general subject matter as described on each document, or, if no such he description appears, then some other description sufficient to identify the document;

e.    the claimed grounds for limitation of discovery (e.g., "attorney-client privilege);

f.    the identity of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

g.    the number of pages of the document;

h.    a description of any accompanying material transmitted with or attached to such document; and

i.    whether any business or non-legal matter is contained or discussed in such document.

8.    If your response to a particular demand is that you lack the ability to comply with that demand, state whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document.

9.    If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2, which states "If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case."

10.     To the extent permitted and authorized by law, these document requests shall be deemed to be continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

### DOCUMENT REQUESTS

1.     All documents that relate to communications with Cendant, Books.com, or any of their current or former employees or representatives regarding the '370 Patent, related patents/applications, or Amazon.com.

2.     All documents related to this lawsuit.

3.     All documents related to the '370 Patent.

4.     All documents relating to any '370 Patent embodiments.

5.     All documents reviewed in connection with the preparation or prosecution of the '370 Patent and any related patents/applications.

6.     All documents relating to the decision to pursue, decision to prepare, decision to file, filing, preparation and/or prosecution of the '370 Patent and/or any related patents/applications, including, without limitation, communications with any person related to any of the foregoing.

7.     All documents related to any system, method, apparatus, product, service, functionality, capability, or means that you believe, or have believed, practiced any claim of the '370 Patent or related patents/applications.

8.     All documents relating to communications to or from any foreign agents regarding the '370 Patent and/or any related patents/applications.

9.     All documents that relate to any challenge, whether formal or informal, to the enforceability of the '370 Patent and/or related patents/applications.

10.     All documents that relate to any priority contest or interference relating to subject matter disclosed in the '370 Patent and/or related patents/applications.

11.     All documents relating to any attempt to enforce the '370 Patent and/or any

related patents/applications.

12.    All documents that relate to any legal proceedings involving the '370 Patent and/or related patents/applications.

13.    All articles, abstracts, papers, technical reports, programs or other documents prepared (in whole or in part) by you or on your behalf, that relate to subject matter disclosed in the '370 Patent.

14.    All documents you believe are relevant in any way to the construction of any claim, claim limitations, or claim term of the '370 Patent.

15.    All documents related to whether Amazon.com practices any claim in the '370 Patent.

16.    All documents related to data created through use of any '370 Patent embodiments.

17.    All documents related to the respective contributions of each actual or listed inventor to the subject matter described in the claims of the '370 Patent and any related patents/applications.

18.    All documents relating to your communications or collaboration with any person in subject areas related to those disclosed in the '370 Patent prior to the issuance thereof.

19.    All documents related to communications with any person who has contended that he or she is, or you believe is, a contributor to the conception or reduction to practice of subject matter within the scope of any claim of the '370 Patent or related patents/applications which communications are related to the subject matter of the '370 Patent, any related patents/application, Books.com, Amazon.com or Cendant, or this litigation.

20.    All documents related to the first disclosure of any invention claimed in the '370 Patent.

21.    All documents relating to any use of any '370 Patent embodiment prior to the actual filing date of the '370 Patent.

22.    All documents relating to any authorization to practice any '370 Patent

8

embodiment, including (without limitation), documents sufficient to show the person authorized and the use.

23.    All documents related to any problem solved by any invention claimed in the '370 Patent.

24.    All documents demonstrating, referring to, or relating to the attempt or failure of others to arrive at any alleged invention claimed in the '370 Patent.

25.    All documents relating to any long-felt need for any alleged invention claimed in the '370 Patent.

26.    All documents relating to any commercial success of any product or service practicing any claimed invention in the '370 Patent.

27.    All documents you contend show a nexus between any alleged commercial success of any product or service practicing any claimed invention in the '370 Patent and the particular claimed inventions.

28.    All documents related to the sale, license, mortgage, assignment, or transfer (or any offer relating to any of the foregoing) of any rights in the '370 Patent or any related patents/applications.

29.    All documents that relate to negotiations for the sale, license, mortgage or assignment or transfer of any rights in the '370 Patent or any related patents/applications, whether or not those negotiations led to a transfer of rights.

30.    All documents related to any copying of any '370 Patent embodiment, including without limitation documents sufficient to show the allegedly copied embodiment, the claimed invention, and the allegedly copying Instrumentality.

31.    All documents related to any invention or discovery by others of any invention claimed in any of the '370 Patent.

32.    All documents that relate to the level of skill in the art relevant to the '370 Patent.

33.    All documents related to the content of the '370 Patent, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage

9

thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the '370 Patent and or related patents/applications.

34.    All documents relating to the inventions claimed in the '370 Patent or any related patents/applications, including without limitation invention disclosures, notes or files made in preparing and/or prosecuting the '370 Patent or related patents/applications.

35.    All documents relating to, or corroborating, conception or reduction to practice of each claimed invention in the '370 Patent.

36.    All documents relating to, or corroborating, any diligence in reducing to practice each claimed invention in the '370 Patent.

37.    All documents relating to the design, testing, implementation, and/or development of any embodiment of one or more inventions in the '370 Patent.

38.    All technical notebooks and files related to the subject matter disclosed in the '370 Patent, including but not limited to engineering or lab notebooks, progress reports, grant applications, research summaries, journals, invention disclosures, and/or files of any inventor, listed or not, of the '370 Patent.

39.    All documents in any file maintained by or for you relating to the '370 Patent, any related patents/applications,'370 Patent embodiments, or this litigation.

40.    A copy of every actual or purported embodiment or implementation of each claimed invention of the '370 Patent or any related patents/applications actually reduced to practice.

41.    All documents relating to use or commercialization of any '370 Patent embodiments before the actual filing date thereof.

42.    All documents relating to any features of Books.com for suggesting, recommending, or evaluating items prior to the actual filing date of the '370 Patent.

43.    All documents relating to systems, methods, services, techniques, publications, features, or research for providing recommendations based on prior ratings, purchases, or use

prior to the filing date of the '370 Patent.

44.    All documents relating to information material to patentability of any claim in the '370 Patent.

45.    All documents related to agreements you negotiated or entered into with Cendant or any of its representatives.

46.    All documents related to agreements you negotiated or entered into with Books.com or any of its representatives relating to inventions, the '370 Patent, or '370 Patent embodiments.

47.    All documents related to any interest you have in the outcome of this litigation, enforcement of the '370 Patent, or related patents/applications.

48.    All documents related to communications related to your work in connection with the inventions disclosed in the '370 Patent, your progress reports, and any other summaries of your work.

49.    All documents sufficient to show all persons who had access to any draft application for '370 Patent (or portion thereof) for the '370 Patent prior to the actual filing thereof.

50.    All documents relating to any obligation to assign any patents, patent applications, or rights thereto to any employer, including but not limited to any policy relating to ownership of intellectual property or inventions your employer had in place during the period from immediately prior to the earliest date of conception of any claim in the '370 Patent until the issuance thereof.

51.    All documents related to any search concerning prior work, prior art, validity, due diligence, or patentability related to the '370 Patent, specifically including but not limited to, all documents relating to any literature searches, or review of online services related to the work disclosed in the '370 Patent.

52.    All documents relating to CUC Publishing.

53.    All documents relating to the operation of Books.com, including but not limited

to, inventory, capacity, transaction volume, number of unique accounts or users, or web site
metrics.

54.    All documents relating to any valuation of Books.com.

55.    All documents relating to financial information of Books.com, including its costs,
revenues, profits, losses, expenses, investors, valuation, or capitalization.

56.    All documents relating to competitors of Books.com or competition with
Books.com.

57.    All documents relating to the sale or acquisition of Books.com.

58.    All documents related to any plan, proposal, or strategy for enforcing the '370
Patent.

59.    All documents relating to any valuation of the '370 Patent.

60.    All documents related to agreements you negotiated or entered into with any
person regarding the '370 Patent.

61.    All documents relating to any opinion concerning the patentability, enforceability,
infringement, or enforcement of the '370 Patent or related patents/applications.

62.    All documents related to your educational background and previous employment,
including a resume or curriculum vitae.

63.    All documents related to your experience in any of the fields of technology of the
'370 Patent, any related patents/applications, and any patents on which you are listed as an
inventor.

64.    Any communications you have had with any member(s) of the press or media
(including Internet publications) related to Cendant, Books.com, Amazon.com, the '370 Patent,
or this lawsuit.

65.    Any and all document retention or destruction policies to which you adhered from
1997 to the present.

66.    All documents relating to any destruction of any documents requested herein.

67.    All documents requested or collected by you from any non-party related to

12

Books.com, the '370 Patent and any of its inventions and embodiments.

68.    All documents relating to the system or service referred to as the Affinity service in the '370 Patent.

69.    All copies or backups of any Internet or web service operated by, or under the name of Books.com, which included any '370 Patent embodiments.

70.    All documents relating to collaborative (or social) information filtering, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

71.    All documents relating to intelligent agents, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

72.    All documents relating to recommender systems, including all documents relating to your knowledge of, your use of, or descriptions of systems, applications or research relating to same.

73.    All documents relating to Amazon.com, features on the Amazon.com website, or communications between Amazon.com and Cendant.

74.    All documents relating to individuals involved with the design, development, testing, implementation, or operation of any '370 Patent embodiments.

75.    All documents requested by or provided to counsel for the Plaintiff in this action.

76.    All documents relating to any purported prior art to the '370 Patent.

77.    All documents sufficient to show the creation, parties to, scope, and duration of any relationship upon which you rely in withholding any documents on the grounds of privilege or immunity applicable to that relationship.

# EXHIBIT 3

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Ohio |
|----------|-------------|------|

Cendant Publishing, Inc.

V.

Amazon.com, Inc.

TO: Flashline, Inc.
1300 East 9th Street, Suite #1600
Cleveland, Ohio 44114

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

Case Pending in the United States District Court
For the District of Delaware
Case No.: 05-414-JJF

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|--------------------|-----------|
|                    | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

Please see the attached Exhibit A.

| PLACE  Fincun-Mancini, Inc.<br>1801 East Ninth Street, Suite 1720<br>Cleveland, OH 44114-3198 | Please contact to make arrangements<br>for copying if needed. | DATE AND TIME<br>January 3, 2006<br>12:00 p.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorneys for Defendant Amazon.com, Inc. | DATE<br>12/14/2005<br>December 14, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Darren E. Donnelly, Fenwick & West, LLP, 801 California St., Mountain View, CA 94041 (650)988-8500

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/16/05 | 1300 East St. Cleve, Ohio |

SERVED ON (PRINT NAME)    MANNER OF SERVICE

Flashline Inc.    Charles M. Stuck

SERVED BY (PRINT NAME)    TITLE

Timothy DShaven    Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/16/05

DATE

Tiosta DShan

SIGNATURE OF SERVER

7599 Hillside Rd.

ADDRESS OF SERVER

Inlep. Ohio

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.      "Cendant" or "Plaintiff" shall mean and include Cendant Publishing, Inc. (also named Affinion) and CD Intellectual Property Holdings LLC, and shall include each of their respective divisions, parents, subsidiaries, affiliates, related companies, associated organizations, joint ventures, predecessors or successor companies (including all entities directly or indirectly acquired thereby), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf. This definition specifically includes, but is not limited to CUC International.

2.      "Amazon.com" refers to Defendant Amazon.com, Inc.

3.      "You" or "your" refer to (a) Flashline, Inc., (b) any past or present partner or affiliates, whether domestic or foreign, and whether an individual or an entity, (c) any persons acting on your behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf you are currently or were in the past acting, whether domestic or foreign, and whether an individual or an entity.

4.      "Mr. Stack" refers to (a) Charles Stack, an inventor listed on U.S. Patent No. 6,782,370, as an individual, (b) any of his past or present partners or affiliates, whether domestic OR foreign, and whether an individual or an entity, (c) any persons acting on his behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf Stack is currently or was in the past acting, whether domestic OR foreign, and whether an individual or an entity.

5.      "Mr. Wallace" refers to (a) Adam Wallace, an individual, (b) any of his past or present partners or affiliates, whether domestic OR foreign, and whether an individual or an entity, (c) any persons acting on his behalf, such as (but not limited to) employees, officers,

assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf he is currently or was in the past acting, whether domestic OR foreign, and whether an individual or an entity.

6.    The term "Books.com" shall mean and include the entity operating as "Book Stacks Unlimited," "Books.com," and/or "Bookstacks.com," and shall include their divisions, parents, subsidiaries, affiliates, associated organizations, joint ventures, predecessors or successor companies (including specifically all entities directly or indirectly acquired by Cendant), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers, trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.

7.    The term "'370 Patent" refers to U.S. Patent No. 6,782,370, listing Charles Stack as inventor, filed on September 4, 1997, issued on August 24, 2004, and titled "System and Method for Providing Recommendation of Goods or Services Based on Recorded Purchasing History."

8.    The term "'370 Patent embodiments" means an actual or purported embodiment of any claim of the '370 Patent, including but not limited to, the feature identified as the Affinity service in the '370 Patent, or any predecessor or successor feature.

9.    The term "related patents/applications" as used herein in connection with the '370 Patent means (a) any U.S., international, or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date, (b) all parent, child, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications, and/or (c) any patent or patent application filed by one or more of the same applicant(s) (or his or her assignees) that refers to any of the application(s) that led to issuance of the '370 Patent.

10.    The term "instrumentality" shall refer to an apparatus, system, component, machine, thing, combination, composition, method, product, device, service, capability,

functionality, feature, process, manufacture, act, activity, program, application, or any combination thereof.

11.    The term "information material to patentability" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "Information Material To Patentability" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (a) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

12.    The terms "person" or "persons" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

13.    The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be

3

limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

14.    The term "all documents" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

15.    The term "communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

16.    The terms "relate to," "relates to," "related to," "relating to," "referring to" and "regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually

4

connected with the matter discussed or identified.

17.     The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

18.     The term "any" or "each" should be understood to include and encompass "all."

19.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

20.     The singular form of any work shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1.     The subpoena served upon you commands you to (at a minimum) produce all responsive documents in your possession, custody or control, or in the possession, custody or control of your agents or representatives, e.g., employees or attorneys.

2.     You are to provide documents responsive to this subpoena organized and labeled to correspond with the categories set forth below or can provide documents as they are kept in the ordinary course of business.

3.     Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5.     File folders with tabs or labels, or directories of files, or other information organization structures including documents called for by these requests should be produced intact with such documents.

6.     Documents attached to each other shall not be separated.

7.     The document requests do not require disclosure of privileged or other protected

matter where no exception or waiver applies. Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege) supply a list of the documents for which limitation of discovery is claimed, indicating:

a.    the identity of each document's author, writer, sender or initiator;

b.    the identity of each document's recipient, addressee, or person for whom it was intended;

c.    the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if the date does not appear on the document;

d.    the general subject matter as described on each document, or, if no such he description appears, then some other description sufficient to identify the document;

e.    the claimed grounds for limitation of discovery (e.g., "attorney-client privilege);

f.    the identity of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

g.    the number of pages of the document;

h.    a description of any accompanying material transmitted with or attached to such document; and

i.    whether any business or non-legal matter is contained or discussed in such document.

8.    If your response to a particular demand is that you lack the ability to comply with that demand, state whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document.

9.     If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2, which states "If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case."

10.     To the extent permitted and authorized by law, these document requests shall be deemed to be continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1.     All documents that relate to communications between either Mr. Stack or Mr. Wallace and Cendant, Books.com, or any of their current or former employees or representatives regarding the '370 Patent, related patents/applications, or Amazon.com.

2.     All documents related to this lawsuit.

3.     All documents related to the '370 Patent.

4.     All documents relating to any '370 Patent embodiments.

5.     All documents reviewed in connection with the preparation or prosecution of the '370 Patent and any related patents/applications.

6.     All documents relating to the decision to pursue, decision to prepare, decision to file, filing, preparation and/or prosecution of the '370 Patent and/or any related patents/applications, including, without limitation, communications with any person related to any of the foregoing.

7.     All documents related to any system, method, apparatus, product, service,

functionality, capability, or means that you believes, or have believed, practiced any claim of the '370 Patent or related patents/applications.

8.      All documents relating to communications to or from any foreign agents regarding the '370 Patent and/or any related patents/applications.

9.      All documents that relate to any challenge, whether formal or informal, to the enforceability of the '370 Patent and/or related patents/applications.

10.     All documents that relate to any priority contest or interference relating to subject matter disclosed in the '370 Patent and/or related patents/applications.

11.     All documents relating to any attempt to enforce the '370 Patent and/or any related patents/applications.

12.     All documents that relate to any legal proceedings involving the '370 Patent and/or related patents/applications.

13.     All articles, abstracts, papers, technical reports, programs or other documents that relate to subject matter disclosed in the '370 Patent.

14.     All documents related to whether Amazon.com practices any claim in the '370 Patent.

15.     All documents related to data created through use of any '370 Patent embodiments.

16.     All documents related to the respective contributions of each actual or listed inventor to the subject matter described in the claims of the '370 Patent and any related patents/applications.

17.     All documents relating to Mr. Stack's or Mr. Wallace's communications or collaboration with any person in subject areas related to those disclosed in the '370 Patent prior to the issuance thereof.

18.     All documents related to communications with any person (other than Mr. Stack) who has contended that he or she is, or you believes is, a contributor to the conception or reduction to practice of subject matter within the scope of any claim of the '370 Patent or related

patents/applications which communications are related to the subject matter of the '370 Patent, any related patents/application, Books.com, Amazon.com or Cendant, or this litigation.

19.    All documents related to the first disclosure of any invention claimed in the '370 Patent.

20.    All documents relating to any use of any '370 Patent embodiment prior to the actual filing date of the '370 Patent.

21.    All documents relating to any authorization to practice any '370 Patent embodiment, including (without limitation), documents sufficient to show the person authorized and the use.

22.    All documents related to any problem solved by any invention claimed in the '370 Patent.

23.    All documents demonstrating, referring to, or relating to the attempt or failure of others to arrive at any alleged invention claimed in the '370 Patent.

24.    All documents relating to any long-felt need for any alleged invention claimed in the '370 Patent.

25.    All documents relating to any commercial success of any product or service practicing any claimed invention in the '370 Patent.

26.    All documents related to the sale, license, mortgage, assignment, or transfer (or any offer relating to any of the foregoing) of any rights in the '370 Patent or any related patents/applications.

27.    All documents that relate to negotiations for the sale, license, mortgage or assignment or transfer of any rights in the '370 Patent or any related patents/applications, whether or not those negotiations led to a transfer of rights.

28.    All documents related to any copying of any '370 Patent embodiment, including without limitation documents sufficient to show the allegedly copied embodiment, the claimed invention, and the allegedly copying instrumentality.

29.    All documents related to any invention or discovery by others of any invention

claimed in the '370 Patent.

30.    All documents that relate to the level of skill in the art relevant to the '370 Patent.

31.    All documents related to the content of the '370 Patent, including any summaries or descriptions thereof, descriptions of the contributions to the art reflected therein, the coverage thereof, the processes, activities, actions, or technology coming within the scope of any claim thereof, or summaries or descriptions of differences among the '370 Patent and or related patents/applications.

32.    All documents relating to the inventions claimed in the '370 Patent or any related patents/applications, including without limitation invention disclosures, notes or files made in preparing and/or prosecuting the '370 Patent or related patents/applications.

33.    All documents relating to, or corroborating, conception or reduction to practice of each claimed invention in the '370 Patent.

34.    All documents relating to, or corroborating, any diligence in reducing to practice each claimed invention in the '370 Patent.

35.    All documents relating to the design, testing, implementation, and/or development of any embodiment of one or more inventions in the '370 Patent.

36.    All technical notebooks and files related to the subject matter disclosed in the '370 Patent, including but not limited to engineering or lab notebooks, progress reports, grant applications, research summaries, journals, invention disclosures, and/or files of any inventor, listed or not, of the '370 Patent.

37.    All documents in any file maintained by or for you relating to the '370 Patent, any related patents/applications,'370 Patent embodiments, or this litigation.

38.    A copy of every actual or purported embodiment or implementation of each claimed invention of the '370 Patent or any related patents/applications actually reduced to practice.

39.    All documents relating to use or commercialization of any '370 Patent embodiments before the actual filing date thereof.

10

40.     All documents relating to any features of Books.com for suggesting, recommending, or evaluating items prior to the actual filing date of the '370 Patent.

41.     All documents relating to systems, methods, services, techniques, publications, features, or research for providing recommendations based on prior ratings, purchases, or use prior to the filing date of the '370 Patent.

42.     All documents relating to information material to patentability of any claim in the '370 Patent.

43.     All documents related to agreements negotiated or entered into with Cendant or any of its representatives.

44.     All documents related to agreements negotiated or entered into with Books.com or any of its representatives relating to inventions, the '370 Patent, or '370 Patent embodiments.

45.     All documents related to any interest in the outcome of this litigation, enforcement of the '370 Patent, or related patents/applications.

46.     All documents related to communications related to work done in connection with the inventions disclosed in the '370 Patent, including any progress reports, or summaries of work.

47.     All documents sufficient to show all persons who had access to any draft application for '370 Patent (or portion thereof) for the '370 Patent prior to the actual filing thereof.

48.     All documents relating to any obligation to assign any patents, patent applications, or rights thereto to any employer, including but not limited to any policy relating to ownership of intellectual property or inventions Mr. Stack's employer had in place during the period from immediately prior to the earliest date of conception of any claim in the '370 Patent until the issuance thereof.

49.     All documents related to any search concerning prior work, prior art, validity, due diligence, or patentability related to the '370 Patent, specifically including but not limited to, all documents relating to any literature searches, or review of online services related to the work

disclosed in the '370 Patent.

50.    All documents relating to CUC Publishing.

51.    All documents relating to the operation of Books.com, including but not limited to, inventory, capacity, transaction volume, number of unique accounts or users, or web site metrics.

52.    All documents relating to any valuation of Books.com.

53.    All documents relating to financial information of Books.com, including its costs, revenues, profits, losses, expenses, investors, valuation, or capitalization.

54.    All documents relating to competitors of Books.com or competition with Books.com.

55.    All documents relating to the sale or acquisition of Books.com.

56.    All documents related to any plan, proposal, or strategy for enforcing the '370 Patent.

57.    All documents relating to any valuation of the '370 Patent.

58.    All documents related to agreements negotiated or entered into with any person regarding the '370 Patent.

59.    All documents relating to any opinion concerning the patentability, enforceability, infringement, or enforcement of the '370 Patent or related patents/applications.

60.    Any and all document retention or destruction policies to which you adhered from 1997 to the present.

61.    All documents relating to any destruction of any documents requested herein.

62.    All documents requested or collected by you from any non-party related to Books.com, the '370 Patent and any of its inventions and embodiments.

63.    All documents relating to the system or service referred to as the Affinity service in the '370 Patent.

64.    All copies or backups of any Internet or web service operated by, or under the name of Books.com, which included any '370 Patent embodiments.

65.    All documents relating to collaborative (or social) information filtering, including all documents relating to Mr. Stack or Mr. Wallace's knowledge of, his use of, or descriptions of systems, applications or research relating to same.

66.    All documents relating to intelligent agents, including all documents relating to Mr. Stack or Mr. Wallace's knowledge of, his use of, or descriptions of systems, applications or research relating to same.

67.    All documents relating to recommender systems, including all documents relating to Mr. Stack or Mr. Wallace's knowledge of, his use of, or descriptions of systems, applications or research relating to same.

68.    All documents relating to Amazon.com, features on the Amazon.com website, or communications between Amazon.com and Cendant.

69.    All documents relating to individuals involved with the design, development, testing, implementation, or operation of any '370 Patent embodiments.

70.    All documents requested by or provided to counsel for the Plaintiff in this action.

71.    All documents relating to any purported prior art to the '370 Patent.

72.    All documents sufficient to show the creation, parties to, scope, and duration of any relationship upon which you rely in withholding any documents on the grounds of privilege or immunity applicable to that relationship.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on December 21, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esq.
> ASHBY & GEDDES
> 222 Delaware Ave.
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on December 21, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Steve Lieberman, Esq.
> ROTHWELL, FIGG, ERNST & MANBECK, PC
> 1425 K Street, NW, Suite 800
> Washington, D.C. 20005

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Karen E. Keller*

John W. Shaw (ID# 3362)
Karen E. Keller (ID#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
kkeller@ycst.com

Attorneys for Defendant