AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## DISTRICT OF COLUMBIA

Cendant Publishing, Inc.

**V.**

Amazon.com, Inc.

To:
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, Suite 800 NW
Washington, DC 20035

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:1

Case Pending in the United States District
Court for the District of Delaware
Case No.: 05-414-JJF

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please See the Attached Exhibit A

| PLACE IKON, 1120 20th, NW, Suite M-02    Please contact Jason Walker at IKON, 202-431-2177 Washington, DC 20036, 202-452-1850 (cell), to make arrangements for copying if needed. | DATE AND TIME January 13, 2006, 12:00 p.m |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                    Attorneys for Defendant, Amazon.com, Inc. | DATE 12 /30/ 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Darren E. Donnelly, Fenwick & West, LLP, 801 California St., Mountain View, CA 94041 (650)988-8500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                Date

_____
Signature of Server

_____
Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2)    when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## District of Columbia

Case Number: 05-414-JJF

Plaintiff:
**CENDANT PUBLISHING, INC.**

vs.

Defendant:
**AMAZON.COM, INC.**

Received by ALIASS on the 21st day of December, 2005 at 11:14 am to be served on **ROTHWELL, FIGG, ERNST & MANBECK, PC, C/O E. ANTHONY FIGG, REGISTERED AGENT - 1425 K STREET, NW, SUITE 800, WASHINGTON, DC 20005.**

I, Elliot J. Roberts, being duly sworn, depose and say that on the **21st day of December, 2005 at 3:50 pm, I:**

Served the within named corporation by delivering a true copy of the **SUBPOENA IN A CIVIL CASE WITH EXHIBIT A** to Patrick Coccares as Litigation Paralegal, Authorized to Accept by verbal auth. by Atty Figg of the within named corporation, in compliance with State Statutes.

**Description** of Person Served: Age: 33, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 230, Hair: Bald, Glasses: N

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

STATE OF VIRGINIA

COUNTY OF FAIRFAX

Subscribed and Sworn to before me on the 22nd day of December, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

My Commission Expires: **Jennifer B Hon commissioned as Blanchard my commission expires: 2/29/2008**

**Elliot J. Roberts**
Process Server

**ALIASS**
**D.C.J.S.#11-3710**
**10560 Main Street, Suite 405**
**Fairfax, VA 22030**
**(703) 934-6777**
Our Job Serial Number: 2005004125

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j

## EXHIBIT A

## DEFINITIONS

1.      "You" and "your" means Rothwell, Figg, Ernst & Manbeck, P.C., and shall include its predecessor (including Rothwell, Figg, Ernst & Kurz) or successor entities, if any, and its past and present officers, directors, partners, employees, attorneys, authorized agents, consultants, and other persons acting or purporting to act on its behalf, including but not limited to Richard Wydeven.

2.      The term "Action" shall refer to *Cendant Publishing, Inc. v. Amazon.com, Inc.*, Civil Action No. 0-5-00414 (JJF), pending in the United States District Court for the District of Delaware.

3.      "Cendant" shall mean and include Cendant Publishing, Inc. (also named Affinion Publishing, Inc.), CUC International, Inc. and CD Intellectual Property Holdings LLC, and shall include each of their respective divisions, parents, subsidiaries, affiliates, related companies, associated organizations, joint ventures, predecessors or successor companies (including all entities directly or indirectly acquired thereby), if any, entities acting under prior or subsequent names and its past and present officers, directors, employees, attorneys, contractors, authorized agents, sales representatives, distributors, consultants, dealers trustees, staff members, or other representatives, including counsel and patent agents, in any country, and other persons acting or purporting to act on its behalf.

4.      "Mr. Stack" refers to (a) Charles Stack, an inventor listed on U.S. Patent No. 6,782,370, as an individual, (b) any of his past or present partners or affiliates, whether domestic or foreign, and whether an individual or an entity, (c) any persons acting on his behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any persons on whose behalf Mr. Stack is currently or was in the past acting, whether domestic or foreign, and whether an individual or an entity.

5.      "Books.com" refers to Book Stacks Unlimited, Bookstacks.com and Books.com and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names, entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

6.      "Amazon.com" refers to defendant Amazon.com, Inc.

7.      The term "'370 Patent" refers to U.S. Patent No. 6,782,370, listing Charles Stack as inventor, filed on September 4, 1997, issued on August 24, 2004, and titled "System and Method for Providing Recommendation of Goods or Services Based on Recorded Purchasing History."

8.      The "parent applications" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) to which the '370 Patent claims the benefit of priority and including, but not limited to, all applications identified in the first column of the '370 Patent and in any foreign priority information, and each of them.

9.      The "child applications" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) which claim the benefit of priority to the '370 Patent and/or the parent applications, and each of them.

10.     The term "relevant applications" shall mean and include the '370 Patent, parent applications, and child applications as well as any application for patent naming as an inventor, an inventor on the foregoing and having substantially the same disclosure as one of foregoing.

11.     The term "information material to patentability" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent

2

applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "Information material to patentability" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (a) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

12. The terms "person" or "persons" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

13. The term "document" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases,

3

communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

14.    The term "all documents" means any and all documents related to the prosecution or subject matter of the '370 Patent and any relevant applications that can be located through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein. The term "all documents" specifically excludes documents created by or provided to Rothwell, Figg, Ernst & Manbeck, P.C. solely because of its role as counsel to Cendant in the Action.

15.    The term "communication" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents

evidencing any verbal or nonverbal interaction between persons and/or entities.

16.    The terms "relate to," "relates to," "related to," "relating to," "referring to" and "regarding" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

17.    The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

18.    The term "any" or "each" should be understood to include and encompass "all."

19.    The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

20.    The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1.    The subpoena served upon you commands you to produce all responsive documents in your possession, custody or control, or in the possession, custody or control of your attorneys, agents, representatives or employees.

2.    Pursuant to Federal Rule of Civil Procedure 45(d)(1), you are to provide documents responsive to this subpoena as they are kept in the ordinary course of business or you can organize and label the documents to correspond with the requests set forth below.

3.    If you contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any documents so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2., which states "If any documents are deemed confidential by the producing

5

party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case."

4.      Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.      Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

6.      File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

7.      Documents attached to each other shall not be separated.

8.      The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should you seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a.      The identity of each document's author, writer, sender, or initiator;

    b.      The identity of each document's recipient, addressee, or person for whom it was intended;

    c.      The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

d.    The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

e.    The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

9.    If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document must be identified.

10.    To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

11.    This subpoena specifically excludes documents created by or provided to Rothwell, Figg, Ernst & Manbeck, P.C. solely because of its role as counsel to Cendant in the Action.

## DOCUMENT REQUESTS

1.    All documents relating to prosecution of the '370 Patent and any relevant applications.

2.    A copy of your files maintained for the '370 Patent and any relevant applications.

3.    A copy of your files for attorney docket nos. 2258-101A and 2258-167.

4.    All documents relating to the '370 Patent and any relevant applications not protected by the attorney-client privilege created prior to when you were retained in the Action.

5.    All documents relating to or corroborating conception or reduction to practice of subject matter claimed in the '370 Patent and any relevant applications.

6.    All documents relating to the design and/or development of products or systems embodying one or more inventions claimed in the '370 Patent and any relevant applications.

7.    All documents relating to inventorship of the relevant applications, including all documents related to the determination of which individuals to list as inventors on the relevant applications and all documents related to correction of inventorship.

8.    All documents relating to commercialization of products or systems embodying the inventions described in the claims of the '370 Patent before the actual filing date thereof.

9.    All documents relating to information material to patentability for the '370 Patent and any relevant applications.

10.    All technical notebooks and files related to the subject matter disclosed in the '370 Patent, including but not limited to notebooks, invention disclosures, papers, programs, write-ups, meeting notes, transcriptions, and/or files of the inventors listed on the face of the '370 Patent, other individuals contributing to the disclosure or research relating thereto, actual but not named inventors, or person(s) having contended they were an inventor of or contributor to subject matter disclosed in the '370 Patent.

11.    All documents that relate to the sale, license, mortgage, assignment, or other transfer of any rights in the '370 Patent and any relevant applications.

12.    All documents relating to the first offers to sell or sales of products or systems that used or practiced one or more inventions claimed in the '370 Patent.

13.    All documents relating to the first disclosure of subject matter described in the '370 Patent to persons other than the inventors originally listed on the '370 Patent.

14.    All documents relating to discussions or disputes between inventors and/or assignees and any other person concerning the '370 Patent and any relevant applications.

15.    All documents relating to your practices and/or procedures for prosecuting patent applications before the United States Patent and Trademark Office, including but not limited to, all checklists or other documents outlining procedures for completion or consideration upon filing an application, paying an issue fee, allowing an application to issue, complying with obligations pursuant to 37 C.F.R. 1.56, submitting an assignment or declaration, claiming small entity status, or determining inventorship.

16.    All documents relating to correspondence to or from any foreign agents regarding the relevant applications or any foreign applications or patents related to the relevant applications.

17.    All documents relating to the inventions disclosed in the relevant applications, including any notes or files made by any attorney or agent involved in preparing and/or prosecuting patent applications or responses to office actions for the relevant applications.

18.    All captures or printouts of web pages provided by web sites visited in connection with the prosecution of the relevant applications related thereto.

19.    All documents that relate to any attempt to enforce (including, but not limited to, via litigation, solicitation of licenses, or demands to cease and/or desist any activity) the relevant applications with the exception of the Action.

20.    All documents that relate to any challenge, whether formal or informal, to the validity of the '370 Patent.

21.    All documents that relate to any challenge, whether formal or informal, to the enforceability of the '370 Patent.

9

22.    All documents that relate to any priority contest or interference involving the '370 Patent and any relevant applications.

23.    All documents that relate to the earliest known use of the subject matter described in the claims of the '370 Patent.

24.    All documents that relate to papers submitted to any patent office in connection with the '370 Patent and any relevant applications, including all drafts thereof.

25.    All documents related to the preparation of, revision of, investigation for, support for, and/or exhibit to any declaration prepared (whether or not submitted) in connection with the prosecution of the relevant applications, including but not limited to, any declaration pursuant to 37 C.F.R. 1.131, 1.132, 1.322, 1.323, or 1.324.

26.    All documents related to corroboration of any date of invention of subject matter disclosed in the relevant applications, including all documents purporting to indicate a person had read and/or understood the contents of any disclosure related to subject matter disclosed in the relevant applications.

27.    All documents related to any search or investigation of prior art, literature, prior work, validity, or the state of the art conducted for subject matter related to the '370 Patent or any relevant applications.

28.    All documents related to compliance with the duty of candor before the U.S. Patent and Trademark Office in connection with the '370 Patent and any relevant applications.

29.    All documents constituting, relating or referring to any communications regarding the subject matter claimed or disclosed in the '370 Patent and any relevant applications.

30.    All documents relating to invoices or bills to Cendant, Books.com or Mr. Stack relating to the '370 Patent and any relevant applications including but not limited to all attorney time records, and specifically excluding invoices or bills for the Action.

31.     Documents sufficient to show the activities of all persons involved with preparing an application for subject matter disclosed in the '370 Patent during the period starting when you were first engaged in connection therewith and the actual filing date thereof.

32.     All documents relating to the destruction of any documents otherwise sought hereunder, including any policy you follow regarding the destruction and/or retention of files and/or documents.