AO88 (Rev. 1/94) Subpoena in a Civil Case                                        COPY

## Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

CD Intellectual Property Holdings, LLC,

        Plaintiff,

v.

Amazon.com, Inc.,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-414 (JJF)
U.S. District Court for the District of Delaware

TO: **Frederick S. M. Herz**
     304 Timberline Road
     Davis, West Virginia 26260

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    See Exhibit A

| PLACE: Attn: Allen Rhodes<br>Valley Business Systems<br>610 Glenmore Loop Road<br>Elkins, West Virginia 26241<br>Phone (304) 636-0504 | DATE AND TIME<br>January 15, 2006<br>12:00 p.m., or a mutually agreeable date and time thereafter |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorneys for Defendant Amazon.com, Inc. | DATE<br>12/28/2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Darren E. Donnelly, Fenwick & West LLP, 801 California Street, Mountain View, CA 94041 (650) 988-8500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| DATE | | PLACE |
| 12/30/05 | | 304 Timberline Road Davis WV. |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Fredrick S.M. Herz | | (secretary) gave subpoena to Terressa Vance on behalf of Fredrick Herz |
| SERVED BY (PRINT NAME) | | TITLE |
| Peggy Shirk | | Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/30/05
             DATE

SIGNATURE OF SERVER: Peggy Shirk

ADDRESS OF SERVER: P.O Box 1243 (North Mill Creek Rd) Petersburg WV 26847

---

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14

(iii)  requires disclosures of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects to a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party

## EXHIBIT A

## DEFINITIONS

1.  "PINPOINT" refers to Pinpoint Incorporated, and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names (including but not limited to, Herz Technologies, Inc.), entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other PERSONS acting or purporting to act on its behalf.

2.  "iREACTOR" refers to iReactor, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names, entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other PERSONS acting or purporting to act on its behalf.

3.  "HERZ ENTITIES" refers to any and all legal entities, including but not limited to corporations, partnerships, joint ventures, business organizations, or sole proprietorships, founded, owned, or substantially controlled by Frederick S. M. Herz, including but not limited to Herz Technologies, Inc. and iReactor, and each of them.

4.  "AMAZON" refers to defendant Amazon.com, Inc.

5.  "CDNOW" shall mean and include the operator of the website www.CDNOW.com prior to 1998 and the site so operated and shall specifically include CDNOW, Inc. and CDNOW Online, Inc.

6.  "YOU" or "YOUR" refer to (a) you as an individual, (b) any past or present partner or affiliates, whether domestic OR foreign, and whether an individual or an entity, (c) any PERSONS acting on YOUR behalf, such as (but not limited to) employees, officers, assistants, students, directors, agents or representatives thereof, and

1

(d) any PERSONS on whose behalf you are currently or were in the past acting, whether domestic OR foreign, and whether an individual or an entity.

7. The term " '939 PATENT" refers to U.S. Patent No. 5,754,939, listing Frederick S. M. Herz, Jason M. Eisner, Lyle H. Ungar and Mitchell P. Marcus as inventors, filed on October 31, 1995, issued on May 19, 1998, and titled "System For Generation Of User Profiles For A System For Customized Electronic Identification Of Desirable Objects."

8. The term " '257 PATENT" refers to U.S. Patent No. 5,758,257, listing Frederick Herz, Lyle Ungar, Jian Zhang, David Wachob and Marcos Salganicoff as inventors, filed on November 29, 1994, issued on May 26, 1998, and titled "System And Method For Scheduling Broadcast Of And Access To Video Programs And Other Data Using Customer Profiles."

9. The term " '087 PATENT" refers to U.S. Patent No. 5,835,087, listing Frederick S. M. Herz, Jason M. Eisner and Lyle H. Ungar as inventors, filed on October 31, 1995, issued on November 10, 1998, and titled "System For Generation Of Object Profiles For A System For Customized Electronic Identification Of Desirable Objects."

10. The term " '722 PATENT" refers to U.S. Patent No. 6,088,722, listing Frederick Herz, Lyle Ungar, Jian Zhang, David Wachob and Marcos Salganicoff as inventors, filed under the PCT November 29, 1995, issued on July 11, 2000, and titled "System And Method For Scheduling Broadcast Of And Access To Video Programs And Other Data Using Customer Profiles."

11. The term the "PINPOINT PATENTS-IN-SUIT" refers to the '939, '257, '087, and '722 patents both collectively and to each of them.

12. The "PARENT APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) to which any of the PINPOINT PATENTS-IN-SUIT claim the benefit of priority and including, but not limited to, all applications identified in the first column

of the PINPOINT PATENTS-IN-SUIT and in any foreign priority information, and each of them.

13. The "CHILD APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) which claim the benefit of priority to the any of PINPOINT PATENTS-IN-SUIT and/or the PARENT APPLICATIONS, and each of them.

14. The term "RELATED PATENTS/APPLICATIONS" shall mean and include the (a) PARENT APPLICATIONS, (b) CHILD APPLICATIONS, and (c) and any application for patent naming as an inventor an inventor on any of the foregoing and having substantially the same disclosure as one of foregoing.

15. The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

16. The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

17. The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which you have access, or of which you have knowledge. "DOCUMENTS" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, COMMUNICATIONS (including intra-organization COMMUNICATIONS), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "DOCUMENTS" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage

device). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

18.     The term "ALL DOCUMENTS" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

19.     The term "COMMUNICATION" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

20.     The terms "RELATE TO," "RELATES TO," "RELATED TO," "RELATING TO," "REFERRING TO" and "REGARDING" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

21.     The terms "OR" and "AND" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

22.     The term "ANY" or "EACH" should be understood to include and encompass "all."

23.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

24.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. The subpoena served upon YOU commands YOU to (at a minimum) produce all responsive DOCUMENTS in YOUR possession, custody or control, or in the possession, custody or control of YOUR agents or representatives, e.g., employees or attorneys.

2. You are to provide DOCUMENTS responsive to this subpoena organized and labeled to correspond with the categories set forth below or can the provide DOCUMENTS as they are kept in the ordinary course of business.

3. Electronic records and computerized information should be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to insure that the source of each DOCUMENT may be determined, if necessary.

5. File folders with tabs or labels, directories of files, or other information organization structures including DOCUMENTS called for by these requests should be produced intact with such DOCUMENTS.

6. DOCUMENTS attached to each other shall not be separated.

7. The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a. The identity of each DOCUMENT's author, writer, sender, or initiator;

    b. The identity of each DOCUMENT's recipient, addressee, or PERSON for whom it was intended;

  c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

  d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

  e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

 8. If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case identify the name and address of any PERSON or entity known or believed by YOU to have possession, custody, or control of that DOCUMENT or category of DOCUMENT.

 9. To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if YOU obtain additional DOCUMENTS between the time of initial production and the time of hearing or trial.

 10. If YOU contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any DOCUMENTS so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2., which states "If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have

been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case."

## DOCUMENT REQUESTS

1. ALL DOCUMENTS RELATED TO recommendations or collaborative filtering systems or methods designed, tested, planned, implemented, used, or contemplated for use by CDNOW.

2. ALL DOCUMENTS RELATED TO YOUR design or development of software for recommending items or collaborative filtering prior to 1998.

3. ALL DOCUMENTS RELATING TO COMMUNICATIONS with CDNOW RELATED TO the investigation, design, development, testing, or operation of systems, methods, or software for recommending items or collaborative filtering.

4. ALL DOCUMENTS RELATING TO use by CDNOW of software for recommending items or collaborative filtering in which YOU directly, or indirectly, assisted in the design, development, testing, specification, promotion, evaluation, debugging, or operation thereof.

5. ALL DOCUMENTS RELATING TO proposals, offers, agreements, or grants RELATING TO the design, development, testing, sale, license, or operation of recommendation or collaborative filtering systems or software for CDNOW or other entities.

6. A copy of all software designed for, developed for, sold, licensed or transferred to, or operated on behalf of CDNOW or other entities, by any HERZ ENTITIES, which software RELATES TO recommending items or collaborative filtering.

7. A copy of all data received from, or provided to, CDNOW or other entities which data RELATES TO input or output of software, systems, or methods, for recommending items or collaborative filtering before 1998.

8. ALL DOCMENTS RELATING TO the promotion of ANY HERZ ENTITIES, its software or systems for recommendations or collaborative filtering, or its technical capabilities RELATING TO recommending items or collaborative filtering prior to 1998.

9. ALL DOCUMENTS RELATING TO research papers (whether published in a journal or not), technical reports, or documentation, RELATING TO YOUR implementation, evaluation, or testing of recommendation or collaborative filtering technology for CDNOW or other entities.

10. ALL DOCUMENTS RELATING to the design, development, testing, evaluation, prototyping, or commercialization of technologies for recommending items or collaborative filtering via email or on-line by the HERZ ENTITIES prior to 1998.

11. ALL DOCUMENTS OR COMMUNICATIONS with CDNOW relating to services, technology, or software proposed, offered, suggested, or contemplated to be provided to CDNOW.

12. All DOCUMENTS RELATING TO the demonstration of software developed by, with the assistance of, or on behalf of, HERZ ENTITIES on the CDNOW website.

13. ALL DOCUMENTS RELATED TO YOUR activities or progress in connection with research, development, testing, or implementation of techniques for recommending items or collaborative filtering which activities RELATE TO those of the CDNOW.

14. ALL DOCUMENTS in any file maintained by or for YOU RELATING TO CDNOW or software, technology, or systems HERZ ENTITIES designed, prepared, or developed, in whole or in part, for, or in connection with, CDNOW.

15. ALL DOCUMENTS reviewed, consulted, or otherwise referenced in connection with the development of software, systems, or technology RELATING TO recommendations or collaborative filtering contemplated for use by CDNOW.

16. ALL DOCUMENTS RELATED TO licensing, offering to license, sale, offering to sell, or other commercialization any subject matter in any of the PINPOINT PATENTS-IN-SUIT in 1995, 1996, or 1997.

17. ALL DOCUMENTS RELATED TO agreements any HERZ ENTITIES negotiated or entered into with the CDNOW or any of its representatives.

18. ALL DOCUMENTS RELATED TO instructions YOU provided or understandings any HERZ ENTITIES had with Walter Paul Labys REGARDING his work for such HERZ ENTITIES.

19. A copy of YOUR curriculum vitae.

20. Any and all document retention or destruction policies to which YOU adhered from 1993 to the present.

21. ALL DOCUMENTS RELATING TO any destruction of any DOCUMENTS otherwise requested herein.