IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC | |
| Plaintiff, | Civil Action No. 05-414-JJF |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that Amazon.com, Inc. has served the attached subpoena directed to: Jason Michael Eisner.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
*Attorneys for Plaintiff Amazon.com, Inc.*

*Of Counsel:*

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
C. J. Alice Chen
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Dated: January 11, 2006

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

CD Intellectual Property Holdings, LLC,

        Plaintiff,

v.

Amazon.com, Inc.,

        Defendant.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 05-414 (JJF)
U.S. District Court for the District of Delaware

TO:    **Jason Michael Eisner**
        4421 Norwood Road
        Baltimore, MD 21218-1121
        (410) 243-0607

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Attn: Brian Hoover<br>Court House Copy<br>38 South Street<br>Baltimore, MD 21202<br>Phone: (800) 925-2012/(410) 685-1100 | 12:00 p.m.<br>January 15, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorneys for Defendant Amazon.com, Inc. | 12/23/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Darren E. Donnelly, Fenwick & West LLP, 801 California Street, Mountain View, CA 94041 (650) 988-8500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

A088 (Rev.1/94) (MD Rev.01/2002) Subpoena in Civil Case

## PROOF OF SERVICE

| | DATE | Place |
|---|---|---|
| SERVED | 1/3/06 | 4421 Norwood Road, Baltimore, MD 21218 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jason Michael Eisner | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Sheila Cherry | Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.
Executed on January 11, 2006

Sheila Cherry
Monumental Process Servers, Inc.
221 West Joppa Road
Towson, MD 21204
(410) 321-6442

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the Subpoena in breach of this duty an appropriate sanction which may include is not limed to, lost earnings and reasonable attorney's fee.no exception or waiver applies, or

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less then 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded. (d) DUTIES IN RESPONDING TO SUBPOENA

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it them as they are kept in the usual course of business or shall organize and label

   (i) fails to allow reasonable time for compliance,
   (ii) requires a person who is not a party to an officer of a party to

trial be commanded to travel from any such place within the State in which the trial is held, or was issued shall enforce this duty and impose under the party or attorney (iii) requires disclosure of privileged or other protected matter and
   (iv) subjects a person to undue burden

   (B) If a subpoena
      (i) requires disclosure of a trade secret other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than the 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated,the court may order appearance or production only upon specified conditions.

(1) A person responding to a subpoena to produce documents shall produce

(2) When information subject to a subpoena is withheld on a claim that it is

DB01:1621275.1

travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts busi9ness in person, except that, subject to the provisions of clause (c)(3) (B) (iii) of this rule, such a person may in order to attend   the demanding party to contest the claim

privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable

DB01:1621275.1

# EXHIBIT A

## DEFINITIONS

1. "PINPOINT" refers to Pinpoint Incorporated, and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names (including but not limited to, Herz Technologies, Inc.), entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other PERSONS acting or purporting to act on its behalf.

2. "iREACTOR" refers to iReactor, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessors or successor companies, if any, entities acting under prior or subsequent names, entities under common ownership or control, and its past and present officers, directors, employees, attorneys, contractors, authorized agents, representatives, distributors, consultants, dealers and other PERSONS acting or purporting to act on its behalf.

3. "HERZ ENTITIES" refers to Frederick S. M. Herz, an individual, and any and all legal entities, including but not limited to corporations, partnerships, joint ventures, business organizations, or sole proprietorships, founded, owned, or substantially controlled by Frederick S. M. Herz, including but not limited to Herz Technologies, Inc. and iReactor, and each of them.

4. "AMAZON" refers to defendant Amazon.com, Inc.

5. "CDNOW" shall mean and include the operator of the website www.CDNOW.com prior to 1998 and the site so operated and shall specifically include CDNOW, Inc. and CDNOW Online, Inc.

6. "YOU" or "YOUR" refer to (a) you as an individual, (b) any past or present partner or affiliates, whether domestic OR foreign, and whether an individual or an entity, (c) any PERSONS acting on YOUR behalf, such as (but not limited to)

1

employees, officers, assistants, students, directors, agents or representatives thereof, and (d) any PERSONS on whose behalf you are currently or were in the past acting, whether domestic OR foreign, and whether an individual or an entity.

7. The term " '939 PATENT" refers to U.S. Patent No. 5,754,939, listing Frederick S. M. Herz, Jason M. Eisner, Lyle H. Ungar and Mitchell P. Marcus as inventors, filed on October 31, 1995, issued on May 19, 1998, and titled "System For Generation Of User Profiles For A System For Customized Electronic Identification Of Desirable Objects."

8. The term " '257 PATENT" refers to U.S. Patent No. 5,758,257, listing Frederick Herz, Lyle Ungar, Jian Zhang, David Wachob and Marcos Salganicoff as inventors, filed on November 29, 1994, issued on May 26, 1998, and titled "System And Method For Scheduling Broadcast Of And Access To Video Programs And Other Data Using Customer Profiles."

9. The term " '087 PATENT" refers to U.S. Patent No. 5,835,087, listing Frederick S. M. Herz, Jason M. Eisner and Lyle H. Ungar as inventors, filed on October 31, 1995, issued on November 10, 1998, and titled "System For Generation Of Object Profiles For A System For Customized Electronic Identification Of Desirable Objects."

10. The term " '722 PATENT" refers to U.S. Patent No. 6,088,722, listing Frederick Herz, Lyle Ungar, Jian Zhang, David Wachob and Marcos Salganicoff as inventors, filed under the PCT November 29, 1995, issued on July 11, 2000, and titled "System And Method For Scheduling Broadcast Of And Access To Video Programs And Other Data Using Customer Profiles."

11. The term the "PINPOINT PATENTS-IN-SUIT" refers to the '939, '257, '087, and '722 patents both collectively and to each of them.

12. The "PARENT APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) to which any of the PINPOINT PATENTS-IN-SUIT claim the benefit

2

of priority and including, but not limited to, all applications identified in the first column of the PINPOINT PATENTS-IN-SUIT and in any foreign priority information, and each of them.

13. The "CHILD APPLICATIONS" means all applications (whether pending, issued, or abandoned) either in the U.S. or abroad (and including applications filed under PCT) which claim the benefit of priority to the any of PINPOINT PATENTS-IN-SUIT and/or the PARENT APPLICATIONS, and each of them.

14. The term "RELATED PATENTS/APPLICATIONS" shall mean and include the (a) PARENT APPLICATIONS, (b) CHILD APPLICATIONS, and (c) and any application for patent naming as an inventor an inventor on any of the foregoing and having substantially the same disclosure as one of foregoing.

15. The term "INFORMATION MATERIAL TO PATENTABILITY" means information that (a) establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (b) refutes, or is inconsistent with, a position a patent applicant takes in (1) opposing an argument of unpatentability relied on by a patent office, (2) asserting an argument of patentability, (3) characterizing or describing any reference submitted to any patent office, or (4) making any representation to any patent office. For purposes of this definition, "a prima facie case of unpatentability" is established when the information can support a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence or argument which may tend to establish a contrary conclusion of patentability. "INFORMATION MATERIAL TO PATENTABILITY" specifically includes, but is not limited to, (a) prior art to any claim under 35 U.S.C. §§ 102 and/or 103; (b) prior art cited in search reports of a foreign patent office in a counterpart application; and (c) the closest information over which

individuals associated with the filing or prosecution of a patent application believe (or have believed) any claim is patentable.

16. The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

17. The term "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which you have access, or of which you have knowledge. "DOCUMENTS" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, COMMUNICATIONS (including intra-organization COMMUNICATIONS), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings.

"DOCUMENTS" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

18.   The term "ALL DOCUMENTS" means any and all documents that you can locate through a diligent search of all locations likely to contain documents requested herein and through reasonable inquiry of all persons likely to know of the existence of documents requested herein.

19.   The term "COMMUNICATION" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and/or entities.

20.   The terms "RELATE TO," "RELATES TO," "RELATED TO," "RELATING TO," "REFERRING TO" and "REGARDING" mean constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

21.   The terms "OR" and "AND" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

22.   The term "ANY" or "EACH" should be understood to include and encompass "all."

23.   The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

24.   The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. The subpoena served upon YOU commands YOU to (at a minimum) produce all responsive DOCUMENTS in YOUR possession, custody or control, or in the possession, custody or control of YOUR agents or representatives, e.g., employees or attorneys.

2. You are to provide DOCUMENTS responsive to this subpoena organized and labeled to correspond with the categories set forth below or can the provide DOCUMENTS as they are kept in the ordinary course of business.

3. Electronic records and computerized information should be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to insure that the source of each DOCUMENT may be determined, if necessary.

5. File folders with tabs or labels, directories of files, or other information organization structures including DOCUMENTS called for by these requests should be produced intact with such DOCUMENTS.

6. DOCUMENTS attached to each other shall not be separated.

7. The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

   a. The identity of each DOCUMENT's author, writer, sender, or initiator;

   b. The identity of each DOCUMENT's recipient, addressee, or PERSON for whom it was intended;

      c.      The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

      d.      The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

      e.      The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

8. If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case identify the name and address of any PERSON or entity known or believed by YOU to have possession, custody, or control of that DOCUMENT or category of DOCUMENT.

9. To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if YOU obtain additional DOCUMENTS between the time of initial production and the time of hearing or trial.

10. If YOU contend certain requests require disclosure of trade secret or other confidential research, development, or commercial information, please mark them as such. Until a Protective Order is entered in this case, disclosure of any DOCUMENTS so marked "Confidential" will be treated in a confidential manner in accordance with D. Del. LR 26.2., which states "If any documents are deemed confidential by the producing party and the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have

been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case."

## DOCUMENT REQUESTS

1. ALL DOCUMENTS RELATED TO recommendations or collaborative filtering systems or methods designed, tested, planned, implemented, used, or contemplated for use by CDNOW.

2. ALL DOCUMENTS RELATED TO YOUR design or development of software for recommending items or collaborative filtering during 1995, 1996, and 1997.

3. ALL DOCUMENTS RELATING TO COMMUNICATIONS with CDNOW RELATED TO the investigation, design, development, testing, or operation of systems, methods, or software for recommending items or collaborative filtering.

4. ALL DOCUMENTS RELATING TO use by CDNOW of software for recommending items or collaborative filtering in which YOU directly, or indirectly, assisted in the design, development, testing, specification, evaluation, debugging, or operation thereof.

5. ALL DOCUMENTS RELATING TO proposals, offers, agreements, or grants RELATING TO the design, development, testing, sale, license, or operation of recommendation or collaborative filtering systems or software for CDNOW or other entities prior to 1998.

6. A copy of all software designed for, developed for, sold, licensed or transferred to, or operated on behalf of CDNOW or other entities, by any HERZ ENTITIES, which software RELATES TO recommending items or collaborative filtering.

7. A copy of all data received from, or provided to, CDNOW or other entities which data RELATES TO input or output of software, systems, or methods, for recommending items or collaborative filtering.

8.  ALL DOCMENTS RELATING TO the promotion of ANY HERZ ENTITIES, its software or systems for recommending items or collaborative filtering, or its technical capabilities prior to 1998.

9.  ALL DOCUMENTS RELATING TO research papers (whether published in a journal or not), technical reports, or documentation, RELATING TO YOUR implementation, evaluation, or testing of recommendation or collaborative filtering technology for CDNOW or other entities.

10. ALL DOCUMENTS RELATING to the design, development, testing, evaluation, prototyping, or commercialization of technologies for recommending items or collaborative filtering by the HERZ ENTITIES during 1995, 1996, or 1997.

11. ALL DOCUMENTS RELATED TO any work YOU performed, or it was contemplated YOU would perform, for the HERZ ENTITIES prior to 1998 relating to the development or commercialization of software for collaborative filtering or recommending items on-line or via email.

12. ALL DOCUMENTS RELATED TO systems Walter Paul Labys designed, architected, developed, reviewed, researched, described, commented on, or implemented, for, on in connection with, any HERZ ENTITIES that RELATE TO recommending items or collaborative filtering.

13. All DOCUMENTS RELATING TO the demonstration of software developed by, with the assistance of, or on behalf of, the HERZ ENTITIES on the CDNOW website.

14. All articles, abstracts, papers, technical reports, programs or other DOCUMENTS prepared (in whole or in part) by YOU or on YOUR behalf, that RELATE TO software for recommending items or collaborative filtering used by or contemplated for use by CDNOW..

15. ALL DOCUMENTS RELATED TO Walter Paul Labys' activities or progress in connection with research, development, testing, or implementation of

9

techniques for recommending items or collaborative filtering which activities RELATE TO those of the HERZ ENTITIES, or CDNOW.

16. ALL DOCUMENTS in any file maintained by or for YOU RELATING TO iREACTOR or CDNOW, Walter Paul Labys or his work with YOU or for any HERZ ENTITIES.

17. ALL DOCUMENTS reviewed, consulted, or otherwise referenced in connection with the development of software, systems, or technology RELATING TO recommendations or collaborative filtering contemplated for use by CDNOW or other entities during 1995, 1996, or 1997.

18. ALL DOCUMENTS RELATED TO licensing, offering to license, sale, offering for sale, or other commercialization any subject matter in any of the PINPOINT PATENTS-IN-SUIT during 1995, 1996, or 1997.

19. ALL DOCUMENTS RELATED TO agreements YOU negotiated or entered into with the HERZ ENTITIES, RELATING TO commercialization of technology for recommending items or collaborative filtering, CDNOW, or the work of Walter Paul Labys prior to 1998.

20. ALL DOCUMENTS RELATED TO YOUR collaboration with Walter Paul Labys and any HERZ ENTITIES RELATING TO the development or commercialization of technology for recommending items or collaborative filtering, including instructions YOU provided, updates or progress reports you received, business proposals, and demonstrations.

21. A copy of YOUR curriculum vitae.

22. Any and all document retention or destruction policies to which YOU adhered from 1993 to the present.

23. ALL DOCUMENTS RELATING TO any destruction of any DOCUMENTS otherwise requested herein.

23984/00403/LIT/1242085.2

10

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on January 11, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on January 11, 2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY ELECTRONIC MAIL

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID#4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801
>Telephone: (302) 571-6600
>kkeller@ycst.com
>
>Attorneys for Defendant