IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　Defendant. | C.A. No. 05-00414 (JJF) |
| AMAZON.COM, INC., and A9.COM, INC.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CENDANT CORPORATION, TRILEGIANT CORPORATION, ORBITZ, LLC, ORBITZ, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC.,<br><br>　　　　　Defendants. | C.A. No. 06-00041 (JJF) |

**AMAZON.COM, INC. AND A9.COM, INC.'S OPENING BRIEF
IN SUPPORT OF MOTION TO CONSOLIDATE**

　　　　　　　　　　　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP
　　　　　　　　　　　　　　　　　　Josy W. Ingersoll (I.D. # 1088)
　　　　　　　　　　　　　　　　　　John W. Shaw (I.D. # 3362)
　　　　　　　　　　　　　　　　　　Karen E. Keller (I.D. # 4489)
　　　　　　　　　　　　　　　　　　The Brandywine Building, 17th Floor
　　　　　　　　　　　　　　　　　　1000 West Street
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-0391
　　　　　　　　　　　　　　　　　　(302) 571-6600
　　　　　　　　　　　　　　　　　　Attorneys for Defendant/Plaintiffs
　　　　　　　　　　　　　　　　　　AMAZON.COM, INC. and A9.COM, INC.

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

Dated: February 2, 2006

## TABLE OF CONTENTS

Page(s)

I. THE NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

II. SUMMARY OF ARGUMENT ................................................................ 2

III. STATEMENT OF FACTS ................................................................... 3

IV. ARGUMENT ................................................................................. 6

    A. Rule 42(a) Affords the Court Broad
       Discretion to Consolidate These Cases ............................................. 6

    B. The Benefits of Consolidation Outweigh
       Any Inconvenience, Delay or Expense ............................................. 8

V. CONCLUSION ............................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cedars-Sinai Medical Center v. Revlon, Inc.*,
  111 F.R.D. 24 (D. Del. 1986) .................................................................................... 8

*Consorti v. Armstrong World Industries, Inc.*,
  72 F.3d 1003 (2d Cir. 1995) ....................................................................................... 9

*Dentsply Int. v. Kerr Manuf. Co.*,
  734 F. Supp. 656 (D. Del. 1986) ............................................................................... 9

*Devlin v. Transp. Commun. Int'l. Union*,
  175 F.3d 121 (2d Cir. 1999) ....................................................................................... 6

*E.E.O.C. v. HBE Corp.*,
  135 F.3d 543 (8th Cir. 1998) ..................................................................................... 6

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
  339 F.2d 673 (3rd Cir. 1964) ..................................................................................... 6

*Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.*,
  96 F.R.D. 46 (W.D.N.Y. 1982) .................................................................................. 7

*In re Cendant Corp. Litig.*,
  182 F.R.D. 476 (D.N.J. 1998) .................................................................................... 7

*Internet Law Library v. Southridge Capital Management LLC*,
  208 F.R.D. 59 (S.D.N.Y 2002) ............................................................................... 8, 9

*Kelly v. Greer*,
  295 F.2d 18 (3rd Cir. 1961) ....................................................................................... 9

*Rohm & Haas Co. v. Mobil Oil Corp.*,
  525 F. Supp. 1298 (D. Del. 1981) .......................................................................... 6, 7

*Saudi Basic Indus. Corp. v. ExxonMobil Corp.*,
  194 F. Supp. 2d 378 (D.N.J 2002) ............................................................................. 7

*Seguro de Servicio de Salud de Puerto Rico v.
  McAuto Systems Group, Inc.*,
  878 F.2d 5 (1st Cir. 1989) .......................................................................................... 6

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Syngenta Seeds, Inc. v. Monsanto Co.*,
   Civ. No. 04-908-SLR,
   2005 U.S. Dist. LEXIS 4651 (D. Del. March 24, 2005) .............................................. 7

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*,
   775 F. Supp. 759 (D. Del. 1991) ................................................................................ 6

**STATUTES**

Federal Rule of Civil Procedure 42(a) ............................................................................ 2, 6

I.  **THE NATURE AND STAGE OF THE PROCEEDINGS**

This Court has before it two patent infringement actions that should be consolidated for all purposes. Indeed, plaintiff CD Intellectual Property Holdings' parent company and several related subsidiaries, defendants in one of the two actions, have previously argued in another forum that consolidation of these cases is not only warranted but essential to the fair and efficient conduct of both cases.

On June 20, 2005, Cendant Publishing, Inc. filed Civil Action No. 05-00414 (JJF) (the "Cendant Action") in this district against Amazon.com, Inc. ("Amazon.com") alleging infringement of U.S. Patent No. 6,782,370 ("the '370 patent"). Amazon.com filed its Answer and Counterclaims on August 10, 2005, and Cendant Publishing filed its Reply to Counterclaims on August 23, 2005. Cendant Publishing subsequently changed its name and assigned all rights to the '370 patent to CD Intellectual Property Holdings, LLC ("CD"). The parties stipulated to the substitution of CD as the plaintiff. Discovery began in November 2005, and the parties exchanged initial disclosures in December 2005. The parties have submitted a stipulated Scheduling Order which includes case management dates and deadlines for the conduct of discovery. No dates have been proposed or set for a *Markman* hearing or trial.

On June 22, 2005, Amazon.com and its wholly owned subsidiary, A9.com, Inc. ("A9.com") filed Case No. 05-01137 (RSM) (the "Amazon Action") in the Western District of Washington against Cendant Corporation and its subsidiaries Trilegiant Corporation, Orbitz, LLC, Orbitz, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc., alleging infringement of four patents: U.S. Patent Nos. 5,715,399 ("the '399 patent"), 6,029,141 ("the '141 patent"), 6,629,079 ("the '079 patent"), and 6,625,609 ("the '609 patent"). On July 8, 2005, Amazon.com filed a Notice of Related

1

Action Per Local Rule 3.1(b) in Civil Action No. 05-00414 (JJF). The district court in Washington ordered the Amazon Action transferred to this district, and the case was filed as Civil Action No. 06-00041 (JJF) on January 23, 2006.

Amazon.com and A9.com ask that these cases be consolidated for all purposes, including discovery, claim construction and trial.

## II.    SUMMARY OF ARGUMENT

1.    Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Amazon.com and A9.com move to consolidate Civil Action No. 05-00414 (JJF) and Civil Action No. 06-00041 (JJF). Although the two cases involve different patents, all of the patents at issue are directed to technology for doing business over the Internet. Civil Action No. 06-00041, which was originally filed by Amazon.com and A9.com in the Western District of Washington, was transferred to this district at the request of Cendant Corporation and its subsidiaries, the defendants in that case. They assured the Washington court that the interests of fairness, consistency, convenience and judicial economy would be best served by transfer of the Amazon Action to this district and by consolidation of that action with the Cendant Action, arguing that "it would be much more efficient to have these issues, with the same parties and essentially the same patents, all directed at the same subject mater, just tried once instead of twice." Now that the transfer has been accomplished, the cases should be consolidated.

2.    The Court has broad discretion to consolidate these two cases, particularly where the benefits to be gained from consolidation outweigh the risks, if any, of prejudice, delay, or confusion, and where consolidation is necessary to achieve the purpose for which transfer of the Amazon Action was sought and ordered.

2

## III.  STATEMENT OF FACTS

On June 20, 2005, Cendant Publishing, Inc., a wholly owned subsidiary of Cendant Corporation, filed Civil Action No. 05-00414 (JJF) in this district against Amazon.com, alleging infringement of the '370 Patent.  Compl. ¶¶ 6, 7, and 12 (D.I. 1 -- C.A. No 05-00414).  At approximately the same time, Amazon.com and its wholly owned subsidiary, A9.com, filed Case No. 05-01137 (RSM) in the Western District of Washington against Cendant Corporation ("Cendant") and its wholly owned subsidiaries Trilegiant Corporation, Orbitz, LLC, Orbitz, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc., alleging infringement of four patents.  Compl. ¶¶ 2, 14, 20, 25, and 30 (D.I. 39 -- C.A. No. 06-00041).

Cendant and its subsidiaries filed a motion to transfer the case to the District of Delaware.  *See* Declaration of Lynn Pasahow in Support of Motion to Consolidate ("Pasahow Decl.") ¶ 3, Ex. A (Defendants' Motion to Transfer).  In their motion to transfer, Cendant and its subsidiaries argued that the Amazon Action should be transferred to Delaware because of the "considerable overlap" of issues, witnesses, and technology in the two cases:

> Both actions involve claims for infringement of patents related to transacting e-commerce over the Internet. Further, both actions involve patents designed to recommend customized goods and services to Internet customers. . . . Both actions will also require testimony from many of the same witnesses. . . . In short, the pendency in Delaware of related patent litigation involving substantially the same parties and similar subject matter is yet another reason why this action should be transferred to the District of Delaware.

*Id.* at Ex. A at 9-10.  Cendant and its subsidiaries argued not only for transfer, but also for eventual consolidation of the actions, asserting that "it would be a more efficient use of

3

judicial resources to have one court 'get up to speed' on the technology involved in both actions than two courts" (*id.* Ex. A at 10), and that "it makes sense for only one judge to construe the parties' patent claims so that there is no risk of inconsistent interpretations by another Court" (Pasahow Decl. ¶ 4, Ex. B at 5).

At oral argument on their motion to transfer, Cendant and its subsidiaries were even more adamant that it was necessary to have a single judge handle both cases. Defendants' counsel argued:

> Now, with regard to the issues of judicial economy, we have five patents in this case, Your Honor, . . . and there will be possibility [sic] of, particularly between the '370 patent, which is in Delaware, and the four other patents, which are now the subject of the action in this case – there's definitely a possibility that there will be overlapping of the issues.
>
> . . .
>
> So I would submit that it's incredibly important from a judicial economy standpoint to have one court dealing with all of the issues of claim construction in a Markman hearing.
>
> Secondly, discovery issues. It's important, I think, Your Honor, to have consistency in the approach to various issues by the parties. The parties should not be taking a very constrictive approach in one case and seeking broad discovery in another. I think that can best be handled by having all of the cases in one court before one judge, rather than the possibility of having a different approach taken to similar issues in the two cases.
>
> And I think that certainly when we come to the issue of trial it would be much more efficient to have these issues, with the same parties and essentially the same patents, all directed at the same subject matter, just tried once instead of twice, as would be the case if these cases continue to go in separate courts.

Pasahow Decl. ¶ 5, Ex. C at 10-11 (Transcript of November 21, 2005 hearing before Hon. Ricardo S. Martinez) (emphasis added).

Judge Martinez of the Western District of Washington granted the motion to transfer, finding that "the cases [*i.e.*, the Amazon Action and the Cendant Action] both concern software patents which relate to internet commerce, and are similar enough that they should be considered by the same court in order to conserve judicial resources and to prevent inconsistent rulings." Pasahow Decl. ¶ 6, Ex. D at 6 (Order on Defendants' Motion to Transfer).  Judge Martinez specifically found that "[t]ransfer will also promote judicial economy in that it will facilitate consolidation and settlement." *Id.* Ex. D at 7.

Cendant and its subsidiaries argued, and the Washington court found, that the parties in both the Amazon Action and the Cendant Action will likely find it necessary to develop and present to a jury evidence concerning e-commerce technology, including the prior art in this field, the nature of the market, competition among participants in the market, and the value attributable to various website features. Pasahow Decl. ¶ 3, Ex. A at 9-10; ¶ 6, Ex. D at 6.

In addition, Cendant and its subsidiaries contended that some of the same witnesses will likely need to be deposed in both actions, including information technology personnel with knowledge of the Cendant and its subsidiaries' infringing websites and each Cendant subsidiary's Chief Financial Officer. Pasahow Decl. ¶ 3, Ex. A at 9-10. Cendant and its subsidiaries also contended that experts in one case may offer testimony in the other case, and that if the cases are not consolidated, fact and expert witnesses may be subjected to multiple depositions in the two separate actions. *Id.* Ex. C at 13-15.  The Washington court agreed. *Id.* Ex. D at 5.

IV. **ARGUMENT**

    A. **Rule 42(a) Affords the Court Broad Discretion to Consolidate These Cases**

Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court has broad authority to consolidate actions under Rule 42(a) where the actions involve common issues of law or fact and where consolidation "would facilitate the administration of justice." *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) *citing Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3rd Cir. 1964) ; *see also Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (discretion warranted because decision depends on particular circumstances of each case); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (appellate court upholds decision to consolidate "unless there has been a clear abuse of discretion"). The court need not wait for a motion, but may order consolidation *sua sponte* and over the parties' objections. *Ellerman Lines*, 339 F.2d at 675.

The purpose of Rule 42(a) is to promote convenience and economy in judicial administration. *Devlin v. Transp. Commun. Int'l. Union*, 175 F.3d 121, 130 (2d Cir. 1999). Courts typically use a two-part balancing test to evaluate whether consolidation is appropriate. *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). First, courts examine whether the proceedings involve common issues of law or fact, such that consolidation would promote the convenience of the parties and witnesses

and judicial economy. *Id.* Second, courts "balance the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of separate actions." *Rohm & Haas Co.*, 525 F. Supp. at 1309.

Rule 42 does not require that actions be identical in order to be consolidated. *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). Nor must the common issues predominate to justify consolidation. *Saudi Basic Indus. Corp. v. ExxonMobil Corp.*, 194 F. Supp. 2d 378, 416 (D.N.J 2002) (citations omitted). Even cases with "minimal factual and legal overlap" may be consolidated where the court finds that it would be more efficient than managing the cases separately. *Syngenta Seeds, Inc. v. Monsanto Co.*, Civ. No. 04-908-SLR, 2005 U.S. Dist. LEXIS 4651, at *10 (D. Del. March 24, 2005) (consolidating patentee's infringement action with antitrust action against patentee where antitrust claims not limited to patentee's enforcement of patent); *Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982) (consolidating patent cases where patents share a common scientific background and overlapping witnesses).

Here, the Court should exercise its broad discretion and consolidate the Amazon Action with the Cendant Action. Cendant and its subsidiaries sought transfer of the Amazon Action to this Court so that it could be consolidated with the Cendant Action. As Cendant and its subsidiaries argued to the district court in Washington, both cases are patent infringement actions involving patents in the same technological field (e-commerce) and the same types of accused products (websites for conducting business over the Internet). They urged the Washington court to find that these similarities could be expected to give rise to overlapping legal and factual issues, including issues relating

to the prior art, the development of the technology in dispute, and the market for the accused and practicing products.[1] Cendant and its subsidiaries also argued that the burden on witnesses — located throughout the country and on both the east and west coasts — would be unduly severe if they were required to participate in two separate actions. These considerations, they contended, weighed in favor of transfer and subsequent consolidation. *See, e.g.*, Pasahow Decl. ¶ 5, Ex. C at 10-11. The Washington court agreed that eventual consolidation of the two cases was desirable and ordered transfer to facilitate this result. *Id.* ¶ 6, Ex. D at 6-7. The purpose of transfer will be frustrated if these actions are not consolidated.

    **B.**    **The Benefits of Consolidation Outweigh Any Inconvenience, Delay or Expense**

No party will be prejudiced as a result of consolidation. Both cases are at an early stage of prosecution, and although discovery has begun in the Cendant Action, no depositions have been taken in either action. *Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24, 34 (D. Del. 1986) (granting consolidation where discovery in the first case was not far advanced and depositions not complete). No dates for a *Markman* hearing, dispositive motions or trial have yet been set in either action. Except where one of the cases is ready for trial, "cases at different stages of litigation are routinely consolidated." *Internet Law Library v. Southridge Capital Management LLC*, 208 F.R.D. 59, 62 (S.D.N.Y 2002) (citations omitted) (consolidating cases where discovery in one action had proceeded for eight months and had not commenced in the other action).

---

[1]   In fact, CD is already conducting itself as if the two cases were consolidated. CD has recently designated three employees of Cendant Corporation, one of the defendant's in the *Amazon Action*, as its representatives for purposes of the protective order to be entered in the *Cendant Action*. *See* Pasahow Decl. ¶ 7, Ex. E.

8

Some adjustment to the existing timeline in the Cendant Action, which may be required, would not produce any prejudice, and certainly would not produce prejudice sufficient to outweigh the benefit of promoting judicial economy that Cendant and its subsidiaries claim would be afforded by consolidation. Prejudicial confusion of the issues in the two cases is unlikely here, given the different features and functionality covered by each of the patents in suit. *See Internet Law Library*, 208 F.R.D. at 61 (citations omitted) (noting that even in multi-party litigation, the danger of confusion from consolidation "is largely overstated."). Only where consolidation "caus[es] such confusion or prejudice as to render the jury incapable of finding the facts on the basis of the evidence" would ordering consolidation be an abuse of discretion. *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1008 (2d Cir. 1995) (finding that district courts presiding over consolidated trials can "greatly assist a jury in comprehending complex evidence through the use of intelligent management devices.").[2]

## V.   CONCLUSION

Cendant and its subsidiaries have already taken a position in favor of consolidation that neither they nor CD should now be permitted to disavow. *Dentsply Int. v. Kerr Manuf. Co.*, 734 F. Supp. 656, 660 (D. Del. 1986) (finding that party's "prior position on the overlapping nature of the evidence undermines its present argument about jury confusion."). Accordingly, Amazon.com and A9.com request that the Court order

---

[2]   While there is little risk of confusion, at least one court has remarked that "a consolidation order does not freeze the future conduct of the litigation" and certain issues may always be tried separately to avoid confusion on the part of the jury. *Kelly v. Greer*, 295 F.2d 18, 21 (3rd Cir. 1961). Thus, if a prejudicial risk of confusion later becomes apparent, the parties may always bring such matters to the Court's attention and seek bifurcation or other relief. However, a hypothetical risk of confusion at this point should not outweigh the clear benefits of consolidation to convenience and judicial economy.

the consolidation of Civil Action No. 05-00414 (JJF) and Civil Action No. 06-00041 (JJF) for all purposes, including trial.

Dated: February 2, 2006

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ Karen E. Keller
Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600

Attorneys for Defendant/Plaintiffs
AMAZON.COM, INC. and A9.COM, INC.

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200