# EXHIBIT A



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable R. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC. and A9.COM, INC.,

        Plaintiffs,

vs.

CENDANT CORPORATION; TRILEGIANT CORPORATION; ORBITZ, LLC; ORBITZ, INC.; BUDGET RENT A CAR SYSTEM, INC.; AND AVIS RENT A CAR SYSTEM, INC.,

        Defendants.

CASE NO. CV-05-1137 (RSM)

**DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO DISMISS, STAY OR TRANSFER THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE**

**[ORAL ARGUMENT REQUESTED]**

NOTE ON MOTION CALENDAR:

        September 9, 2005

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND ................................................................................. 3

    A.    The First-Filed Delaware Action ............................................. 3

    B.    The Retaliatory Washington Action .......................................... 3

    C.    Statement of Facts ................................................................. 4

III.  THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
    DELAWARE UNDER 28 U.S.C. § 1404(A) ....................................... 5

    A.    This Action Could Have Been Brought Originally In The District of
    Delaware ................................................................................. 5

    B.    The Convenience And Interest of Justice Factors Overwhelmingly Favor
    Transfer of This Action To the District of Delaware ........................ 6

        1.    The District of Delaware Is Much More Convenient for the Parties
        and Witnesses Than This District (Factor #1) ........................... 6

        2.    The District of Delaware Is Much Closer Than This District to
        Where The Alleged Infringement Took Place (Factor #2) and
        Sources of Proof Are Located (Factor #3) ................................ 7

        3.    Plaintiffs' Choice of Forum (Factor #4) Is Entitled To Little, If
        Any, Weight ................................................................. 8

        4.    Related Litigation Involving Substantially the Same Parties Is
        Pending in the District of Delaware (Factor #5) ...................... 8

        5.    The Remaining "Public Interest" Factors (Factor Nos. 6, 7 & 8)
        Strongly Favor Transfer of this Action To the District of Delaware ........ 10

        6.    Equitable Considerations Weigh in Favor of Transferring
        Retaliatory Actions ......................................................... 10

IV.   THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO
    THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE ................... 10

    A.    Legal Standard ..................................................................... 10

    B.    The Court Should Apply the First-to-File Rule In This Case ................ 11

V.    CONCLUSION ................................................................................. 12

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137                    -i-                    PAUL, HASTINGS, JANOFSKY & WALKER
                                                       3579 VALLEY CENTER DRIVE
                                                       SAN DIEGO, CA 92130

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4
*Advanced Semiconductor Materials America Inc. v. Applied Materials Inc.,*
5
    30 U.S.P.Q.2d 1553 (D.Ariz. 1993) ................................................................................ 10
6
*Alltrade, Inc. v. Uniweld Products, Inc.,*
    946 F.2d 622 (9th Cir. 1991) .......................................................................................... 12
7
*Baird v. California Faculty Ass'n.,*
8
    2000 WL 516378 (N.D.Cal. Jun. 26, 2000 ...................................................................... 10
9
*Botkin v. Safeco Ins. Co. of Am.,*
    2003 U.S.Dist. LEXIS 6293 (N.D.Cal. Apr. 14, 2003) ................................................... 6
10
*Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.,*
11
    185 F.Supp.2d 407 (D.Del. 2002) .................................................................................. 11
12
*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) ............................................................................................ 7
13
*Drucker v. Fernandez,*
14
    1991 U.S.Dist. LEXIS 7463 (E.D.Pa. Jun. 3, 1991) ........................................................ 7
15
*Google, Inc. v. American Blind & Wallpaper Factory, Inc.,*
    2004 U.S.Dist. LEXIS 27601 (N.D.Cal. Apr. 8, 2004) .................................................. 13
16
*Hatch v. Reliance Ins. Co.,*
17
    758 F.2d 409 (9th Cir. 1985) ............................................................................................ 6
18
*Holloway v. Brush,*
    220 F.3d 767 (6th Cir. 2000) ............................................................................................ 2
19
*Hyundai Space & Aircraft Co., Ltd. v. Boeing Co.,*
20
    1999 WL 910131 (N.D.Cal. Oct. 12, 1999) ................................................................... 9
21
*IBM Credit Corp. v. Definitive Computer Services,*
    1996 U.S.Dist. LEXIS 2385 (N.D.Cal. Feb. 27, 1996) .................................................. 11
22
*Italian Colors Restaurant, et al. v. American Express Co.,*
    2003 U.S.Dist. LEXIS 20338 (N.D.Cal. Nov. 10, 2003) .................................................. 9
23
*K. Toy v. General Electric Co.,*
24
    1995 WL 396816 (N.D.Cal. Jun. 27, 1995) ..................................................................... 7
25
*Knits 'N' Tweeds, Inc. v. Jones New York,*
26
    205 U.S.P.Q. 966 (E.D.N.Y. Jan. 25, 1979) ................................................................... 12
*Levinson v. Regal Ware, Inc.,*
27
    14 U.S.P.Q.2d 1064 (D.N.J. 1989) ................................................................................... 8
28

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

**TABLE OF AUTHORITIES**
(cont'd)

Page(s)

*Mastercard Int'l. Inc. v. Lexcel Solutions, Inc.,*
2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. Jun. 18, 2004) ............................................ 10, 12, 13

*Pacific Car & Foundry Co. v. Pence,*
403 F.2d 949 (9th Cir. 1968)............................................................................................ 9

*Quantel Ltd. v. Adobe Systems Inc.,*
1996 U.S.Dist. LEXIS 21651 (D.Del. Dec. 12, 1996)................................................... 11

*Steelcase Inc. v. Haworth, Inc.,*
1996 U.S. Dist. LEXIS 20674 (C.D.Cal. May 15, 1996)................................................. 9

*Symbol Technologies, Inc. v. Intermec Technologies Corp.,*
2005 U.S.Dist. LEXIS 14415 (W.D.Wis. Jul. 14, 2004) ................................................. 9

*Teknekron Software Systems, Inc. v. Cornell Univ, et al.,*
1993 U.S.Dist. LEXIS 21337 (N.D.Cal. Jun. 14, 1993).......................................... 7, 8, 9

*United States v. Wood,*
925 F.2d 1580 (7th Cir. 1991)........................................................................................ 2

*Van Dusen v. Barrack,*
376 U.S. 612 (1964)........................................................................................................ 6

*VE Holdings Corp. v. Johnson Gas Appliance Co.,*
917 F.2d 1574 (Fed.Cir. 1990)....................................................................................... 7

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,*
751 F.2d 721 (5th Cir. 1985)........................................................................................ 12

**STATUTES**

**United States Code**

28 U.S.C. § 1338............................................................................................................... 6

28 U.S.C. § 1404(a) ................................................................................................ 2, 3, 6, 13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 7(b) ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(6).................................................................................................. 2

Fed. R. Civ. P. 12(e)....................................................................................................... 2

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1    Pursuant to 28 U.S.C. § 1404(a) and Civil Rule 7(b), defendants Cendant Corporation

2    ("Cendant"); Trilegiant Corporation ("Trilegiant"); Orbitz, LLC ("Orbitz LLC"); Orbitz, Inc.

3    ("Orbitz Inc."); Budget Rent A Car System, Inc. ("Budget"); and Avis Rent A Car System, Inc.

4    ("Avis") (collectively, "Defendants") hereby move to transfer this action to the District of

5    Delaware for convenience and in the interests of justice or, in the alternative, to dismiss, stay or

6    transfer this action pursuant to the first-to-file rule.

7        Defendants have also filed concurrently herewith a (1) motion to dismiss all claims

8    against Cendant (the parent corporation); (2) motion to dismiss the complaint for failure to state a

9    claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more

10   definite statement of the claims pursuant to Federal Rule of Civil Procedure 12(e); and (3) motion

11   to stay all discovery pending resolution of the motions.  Defendants respectfully submit that to

12   conserve judicial resources, this Court should first decide this motion to transfer venue since if

13   this action is transferred, that may render the motion to dismiss moot.

14   **I.    INTRODUCTION**

15       On June 20, 2005 (two days before plaintiffs filed this complaint), Cendant Publishing,

16   Inc. (one of Cendant's wholly-owned subsidiaries) sued Amazon.com, Inc. ("Amazon") for patent

17   infringement in a related action in the District of Delaware.[1]  In that lawsuit, Cendant Publishing,

18   Inc. contends that Amazon infringes U.S. Patent No. 6,782,370 ("the '370 Patent"), which

19   discloses a method of making recommendations of goods and/or services to potential customers

20   based on the purchasing history of previous customers.

21       Admittedly in response to Cendant's Delaware action, Amazon and its subsidiary A9.com,

22   Inc. ("A9") (collectively, "plaintiffs") immediately filed this related patent infringement action

23   against Cendant and several of its subsidiaries.  Amazon has publicly characterized this action as

24   "purely a defensive measure" that was filed in "direct response" to Cendant's Delaware lawsuit.

25   Fazio Decl., Ex. C.  Amazon has also admitted that this action "involves substantially the same

26   ─────────────
[1] A true and correct copy of the Delaware complaint is attached as Ex. A to the Declaration of
27   James V. Fazio, III ("Fazio Decl.") filed concurrently herewith.  This Court may take judicial
     notice of complaints filed in other courts and other matters of public record. *Holloway v. Brush*,
28   220 F.3d 767, 786 n.3 (6th Cir. 2000); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.
     1991).

DEFENDANTS' MOTION TO TRANSFER                    -1-          PAUL, HASTINGS, JANOFSKY & WALKER
VENUE - Case No. CV05-1137                                     3579 VALLEY CENTER DRIVE
                                                              SAN DIEGO, CA 92130

1   parties" as the Delaware action. Fazio Decl., Ex. B. Like the '370 Patent at issue in the Delaware

2   action, the patents-in-suit here are related to transacting electronic commerce over the Internet

3   and are directed to methods for transmitting credit card authorizations over the Internet and other

4   methods of facilitating e-commerce using the Internet.

5       In their haste to retaliate, however, plaintiffs did not file this lawsuit in Delaware where it

6   belongs. In a blatant attempt to forum shop, plaintiffs instead filed this action in Amazon's home

7   territory. But this action should be transferred to the District of Delaware under 28 U.S.C.

8   § 1404(a) because: (1) that is where the "center of gravity" in this case is located; (2) that is

9   where all parties are incorporated; (3) that is where plaintiffs acknowledge there is a related,

10   pending patent infringement case between the same parties; (4) the District of Delaware is much

11   more convenient than this forum for most of the parties and relevant witnesses; (5) the allegedly

12   infringing websites (and the employees who designed and maintain them) are much closer to the

13   District of Delaware than this District; (6) most of the relevant documents are much closer to the

14   District of Delaware than this District; and (7) the District of Delaware is less congested than this

15   District. While a plaintiff's choice of forum is normally entitled to some deference, that is not the

16   case when, as here, plaintiffs have filed an admittedly retaliatory and related action in a

17   transparent effort to forum shop.

18       If this Court is not inclined to transfer this action for reasons of convenience and justice,

19   this action should be dismissed, stayed or transferred under the first-to-file rule. This action

20   involves substantially the same parties as the first-filed Delaware action, and both actions involve

21   the alleged infringement of patents related to transacting electronic commerce over the Internet.

22   Accordingly, if the Court does not transfer this action to the District of Delaware under 28 U.S.C.

23   § 1404(a), then this action should be dismissed, stayed or transferred to the District of Delaware

24   under the first-to-file rule.

25   **II.**    **BACKGROUND**

26       **A.**    **The First-Filed Delaware Action**

27       On October 29, 2004, Cendant Publishing, Inc. ("Cendant Publishing") filed a complaint

28   against Amazon for patent infringement in the District of Delaware. Fazio Decl., Ex. D. The

1    patent at issue in that action is U.S. Patent No. 6,782,370 ("the '370 Patent"), which discloses a

2    method of making recommendations of goods and/or services to potential customers based on the

3    purchasing history of previous customers. *Id.* Because the parties were then attempting to

4    resolve that dispute, Cendant Publishing dismissed the action without prejudice soon after filing.

5    Declaration of Eric J. Bock ("Bock Decl."), ¶ 13. The parties did not reach a settlement, and

6    Cendant Publishing re-filed its infringement action against Amazon in the District of Delaware on

7    June 20, 2005. Fazio Decl., Ex. A.

8    **B.**    **The Retaliatory Washington Action**

9           Two days later, in obvious retaliation, and despite their knowledge of the Delaware action,

10    plaintiffs filed this related action against Cendant and some of its subsidiaries for patent

11    infringement. Plaintiffs admit that this action is "purely a defensive measure" that was filed in

12    "direct response" to the Delaware action. Fazio Decl., Ex. C. Plaintiffs also admit that this action

13    is related to the Delaware action because they filed a Notice of Related Case in the District of

14    Delaware admitting that the two actions involve "substantially the same parties." Fazio Decl., Ex.

15    B.

16           In their haste to retaliate, plaintiffs apparently did not investigate the allegedly infringing

17    activities of any Cendant subsidiary. Instead, plaintiffs alleged, in one broad stroke, that

18    Defendants' business operations and websites infringe plaintiffs' patents. Like Cendant's '370

19    Patent, the patents-in-suit are also related to methods for operating an online marketplace. U.S.

20    Patent No. 5,715,339 ("the '339 Patent") is directed to secure methods for transmitting credit card

21    authorizations over a non-secure network, which enables a retailer to offer an Internet customer

22    several credit card numbers to choose from by, for example, selecting the last 4 digits of the credit

23    card number he or she wishes to use. Complaint, ¶ 12 & Ex. 1 at col. 1-4. U.S. Patent No.

24    6,029,141 ("the '141 Patent") enables customers or affiliates to post recommendations of

25    products and services to the Internet in return for compensation. Complaint, ¶ 18 & Ex. 2 at col.

26    1-4. U.S. Patent No. 6,629,079 ("the '079 Patent") provides customers with a "commerce

27    context" or a selection of shopping baskets from which the customer can select to specify

28    particular shipping, delivery and payment options. Complaint, ¶ 24 & Ex. 3 at col. 1-4. Finally,

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1    U.S. Patent No. 6,625,609 ("the '609 Patent") discloses use of a "browse graph" that helps

2    Internet shoppers navigate within a body of data to reach goods and services in which he or she

3    would most likely be interested.  Complaint, ¶ 29 & Ex. 4 at col. 1, lns. 19-32, col. 2, lns. 35-55.

4        **C.    STATEMENT OF FACTS**

5        The "center of gravity" of this action lies in the Northeast, not in this District.  Cendant's

6    operational headquarters and the vast majority of its employees are in New Jersey, which borders

7    Delaware.  Bock Decl., ¶ 8.  Cendant's corporate offices are in New York.  *Id.*  Cendant

8    Publishing is headquartered in New Jersey.  *Id.*  Most of Cendant and Cendant Publishing's

9    employees and documents are located in New Jersey.  *Id.*

10        Avis and Budget are both headquartered in New Jersey.  *Id.*, ¶ 9.  The www.avis.com and

11   www.budget.com websites were originally designed and developed in Garden City, New York

12   and outside Chicago, Illinois, respectively, and are currently operated in New Jersey.  *Id.*  Most of

13   the witnesses with knowledge of the design, development and operation of these websites (such

14   as Paul Kremer and Joseph Kirrane, Vice President, Information Technology) are located in New

15   Jersey.  *Id.*  Further, most of Avis and Budget's key marketing personnel (such as John Peebles,

16   Vice President, Marketing), who have knowledge of facts regarding the affiliate program and

17   other issues related to the '141 Patent, are also located in New Jersey.  *Id.*  Moreover, the Chief

18   Financial Officers for Avis and Budget, who have knowledge of facts relevant to royalty rates and

19   related potential damages issues, are in New Jersey.  *Id.*  Likewise, most of the documents

20   relevant to the design, development and operation of these websites are located in New Jersey.

21   *Id.*

22        Trilegiant's headquarters are in Norwalk, Connecticut, and the

23   www.trilegiantaffiliates.com and www.avgautostore.com websites were both designed and

24   developed, and are currently being operated, in Connecticut.  *Id.*, ¶¶ 10-11.  Most of the witnesses

25   with knowledge of the design, development and operation of these websites (such as Jim

26   McDowell, Director of Technology Engineering, and Chris Johnson, Vice President, Technology)

27   are located in Connecticut.  *Id.*, ¶ 11.  In addition, the individuals with knowledge of the financial

28   records and profits of these websites (such as Al Fino, Group Vice President and Controller) also

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137            -4-

1   work in Connecticut. *Id.* Likewise, most of the documents relevant to the design, development

2   and operation of these websites are located in Connecticut. *Id.*

3       Of all the defendants, the only one not based in the Northeast is Orbitz, which is

4   headquartered in Chicago, Illinois. *Id.*, ¶ 10. But Chicago is still three times closer to the District

5   of Delaware than this District (Chicago is 2,100 miles from Seattle but only 750 miles from

6   Delaware). Fazio Decl., ¶¶ 11-12 & Exs. I-J.

7   **III.    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF**

8         **DELAWARE UNDER 28 U.S.C. § 1404(A)**

9       **A.    This Action Could Have Been Brought Originally In The District of Delaware**

10       For the convenience of the parties and witnesses and in the interests of justice, a district

11   court may transfer any civil action to any other district in which the lawsuit "might have been

12   brought." 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Before a

13   district court can consider transferring an action to another forum, it must first be established that

14   the potential transferee district is one in which the action "might have been brought" in the first

15   instance. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

16   That requires a showing that the transferee forum has subject matter jurisdiction and personal

17   jurisdiction over the parties and also that venue is proper in that district. *Botkin v. Safeco Ins. Co.*

18   *of Am.*, 2003 U.S.Dist. LEXIS 6293, at *5 (N.D.Cal. Apr. 14, 2003).[2]

19       This action is one that might have been brought in the District of Delaware. Plaintiffs

20   have sued Defendants for patent infringement; thus, all federal courts (including the District of

21   Delaware) have subject matter jurisdiction. 28 U.S.C. § 1338. Companies are subject to personal

22   jurisdiction in any state in which they are incorporated, *Drucker v. Fernandez*, 1991 U.S.Dist.

23   LEXIS 7463, at *6 n.2 (E.D.Pa. Jun. 3, 1991), and venue in patent cases is coextensive with

24   personal jurisdiction. *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584

25   (Fed.Cir. 1990). Because Defendants are all incorporated in the State of Delaware, all

26

27   _____

28   [2] For the Court's convenience, copies of cases published in unofficial reporters are attached in
     alphabetical order to the Fazio Decl.

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137                    -5-

1    Defendants are subject to personal jurisdiction in the District of Delaware, and venue is likewise

2    proper there.

3    **B.    The Convenience And Interest of Justice Factors Overwhelmingly Favor**

4    **Transfer of This Action To The District of Delaware**

5    Once it is established that the transferee forum is one in which the action could originally

6    have been brought, courts consider the following factors in deciding a transfer motion: (1) the

7    convenience of the parties and the witnesses; (2) the location where the alleged events in the

8    lawsuit took place (i.e., the "center of gravity" of the case); (3) the relative ease of access to the

9    sources of proof and compulsory process; (4) the plaintiff's choice of forum; (5) the pendency of

10   related litigation in the transferee forum; (6) the relative congestion in the two courts; (7) the

11   public interest in the local adjudication of local controversies; and (8) the relative familiarity of

12   the courts with the applicable law. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,

13   843 (9th Cir. 1986). *See also K. Toy v. General Electric Co.*, 1995 WL 396848, at *1 (N.D.Cal.

14   Jun. 27, 1995); *Teknekron Software Systems, Inc. v. Cornell Univ, et al.*, 1993 U.S.Dist. LEXIS

15   21337, at *18 (N.D.Cal. Jun. 14, 1993).

16   As explained below, the balance of these factors tips decidedly in favor of transferring this

17   action to the District of Delaware.

18   **1.    The District of Delaware Is Much More Convenient for the Parties and**

19   **Witnesses Than This District (Factor #1)**

20   As a preliminary matter, all parties (including plaintiffs) are incorporated in the State of

21   Delaware. Complaint, ¶¶ 2-8. Further, four of the six defendants are headquartered within 170

22   miles of the federal courthouse in the District of Delaware; only the two plaintiffs are not based in

23   the Northeast. Bock Decl, ¶¶ 8-10.[3] Though Amazon is located in Seattle, A9 is located in

24   California. Complaint, ¶ 3. Thus, by sheer numbers, the District of Delaware is more convenient

25   for most of the parties than this District.

26

27

---

28   [3] The two Orbitz defendants are headquartered in Chicago, Illinois, which is still much closer to
     the District of Delaware than this District. Bock Decl., ¶ 10.

DEFENDANTS' MOTION TO TRANSFER

VENUE - Case No. CV05-1137                    -6-

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1    Further, most of the witnesses with knowledge of the design, development and operation

2  of the allegedly infringing websites (such as Joseph Kirrane, Paul Kremer, and Jim McDowell)

3  work much closer to the District of Delaware than this District. Bock Decl., ¶¶ 9, 11. Most of the

4  witnesses with knowledge regarding Cendant's affiliate program and other issues related to the

5  '141 Patent (such as John Peebles) are also located in the Northeast. *Id.*, ¶ 9. In addition, most of

6  the individuals with knowledge of financial issues are also located in the Northeast. *Id.*, ¶¶ 9, 11.

7  Consequently, it is more convenient for most of the witnesses to travel to the District of Delaware

8  than to fly across the country for proceedings in this District.

9        In short, transfer to the District of Delaware would serve the convenience of the parties

10  and witnesses.

11        **2.    The District of Delaware Is Much Closer Than This District to Where**

12              **The Alleged Infringement Took Place (Factor #2) and Sources of Proof**
              **Are Located (Factor #3)**

13        A fundamental principle guiding section 1404(a) analysis is that litigation should proceed

14  "in that place where the case finds its 'center of gravity.'" *Teknekron*, 1993 U.S.Dist. LEXIS

15  21337, at *19 (quoting *Levinson v. Regal Ware, Inc.*, 14 U.S.P.Q.2d 1064, 1065 n.3 (D.N.J.

16  1989)). This principle is particularly important in patent infringement cases. *Id.* In patent cases,

17  the "center of gravity" involves consideration not just of where the patented methods were

18  designed and developed, but more importantly, where the allegedly infringing service or process

19  was designed, developed and produced. *Teknekron*, 1993 U.S.Dist. LEXIS 21337, at *20.

20        Under this analysis, the "center of gravity" for this action is in the Northeast, not in this

21  District. Most of the allegedly infringing websites and relevant documents are located in New

22  York, New Jersey and Connecticut. Bock Dec., ¶¶ 8-9, 11. Thus, with the exception of Orbitz,

23  most of the activities surrounding the design, development and operation of the allegedly

24  infringing websites took place much closer to the District of Delaware than this District.

25        In sum, this action should be transferred to the District of Delaware because that is much

26  closer to the "center of gravity" in this case than this District. *Teknekron*, 1993 U.S. Dist. LEXIS

27  21337, at *21-22 (transferring patent infringement action to where most of the material events

28

1  took place); *Steelcase Inc. v. Haworth, Inc.*, 1996 U.S. Dist. LEXIS 20674, at *9-10 (C.D.Cal.

2  May 15, 1996) (transferring patent infringement action to Michigan because the individuals

3  involved in the design and development of the infringing products worked in Michigan).

4           3.    **Plaintiffs' Choice of Forum (Factor #4) Is Entitled To Little, If Any,**

5                 **Weight**

6      While a plaintiff's choice of forum is usually entitled to some deference, it should be

7  disregarded when, as here, the place of filing is the result of forum shopping. *Italian Colors*

8  *Restaurant, et al. v. American Express Co.*, 2003 U.S.Dist. LEXIS 20338, at *11 (N.D.Cal. Nov.

9  10, 2003) (disregarding plaintiff's choice of forum because of forum shopping). Here, it is not

10  clear why (aside from wanting to litigate in their home state) Amazon filed suit in this District

11  despite knowing that most of the Defendants and the evidence relevant to this lawsuit are located

12  in the Northeast. Plaintiffs' choice of forum is even more perplexing given their acknowledgment

13  of a related action pending in the District of Delaware. Fazio Decl., Ex. B. Consequently,

14  plaintiffs' decision to file suit in this District should be completely disregarded.

15      At a minimum, plaintiffs' choice of forum should not be accorded any deference because

16  none of the allegedly infringing conduct occurred in this District. *Pacific Car & Foundry Co. v.*

17  *Pence*, 403 F.2d 949, 954 (9th Cir. 1968). *See also Symbol Technologies, Inc. v. Intermec*

18  *Technologies Corp.*, 2005 U.S.Dist. LEXIS 14415, at *8 (W.D.Wis. Jul. 14, 2004); *Hyundai*

19  *Space & Aircraft Co., Ltd. v. Boeing Co.*, 1999 WL 910131, at *4 (N.D.Cal. Oct. 12, 1999).

20  While the inventors of the patents-in-suit largely reside in Washington, the majority of allegedly

21  infringing activities took place in New Jersey, New York and Connecticut because that is where

22  the Subsidiary Defendants' headquarters and the allegedly infringing websites are predominantly

23  located. Accordingly, plaintiffs' choice of forum is entitled to little (if any) weight.

24           4.    **Related Litigation Involving Substantially the Same Parties Is Pending**

25                 **in the District of Delaware (Factor #5)**

26      The pendency in another district of a related action is a factor that "weighs heavily" in

27  favor of transfer. *Baird v. California Faculty Ass'n.*, 2000 WL 516378, at *1 (N.D.Cal. Jun. 26,

28  2000). Importantly, the subject matter in the two actions need not be identical to justify transfer;

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137          -8-          PAUL, HASTINGS, JANOFSKY & WALKER
                                         3579 VALLEY CENTER DRIVE
                                         SAN DIEGO, CA 92130

1    they need only be similar. *Advanced Semiconductor Materials America Inc. v. Applied Materials*
2    *Inc.*, 30 U.S.P.Q.2d 1553, 1554 (D.Ariz. 1993); *Mastercard Int'l. Inc. v. Lexcel Solutions, Inc.*,
3    2004 U.S. Dist. LEXIS 10906, at *24 (S.D.N.Y. Jun. 18, 2004) (noting that while one action
4    involved claims for patent infringement, and the other action involved claims for trade secret
5    misappropriation, both actions involved similar technology).

6         In *Advanced Semiconductor*, for example, the court transferred a patent infringement
7    action from Arizona to California because the case was related to two other patent infringement
8    actions between the same parties pending in California. 30 U.S.P.Q.2d at 1554.  While the two
9    disputes involved different patents, the Court transferred the action because both actions involved
10   the same parties and technology and thus would entail "much overlap of issues, witnesses, prior
11   art, and documents." *Id.*

12        Likewise here, there is considerable overlap between the issues, witnesses and technology
13   in this case with the Delaware action.  Both actions involve claims for the infringement of patents
14   related to transacting e-commerce over the Internet.  Further, both actions involve patents
15   designed to recommend customized goods and services to Internet customers.  Cendant
16   Publishing's '370 Patent discloses a method of recommending goods and/or services to potential
17   customers on a web page based on previous customers' purchasing history.  Similarly, Amazon's
18   '609 Patent uses a "browse graph" that takes data in which an Internet user has a "special
19   interest" and "features that data more prominently, allowing the user to reach the data much more
20   efficiently." Complaint, Ex. 4 at col. 2, lns. 45-49.

21        Both actions will also require testimony from many of the same witnesses, such as Jeffrey
22   Bezos (the founder of Amazon), who would likely testify regarding patent validity and
23   infringement issues in both cases.  Key Information Technology personnel (such as Joseph
24   Kirrane and Paul Kremer) would likely testify in both actions regarding the design, development
25   and operation of the Subsidiary Defendants' websites. Bock Decl., ¶ 9.  Further, both actions
26   may involve testimony from each subsidiary's Chief Financial Officer, who would provide

27

28

1    evidence relevant to financial issues in both cases. *Id.* Hence, the two actions are related even

2    though they do not involve identical patents, and plaintiffs have admitted as much.[4]

3        In short, the pendency in Delaware of related patent litigation involving substantially the

4    same parties and similar subject matter is yet another reason why this action should be transferred

5    to the District of Delaware. *IBM Credit Corp. v. Definitive Computer Services*, 1996 U.S.Dist.

6    LEXIS 2385, at *7-8 (N.D.Cal. Feb. 27, 1996) (transferring case to Texas because the plaintiff

7    was a defendant in a related case pending there).

8             **5.    The Remaining "Public Interest" Factors (Factor Nos. 6, 7 & 8)**

9                **Strongly Favor Transfer of this Action To the District of Delaware**

10        The District of Delaware has a compelling interest in adjudicating actions between

11    Delaware corporations. *Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.*, 185 F.Supp.2d 407, 412

12    (D.Del. 2002). Further, the District of Delaware has "considerable experience with patent cases."

13    *Quantel Ltd. v. Adobe Systems Inc.*, 1996 U.S.Dist. LEXIS 21651, at *4-5 (D.Del. Dec. 12, 1996).

14    The District of Delaware is also less congested than this District. According to the

15    Administrative Office of the United States Courts, for the 12-month period ended September,

16    2004, the District of Delaware had 1,931 civil cases pending and an unweighted average number

17    of filings per judge of 441. Fazio Decl., ¶ 7. By contrast, for that same period, the Western

18    District of Washington had 4,085 civil cases pending and an unweighted average number of

19    filings per judge of 655. *Id.* Certainly, it would be a more efficient use of judicial resources to

20    have one court "get up to speed" on the technology involved in both actions than two courts.

21        On balance, these "public interest" factors also militate in favor of transferring this action

22    to the District of Delaware.

23             **6.    Equitable Considerations Weigh in Favor of Transferring Retaliatory**

24                **Actions**

25        Finally, equitable considerations weigh in favor of transferring retaliatory actions. *Knits*

26    *'N' Tweeds, Inc. v. Jones New York*, 205 U.S.P.Q. 966, 967 (E.D.N.Y. Jan. 25, 1979)

27    (transferring the action because it appeared to be a "retaliatory action"). Amazon has admitted

28    [4] In addition to being a defendant in the Delaware action, Amazon is also a defendant in another patent infringement lawsuit filed against it by BTG International, Inc. Fazio Decl., Ex. E.

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137       **-10-**      

1  that this action was filed in "direct response" to the Delaware Action and is "purely a defensive

2  measure." Fazio Decl., Ex. C. As a "purely defensive" action bearing all the earmarks of a

3  retaliatory lawsuit, this action should be transferred to the District of Delaware where it belongs.

**IV.    THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE**

If this Court does not transfer this action in the interests of justice, it should dismiss, stay or transfer this action under the first-to-file rule.

**A.    Legal Standard**

Under the first-to-file rule, a district court may dismiss, stay or transfer an action when a similar complaint has already been filed in another federal court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule was developed to promote comity among the federal courts and to minimize interference with each other's affairs. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

In determining whether to apply the first-to-file rule, courts consider (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26. Importantly, neither the parties nor the issues in the two actions need to be identical in order to invoke the first-to-file rule; if the two actions share "overlapping factual and legal issues," then the first-to-file rule may be applied. *Mastercard*, 2004 U.S.Dist. LEXIS 10906, at *24.

In *Mastercard*, for example, Lexcel sued Mastercard in Arizona federal court for breach of contract, misappropriation of trade secrets and related causes of action in connection with the parties' software license agreement. Shortly after, Mastercard sued Lexcel for a declaratory judgment of non-infringement and invalidity of patents related to Lexcel's financial network testing software. 2004 U.S.Dist. LEXIS 10906, at *3. While the two actions involved different legal claims, the Court found that there were "sufficient overlapping factual and legal issues" between the two actions to trigger the first-to-file rule. 2004 U.S.Dist. LEXIS 10906, at *24.

**B.    The Court Should Apply the First-to-File Rule In This Case**

The facts of this case equally support application of the first-to-file rule. First, the

1   chronology of the two actions weighs in favor of transfer of this action because the Delaware

2   action was filed before this action. Second, this action involves what Amazon admits are

3   "substantially the same parties" as the Delaware action. Fazio Decl., Ex. B. While this action

4   involves four additional defendants who are not parties to the Delaware action, that is not enough

5   to defeat application of the first-to-file rule. *See Google, Inc. v. American Blind & Wallpaper*

6   *Factory, Inc.*, 2004 U.S.Dist. LEXIS 27601, at *12 (N.D.Cal. Apr. 8, 2004) ("strict identity of

7   parties is not an absolute requirement of the first-to-file rule").

8           Third, both actions involve "similar issues" in that both actions involve claims for the

9   infringement of patents related to transacting electronic commerce over the Internet. The '370

10  Patent, at issue in Delaware, relates to methods of making customized recommendations of goods

11  and/or services to potential Internet customers based on previous customers' purchasing history.

12  Fazio Decl., Ex. A. Similarly, Amazon's '609 Patent discloses use of a "browse graph" to

13  identify data in which an Internet user has a "special interest," which the graph then displays

14  "more prominently, allowing the user to reach the data much more efficiently." Complaint, Ex. 4

15  at col. 2, lns. 45-49. Thus, while the patents-in-suit in the two actions are different, both actions

16  involve similar legal issues and similar technology. Accordingly, this action should be dismissed,

17  stayed or transferred to the District of Delaware under the first-to-file rule. *Mastercard*, 2004

18  U.S. Dist. LEXIS 10906, at *24 (applying the first-to-file rule to patent infringement actions

19  because the actions involved similar technology and arose out of the same dispute between the

20  same parties); *Google*, 2004 U.S.Dist. LEXIS, at *12-14 (applying the first-to-file rule because

21  there was a "substantial overlap" of the parties and because the actions involved the same

22  "fundamental issues").

23  **V.     CONCLUSION**

24          For the foregoing reasons, Defendants respectfully request that this Court either (1)

25  transfer this action to the District of Delaware for reasons of convenience and justice pursuant to

26  28 U.S.C. § 1404(a); or (2) dismiss, stay, or transfer this action to the District of Delaware

27  pursuant to the first-to-file rule.

28

DEFENDANTS' MOTION TO TRANSFER
VENUE - Case No. CV05-1137                     -12-

1  DATED: August 12 2005

2                                        By: _____
                                         DOUGLAS E. OLSON

3                                        Attorneys for Defendants
4                                        CENDANT CORPORATION; TRILEGIANT
                                         CORPORATION; ORBITZ, LLC; ORBITZ, INC.;
5                                        BUDGET RENT A CAR SYSTEM, INC.; AND AVIS
                                         RENT A CAR SYSTEM, INC.
6                                        *Admitted Pro Hac Vice*

7                                        And

8                                        K. Michael Fandel
                                         WSBA# 16281
9                                        Graham & Dunn PC
                                         2801 Alaskan Way, Suite 300
10                                       Seattle, WA 98121
                                         Email: mfandel@grahamdunn.com

11

12

13                          **CERTIFICATE OF SERVICE**

14       I hereby certify that on August 12, 2005, I presented the foregoing to the Clerk of the

15  Court using the CM/ECF system, which will send notification of such filing to the following:

16       David T. McDonald
         davidm@prestongates.com

17       Attorneys for Plaintiffs

18                                       /s/ K. Michael Fandel
19                                       K. Michael Fandel

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO TRANSFER                -13-        PAUL, HASTINGS, JANOFSKY & WALKER
VENUE - Case No. CV05-1137                               3579 VALLEY CENTER DRIVE
                                                         SAN DIEGO, CA 92130

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable R. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC. and A9.COM, INC.,

        Plaintiffs,

      vs.

CENDANT CORPORATION; TRILEGIANT CORPORATION; ORBITZ, LLC; ORBITZ, INC.; BUDGET RENT A CAR SYSTEM, INC.; AND AVIS RENT A CAR SYSTEM, INC.,

        Defendants.

CASE NO. CV-05-1137 (RSM)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO DISMISS, STAY OR TRANSFER THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE**

**[ORAL ARGUMENT REQUESTED]**

NOTE ON MOTION CALENDAR:

       September 16, 2005

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

# TABLE OF CONTENTS

                                                                                    Page

I.     INTRODUCTION .................................................................................................. 1

II.    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
       DELAWARE UNDER 28 U.S.C. § 1404(A) ...................................................... 1

       A.    Transfer of This Related Action To The District of Delaware Would
             Promote Judicial Economy ...................................................................... 1

       B.    The Private and Public Interest Factors Strongly Weigh In Favor of
             Transfer ..................................................................................................... 3

       C.    The Public Interest Factors And Other Considerations Also Favor Transfer
             to Delaware ............................................................................................... 5

III.   THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO
       THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE ...................... 6

IV.    CONCLUSION ..................................................................................................... 6

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -i-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1

## TABLE OF AUTHORITIES

2

3

### CASES

4

5    *Alltrade, Inc. v. Uniweld Products, Inc.,*
6        946 F.2d 622, 628 (9th Cir. 1991)...........................................................4
7    *AMP Inc. v. Burndy of Midwest, Inc.,*
        340 F. Supp. 21, 25 (N.D.Ill. 1971) ......................................................4
8    *AT&T Co. v. MCI Communications Corp.,*
9        736 F. Supp. 1294, 1307 (D.N.J. 1990) ............................................2, 3
10   *Ballard Medical Prod. v. Concord Labs.,*
        700 F. Supp. 796, 801 (D.Del. 1988).....................................................2
11   *Capitol Records, Inc. v. Optical Recording Corp.,*
12       810 F. Supp. 1350, 1354 (S.D.N.Y. 1992)...........................................5
13   *Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.,*
        185 F. Supp.2d 407, 412 (D.Del. 2002).................................................5
14   *E.I. du Pont de Nemours Co. v. Diamond Shamrock Corp.,*
15       522 F. Supp. 588, 591 (D.Del. 1981)....................................................4
16   *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.,*
        2004 U.S.Dist. LEXIS 27601, at *12 (N.D.Cal. Apr. 8, 2004) .............6
17   *Italian Colors Restaurant, et al. v. American Express Co.,*
        2003 U.S.Dist. LEXIS 20338, at *11 (N.D.Cal. Nov. 10, 2003)...........4
18   *Laitram Corp. v. Morehouse,*
19       31 U.S.P.Q.2d 1697, 1700 (E.D.La. 1994) ..........................................4
20   *Mastercard Int'l. Inc. v. Lexcel Solutions, Inc.,*
        2004 U.S.Dist. LEXIS 10906, at *24 (S.D.N.Y. Jun. 18, 2004)...........6
21   *Medi USA, L.P. v. Jobst Institute, Inc.,*
22       791 F. Supp. 208, 210 (N.D.Ill. 1992) ..................................................4
23   *NCUBE v. Seachange Int'l, Inc.,*
        313 F. Supp. 2d 361 (D.Del. 2004).......................................................5
24   *Phillips v. AWH Corp.,*
25       415 F.3d 1303 (Fed.Cir. 2005)..............................................................5
26   *Pinpoint, Inc. v. Amazon.com,*
        2003 WL 22175514, at *3 (N.D. Ill. Sep. 19, 2003).............................4
27   *Quantel Ltd. v. Adobe Systems Inc.,*
28       1996 U.S.Dist. LEXIS 21651, at *4-5 (D.Del. Dec. 12, 1996).............5

**TABLE OF AUTHORITIES**
(continued)

Page

*Regents of the Univ. of Calif. v. Eli Lilly & Co.,*
    119 F.3d 1559, 1565 (Fed.Cir. 1997)........................................................ 3

*Ricoh Co., Ltd. v. Honeywell, Inc.,*
    817 F. Supp. 473, 481 (D.N.J. 1993) ........................................................ 5

*Syngenta Seeds, Inc. v. Monsanto Co.,*
    2005 WL 678855, at *3 (D.Del. Mar. 24, 2005)........................................ 3

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................... I, 4, 6, 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **I.    INTRODUCTION**

2    Throughout their opposition, plaintiffs discount the related litigation involving

3  "substantially the same parties" and related technology pending in the District of Delaware.

4  Declaration of James V. Fazio ("Fazio Decl."), Ex. C. Plaintiffs claim that the similarities are

5  "meaningless," but that is wishful thinking on their part. Both actions involve similar claims for

6  the infringement of patents related to transacting electronic commerce over the Internet and

7  bringing Internet shoppers closer to products they might be interested in buying. Because related

8  litigation involving related technology is pending in Delaware, this action should be transferred to

9  Delaware in the interests of judicial economy.

10    Plaintiffs argue that transfer to Delaware would be inconvenient for some non-party

11  witnesses. But most of those witnesses are inventors of Amazon's patents, and plaintiffs have

12  made no showing that they would be unwilling to testify voluntarily. Regardless, the fact remains

13  that the District of Delaware is far more convenient than this District for all six defendants (who

14  outnumber plaintiffs six to two).

15    Plaintiffs claim that filing suit in their home state can hardly be called forum shopping,

16  but when plaintiffs have admitted that this related action was filed in "direct response" to the

17  first-filed Delaware lawsuit, that is forum shopping. At bottom, no amount of legal legerdemain

18  can alter the conclusion that this action should be transferred to the District of Delaware where

19  related litigation involving related technology is already pending.

20  **II.    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF**
       **DELAWARE UNDER 28 U.S.C. § 1404(a)**
21
        **A.    Transfer of This Related Action To The District of Delaware Would Promote**
22           **Judicial Economy**

23    Amazon admitted to the public that this action is "purely a defensive measure" that was

24  "filed in direct response to Cendant's refiling of their patent infringement suit" in Delaware.

25  Fazio Decl., Ex. C. Plaintiffs also confess that the Delaware action and this action involve

26  "substantially the same parties." Fazio Decl., Ex. B. To conserve judicial resources and to

27  promote the efficient resolution of this dispute, this retaliatory and related action should be

28  transferred to the District of Delaware where it belongs. *Ballard Medical Prod. v. Concord*

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

Case 2:05-cv-01137-RSM    Document 30    Filed 09/16/2005    Page 5 of 11

1   *Labs.*, 700 F. Supp. 796, 801 (D.Del. 1988) (transferring case to district where related action was

2   pending); *AT&T Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1307 (D.N.J. 1990)

3   (same).

4        Plaintiffs contend that the similarity between the two actions is "meaningless," but that is

5   inaccurate. Both actions involve claims for patent infringement arising out of the operation of

6   online marketplaces, and both actions involve requests for damages and injunctive relief. *See*

7   *AT&T*, 736 F. Supp. at 1307 (noting that the action to be transferred involved similar claims and

8   requested remedies as the first-filed action). Further, both actions involve related technologies.

9   The '141 Patent (at issue in this case) discloses methods for merchants to "efficiently market and

10  sell goods "using the websites of others to "disseminate . . . **recommendations** on specific

11  products." Complaint, Ex. 2 at 1:50-61 (emphasis added). The customer can then use a "product-

12  specific hyperlink" to purchase that **recommended** product. *Id.* at 1:62-66 (emphasis added).

13  Likewise, the '370 Patent (at issue in Delaware) discloses a method for on-line merchants to

14  market goods and services on the Internet by supplying "**recommendations** . . . to the user in the

15  form of a hypertext [link]," allowing customers to purchase that **recommended** product. Fazio

16  Decl., Ex. D at 3:24-28 (emphasis added).

17       The '370 Patent is also related to the '609 Patent in that both patents disclose methods for

18  bringing Internet customers closer to products they may be interested in purchasing. The '609

19  Patent enables a customer with a "special interest in a particular kind of data" to use a "browse

20  graph that features that data [e.g., product information] more prominently." Complaint, Ex. 4 at

21  2:46-49. This feature is provided by creating browse graphs "associated . . . with groups of users

22  having particular . . . **buying patterns**." *Id.* at 5:9-13 (emphasis added). Along the same lines,

23  the '370 Patent discloses a method of recommending goods and/or services to potential customers

24  "based on a particular good or service selected by the user and previous customer **buying**

25  **history**." Fazio Decl., Ex. D at 1:47-48 (emphasis added).[1]

---

26  [1] The claim language in plaintiffs and defendants' patents is also related: (1) "computer readable
    medium" ('370 Patent, claim 16 and '609 Patent, claim 18); (2) "customer buying history ('370
27  Patent, claim 1) and "buying preferences" and "buying patterns" ('609 Patent, claims 24 & 29);
    and (3) "recommendation of goods and/or services to potential customers . . . based on customer
28  buying history" ('370 Patent, claim 1) and "presenting to the user a recommendation for items

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -2-
SAN/121532.3

1    Plaintiffs next claim that the two actions are not sufficiently similar to warrant

2 consolidating them, but plaintiffs are wrong.  To conserve judicial resources, courts have

3 consolidated actions sharing far fewer similarities than are presented here.  *See Syngenta Seeds,*

4 *Inc. v. Monsanto Co.*, 2005 WL 678855, at *3 (D.Del. Mar. 24, 2005) (consolidating plaintiff's

5 antitrust lawsuit with defendant's first-filed patent infringement case despite "minimal factual

6 overlap").[2]  If courts have consolidated cases sharing so few similarities, certainly this Court can

7 take the lesser step of simply transferring this action to Delaware.

8    In short, even if the balance of convenience and other factors are "near equipoise," the fact

9 that the two actions involve related technologies is alone sufficient to warrant transfer of this

10 action to Delaware.  *AT&T*, 736 F. Supp. at 1307 (D.N.J. 1990).  *See also Regents of the Univ. of*

11 *Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir. 1997) ("Consideration of the interests of

12 justice, which includes judicial economy may be determinative to a particular transfer motion,

13 even if the convenience of the parties and witnesses might call for a different result") (internal

14 quotations and citation omitted).

15    **B.    The Private and Public Interest Factors Strongly Weigh In Favor of Transfer**

16    Plaintiffs argue that this action should not be transferred to Delaware because it will not

17 eliminate any inconvenience, but only shift the inconvenience from defendants to plaintiffs.

18 Plaintiffs miss the point.  While plaintiffs' employees may primarily be located in this District,

19 the fact remains that Delaware is a more convenient forum than this District for all six defendants

20 (who outnumber plaintiffs six to two).  Thus, transfer to Delaware would be more convenient for

21 most of the parties and their witnesses.

22    Plaintiffs next argue that transfer to Delaware would be inconvenient for some non-party

23 witnesses, but most of those supposedly "unavailable" witnesses are former employees and the

24 inventors of Amazon's patents.  Plaintiffs make no showing that they would not be willing to

25 testify voluntarily.  Further, the facts to which these inventors would testify would be largely

26 cumulative of testimony that could be offered by the inventors who are still employed by

27 based on items previously selected" ('079 Patent, claim 9).

28 [2] For the Court's convenience, copies of cases published in unofficial reporters and not previously submitted are attached to the Reply Declaration of James V. Fazio filed concurrently herewith.

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137    -3-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1   Amazon.[3]  Under such circumstances, the alleged "unavailability" of these non-party witnesses is

2   not problematic. *See Pinpoint, Inc. v. Amazon.com*, 2003 WL 22175514, at *3 (N.D. Ill. Sep. 19,

3   2003) (observing that Amazon failed to provide evidence that former employees' testimony was

4   not cumulative and would not be provided voluntarily), *vacated on other grounds*, 347 F. Supp.

5   2d 579 (N.D.Ill. 2004).

6       Plaintiffs also contend that their choice of forum should not be disturbed, particularly

7   when they have chosen their home state in which to litigate.  But the preference for honoring a

8   plaintiff's choice of forum is just that—a preference; it is not a right.  *E.I. du Pont de Nemours*

9   *Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 591 (D.Del. 1981) (declining to honor

10  plaintiff's choice of forum because to do so would "needlessly engage two courts in the

11  simultaneous management" of similar issues).  *See also Medi USA, L.P. v. Jobst Institute, Inc.*,

12  791 F. Supp. 208, 210 (N.D.Ill. 1992) (recognizing that a plaintiff's choice of forum is not usually

13  a dominant factor and has diminished in significance since the enactment of § 1404(a)).  Further,

14  when the plaintiff's choice of forum is the result of forum-shopping, it is entitled to little, if any,

15  weight.  *Italian Colors Restaurant, et al. v. American Express Co.*, 2003 U.S.Dist. LEXIS 20338,

16  at *11 (N.D.Cal. Nov. 10, 2003) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622,

17  628 (9th Cir. 1991)).  Plaintiffs claim that filing suit in their home state can hardly be called

18  forum shopping, but when plaintiffs have admitted that this related action was filed in "direct

19  response" to the first-filed Delaware lawsuit, that is forum shopping.

20      Plaintiffs also argue that defendants mistakenly focus on where the infringing acts took

21  place, when the conception of the inventions and their reduction to practice all took place in this

22  District.  But plaintiffs make too much of their home cooking.  The "preferred forum" in patent

23  infringement cases is where the "center of gravity of the accused activity" is located.  *Laitram*

24  *Corp. v. Morehouse*, 31 U.S.P.Q.2d 1697, 1700 (E.D.La. 1994).  *See also AMP Inc. v. Burndy of*

25  *Midwest, Inc.*, 340 F. Supp. 21, 25 (N.D.Ill. 1971) ("[t]he trier of fact ought to be as close as

26

27  [3] For example, Jeffrey Bezos and Ellen Ratajak can testify regarding the '141 patent even though
    inventors Sheldon Kaphan and Thomas Schonhoff are no longer employed by Amazon.
28  Likewise, inventors Robert McDade and Anne Krook can testify regarding that the '609 patent
    even though Bonnie Bouman is no longer employed by Amazon.

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1    possible to the milieu of the infringing device and the hub of activity centered around its

2    production"). Indeed, a plaintiff's choice of forum may be disregarded when the "central facts"

3    occurred outside that forum. *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J.

4    1993). Because most of the accused websites are operated in the Northeast, the "center of

5    gravity" in this case is much closer to Delaware than this District.

6        Accordingly, the convenience and other private interest factors favor transfer to Delaware.

7    C.    **The Public Interest Factors And Other Considerations Also Favor Transfer
         to Delaware**
8

9        All parties to this action are Delaware corporations, and the District of Delaware has a

10   compelling interest in resolving disputes between Delaware corporations. *Datex-Ohmeda, Inc. v.*

11   *Hill-Rom Services, Inc.*, 185 F. Supp.2d 407, 412 (D.Del. 2002). Plaintiffs claim that all federal

12   courts are presumed to be equally familiar with applicable law. While defendants do not imply

13   that this District is unfamiliar with patent law, the fact remains that Delaware has "considerable

14   experience with patent cases." *Quantel Ltd. v. Adobe Systems Inc.*, 1996 U.S.Dist. LEXIS 21651,

15   at *4-5 (D.Del. Dec. 12, 1996). Indeed, Judge Joseph Farnan, Jr. (who is assigned to the

16   Delaware action) has handled countless patent cases and recently presided over a complex patent

17   infringement trial. *See NCUBE v. Seachange Int'l, Inc.*, 313 F. Supp. 2d 361 (D.Del. 2004).

18       Transferring this action to the District of Delaware would also conserve judicial resources

19   because then only one judge would have to "be educated on the technology in general and the

20   particular patents-in-suit." *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350,

21   1354 (S.D.N.Y. 1992). This conservation of judicial resources is particularly significant in light

22   of the Federal Circuit's recent opinion in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.Cir. 2005).

23   There, the Court disapproved of the more straightforward dictionary approach to claim

24   construction in favor of an unrestrained approach in which the court is not barred from

25   considering any particular sources in interpreting patent claims, as long as they are not used to

26   contradict unambiguous claim language. *Id.* at 1324. Now that courts are encouraged to follow a

27   more liberal approach to claim construction, it makes sense for only one judge to construe the

28   parties' patent claims so that there is no risk of any inconsistent interpretations by another court.

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -5-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1        Finally, because the claims and parties in both actions are substantially similar, this action

2    is more likely to settle as part of a global settlement with the Delaware action. That prospect

3    would presumably be enhanced by the transfer of this action to the District of Delaware. Indeed,

4    Delaware has a magistrate judge charged with facilitating the settlement of cases. If both cases

5    and all patents are considered for settlement purposes at the same time by the same magistrate

6    judge, and if both cases share a coordinated discovery and trial schedule, settlement discussions

7    in both actions can be facilitated.

8        For all of these reasons, this case should be transferred to the District of Delaware.

9    **III.**    **THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO**

10         **THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE**

11       Plaintiffs argue that the first-to-file rule only applies where "one action is the mirror

12   image of the other," but that is simply false. It is well established that neither the parties nor the

13   issues in the two actions need to be identical in order to invoke the first-to-file rule as long as the

14   two actions share "overlapping factual and legal issues." *Mastercard Int'l. Inc. v. Lexcel*

15   *Solutions, Inc.*, 2004 U.S.Dist. LEXIS 10906, at *24 (S.D.N.Y. Jun. 18, 2004); *Google, Inc. v.*

16   *Am. Blind & Wallpaper Factory, Inc.*, 2004 U.S.Dist. LEXIS 27601, at *12 (N.D.Cal. Apr. 8,

17   2004). Accordingly, if this Court does not transfer this action under § 1404(a), this action should

18   be dismissed, stayed or transferred to Delaware under the first-to-file rule.

19   **IV.**    **CONCLUSION**

20       For the foregoing reasons, defendants respectfully request that this Court either

21   (1) transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a); or (2) dismiss,

22   stay, or transfer this action to the District of Delaware pursuant to the first-to-file rule.

23

24

25

26

27

28

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1

DATED: September 16, 2005     By: _____

2

DOUGLAS E. OLSON

3          STEPHEN S. KORNICZKY
           JAMES V. FAZIO, III

4          PAUL HASTINGS JANOFSKY & WALKER LLP

5          Attorneys for Defendants
           CENDANT CORPORATION; TRILEGIANT

6          CORPORATION; ORBITZ, LLC; ORBITZ, INC.;
           BUDGET RENT A CAR SYSTEM, INC.; AND AVIS

7          RENT A CAR SYSTEM, INC.
           *Admitted Pro Hac Vice*

8          And

9          K. Michael Fandel

10         WSBA# 16281
           Graham & Dunn PC

11         2801 Alaskan Way, Suite 300
           Seattle, WA 98121

12         Email: mfandel@grahamdunn.com

13

14                    **CERTIFICATE OF SERVICE**

15         I hereby certify that on September 16, 2005, I presented the foregoing to the Clerk of the

16   Court using the CM/ECF system, which will send notification of such filing to the following:

17         David T. McDonald
           davidm@prestongates.com

18         Attorneys for Plaintiffs

19                                        /s/ K. Michael Fandel

20                                        K. Michael Fandel

21

22

23

24

25

26

27

28

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -7-          PAUL, HASTINGS, JANOFSKY & WALKER
SAN/121532.3                                                        3579 VALLEY CENTER DRIVE
                                                                     SAN DIEGO, CA 92130