IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Civil Action No. 05-414-JJF |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Amazon.com, Inc. has served the attached subpoena.

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
C. J. Alice Chen
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Dated: February 15, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendant Amazon.com, Inc.*

A088 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| CD Intellectual Property Holdings, LLC,<br>Plaintiff<br>v.<br>Amazon.com, Inc.<br>Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  05-414 (JJF)<br>U.S. District Court for the District of Delaware |

TO: **Microsoft Corporation**
c/o T. Andrew Culbert, Office of the General Counsel
One Microsoft Way, Building 8
Redmond, WA  98052-6399
(425) 882-8080; (425) 936-7329

**Registered Agent:** PTSGE Corp.
925 4th Ave., Suite 2900
Seattle, WA 98104-1158

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE  Lighthouse Document Technologies<br>2250 IDX Tower, 925 4th Avenue<br>Seattle, WA 98104<br>Phone: (206) 223-9690 | DATE AND TIME<br>February 24, 2006<br>9:00 AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorneys for Defendant Amazon.com, Inc. | DATE<br>Feb 8, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Darren E. Donnelly, Fenwick & West LLP, 801 California St., Mountain View, CA 94041
(650) 988-8500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosures of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects to a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

CD INTELLECTUAL HOLDINGS, LLC.

        Plaintiff(s),

vs.

AMAZON.COM, INC.

        Defendant(s).

No. 05-414 (JJF)

DECLARATION OF SERVICE

STATE OF WASHINGTON
COUNTY OF KING    ss.

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on the 9th day of **February, 2006 @ 12:45 PM**, at the address of **925 4TH AVE, SUITE 2900**, Seattle, within **KING** County, WA, the undersigned duly served the following document(s): **SUBPOENA IN A CIVIL CASE** in the above entitled action upon **MICROSOFT CORPORATION C/O REGISTERED AGENT PTSGE CORP**, by then and there personally delivering a true and correct copy(ies) of the above documents into the hands of and leaving same with **Dorothy Nelson, President**.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

Date: 2-14-06

Brant Waldron
Registered Process Server
License #: 0542584, King County
NW Legal Support, Inc.
200 West Thomas Street
Seattle, WA 98119
206.223.9426

Service Fee: $ _____
Return Fee: $ _____
Mileage Fee: $ _____
Misc. Fee: $ _____
Total Fee: $ _____

304908

# EXHIBIT A
## DEFINITIONS

1. "YOU," "YOUR" and "MICROSOFT" means Microsoft Corporation, and shall include its predecessor or successor entities, if any, and its past and present officers, directors, partners, employees, attorneys, authorized agents, consultants, and other persons acting or purporting to act on its behalf.

2. "FIREFLY" means Firefly Network, Inc. and shall include its predecessor or successor entities, including Agents, Inc. and NetAngels, and its past and present officers, directors, partners, employees, attorneys, authorized agents, consultants, and other persons acting or purporting to act on its behalf.

3. The terms "DEVELOP," "DEVELOPED," and "DEVELOPMENT" shall mean and include any activities for bringing a technology, product or service into existence, from initial concept to reduction to practice, and/or testing, including but not limited to, beta and market testing, of a product or service and any releases.

4. "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access, or of which YOU have knowledge. DOCUMENT(S) shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail transcriptions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and

back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. DOCUMENT(S) shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device). A draft or non-identical copy is a separate document within the meaning of this term.

5. "ALL DOCUMENTS" means any and all DOCUMENTS that YOU can locate through a diligent search of all locations likely to contain DOCUMENTS requested herein and through reasonable inquiry of all PERSONS likely to know of the existence of DOCUMENTS requested herein.

6. "RELATED TO" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, referring to, dealing with, comprising, consisting of, containing, resulting from, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

7. "SALE" or "SOLD" shall mean and include sale, license, lease, or transfer of rights to a software product, or the offering to do, or promotion of, any of the foregoing.

8. "ALL" and "EACH" shall be construed as "ALL AND EACH."

9. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these discovery requests.

10. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

### INSTRUCTIONS

1. The subpoena served upon YOU commands YOU to produce all responsive documents in YOUR possession, custody or control, or in the possession, custody or control of YOUR attorneys, agents, representatives or employees.

2. Pursuant to Federal Rule of Civil Procedure 45(d)(1), YOU are to provide documents responsive to this subpoena as they are kept in the ordinary course of business or can organize and label the documents to correspond with the categories set forth below.

3. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

5. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

6. Documents attached to each other shall not be separated.

7. The document requests do not require disclosure of privileged or other protected matter where no exception or waiver applies. Should YOU seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

 a. The identity of each document's author, writer, sender, or initiator;

 b. The identity of each document's recipient, addressee, or person for whom it was intended;

 c. The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

 d. The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

 e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

8. If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, YOU must specify whether the inability to comply is because the

particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any person or entity known or believed by YOU to have possession, custody, or control of that document or category of document must be identified.

9. To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if YOU obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1. A copy of documents previously produced (bearing production numbers MS3/CA 00001-03303) in the litigation entitled Pinpoint Inc. v. Amazon.com, Inc., et. al, in response to Amazon.com's third party document subpoena directed toward Microsoft Corporation dated February 25, 2004.

2. A copy of all FIREFLY software products that were on SALE prior to September 1997, including all manuals, guides, API documentation, or other materials supporting its operation or use.

3. For the products requested in request No. 2, ALL DOCUMENTS relating to the SALE of such products, including documents sufficient to show the customers of such products, the dates of SALE and transfer, contracts therefore and negotiations about such SALE, and services provided by FIREFLY relating to such products.

4. ALL DOCUMENTS relating to the actual or contemplated technical capabilities, features, functionality, and demonstrated use of FIREFLY software products prior to September 1997.

5.  ALL DOCUMENTS RELATING to public use of FIREFLY products, services, or their capabilities prior to September 1997, including any demonstration, videos, web pages, presentations, plans, or promotional material.

6.  A copy of the source code for the FIREFLY software application(s) developed any time prior to September 1997, including documents sufficient to show dates of development, versioning, and individual developers.

7.  ALL DOCUMENTS RELATING to the research, development and testing of FIREFLY software products prior to September 1997.

8.  ALL DOCUMENTS RELATING to systems implemented by customers of the FIREFLY product prior to September 1997.

9.  ALL DOCUMENTS RELATED TO research, DEVELOPMENT and operation of products or services contemplated, marketed, sold, offered for sale or otherwise commercialized by FIREFLY.

10. ALL DOCUMENTS RELATED TO any patent or patent application previously assigned to, or obligated to be assigned to, FIREFLY, whether or not issued, excluding such DOCUMENTS protected by privilege.

11. DOCUMENTS sufficient to show a custodian of records for the discovery sought herein.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on February 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esq.
> ASHBY & GEDDES
> 222 Delaware Ave.
> P.O. Box 1150
> Wilmington, DE 19899
> sbalick@ashby-geddes.com

I further certify that I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS & E-MAIL**

Douglas E. Olson, Esq.
*dougolson@paulhastings.com*
Stephen S. Korniczky, Esq.
*stevekorniczky@paulhastings.com*
James V. Fazio, III, Esq.
*jamesfazio@paulhasting.com*
PAUL, HASTINGS, JANOFSKY
  & WALKER, LLP
3579 Valley Center Drive
San Diego, CA 92130

Steve Lieberman, Esq.
*slieberman@rfem.com*
ROTHWELL, FIGG, ERNST
  & MANBECK, PC
1425 K Street, NW, Suite 800
Washington, D.C. 20005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendant*