IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-414-JJF |
| v. | ) ) | |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) ) | |
| AMAZON.COM, INC. and A9.COM, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-041-JJF |
| v. | ) ) | |
| CENDANT CORPORATION, TRILEGIANT CORPORATION, ORBITZ, LLC, ORBITZ, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWERING BRIEF IN OPPOSITION
TO AMAZON.COM'S MOTION FOR CONSOLIDATION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff CD Intellectual Property
Holdings, LLC in C.A. No. 05-414-JJF and
Defendants Cendant Corporation, Trilegiant
Corporation, Orbitz, LLC, Orbitz, Inc.,
Budget Rent A Car System, Inc., and
Avis Rent A Car System, Inc. in C.A. No. 06-41-JJF*

*Of Counsel in C.A. No. 05-414-JJF:*

Steven Lieberman
Elizabeth A. Leff
ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031


*Of Counsel in C.A. No. 06-41-JJF:*

Stephen S. Korniczky
James V. Fazio, III
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, California 92130
(858) 720-2500

Dated: February 16, 2006
166765.1

## TABLE OF CONTENTS

**Page**

I.      **INTRODUCTION**.................................................................................. 1

II.     **BACKGROUND** ................................................................................... 3

        A.      Summary of Cendant Publishing's Lawsuit ................................. 3

        B.      Summary of This Lawsuit............................................................. 3

        C.      Statement of Facts........................................................................ 5

III.    **ARGUMENT** ........................................................................................ 7

        A.      Legal Standards............................................................................ 7

        B.      Consolidation Would Not Serve the Interests of Judicial Economy...................... 8

        C.      Consolidation Would Cause Unfair Prejudice and Delay to Defendants. ........... 11

        D.      Consolidation Would Create A High Risk of Jury Confusion............................ 13

        E.      All of the Advantages Sought By Transfer of This Case Can Be
                Accomplished Without Consolidation................................................. 15

IV.     **CONCLUSION** ..................................................................................... 16

## TABLE OF AUTHORITIES

Page

**CASES**

*Aerotel, Ltd. v. Verizon Communications, Inc.*
2005 WL 3358670, at *3 (S.D.N.Y. Dec. 6, 2005) ................................................... 11, 12, 14

*Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*
1994 U.S.Dist. LEXIS 17569, at *12 (N.D. Cal. Apr. 19, 1994) ......................... 8, 13, 14, 15

*Clopay Corp. v. Newell Companies, Inc.*
527 F. Supp. 733, 735 (D. Del. 1981)........................................................................ 9, 11, 13

*Dentsply Intern., Inc. v. Kerr Manuf. Co.*
734 F. Supp. 656, 661 (D. Del. 1990)............................................................................ 7, 8, 11

*Liqui-Box Corp. v. Reid Valve Co., Inc.*
1989 U.S.Dist. LEXIS 17189, at *3 (W.D. Pa. Sep. 15, 1989) ............................................ 13

*Little v. Liquid Air Corp.*
952 F.2d 841, 846 (5th Cir. 1992) .................................................................................. 12, 13

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*
43 F.3d 922, 940 (4th Cir. 1995) .................................................................................... 12, 13

*Metallgesellschaft A.G. v. Foster Wheeler Energy Corp.*
143 F.R.D. 553, 558 (D. Del. 1992) .................................................................................. 9, 11

*Morongo Band of Mission Indians v. Rose*
893 F.2d 1074, 1079 (9th Cir. 1990) .............................................................................. 12, 13

*Rohm and Haas Co. v. Mobil Oil Corp.*
525 F. Supp. 1298, 1309 (D. Del. 1981)................................................................................. 8

*Syngenta Seeds, Inc. v. Monsanto Co.*
2004 U.S.Dist. LEXIS 17821, at *5 (D. Del. Aug. 27, 2004) ................................... 11, 12, 15

*Vaccaro v. Moore-McCormack Lines, Inc.*
64 F.R.D. 395, 397 (S.D.N.Y. 1974) ................................................................................... 11

*Wang Laboratories, Inc. v. Mitsubishi Elecs. America, Inc.*
1993 U.S.Dist. LEXIS 21372, at *7 (C.D. Cal. Jul. 20, 1993) ................................................ 9

**RULES**

Federal Rule of Civil Procedure 42(a) ................................................................................... 7

-ii-

Defendants Cendant Corporation ("Cendant"), Trilegiant Corporation ("Trilegiant"), Orbitz, LLC ("Orbitz LLC"), Orbitz, Inc. ("Orbitz, Inc."), Budget Rent A Car System, Inc. ("Budget") and Avis Rent A Car System, Inc. ("Avis") (collectively, "Defendants"), and CD Intellectual Property Holdings, LLC ("CD") respectfully submit the following answering brief in opposition to the motion for consolidation filed by plaintiffs Amazon.com, Inc. ("Amazon") and A9.com, Inc. ("A9") (collectively, "Plaintiffs").[1]  This answering brief is submitted on behalf of both Defendants and CD in the two above-captioned cases.

## I.    INTRODUCTION

On June 20, 2005, Cendant Publishing, Inc. (one of Cendant's wholly-owned subsidiaries) sued Amazon.com, Inc. ("Amazon") for patent infringement in this District.[2]  In that lawsuit, Cendant Publishing alleges that Amazon infringes U.S. Patent No. 6,782,370 ("the '370 Patent"), which discloses a system and method of providing recommendations of goods and/or services to potential customers based on the purchasing history of previous customers. Two days later, Amazon filed this retaliatory action against Cendant and some of its subsidiaries in the Western District of Washington.  Plaintiffs publicly admitted that this action was "purely a defensive measure" that was filed in "direct response" to the Delaware lawsuit based upon patents which Amazon had never before attempted to enforce.  Fazio Decl., Ex. B.

On August 12, 2005, Defendants filed a motion to transfer this case to this District, in which CD's first-filed action is pending.  Plaintiffs vehemently opposed the motion, arguing in

---

[1] Pursuant to the parties' stipulation, Cendant Publishing is now referred to as CD Intellectual Property Holdings, LLC ("CD").  D.I. 17.  As a result of the recently announced reorganization of Cendant and its subsidiaries, the names and capacities of the Defendants (and hence the case caption in this matter) may need to be changed.  For ease of reference, however, Defendants will continue to reference themselves as described in the current case caption until an appropriate stipulation and order is entered.
[2] A true and correct copy of the complaint in the initial Delaware action is attached as Ex. A to the Declaration of James V. Fazio, III ("Fazio Decl.") filed concurrently herewith.

their briefs and at the hearing on the motion that the two cases involved "different patents, different witnesses, different documents, different technologies, and different issues." *See, e.g.,* Fazio Decl., Ex. C [Pltfs' Opp. Mem. at 8-9.] On December 13, 2005, Judge Martinez of the United States District Court for the Western District of Washington granted Defendants' motion and transferred the case to this District.

Having failed to keep this case in their "home territory," Plaintiffs now argue that the two cases should be consolidated because they both involve patents related to transacting business over the Internet. This argument is the exact opposite of what Plaintiffs argued in connection with Defendants' transfer motion. It is apparent from Plaintiffs' "about-face" that Plaintiffs simply want to slow down and overwhelm CD's straightforward, one-patent case by combining it with Plaintiffs' more complex, four-patent case. For that reason alone, Plaintiffs' motion for consolidation should be denied.

More fundamentally, Plaintiffs' motion should be denied because consolidation would cause undue delay and prejudice to Defendants. CD's case is in active discovery, with a March 15, 2006 deadline (jointly proposed by the parties) for document production, identification of fact witnesses, and exchange and completion of contention interrogatories. By contrast, no discovery has been taken in this case. While no trial date has yet been set in the one-patent case, CD's single-patent case will move much more quickly by itself than if it were consolidated with Plaintiffs' four-patent case simply because of its smaller size. Therefore, consolidating the two cases would significantly delay the trial and resolution of CD's claims against Amazon, which would unfairly prejudice Defendants. In addition, consolidation would require Defendants to transform their litigation strategy because they would go from being the sole plaintiff in their case against Amazon to being forced to prosecute and defend against Plaintiffs' four-patent case

simultaneously in the same action. Under these circumstances, CD's one-patent case may be "overshadowed" at trial by Plaintiffs' four-patent case, which would further prejudice Defendants.

Still further, consolidation would present a significant risk of jury confusion. Patent cases are notoriously complex and difficult for juries to understand. Combining CD's one-patent case with Plaintiffs' four-patent case will force the same jury to hear, digest and keep track of evidence on five times as many patents. Consolidation would therefore create a substantial likelihood of jury confusion that vastly outweighs any perceived judicial efficiencies.

For all of these reasons, Plaintiffs' motion for consolidation should be denied.

## II.    BACKGROUND

### A.    Summary of Cendant Publishing's Lawsuit

On October 29, 2004, Cendant Publishing, Inc. ("Cendant Publishing") filed a complaint for patent infringement against Amazon.com, Inc. ("Amazon") in this District. Fazio Decl., Ex. D. The patent at issue in that action was U.S. Patent No. 6,782,370 ("the '370 Patent"), which discloses a system and method for providing recommendations of goods and/or services to potential customers based on previous customers' purchasing history. *Id.* Because the parties were then attempting to resolve that dispute, Cendant Publishing dismissed the action without prejudice soon after filing. The parties did not reach a settlement, and Cendant Publishing re-filed its infringement action against Amazon in this District on June 20, 2005. Two days later, Plaintiffs filed this retaliatory lawsuit. Fazio Decl., Ex. A.

### B.    Summary of This Lawsuit

On June 22, 2005, Plaintiffs filed this retaliatory lawsuit against Cendant and five of its subsidiaries for patent infringement in the Western District of Washington. Amazon is an online retailer that provides customers with various products for purchase through the Internet. D. I. 39,

¶ 2. Amazon allegedly owns by assignment all right, title and interest to three of the patents-in-suit: U.S. Patent No. 5,715,399 ("the '399 Patent"), U.S. Patent No. 6,029,141 ("the '141 Patent"), and U.S. Patent No. 6,629,079 ("the '079 Patent"). *Id.* Plaintiff A9 is a wholly-owned subsidiary of Amazon that allegedly owns by assignment all right, title and interest to U.S. Patent No. 6,625,609 ("the '609 Patent"). *Id.*, ¶ 3.

The '399 Patent is directed to a secure system and method for transmitting credit card authorizations over a non-secure network (such as the Internet). *Id.*, ¶ 12 & Ex. 1 at col. 1-4. The '141 Patent is directed to an Internet-based customer referral system, which allows customers or affiliates to post recommendations of products and services to the Internet in return for compensation. *Id.*, ¶ 18 & Ex. 2 at col. 1-4. The '079 Patent is directed to a system and method for electronic commerce using multiple roles, which provides customers with a "commerce context" or a selection of shopping baskets from which the customer can choose to specify particular shipping, delivery or payment options. *Id.*, ¶ 24 & Ex. 3 at col. 1-4. The '609 Patent is directed to a system and method for navigating within a body of data using one of a number of alternative browse graphs, which are intended to simplify and expedite a customer's browsing through a website to identify the goods and services in which he or she would most likely be interested. *Id.*, ¶ 29 & Ex. 4 at col. 1, lns. 19-32, col. 2, lns. 35-55.

On August 12, 2005, Defendants filed a motion to transfer the Western District of Washington case to this District. Fazio Decl., ¶ 6. On that same date, Defendants also filed a motion to dismiss all claims against Cendant (the parent corporation); a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement pursuant to Rule 12(e); and a motion to stay all discovery pending resolution of the motions. *Id.* On December 13, 2005,

Judge Ricardo Martinez of the Western District of Washington granted Defendants' motion to transfer and ordered this case transferred to this District. D. I. 36. Judge Martinez denied Defendants' motion to dismiss "without prejudice to renewal in the Delaware court." *Id.* at 1.

### C.    Statement of Facts

Contrary to Plaintiffs' argument, defense counsel did not concede that this case should be "consolidated" with CD's lawsuit in this District. Defendants did not argue for consolidation in any of their briefs filed in the Washington case. In fact, Defendants did not use the term "consolidation" in any of their papers or at any time during the hearing on Defendants' motion. *See* Declaration of Lynn H. Pasahow in Support of Amazon.com, Inc. and A9.com, Inc.'s Motion to Consolidate ("Pasahow Decl."), Exs. A-C. Defense counsel did indicate that it would be "important from a judicial economy standpoint to have one court" considering all of the claim construction issues associated with the various patents. Pasahow Decl., Ex. C at p.10, lns. 15-17. Defense counsel also stated that discovery issues could "best be handled by having all of the cases in one court before one judge." *Id.* at p.10, lns. 22-23. Still further, Defendants argued that "it would be a more efficient use of judicial resources to have one court 'get up to speed' on the technology involved in both actions than two courts." Pasahow Decl., Ex. A at p.10, lns. 19-20. But stating that both cases should be litigated in the same forum is a far cry from stating that the two cases should be "consolidated" for all purposes.[3] Indeed, this Court would still be the only court to have to "get up to speed" on the technology in both cases without having to

---

[3] Plaintiffs harp on a single, isolated statement made by defense counsel at the hearing that it would be more efficient to have both cases "tried once instead of twice, as would be the case if these cases continue to go in separate courts." Pasahow Decl., Ex. C at p.11, ln.4. Plaintiffs make too much of this statement. Defense counsel was consciously aware throughout the briefing and at the hearing on Defendants' motion to transfer that Defendants do not want the two cases consolidated. In fact, defense counsel's reference to what would happen if the two cases continued in separate courts makes clear that Defendants' principal interest then (as now) is that the two cases be litigated in the same court (*i.e.*, this Court) but that the two cases be kept separate and distinct. Defendants' solitary reference to one trial during the hearing was inadvertent and does not express any belief or desire that the two cases actually be "consolidated."

"consolidate" the two actions.

In contrast, Plaintiffs' counsel repeatedly argued both in their briefing and at oral argument that the two cases should ___not___ be consolidated. In Plaintiffs' Opposition to Defendants' Motion to Transfer, Plaintiffs conceded that "the two cases involve different patents, different witnesses, different documents, different technologies, and different issues." Fazio Decl., Ex. C at 8-9. Plaintiffs admitted that "Plaintiffs' patents have nothing to do with purchasing recommendations, and Cendant Publishing's patent has nothing to do with credit card information, customer referrals and commissions, electronic shopping carts, or navigation among sets of data." *Id.* at 9. Plaintiffs further admitted that "there is no reason to believe that any of defendants' fact witnesses in this action will have information relevant to Cendant Publishing's action in Delaware." *Id.* In fact, Plaintiffs went so far as to say that "[g]iven the dissimilarity between the cases, no judicial efficiencies would be achieved by consolidating this action and Cendant Publishing's Delaware action . . ." *Id.* at 10.

Throughout the hearing on Defendants' motions, Plaintiffs repeatedly argued that the two cases should not be consolidated:

- "Whatever happens in Delaware is not going to determine one issue in this case and vice versa." Pasahow Decl., Ex. C at 18:20-19:3.

- In response to the Court's question whether the patents in both cases were interrelated, Plaintiffs stated: "***They're not related at*** all, Your Honor. Four of them here are related to inventions that were done by Amazon and its employees in developing Amazon's business. The patent back East is owned by Cendant Publishing. ***It has nothing to do with technology developed by Amazon. There's no relation between the two.***" Pasahow Decl., Ex. C at 20:2-7 (emphasis added).

6

- "Amazon must be involved in five different patent cases right now involving businesses on the Internet and no one has suggested that those should all be consolidated. That is the only overlap they have pointed to, and they have not cited a single case where that level of overlap has supported either transfer or consolidation." Pasahow Decl., Ex. C at 20:14-19.

- "So in fact there's *no connection* between these patents and Cendant's patents. There's no connection between the allegedly infringing activities in both cases. One case, they're performed by Cendant and its affiliates back East. Another case, they're performed by Amazon here. *Unrelated people, unrelated actions.*" Pasahow Decl., Ex. C at 20:20-25 (emphasis added).

In short, Defendants' position has never wavered; the two cases should not be consolidated. By contrast, Plaintiffs' argument in favor of consolidation is in direct conflict with Plaintiffs' previous arguments in their papers and at the hearing on Defendants' motions.

## III.    ARGUMENT

### A.    Legal Standards

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). The mere existence of common issues of law or fact, however, does not mandate consolidation. *Dentsply Intern., Inc. v. Kerr Manuf. Co.*, 734 F. Supp. 656, 661 (D. Del. 1990). Rather, in determining whether to consolidate two actions, courts weigh the time, effort and resources saved by consolidation against the potential for confusion, delay and expense that might result from simultaneous disposition of the two cases. *Id. See also Rohm*

*and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). This balancing

process involves the consideration of numerous factors, including without limitation:

(1) whether the causes of action and facts in each action are similar; (2) whether the complexity

of the consolidated case will confuse the jury; (3) whether trying the actions separately will

involve any duplication of effort; (4) whether consolidation will delay the trial of one or both of

the actions; and (5) whether consolidation would adversely affect the rights of the parties.

*Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, 1994 U.S.Dist.

LEXIS 17569, at *12 (N.D. Cal. Apr. 19, 1994). *See also Dentsply*, 734 F. Supp. at 661.

As explained below, the balance of these factors weighs strongly against consolidation of

Plaintiffs' four-patent case with Cendant Publishing's one-patent case.

### B. Consolidation Would Not Serve the Interests of Judicial Economy.

Plaintiffs argue that the two cases should be consolidated because all of the patents at

issue are "directed to technology for doing business over the Internet." Opening Brief at 2.

Given the perceived overlap between the patents and technologies in both cases, Plaintiffs argue

that the two cases should be consolidated in the interests of judicial economy. Plaintiffs'

argument, however, is misguided for at least two reasons.

First, Plaintiffs' argument is diametrically opposed to what Plaintiffs argued in opposition

to Defendants' motion to transfer, when Plaintiffs vehemently and repeatedly argued that the

cases should <u>not</u> be consolidated. In their opposition to Defendants' transfer motion, Plaintiffs

admitted that the "two actions involve different patents, different witnesses, different documents,

different technologies, and different issues." Fazio Decl., Ex. C at 8-9. Throughout the hearing

on Defendants' motion, Plaintiffs repeatedly argued that the patents at issue in the two cases

were "***not related at all*** . . . . The patent back East is owned by Cendant Publishing. ***It has***

***nothing to do with technology developed by Amazon. There's no relation between the two.***"

Pasahow Decl., Ex. C at p.20, lns. 2-7 (emphasis added). Having failed in their effort to keep

this case on their "home turf," Plaintiffs have turned 180 degrees and now argue that the patents

in the two cases are related because they are all directed—generally--to Internet commerce.

Plaintiffs' argument that the two cases should be consolidated is therefore completely

disingenuous and should be discounted. *See Wang Laboratories, Inc. v. Mitsubishi Elecs.*

*America, Inc.*, 1993 U.S.Dist. LEXIS 21372, at *7 (C.D. Cal. Jul. 20, 1993) (rejecting

Mitsubishi's argument that the patents in the two cases are related because that argument was

contrary to Mitsubishi's previous arguments).

　　　Second (and more fundamentally), the two cases should not be consolidated because they

involve different patents, different claim terms and different claim language—just as Plaintiffs

have recognized. When different patents are asserted in the cases sought to be consolidated, the

interests of justice "may dictate separate trials to different juries." *Clopay Corp. v. Newell*

*Companies, Inc.*, 527 F. Supp. 733, 735 (D. Del. 1981) (declining to consolidate two patent cases

because one of the cases alleged the infringement of a second patent not asserted in the other

action—even though both actions related to similar products). *See also Metallgesellschaft A.G.*

*v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 558 (D. Del. 1992) (denying motion to

consolidate two two-patent cases (each involving "circulating fluidized bed" systems for burning

coal) because the patents in the two cases were not "related per se").

　　　Here, while both Plaintiffs' and Defendants' patents relate generally to transacting

business over the Internet, each patent is directed to a separate and distinct facet of electronic

commerce. For example, Cendant's '370 Patent discloses a system and method of providing

recommendations for goods and/or services to potential customers based on the purchasing

history of previous customers. Fazio Decl., Ex. A. Amazon's '399 Patent is directed to a secure

system and method for transmitting credit card authorizations over a non-secure network (such as the Internet). D. I. 39, Ex. 1 at col. 1-4. The '141 Patent is directed to an Internet-based customer referral system that allows customers or affiliates to post recommendations of products and services to the Internet in return for compensation. D. I. 39, Ex. 2 at col. 1-4. Amazon's '079 Patent provides customers with a "commerce context" (a term specific to the '079 Patent) or a selection of shopping baskets from which the customer can choose to specify particular shipping, delivery or payment options. D. I. 39, Ex. 2 at col. 1-4. Finally, the '609 Patent discloses use of a "browse graph" (another specific term) that helps Internet shoppers navigate within a body of data to reach goods and services in which he or she would most likely be interested. D. I. 39, Ex. 4 at col. 1, lns. 19-32; col. 2, lns.35-55. As Plaintiffs have admitted, Plaintiffs' patents have "nothing to do with purchasing recommendations, and Cendant Publishing's patent has nothing to do with credit card information, customer referrals and commissions, electronic shopping carts, or navigation among sets of data." Fazio Decl., Ex. C at 9.[4] Indeed, Plaintiffs have confessed "there is no reason to believe that any of defendants' fact witnesses in this action will have information relevant to Cendant Publishing's action in Delaware." *Id.* As a result, the perceived "judicial efficiencies" that Plaintiffs claim would be gained from consolidation are completely illusory.

In short, Plaintiffs' argument that consolidating the two cases is appropriate because they both involve patents that are directed to Internet commerce is akin to an argument that a patent case involving rubber compounds should be consolidated with a patent case involving fuel

---

[4] Plaintiffs contend that CD Intellectual Property Holdings, LLC is already acting as if the two cases have been consolidated because it designated three Cendant employees as individuals to whom CD could disclose confidential information pursuant to the parties' draft stipulated protective order. Opening Brief at 8, n.1. CD's designation of three of its parent's employees as individuals to whom confidential documents may be shown, however, is hardly an admission that the two cases in which they are involved should be consolidated.

injection technology because both are used in making cars. Obviously, the consolidation of two patent cases involving such divergent technologies would make no sense. Likewise here, the consolidation of two cases involving what Plaintiffs concede are "different patents, different witnesses, different documents, different technologies, and different issues" is unwarranted. Fazio Decl., Ex. C at 8-9. *Clopay*, 527 F. Supp. at 735; *Metallgesellschaft*, 143 F.R.D. at 558. Accordingly, Plaintiffs' motion for consolidation should be denied.

C.     **Consolidation Would Cause Unfair Prejudice and Delay to Defendants.**

In ruling on a motion for consolidation, the Court should also consider whether the perceived benefits of consolidation are outweighed by the inconvenience, delay or expense to the parties. *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974). When consolidation would "significantly delay" resolution of one or both of the cases, consolidation should be denied. *Dentsply*, 734 F. Supp. at 661. *See also Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 U.S.Dist. LEXIS 17821, at *5 (D. Del. Aug. 27, 2004) (declining to add a single-patent case to a three-patent case because consolidation would "only increase the case's complexity" and unduly delay the trial of the first action); *Aerotel, Ltd. v. Verizon Communications, Inc.*, 2005 WL 3358670, at *3 (S.D.N.Y. Dec. 6, 2005) (denying motion for consolidation because it would "significantly delay" the initial case).

Here, Plaintiffs argue that consolidation would not unduly delay Defendants because both cases are in their early stages and no trial date has been set in either case. But that argument lacks merit because CD's Delaware case is in active discovery, whereas no discovery has yet been conducted in this case. Regardless, CD's one-patent case is bound to move more quickly than a consolidated, five-patent case simply because of its more limited scope. The claim construction and discovery processes, for example, are unquestionably more streamlined in a one-patent case than they would be in a consolidated, five-patent case. Because the resolution

11

and trial of CD's straightforward, one-patent case would be "significantly delayed" if it were consolidated with Plaintiffs' four-patent case, consolidation should be denied. *Syngenta Seeds*, 2004 U.S.Dist. LEXIS 17821, at \*5; *Aerotel*, 2005 WL 3358670, at \*3.

In addition, consolidation should be denied when it would alter the nature of the litigation or would require the parties to undertake a new approach to the case. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (affirming denial of leave to amend because the amendment would have required the parties to "alter their trial strategies"); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (undue prejudice exists when the amended pleading "would have greatly altered the nature of the litigation" and would have required defendants to have undertaken "an entirely new course" of action).

*Cf. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 940 (4th Cir. 1995) (affirming denial of motion for leave to amend where the proposed amendment would have significantly changed the nature of the litigation).[5]

Here, consolidation would transform CD's case from one in which it is the sole plaintiff asserting its claims for the infringement of one patent against Amazon into a massive, five-patent case in which Defendants would be forced to both prosecute its patent claims and defend against Plaintiffs' four patents simultaneously in the same action. As both plaintiffs and defendants in one consolidated action, Defendants would necessarily be forced to alter their trial strategies and to undertake a completely different approach to the case than they would were the cases kept separate and distinct.

---

[5] None of these cases involves a motion to consolidate patent cases. However, the practical effect of consolidating the two patent cases here would be similar to the hypothetical effect that would result if Plaintiffs, for example, were to amend their counterclaims to assert infringement of their four patents against Defendants. The result of both consolidating the two cases and hypothetically amending Plaintiffs' counterclaims is the addition of new patents and causes of action to the original case. The only practical difference is the procedural posture in which Plaintiffs and Defendants would find themselves

Moreover, Plaintiffs' case-in-chief at trial will last considerably longer than CD's case because Plaintiffs' case will require the presentation of evidence related to four patents (instead of only one patent). Consolidation would thus allow Plaintiffs' counsel significantly more time in front of the jury than Defendants, which operates to Plaintiffs' unfair advantage. Because consolidation would alter the nature of the litigation and force Defendants to revise their approach to the case, consolidation would unfairly prejudice Defendants. *See Little*, 952 F.2d at 846; *Morongo Band of Mission Indians*, 893 F.2d at 1079; *Lone Star Steakhouse & Saloon*, 43 F.3d at 940.

Accordingly, Plaintiffs' motion for consolidation should be denied.

**D.    Consolidation Would Create A High Risk of Jury Confusion.**

As noted above, consolidation is inappropriate when it would create a likelihood of confusion by the jury. *Applied Materials*, 1994 U.S.Dist. LEXIS 17569, at *14. *Liqui-Box Corp. v. Reid Valve Co., Inc.*, 1989 U.S.Dist. LEXIS 17189, at *3 (W.D. Pa. Sep. 15, 1989) (declining to consolidate two single-patent cases). Juries in patent cases "are frequently called upon to weigh extraordinary volumes of complex material. In such situations, it may not be reasonable to expect a jury to screen out, in its deliberations regarding one defendant, evidence it has been instructed to consider with respect to another defendant." *Clopay*, 527 F. Supp. at 735 (denying motion to consolidate a two-patent case with a single-patent case). *Cf. Applied Materials*, 1994 U.S.Dist. LEXIS 17569, at *14 ("[When] ***consolidation would require the same jury to deal with four patents***, . . . . the likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation.") (emphasis added). When there are "substantial non-overlapping issues" in the cases, consolidation would be "confusing to the jury" and should

---

after the additional claims had been added. Thus, while the *Lone Star* line of cases do not involve motions to consolidate patent cases, their reasoning is instructive.

be denied. *Aerotel*, 2005 WL 3358670, at *3.

In *Applied Materials*, for example, plaintiff ASM filed a lawsuit against Applied for the infringement of two patents related to the design of the quartz tube in a semiconductor reactor. *Applied Materials*, 1994 U.S.Dist. LEXIS 17569, at *11. Later, ASM filed suit against Applied for the infringement of two different patents relating to an apparatus for chemical vapor deposition. Applied filed a motion to consolidate the two cases for trial, advancing many of the same arguments that Plaintiffs are making here (*i.e.*, that the two cases involved common questions of law and fact, that the two cases would involve testimony from many of the same fact and expert witnesses, and that the two cases would involve common prior art and legal issues). *Id.* at *13. The Court, however, denied Applied's motion for consolidation, holding that "[a] patent case involving a single patent is difficult enough for a jury because patent cases are notoriously complex. In the instant case, consolidation would require the same jury to deal with four patents. Consolidating these two cases would require the jury to hear, digest, and keep separate testimony on twice as many patents. The Court finds that the likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation." *Id.* at *14.

This case is just like *Applied Materials*. In CD's straightforward, one-patent case, the jury will have to decide (among other things) whether Amazon's business and website (which contains recommendations such as "people who bought this book also bought...") infringe the '370 Patent. If, however, CD's case is consolidated with Plaintiffs' four-patent case, the jury will also have to decide whether any of Defendants' multitude of different websites and e-commerce businesses infringe any of Plaintiffs' patents, which are directed to such diverse functions as transmitting credit card authorizations over the Internet, posting customer recommendations of products and services on the Internet, helping Internet customers browse

14

through product and service offerings using a so-called "browse-graph," and creating shopping baskets for Internet customers to use when specifying particular shipping or payment options. Consolidation would therefore require the same jury to "hear, digest, and keep separate testimony" on *five times* as many patents. *Applied Materials*, 1994 U.S.Dist. LEXIS 17569, at *14. Chief Judge Robinson has held that adding even a single patent to a case would "only increase the case's complexity and make it that much harder for a jury to come to a resolution." *Syngenta Seeds*, 2004 U.S.Dist. LEXIS 17821, at *5. Adding four more patents to this case would thus render the case so complex that "the likelihood of jury confusion [would] outweigh any efficiency that might be achieved through consolidation." *Applied Materials*, 1994 U.D.Dist. LEXIS 17569, at *14.[6]

In short, because consolidation would create a significant risk of jury confusion, Plaintiffs' motion for consolidation should be denied.

**E.    All of the Advantages Sought By Transfer of This Case Can Be Accomplished Without Consolidation.**

All of the advantages that Defendants argued would be served by transfer of this action to this District can be accomplished without consolidating this case with CD's case for trial. For example, Defendants argued at the motion hearing that transferring this action to this District (where CD's case is also pending) would serve the interests of justice because both actions will require testimony from many of the same witnesses.[7] Defendants also argued that transfer was

---

[6] Plaintiffs cite *Syngenta Seeds, Inc. v. Monsanto Co.*, 2005 U.S.Dist. LEXIS 4651 (D. Del. Mar. 24, 2005) for the proposition that cases can be consolidated even when they involve only "minimal factual and legal overlap." The Court there, however, did not perceive any expense or fairness issues that militated against consolidation. *Id.* at *9. Here, by contrast, consolidation of Plaintiffs' four-patent action with Cendant's single-patent case would alter the nature of Cendant's one-patent case against Amazon and would significantly delay the resolution of Cendant's claims against Amazon, both of which operate to Defendants' serious detriment.

[7] According to Plaintiffs, this is by no means certain. In fact, Plaintiffs argued that "there is no reason to believe that any of defendants' fact witnesses in this action will have information relevant to CD's action in Delaware." Fazio Decl., Ex. C at 9.

appropriate because experts in one case may be called to testify in the other case and that fact
and expert witnesses could be subjected to multiple depositions in the two actions. But the cases
need not be "consolidated" in order to address these concerns. To the extent any witness has
knowledge of facts relevant to both cases, Defendants are willing to stipulate that such witnesses
be deposed only once for both cases.

Defendants also argued that transfer was appropriate so that discovery issues could be
handled by the same judge, rather than risk having two different judges take two different
approaches to resolving discovery disputes. Again, the cases need not be "consolidated" to
alleviate this concern. Because this Court will be presiding over both actions, there is little if any
risk of inconsistent approaches to resolving discovery disputes. In addition, hearings on motions
to compel and other proceedings in both cases can be scheduled at the same time for the
convenience of the Court and the parties if and to the extent practicable.

Therefore, Plaintiffs' motion for consolidation should be denied in its entirety. If,
however, this Court is inclined to order partial consolidation of the two cases, Defendants
respectfully request that this Court order consolidation for the limited purposes of settlement,
claim construction, and fact and expert discovery (*i.e.*, that there be only one claim construction
hearing and that each witness in each case should be deposed only once). However, for the
reasons stated above, Defendants and CD strongly oppose consolidation for trial under any
circumstances.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants and CD respectfully request that this Court
deny Plaintiffs' motion for consolidation in its entirety. If, however, this Court is inclined to
order partial consolidation, Defendants and CD respectfully request that consolidation be ordered
solely for purposes of settlement, claim construction, and fact and expert discovery. Defendants

16

and CD strongly oppose consolidation for trial under any circumstances.

                                        ASHBY & GEDDES

                                        /s/ *John G. Day*

                                        _____
                                        Steven J. Balick (I.D. #2114)
                                        John G. Day (I.D. #2403)
                                        Tiffany Geyer Lydon (I.D. #3950)
                                        222 Delaware Avenue, 17th Floor
                                        P.O. Box 1150
                                        Wilmington, Delaware 19899
                                        (302) 654-1888

                                        *Attorneys for Plaintiff CD Intellectual Property*
                                        *Holdings, LLC in C.A. No. 05-414-JJF and*
                                        *Defendants Cendant Corporation, Trilegiant*
                                        *Corporation, Orbitz, LLC, Orbitz, Inc.,*
                                        *Budget Rent A Car System, Inc., and*
                                        *Avis Rent A Car System, Inc. in C.A. No. 06-41-JJF*

*Of Counsel in C.A. No. 05-414-JJF:*

Steven Lieberman
Elizabeth A. Leff
ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
Telephone:  (202) 783-6040
Facsimile:  (202) 783-6031

*Of Counsel in C.A. No. 06-41-JJF:*

Stephen S. Korniczky
James V. Fazio, III
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, California 92130
(858) 720-2500

Dated: February 16, 2006
166765.1

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2006, the attached **ANSWERING BRIEF IN OPPOSITION TO AMAZON.COM'S MOTION FOR CONSOLIDATION** was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                      HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                  VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041


                                        */s/ John G. Day*
                                        _____
                                        John G. Day