# EXHIBIT F

LEXSEE 1994 U.S.DIST.LEXIS 17569

**APPLIED MATERIALS, INC., Plaintiff v. ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC., EPSILON TECHNOLOGY INC., doing business as ASM EPITAXY, and ADVANCED SEMICONDUCTOR MATERIALS INTERNATIONAL N.V., Defendants**

No. C-92-20643 RMW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*1994 U.S. Dist. LEXIS 17569; 30 U.S.P.Q.2D (BNA) 1967*

**April 18, 1994, Decided
April 19, 1994, FILED**

**JUDGES:** **[*1]** RONALD M. WHYTE, UNITED STATES DISTRICT JUDGE

**OPINIONBY:** RONALD M. WHYTE

**OPINION:**

ORDER GRANTING APPLIED MATERIALS, INC.'S MOTION TO DISMISS INEQUITABLE CONDUCT CLAIM AND MOTION TO STRIKE INEQUITABLE CONDUCT DEFENSE

Applied Material Inc.'s ("Applied") motion to dismiss Advanced Semiconductor Materials America, Inc. et al.'s ("ASM") inequitable conduct claim and motion to strike ASM's inequitable conduct defense was heard on April 15, 1994. The court has read the moving and responding papers and heard the oral argument of counsel. Good cause appearing therefor, the court grants Applied's motions.

### I. BACKGROUND

On April 18, 1989 Applied filed the parent application of U.S. Patent No. *5,194,401* for a pressure-resistant thermal reactor system for semiconductor processing. On November 15, 1989, Applied filed a divisional application. Applied filed a corresponding European patent application. On April 9, 1991 Applied received a European Search Report that made reference to U.S. Patent No. *3,744,964* ("the Hart patent"). On April 22, 1992 Applied filed a continuation application that disclosed the European Search Report and the Hart Patent in an Information Disclosure Statement. On March 16, 1993, the Examiner **[*2]** issued the continuation application as a patent without change.

On October 1, 1992, Applied filed suit against Advanced Semiconductor Materials et al. ("ASM") alleging that ASM infringed U.S. Patent No. *4,920,918* ("the *'918* patent"). On July 15, 1993, this court, pursuant to the parties' stipulation, granted leave for Applied to amend its complaint to add U.S. Patent No. *5,194,401* ("the *'401* patent") issued on March 16, 1993. On January 17, 1994, Applied stipulated to allow ASM to amend its answer and counterclaim to allege that Applied was guilty of inequitable conduct in connection with its alleged withholding of U.S. Patent No. *3,744,964* ("the Hart patent") from the United States Patent Office ("PTO") until after the original patent application was examined and allowed.

On January 21, 1993, Applied moved to dismiss the ASM defendants' inequitable conduct allegations on the grounds that the allegations are insufficient as a matter of law to support an "inequitable conduct" claim.

### II. LEGAL STANDARDS

#### A. Motion to Dismiss

In ruling on a motion to dismiss, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in **[*3]** favor of the plaintiff. *Blake v. Dierdorff, 856 F.2d 1365, 1368 (9th Cir. 1988)*. However, fraud claims must be pleaded with particularity. *Fed. R. Civ. Pro. 9(b)*. A complaint may be dismissed as a matter of law for two reasons: (i) lack of a cognizable legal theory, or (ii) the pleading of insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)* (citations omitted.)

#### B. Motion to Strike

A motion to strike is governed by *Rule 12(f) of the Federal Rules of Civil Procedure*, which states:

> Upon motion made by a party before re-

Case 1:05-cv-00414-JJF    Document 45-7    Filed 02/16/2006    Page 3 of 5

Page 2

1994 U.S. Dist. LEXIS 17569, *3; 30 U.S.P.Q.2D (BNA) 1967

sponding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

As with a motion to dismiss, when ruling on a motion to strike a court must view the pleadings in the light most favorable to the non-moving party. *California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981).* **[*4]** This court will review the allegations in the pleadings with these standards in mind.

### C. Inequitable Conduct

A patent applicant has a duty of candor to the Patent Office. *LaBounty Mfg., Inc. v. United States Int'l Trade Com., 958 F.2d 1066, 1070 (Fed. Cir. 1992).* The duty of candor extends through the patent's entire prosecution history. If an applicant withholds material information from the Patent Office with the intent to affect the issuance of a patent, the applicant has engaged in inequitable conduct and the patent may be rendered unenforceable. *FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415 (Fed. Cir. 1987).* The elements of materiality and intent must be established by clear and convincing evidence. *LaBounty Mfg., supra, 958 F.2d at 1070.* "Information is material where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." 37 C.F.R. [at] 1.56(a) (1991). To establish inequitable conduct, intent to deceive must be proven. Tol-O-Matic Inc. v. Proma Produkt-Und Marketing Gesellschaft **[*5]** m.b. *H., 945 F.2d 1546, 1553-54 (Fed. Cir. 1991).*

### III. ANALYSIS

#### A. Judicial Notice n1

n1 ASM did not oppose Applied's Request for Judicial Notice.

On a motion to dismiss, a court may take judicial notice of facts outside the pleadings without converting a Rule 12(b)(6) motion to one for summary judgment. *Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (1986).* In Mack, the court stated that a court may take judicial notice of "records and reports of administrative bodies." Id. (citation omitted). Therefore, this court will take judicial notice of the United States Patent Office's public records of the proceedings in Patent Application Serial Nos. 436,838 (Request for Judicial Notice, Ex. A) and 873,483 (Request for Judicial Notice, Exh. B) which issued into U.S. Patent No. *5,194,401*.

### C. Inequitable Conduct

Applied argues that, as a matter of law, the failure to disclose a prior art reference in an abandoned application cannot **[*6]** be inequitable conduct when the reference is disclosed in a continuing application from which a patent issued because 1) the delayed submission is not material and 2) the alleged misrepresentations relate to nondisclosure of the prior art and were "cured" with its disclosure. ASM argues that even a cursory examination of the Hart patent reveals its materiality to the *'401* patent because the Hart patent discloses what Applied claims as its invention: a semiconductor reactor having a quartz reaction chamber with external strengthening ribs and the European Search Report expressly stated that the Hart patent was "relevant." Applied counters that materiality of the delay, not materiality of the prior art, must be assessed on these facts. Applied argues that, even if the Hart patent were a material reference, the fact that it was not cited in the abandoned application was not material because the Examiner was provided with the Hart reference in the context of a fresh patent application. Therefore, Applied contends, a reasonable examiner simply could not consider the earlier absence of Hart before him or her "important in deciding whether to allow the application to issue as a patent." **[*7]** The court agrees. Because this is not a case of nondisclosure, but a case of delayed disclosure, the materiality of the delay, not the materiality of the reference, must be assessed. Because the Examiner considered the prior art in the context of the continuation application, there could not be "a substantial likelihood that a reasonable examiner would consider [the delayed submission of the Hart patent] important in deciding whether to allow the application to issue as a patent." 37 C.F.R. [at] 1.56(a) (1991).

The court also rejects ASM's argument that, because of the late submission, the Examiner did not actually read the Hart patent. In *Northern Telecom, Inc. v. Datapoint Corp., 908 F.2d 931, 939 (Fed. Cir. 1990)* cert. denied *498 U.S. 920, 112 L. Ed. 2d 250, 111 S. Ct. 296 (1990),* the court states that "it is presumed that public officials do their assigned jobs." *Id. at 939* (citations omitted)). Once the Hart patent was before the patent examiner, he was presumed to have considered it.

ASM also argues that while Applied withheld the Hart patent it made material **[*8]** misrepresentations to the PTO which were flatly inconsistent with Applied's own concealed knowledge of the Hart patent. ASM contends that because Applied did not comply with the three-part test set forth by the Federal Circuit in *Rohm & Haas Co. v. Crystal Chemical Co., 722 F.2d 1556, 1572 (Fed. Cir.*

Case 1:05-cv-00414-JJF    Document 45-7    Filed 02/16/2006    Page 4 of 5

Page 3

1994 U.S. Dist. LEXIS 17569, *8; 30 U.S.P.Q.2D (BNA) 1967

*1983)* cert. denied *469 U.S. 851, 83 L. Ed. 2d 107, 105 S. Ct. 172 (1984),* it did not cure the alleged misrepresentations.

In opposition, Applied claims that ASM's cure argument fails because Rohm & Haas involved false test results while, in the case at bar, the alleged misrepresentations relate to the prior art. Applied reasons that the Rohm & Haas cure requirements are relevant in the former but not in the latter case because in the case of alleged misrepresentations of prior art the Patent Examiner could independently examine the prior art after it was disclosed. Applied points to the Federal Circuit's refusal to find inequitable conduct in *Northern Telecom, Inc. v. Datapoint Corp., 908 F.2d 931, 938-40 (Fed. Cir. 1990)* where the applicant allegedly mischaracterized **[*9]** the prior art. The court reasoned that "the pertinent information was squarely before the examiner. . . ." *Id. at 938.* Applied attempts to distinguish Northern Telecom because the patentee's mischaracterization of an amendment to the patent application was made at a time when the document was before the Examiner rather than at an earlier time. The court disagrees. The distinction is inconsequential because in both cases the Patent Examiner could make an independent examination of the prior art. Once the prior art Hart patent was disclosed, the Patent Examiner was free to reach his own conclusion regarding the disclosure in the reference before him. The court also finds that the Rohm & Haas cure procedures are not applicable in the instant case. In Rohm & Haas a cure could only be effectuated by supplying the Patent examiner "with accurate facts" concerning the test results and "calling his attention to the untrue or misleading assertions sought to be overcome. . . ." *Rohm & Haas, supra 722 F.2d at 1572.* In the case at bar, disclosure of the prior art "cured" the alleged misrepresentations because the Patent **[*10]** Examiner could independently assess the veracity of the alleged misstatements by examining the prior art.

Therefore, the court finds that ASM's failure to disclose a prior art Hart reference in an abandoned application cannot be inequitable conduct when the reference was disclosed in a continuing application from which the *'401* patent issued.

### IV. ORDER

Accordingly, the court grants Applied's motion to dismiss the inequitable conduct claim and motion to strike the inequitable conduct defense.

DATED: 4/18/94

    RONALD M. WHYTE

    UNITED STATES DISTRICT JUDGE

ORDER DENYING APPLIED'S MOTION FOR CONSOLIDATION WITHOUT PREJUDICE

The motion to consolidate of Applied Material, Inc. "Applied") was heard on April 8, 1994. In this motion, Applied seeks to consolidate for trial the two above-captioned cases pending before this court. The court has read the moving and responding papers and heard the oral argument of counsel. Good Cause Appearing therefor, the court denies plaintiff's motion to consolidate pursuant to *Federal Rules of Civil Procedure, Rule 42(a).*

### I. BACKGROUND

On October 1, 1992, Applied filed suit against Advanced Semiconductor Materials et al. ("ASM"). In February 1993, this **[*11]** court held a case management conference and set an August 15, 1994 jury trial date and a May 1, 1994 discovery cut-off. Applied alleges that ASM's Epsilon One reactor infringes two related Applied patents, U.S. Patent Nos. *4,920,918* ("the *'918* Patent") and *5,194,401* ("the *'401* Patent"). Both of these patents relate to the design of the quartz tube in a semiconductor reactor.

ASM filed Advanced Semiconductor Materials, America Inc. et al. v. Applied Materials on January 11, 1993. On September 15, 1993 Judge McNamee of the Arizona District Court granted Applied Materials' motion to transfer the case to this court. The case involves two separate patents, U.S. Patent No. *4,874,464* ("the *'464* patent") relating to a process for operating an epitaxial reactor and U.S. Patent No. *4,798*, 165 ("the '165 patent") relating to an apparatus for chemical vapor deposition. The parties have agreed to consolidate the cases for purposes of discovery.

### II. LEGAL STANDARDS

> *Federal Rule of Civil Procedure 42(a)* provides:
>
> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in **[*12]** issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. District Court, 877 F.2d 777 (9th Cir. 1989).* In determining whether or not to consoli-

Case 1:05-cv-00414-JJF    Document 45-7    Filed 02/16/2006    Page 5 of 5

Page 4

1994 U.S. Dist. LEXIS 17569, *12; 30 U.S.P.Q.2D (BNA) 1967

date, a court weighs the interest of judicial convenience against the potential for confusion, prejudice, or delay. See *Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D.Cal. 1989)*. This weighing process involves a review of a number of different factors including, but not limited to, whether the causes of action and facts in each action are similar, whether the complexity of the consolidated case will confuse the jury, whether trying the actions separately will involve an unneeded duplication of effort, whether consolidation will delay the trial of one or both of the actions, and whether consolidation would adversely affect the rights of any of the parties. Id.

### III. ANALYSIS

Applied argues **[*13]** that the two cases involve common questions of law and facts such as 1) extensive testimony about the structure and development of ASM's Epsilon One reactor; 2) specific aspects of epitaxial chemical vapor deposition; 3) testimony of many of the same witnesses and expert witnesses on the technology and operation of each party's products; 4) common legal issues e.g. infringement, patent validity, and defenses of anticipation, obviousness, violation of Section 112 and inequitable conduct; 5) common prior art; 6) the commercial success of the Epsilon One; and 7) the level of "one of ordinary skill in the art". On the basis of these allegedly common questions, Applied argues that consolidation would be efficient and economical in that the parties will not have to educate two judges and two juries on the concededly highly complex and technical subject matter. In opposition, ASM argues that the factual and legal overlap between the two cases is de minimis. Although the court finds that there are some common issues, "the mere existence of common issues. . . does not mandate consolidation." *Cedar-Sinai Medical Center v. Revlon, Inc., 111 F.R.D. 24, 33 (D.Del. 1986).* **[*14]**

ASM contends that granting Applied's motion to consolidate would require the jury to understand three separate technologies, increase the likelihood of juror confusion, lengthen the trial, and invite juror boredom. The court agrees. A patent case involving a single patent is difficult enough for a jury because patent cases are notoriously complex. In the instant case, consolidation would require the same jury to deal with four patents. Consolidating these two cases would require the jury to hear, digest, and keep separate testimony on twice as many patents. The court finds that the likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation.

### IV. ORDER

Good Cause Appearing, the court denies without prejudice Applied's motion to consolidate the above-captioned cases for trial. Upon appropriate request, the court will revisit the issue of consolidation or partial consolidation as proposed by Applied during oral argument at the pretrial conference or by motion made closer to trial.

DATED: 4/18/94

RONALD M. WHYTE

UNITED STATES DISTRICT JUDGE