# EXHIBIT G

LEXSEE 1989 U.S.DIST. LEXIS 17189

**LIQUI-BOX CORPORATION, Plaintiff v. REID VALVE COMPANY, INC., Defendant**

**Civil Action Nos. 85-2355, 87-2098**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

*1989 U.S. Dist. LEXIS 17189; 16 U.S.P.Q.2D (BNA) 1075*

**September 15, 1989**

**SUBSEQUENT HISTORY:**

*Adopting Order of October 11, 1989, Reported at 1989 U.S. Dist. LEXIS 17188.*

**JUDGES: [*1]**

Robert C. Mitchell, United States Magistrate.

**OPINIONBY:**

MITCHELL

**OPINION:**

MAGISTRATE'S REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the plaintiff's motion for consolidation be denied.

II. Report

Presently before the Court is the plaintiff's motion to consolidate Civil Action Nos. 85-2355 and 87-2098 for a single trial. The plaintiff, Liqui-Box Corporation ("Liqui-Box"), an Ohio corporation, filed the first action ("C.A. No. 85-2355) on October 3, 1985 against the defendant, Reid Valve Company, Inc. ("Reid"), a California corporation. In that complaint, Liqui-Box alleges infringement by Reid of its design patent (U.S. Patent No. Des. *264,942*) on a square, stackable bottle. The more recent action ("C.A. No. 87-2098) is just beginning discovery. It concerns a design patent (U.S. Patent No. Des. *270,136*) which relates to a particular round bottle configuration.

Liqui-Box moves to vacate the trial date in the first action and consolidate the above two actions. Reid objects to consolidation claiming there are virtually no common issues of fact and no duplication of evidence with respect to the two cases. Reid also notes that the two cases are at greatly disparate **[*2]** points of preparation, the first case having been ready for trial for three years, while the later case is still in discovery.

The court has discretion under *Fed.R.Civ.P. 42(a)* whether to consolidate actions. *Cedars-Sinai Medical Center v. Revlon, Inc., 111 F.R.D. 24 (D. Del. 1986).*

*F.R.Civ.P. Rule 42(a)* provides, in pertinent part:

"When actions involving a common question of law or fact are pending before the court * * * * it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Under the present circumstances, consolidation should not be granted. The two cases do not involve such common questions of law and fact as to justify consolidation. Aside from the similarity that both pending actions are design patent cases, there are no apparent common issues of fact and little, if any, duplication of evidence with respect to the two cases. The 1985 case is based on a square, stackable bottle which is described in functional terms. The product accused of infringement in that action is also a functional, stackable bottle. The later-filed case, however, relates to a round bottle. Not **[*3]** only is the prior art to be examined totally different with respect to each patent, but the infringement issues in the two cases relate to totally distinct products. The mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation. *Flintkote v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977).* Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues. Id.

In *Rohn & Haas Co. v. Mobile Oil Corp., 525 F. Supp. 1298 (D. Del. 1981),* the court granted a motion for con-

Case 1:05-cv-00414-JJF     Document 45-8     Filed 02/16/2006     Page 3 of 3

Page 2

1989 U.S. Dist. LEXIS 17189, *3; 16 U.S.P.Q.2D (BNA) 1075

solidation. There all six patents underlying the cases to be consolidated were alleged to be infringed by the same compounds. Moreover, all of the patents could be traced to a common disclosure. In addition, neither of the cases had been set for trial, no discovery cut-off dates had been made, and a substantial amount of documentary evidence was common to both actions. Consolidation was deemed appropriate because " . . . the questions to be decided in both suits are highly technical and closely intertwined . . . both cases will undoubtedly [*4] involve a large number of the same witnesses, and the same documenting evidence and exhibits, thus raising the specter of inefficient and wasteful duplication." *525 F.Supp. at 1310.* Here, the questions to be decided in both suits are not closely intertwined. The rectangular, stackable bottle in the 1985 case and the round bottle patent at issue in the second action possess different infringement and validity claims. Neither case concerns highly technical questions, and the documentary evidence and exhibits involved will not be the same.

More importantly, these cases are at widely different stages of preparation. The first action (C.A. No. 85-2355) was filed October 3, 1985. The case was pretried in November, 1986, and is currently set for trial in November of this year. The other case (C.A. No. 87-2098) is just beginning discovery. "Proper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation." *Schacht v. Javits, 53 F.R.D. 321, 325 (S.D.N.Y. 1971).*

In *La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164 (D. Del. 1973),* the court denied consolidation in two trademark cases. Besides finding that the [*5] two cases raised substantially different issues, the court observed:

Secondly and more importantly, the cases should not be consolidated as a matter of sound judicial administration. The first case has been pending since April 3, 1970 and is close to trial. The new action has only been recently instituted; undoubtedly much discovery will be needed to ready it for trial. The disposition of the earlier case should not be delayed by the later filed litigation.

The motion to consolidate will be denied.

*60 F.R.D. at 176.*

In this instance, consolidation is inappropriate. Not only do the two actions lack common issues of fact and little duplication of evidence, but they are at widely seperate stages of preparation. Disposition of the 1985 case should not be delayed by the more recent action which is still in discovery.

It is therefore respectfully recommended that the plaintiff's motion for consolidation be denied.

Respectfully submitted,