# EXHIBIT H

LEXSEE 2004 U.S.DIST.LEXIS 17821

**SYNGENTA SEEDS, INC., Plaintiff, v. MONSANTO COMPANY, DEKALB GENETICS CORP., PIONEER HI-BRED INTERNATIONAL, INC., DOW AGROSCIENCES, LLC, and MYCOGEN PLANT SCIENCE, INC. and AGRIGENETICS, INC., collectively d.b.a. MYCOGEN SEEDS, Defendants.**

C.A. No. 02-1331-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2004 U.S. Dist. LEXIS 17821*

**August 27, 2004, Decided**

**SUBSEQUENT HISTORY:** Motion granted by *Syngenta Seeds, Inc. v. Monsanto Co., 2004 U.S. Dist. LEXIS 18712 (D. Del., Sept. 8, 2004)*

**DISPOSITION:** [*1] Plaintiff's motion to consolidate denied.

**COUNSEL:** For SYNGENTA SEEDS INC., plaintiff: Paul M. Lukoff, Prickett, Jones & Elliott, Wilmington, DE.

For MONSANTO COMPANY, DEKALB GENETICS CORP, PIONEER HI-BRED INTERNATIONAL INC., DOW AGROSCIENCES LLC, MYCOGEN PLANT SCIENCES, INC., AGRIGENETICS INC., d.b.a. Mycogen Seeds, defendants: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM ORDER

### I. INTRODUCTION

On July 25, 2002, plaintiff Syngenta Seeds, Inc., filed a complaint alleging defendants infringed three of its patents ("BTC I"). (D.I. 1) Discovery in the BTC I action concluded on July 14, 2004, and the case is scheduled for a jury trial on November 29, 2004. (D.I. 228)

As a result of past motions, this court has excluded allegations regarding plaintiff's product MON863 and refused to allow discovery of pending patent applications. (D.I. 213, 81)

On April 13, 2004, plaintiff filed another complaint against defendants ("BTC II") for infringement of *United States Patent No. 6,720,488* ("'488 patent"), which is not at issue in the BTC I litigation. Before the court [*2] is plaintiff's motion to consolidate BTC II with the BTC I litigation. (D.I. 205)

### II. BACKGROUND

On December 9, 2003, the United States Patent and Trademark Office ("PTO") issued a Notice of Allowance, which allowed the '488 patent to issue as soon as the issue fee was paid. On April 13, 2004, the PTO issued the '488 patent. The next day plaintiff filed its BTC II complaint against defendants alleging infringement of the *'488 patent*. The action was filed with this court, Civ. No. 04-228, and marked as related to the BTC I litigation.

Prior to filing this motion to consolidate, plaintiff complied with Local Rul 7.1.1 and requested that defendants consent to the consolidation. Defendants refused and this pending motion resulted.

Plaintiff alleges that, after the issuance of the Notice of Allowance, it notified defendants Monsanto and DeKalb that an additional patent application was pending and provided them with a copy of the allowed patent claims and notice. Defendants contest this assertion and note that the claims of the *'488 patent* were not included in discovery or depositions, including those taken after the PTO issued the allowance notice. (D.I. 215 at 5)

The *'488* [*3] *patent* has the following in common with the patents at issue in BTC I:

> (1) *'488* was the result of a continuation patent application of '100 patent;
>
> (2) It relates to the expression of Bt genes in corn;

(3) The specifications for the '100 and *'488 patent*s are "virtually identical" (D.I. 206);

(4) Both the '100 and *'488* inventions were created by the same inventors; and

(5) The *'488 patent* is terminally disclaimed over the '100 and '185 patents.

## III. DISCUSSION

*Federal Rule of Civil Procedure 42(a)* provides this court with authority to consolidate "actions involving a common question of law or fact ... pending before the court." Whether or not to consolidate cases is at the discretion of the district court, but often courts balance considerations of efficiency, expense and fairness. See *United States v. Dentsply Int'l, Inc., 190 F.R.D. 140, 142-43 (D. Del. 1999)*. Because the *'488 patent* involves the expression of Bt genes in corn, an interpretation of the patent and any infringement necessarily involves some of the same questions at issue in the BTC I action. n1 At issue in this **[*4]** motion is whether, at this stage in the BTC I litigation, it is too late to consolidate the cases without adding undue delay to an already ripe BTC I case.

> n1 Plaintiff cites the following commonalities: (1) parties; (2) products at issue; (3) underlying technology; (4) documents/exhibits; (5) legal claim (patent infringement); (6) defendants will likely assert the same defenses; (7) the patent at issue in BTC II shares similarities with the patents at issue in BTC I; and (8) the same people will be witnesses in both actions. (D.I. 206 at 4-5)

Plaintiff argues that consolidating the cases will not prejudice the defendants because the November 29, 2004, trial date can be adjusted, and that consolidation is more efficient because the parties will not have to litigate the same issues twice. Defendants contest consolidation on four grounds: (1) consolidation will complicate the proceedings; (2) will lead to delay and increased costs because the new patent will require discovery on the same level as the discovery **[*5]** that took place in BTC I (notably the discovery went on for more than a year and a half); (3) the consolidation prejudices them because, if plaintiff had disclosed the *'488 patent* when the notice of allowance was issued, the defendants could have included it in their subsequent discovery; and (4) the efficiency realized through consolidation can be achieved through other means, namely staying the BTC II action and application of claim preclusion.

The BTC I case is scheduled to go to trial this November. At this point in time, and in light of the courts already tight schedule, the trial date could not be rescheduled without undue delay. In addition, the BTC I case alone is highly complex. Adding another patent to the plaintiff's claims will only increase the case's complexity and make it that much harder for a jury to come to a resolution. For all of these reasons, the court concludes that consolidation of the two cases would be more burdensome than beneficial.

## IV. CONCLUSION

Therefore, at Wilmington this 27th day of August, 2004;

IT IS ORDERED that plaintiff's motion to consolidate (D.I. 205) is denied.

8/27/04

Sue L. Robinson

United States District Judge **[*6]**