# EXHIBIT J

LEXSEE 1993 U.S.DIST. LEXIS 21372

**WANG LABORATORIES, INC., Plaintiff, v. MITSUBISHI ELECTRONICS AMERICA, INC. AND NMB TECHNOLOGIES, INC., Defendants.**

**CASE NO. CV 92 4698 JGD**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*1993 U.S. Dist. LEXIS 21372*

**July 19, 1993, Decided
July 20, 1993, Filed**

**DISPOSITION:** [*1] Wang's motion for partial consolidation GRANTED.

**COUNSEL:** For WANG LABORATORIES, INC., plaintiff: Thomas J Newell, Watt Tieder Killian & Hoffar, McLean, VA.

For WANG LABORATORIES, INC., plaintiff: Dale J Giali, Howrey & Simon, Los Angeles, CA.

For WANG LABORATORIES, INC., plaintiff: Robert L Green, Jr, Kenneth M Reiss, Sheila R Schreiber, Howrey & Simon, Washington, DC.

For MITSUBISHI ELECTRIC AMERICA INC, defendant: Jennifer L Woodward, Hugh Latimer, Daniel I Prywes, Pepper Hamilton & Scheetz, Washington, DC.

For MITSUBISHI ELECTRIC AMERICA INC, defendant: Mark E Phelps, John W Kozak, Brett A Hesterberg, Steven P Peterson, Leydig Voit & Mayer, Chicago, IL.

For NMB TECHNOLOGIES INC, defendant: Ronald L Johnston, Blanc Williams Johnston & Kronstadt, Los Angeles, CA.

For NMB TECHNOLOGIES INC, defendant: David H Kagan, Cindy M Zelson, Joel E Lutzker, Amster Rothstein & Ebenstein, New York, NY.

For NMB TECHNOLOGIES INC, defendant: Charles Daniel Ossola, Lowe Price LeBlanc & Becker, Alexandria, VA.

For NMB TECHNOLOGIES INC, counter-claimant: Ronald L Johnston, Blanc Williams Johnston & Kronstadt, Los Angeles, CA.

For NMB TECHNOLOGIES INC, counter-claimant: [*2] David H Kagan, Cindy M Zelson, Joel E Lutzker, Amster Rothstein & Ebenstein, New York, NY.

For NMB TECHNOLOGIES INC, counter-claimant: Charles Daniel Ossola, Lowe Price LeBlanc & Becker, Alexandria, VA.

**JUDGES:** JOHN G. DAVIES, United States District Judge.

**OPINIONBY:** JOHN G. DAVIES

**OPINION:**

ORDER GRANTING WANG'S MOTION FOR PARTIAL CONSOLIDATION

On February 22, 1993, plaintiff Wang's Motion for Partial Consolidation came before the Court for argument. The Court tentatively granted Wang's motion, but subsequently took the matter under submission and deferred its final ruling. The Court has since ruled on various related motions, and has reviewed and considered the parties' papers and the oral arguments of counsel with regard to partial consolidation. Based upon this review, the court HEREBY GRANTS Wang's motion for partial consolidation.

FACTS

On June 4, 1992, plaintiff Wang Laboratories, Inc. ("Wang") initiated the underlying action by filing a complaint for patent infringement in the Eastern District of Virginia. The complaint alleges that Mitsubishi Electronics America, Inc. ("MELA") has infringed and continues to infringe two Single In-Line Memory Module patents, U.S. Patent Nos. *4,656,605* [*3] (" *'605* SIMM patent") and *4,727,513* (" *'513* SIMM patent") n1. Wang

is the assignee of the SIMM patents, which disclose and claim a highly successful memory module used in many personal computers. Wang claims that MELA manufactures, sells and uses infringing SIMMs in the United States and, and also imports infringing SIMMs manufactured by its Japanese parent company for sale and use in the United States. Based on these allegations, Wang seeks damages, preliminary and permanent injunctive relief, attorneys' fees and costs.

> n1 Wang's complaint also names NMB Technologies, Inc. ("NMB") as a defendant. However, all claims between Wang and NMB have since been settled and dismissed.

On or about July 17, 1992, upon the defendants' motion, Wang's patent action was transferred to the Central District of California pursuant to *28 U.S.C. § 1404.* On August 6, 1992, the action was docketed by this Court (the "Wang v. MELA action").

Prior to the transfer of Wang's action, MELA and its parent company, [*4] Mitsubishi Electric Corporation ("MELCO"), jointly filed an action against Wang in the Central District of California. *Mitsubishi Electric Corporation and Mitsubishi Electronics America, Inc. v. Wang Laboratories, Inc., et al., 1994 U.S. Dist. LEXIS 17749,* CV 92 3891 JGD (the "MELCO v. Wang action"). MELA and MELCO seek a declaration of non-infringement of the SIMM patents, and allege federal and state antitrust and unfair competition claims against Wang. MELA separately asserts a claim for tortious interference with prospective economic advantage. MELCO alleges independent patent infringement claims against Wang. MELA and MELCO's joint action is styled.

On August 18, 1992, Wang filed for bankruptcy under Chapter 11. On August 28, 1992, this Court entered an Order Staying Action in the MELCO v. Wang case, in accordance with the automatic stay. Wang voluntarily agreed not to press forward with the Wang v. MELA action until it was determined which claims could be pursued by MELCO, MELA, and NMB in the face of the bankruptcy stay.

MELCO and MELA moved the bankruptcy court to lift the automatic stay so they could prosecute to judgment their various claims against Wang. The bankruptcy court lifted [*5] the stay on MELA and MELCO's claims to the extent they relate to Wang's SIMM patents, but refused to lift the stay on MELCO's independent patent claims, observing that MELCO could file a separate action if it wished to pursue post-petition patent infringement claims against Wang. See Wang's Reply Ex. A., Transcript of 11/5/92 Hearing, at pp. 62-62 & 65; Wang's Reply Ex. D, Transcript of 12/16/92 Hearing, pp. 14-16.

DISCUSSION

Wang seeks to partially consolidate the instant action with the first through sixth causes of action in the related MELCO v. Wang action, leaving MELCO's independent patent infringement claims against Wang to be prosecuted separately. MELA takes the position that full consolidation is a preferable alternative, and thus argues that MELCO's patent infringement claims should be included in the consolidated action.

The Standard

Under *Fed. R. Civ. Pro. Rule 42(a)*, the Court may consolidate actions which involve "a common question of law or fact." Rule 42 exists to give the Court broad discretion to decide how cases on its docket may be tried expeditiously while providing justice to the parties. See 9 Charles A. Wright & Arthur R. Miller, [*6] Federal Practice and Procedure: Civil, § 2381 at 253 (1971). Where the Court exercises its discretion pursuant to Rule 42(a), the consolidated actions do not lose their separate identities. Id., § 2382 at 255 (citing *Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97, 53 S. Ct. 721, 727, 77 L. Ed. 1331 (1933)).*

B. Analysis

Wang seeks partial consolidation of this action with the first through sixth cause of action in MELCO v. Wang n2. Wang contends that both actions relate to the same SIMM patents, with the exception of MELCO's patent infringement claims which are unrelated and should be pursued separately.

> n2 Defendant NMB was under the impression that the requested partial consolidation would not include the counterclaims asserted by Wang in the MELCO v. Wang action, and it opposed the present motion on that ground. However, Wang's Reply makes clear that all counterclaims will be consolidated.

While MELA agrees that the actions should be consolidated, it maintains that [*7] MELCO's patent infringement claims should be part of the consolidated action. MELA contends that full consolidation is appropriate because the MELCO patents asserted against Wang are closely related to the subject matter of Wang's SIMM patents.

However, MELA has previously admitted that the patents asserted against Wang in MELCO v. Wang are unrelated to the SIMM patents at issue here. In MELCO v. Wang, MELA and MELCO notified the Court that the

instant action was pending, describing MELCO's patents as "additional patents unrelated to the former Virginia action" and "unrelated to the subject matter of the case." See *Mitsubishi Electric Corporation and Mitsubishi Electronics America, Inc. v. Wang Laboratories, Inc., et al., 1994 U.S. Dist. LEXIS 17749,* CV 92 3891 JGD, Plaintiffs' Notice Re: Related Case and Other Proceedings, 8/5/92, at 2-3. The bankruptcy court likewise reached the conclusion that the SIMM patents asserted against MELA in the instant action are not the same as the MELCO patents asserted in MELCO v. Wang. See Wang's Reply Exhibit A, Transcript of 11/5/92 Hearing, at pp. 62-63. Thus, MELA's argument that the Wang patents and the MELCO patents are related is unpersuasive.

Under **[*8]** Rule 42(a), the Court has discretion to consolidate actions involving a common question of fact or law. Because Wang's SIMM patents appear to be unrelated to MELCO's patents, MELCO's independent patent infringement claims against Wang should not be consolidated with the instant action. See *Metallgesellschaft AG v. Foster Wheeler Energy Corp., 143 F.R.D. 553, 1992 U.S. Dist. LEXIS 11558 (D. Del. 1992)* (denying motion to consolidate patent infringement claims, even where they were somewhat overlapping, because patents were not related per se).

Furthermore, because the bankruptcy court refused to lift the automatic stay on MELCO's patent infringement claims against Wang, they cannot be prosecuted in the consolidated action. MELA argues that MELCO's patent infringement claims are not subject to the automatic stay insofar as they relate to post-petition infringement. However, the same argument was presented to and rejected by the bankruptcy court. See Wang's Reply Ex. C, MELCO's Memorandum in Support of Motion Under *11 U.S.C. Section 362* to Modify the Automatic Stay, at pp. 7-8. While it is axiomatic that the automatic stay does not apply to post-petition **[*9]** claims, the MELCO patent claims were asserted pre-petition. The bankruptcy court has ruled that MELCO's patent infringement claims are stayed, noting that Wang may file a separate action to address post-petition infringement claims. See Wang's Reply Exhibit D, Transcript of 12/16/92 Hearing, at p. 14.

Finally, MELA opposes partial consolidation on the ground that it will strip MELCO of its rights of offset against Wang's claims. If Wang prevails on its patent claims, MELA and MELCO may be forced to pay money damages to an insolvent debtor-in-reorganization without the benefit of any offset. If MELCO successfully prosecutes its patent claims in a separate action, MELCO may recover only a fraction of its judgment from the insolvent Wang.

Wang buys parts from Micronics, Inc. to manufacture the products which allegedly infringe MELCO's patents. Micronics has agreed to indemnify Wang for patent infringement liability arising from Wang's purchase of Micronics' product. See Wang's Reply. Ex. E, para. 13.2. Thus, if MELCO were to obtain a judgment against Wang, and Wang were unable to pay, MELCO might recover against Micronics. However, Wang incorporates the Micronics parts into **[*10]** larger systems which, as combinations, are alleged to infringe MELCO's patents. Under these circumstances, Micronics may not be liable for a judgment secured against Wang. See Wang's Reply Ex. E, para. 13.4. It is possible, therefore, that MELCO and MELA will suffer some monetary prejudice as a result of the proposed partial consolidation.

Notwithstanding, consolidation of MELCO's patent infringement claims with the instant action is inappropriate. MELCO's patents are factually unrelated to the SIMM patents at issue here. The particular patent infringement claims asserted in MELCO v. Wang were filed before Wang filed its Chapter 11 petition, and are subject to the automatic stay. Partial consolidation is the preferable course.

CONCLUSION

For these reasons, the Court HEREBY GRANTS Wang's motion for partial consolidation. MELCO's patent infringement claims against Wang are to be pursued separately.

IT IS SO ORDERED.

Dated: JUL 19 1993

JOHN G. DAVIES

United States District Judge