IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-414-JJF |
| v. | ) ) | |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) ) | |

**MOTION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC
TO COMPEL DEFENDANT AMAZON.COM, INC. TO
PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff CD Intellectual
Property Holdings LLC*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: February 23, 2006
166917.1

Pursuant to the Discovery Dispute procedures of paragraph 4(a) of the proposed scheduling order, Plaintiff CD Intellectual Property Holdings, LLC ("CD") hereby moves this Court for an order compelling Defendant Amazon.com, Inc. ("Amazon") to produce documents requested on November 18, 2005 and to respond to interrogatories propounded on that same day.[1]

Three months ago, following the Rule 26(f) conference on November 18, 2005, CD served on Amazon its First Set of Requests for Documents and Things and its First Set of Interrogatories. To date, with the exception of a single document—its document retention policy—Amazon has only produced publicly available documents. Its interrogatory responses for the most part are inadequate. On February 16, 2006, the parties held a telephonic meet and confer regarding some of these issues. This motion addresses Amazon's complete failure (with the single exception noted above) to produce any "highly confidential" or "confidential documents" and its adamant refusal to provide any information (in the form of documents or interrogatory responses) relating to customer recommendation features other than the single feature CD specifically identified in its Complaint. By this motion, CD seeks an order from this Court compelling Amazon (1) to produce all documents responsive to CD's document requests within five calendar days and (2) to produce documents and respond to interrogatories regarding each of Amazon's customer recommendation features.

In complete disregard of Delaware Local Rule 26.2, Amazon has refused to produce non-public documents until a protective order is in place. In several letters addressing Amazon's failure to timely produce documents, CD reminded Amazon that in the absence of a protective order, Local Rule 26.2 requires production of documents on an outside attorneys' eyes only basis. In a February 8, 2006 response to one such letter, Amazon stated:

> As a general rule, Amazon.com will produce confidential information subject to the parties' agreement that it will be kept on an outside counsels' eyes only basis pursuant to Local Rule 26.2. As I have already indicated, however, there are highly confidential documents and

---

[1] Pursuant to Local Rule 37.1, a copy of Amazon.com's responses are attached as Exhibits A and B hereto.

> information, including for example source code, that requires protections above and beyond
> what Local Rule 26.2 provides. We also seek to exclude persons who have access to such
> highly confidential documents from rendering patent prosecution advice regarding related
> applications and subject matter. As you know, the parties have not yet been able to agree to
> the terms for these protections, and Amazon.com will not provide this information until a
> protective order is in place that adequately protects it.

Ex. C at 2. Although CD believes that Amazon's insistence on certain extraordinarily stringent

procedures in the protective order is unreasonable, Amazon's argument could apply ONLY to a

small subset of the most highly sensitive documents, such as source code. However, Amazon has

not simply withheld that small subset. With the exception of its document retention policy, it has

withheld ALL non-public documents. This plainly violates Local Rule 26.2.

During the meet and confer, Amazon adamantly denied it was withholding production of

confidential documents until a protective order was in place. Despite this, counsel for Amazon

would not provide any estimate of the number of documents yet to be produced, or a date upon

which CD could expect to receive the documents. Amazon's counsel would only say that Amazon

would produce "some" documents in a week. Under the proposed scheduling order filed on

November 21, 2005, document production is to be completed by March 15, 2006, at which time

depositions will commence. However, as stated above—just one month before this deadline—

Amazon has produced only a single non-confidential document. CD expects Amazon has hundreds

of thousands of pages of documents responsive to its requests. By waiting until the last moment to

produce those documents, Amazon will seriously prejudice CD. In fact, its failure to timely produce

documents has severely prejudiced CD's ability to prepare its case because CD has not been able to

begin reviewing Amazon's confidential documents. Accordingly, CD requests Amazon be ordered

to produce all documents responsive to CD's first document request within five calendar days.

In addition to failing to produce any non-public documents, Amazon has refused to produce

any documents or respond to any interrogatories relating to recommender features other than the

"customers who bought also bought" feature. U.S. Patent 6,782,370 (the "'370 patent"), the patent-in-suit, claims a computer recommender system which bases its recommendations on customer purchase data. In paragraph 8 of the complaint, CD alleges:

> Amazon's online marketplace uses numerous features which recommend other goods to potential customers based on prior customer purchasing history. Amazon's recommendation features, including, *inter alia*, "customers who bought this book also bought," infringe one or more claims of the '370 patent.

In its first interrogatory, CD requested Amazon identify each of its customer recommender features (narrowly defined to include only recommender features which use customer purchase history as the basis of its recommendation) and to describe how each works. Amazon has refused to provide this information, stating that it is "unrelated to the asserted claims of the '370 patent and 'any identified accused feature.'" Ex D at 2. Amazon stated in another letter "the Amazon.com website is publicly available. There is simply no reason why you cannot identify what additional features are accused to be infringing and identify the bases for such Infringement Contentions...." Ex. C at 1. CD has already identified one Amazon recommender system that infringes. But it cannot reasonably be expected to identify other features that infringe before Amazon provides additional information because these features and the manner in which they work are not visible to the public. The invention here is not a radio or telephone that CD can simply take apart to determine how it works. CD cannot determine exactly what steps Amazon takes, what algorithms it uses or what information is processed by its servers simply by looking at the publicly available portion of Amazon's website.

Amazon's argument that CD is required to accuse a specific feature of infringement before it becomes the subject of discovery is not the law. "All that is required of a litigant is to conduct a reasonable investigation prior to filing suit. A litigant is not expected to complete discovery. The law requires only a reasonable belief on the part of the patentee." Honeywell International Inc. v.

Universal Avionics Systems Corp., 343 F. Supp. 2d 272, 326 (D. Del. 2004).

Webshots from the Amazon.com website create a reasonable belief that Amazon has other customer recommendation features that make recommendations based on customer purchase history. Ex. E.  There may be other features that are not readily apparent to a viewer of the website. Amazon's own description of some of these features, in Pinpoint, Inc. v. Amazon.com, Inc. et al., CV No. 03C 4954 (N.D. Ill.), further illustrates the need for a full respond to Interrogatory No. 1. before CD can identify all relevant features.  *See* Ex. F.

CD's request falls squarely within the bounds of acceptable discovery.  The standard of Rule 26 is relevance to subject matter.  Relevancy for the purposes of Rule 26 is broadly construed.  Katz v. Batavia Marine and Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993).  "It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes."  Id.  "Relevant matter includes any matter related to or that reasonably could lead to other matter that is related to any issue that is or may be in the action."  In re Conopco, Inc. v. Warner-Lambert Co., 2000 U.S. Dist. LEXIS 1605 *8 (D. N.J. 2000) citing Hickman v. Taylor, 329 U.S. 495, 506 (1947).  The subject matter of the '370 patent is computer recommendation features which make recommendations on the basis of purchase history. Accordingly, there can be no question that CD is entitled to the information that it seeks regarding Amazon.com's recommender features that use customer purchase history.

## CONCLUSION

For the reasons set forth above, CD respectfully requests this Court to grant its motion to compel Amazon.com to produce documents and to respond to CD's interrogatories.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff CD Intellectual
Property Holdings LLC*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: February 23, 2006
166917.1

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1</u>

I hereby certify that counsel have discussed the attached motion, but that an agreement could not be reached.

*/s/ John G. Day*

_____

John G. Day

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2006, the attached **MOTION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC TO COMPEL DEFENDANT AMAZON.COM, INC. TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES** was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                                 HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                      VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041


/s/ *John G. Day*
_____
John G. Day