# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CD INTELLECTUAL PROPERTY
HOLDINGS LLC,

                Plaintiff,

v.

AMAZON.COM, INC.,

                Defendant.

Civil Action No. 05-414-JJF

### DEFENDANT AMAZON.COM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS

    Defendant Amazon.com, Inc. ("Amazon.com"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to the "First Request for Documents and Tangible Things of Plaintiff Cendant Publishing, Inc." ("First Requests"):

### GENERAL OBJECTIONS

    Amazon.com makes the following general objections to each and every definition, instruction, and document request made in the First Requests, and these general objections are hereby incorporated into Amazon.com's response to each and every request. To the extent that any of the general objections are not raised in any particular response, Amazon.com does not waive those objections.

    1.    Amazon.com will produce on a rolling basis unobjectionable, responsive, relevant, non-privileged documents that exist within its possession, custody or control. The responses contained herein are based upon such documents and things that are reasonably available to Amazon.com at this time, as discovery in this case is not complete and Amazon.com's investigation is ongoing. Further independent discovery, investigation, legal research and analysis by Amazon.com or its counsel may supply additional facts or documents and/or add meaning to known facts or documents. The responses hereinafter set forth are given without prejudice to Amazon.com's right to introduce evidence of any subsequently discovered

1

or compiled facts or interpretation thereof, or to supplement, modify, or otherwise change these responses.

2.    Amazon.com objects to the definition of "customer recommendation feature" as vague and ambiguous, unduly burdensome, and overbroad in both time and scope, in particular because the definition of "customer recommendation feature" purports to require discovery of documents and things unrelated to the asserted claims of U.S. Patent No. 6,782,370 ('370 Patent) and any identified accused feature, and, therefore, seeks the production of documents that are irrelevant and unrelated to any claim or defense of a party.

3.    Amazon.com objects to all definitions, instructions and requests for production as vague and ambiguous, unduly burdensome and overbroad to the extent they purport to require discovery of documents and things unrelated to the asserted claims of U.S. Patent No. 6,782,370 ('370 Patent), and, therefore, seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Amazon.com objects to the definition of "Amazon" to the extent that it refers to any company other than Amazon.com, Inc (herein referred to as "Amazon.com"). Amazon.com objects to the definitions of "Cendant Publishing" and "plaintiff" to the extent it refers to any companies other than Cendant Publishing, Inc. or CD Intellectual Property Holdings LLC.

5.    Amazon.com objects to all definitions, instructions and requests for production as vague and ambiguous, unduly burdensome and overbroad to the extent they are not limited to a relevant time period.

6.    Amazon.com objects to these requests for production as vague and ambiguous, unduly burdensome and overbroad in that they ask for "*all* documents that . . . relate to" the subject matter.

7.    Amazon.com objects to all definitions, instructions and requests for production as unduly burdensome to the extent they request Amazon.com to search its facilities and inquire of its employees other than those facilities and employees that could reasonably be expected to have responsive and relevant information.

8.     Amazon.com objects to these requests as unduly burdensome to the extent they seek discovery that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.     Amazon.com objects to these requests as unduly burdensome the extent the burden or expense of the discovery sought outweighs its likely benefit.

10.     Amazon.com objects to all definitions, instructions and requests for production to the extent they seek documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection.  Such information and documents will not knowingly be disclosed.  The inadvertent disclosure of any such information or documents is not intended to and will not constitute a waiver of such privilege or immunity, nor will it constitute an agreement to produce such privileged or immune information or documents. Amazon.com expressly reserves the right to object to the introduction at trial or to any other use of such documents that may be inadvertently disclosed.  Amazon.com will produce a privilege log identifying responsive and relevant privileged documents it has withheld from production created prior to the commencement of litigation between the parties.

11.     Amazon.com objects to all definitions, instructions and requests for production to the extent they seek proprietary, trade secret or other confidential or competitively sensitive business information.  Amazon.com will only produce such relevant non-privileged information pursuant to the protections put forth in Del. L.R. 26.2, which the parties agreed to follow, and/or a protective order that adequately protects Amazon.com's confidential, trade secret and/or proprietary business or technical information.  Amazon.com will not produce its source or object code, technical documents containing similar information, or other exceptionally confidential documents, except pursuant to a protective order that adequately protects such information from disclosure.

12.     Amazon.com objects to all definitions, instructions and requests for production to the extent that they purport to require Amazon.com to disclose private or personally-identifiable information of its users.

3

13.    Amazon.com objects to all definitions, instructions and requests for production to the extent they seek documents that are subject to an order of confidentiality, protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Amazon.com will not produce such documents without the consent of the relevant third party or a court order.

14.    Amazon.com objects to all definitions, instructions and requests for production as overbroad to the extent they seek identification and production of documents that are irrelevant and immaterial, are not related to a claim or defense of a party, or are not reasonably calculated to lead to the discovery of relevant evidence.

15.    Amazon.com objects to all requests and instructions as unduly burdensome to the extent they seek information that is already in plaintiff's possession, has already been made available to plaintiff, or is equally available to plaintiff from other sources that are more convenient, and less burdensome and/or less expensive.

16.    Amazon.com objects to all definitions, instructions and requests for production to the extent they seek information outside Amazon.com's possession, custody or control.

17.    Amazon.com objects to all definitions, instructions and requests for production to the extent that they are vague, ambiguous, unintelligible, or seek to impose obligations on Amazon.com that are broader than, or inconsistent with, the Federal Rules of Civil Procedure or the local rules of this Court. Unless instructed otherwise, Amazon.com shall give the terms of these requests their ordinary and plain meanings. Amazon.com shall not be held responsible where its reasonable interpretation of these requests does not comport with plaintiff's intentions.

18.    Amazon.com objects to each request for production to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

19.    In agreeing to produce documents in response to a request, Amazon.com is not representing that such responsive documents in fact exist, that Amazon.com actually possesses or

4

can obtain the document or class of documents, or that Amazon.com will produce literally all such responsive documents, but rather that Amazon.com will produce all such unobjectionable, responsive, relevant, non-privileged documents that exist within Amazon.com's possession, custody or control and located by a good faith, diligent search.

20.    No incidental or implied admissions are intended by any response by Amazon.com to any request.  That Amazon.com has responded to any request is not an admission that Amazon.com accepts or admits the existence of any alleged facts set forth in or assumed by such request, or that the making of the response constitutes admissible evidence.

21.    Amazon.com makes these responses subject to the reservation of its rights to object to the introduction into evidence in this or any other action of any information provided upon grounds of competence, relevance, materiality, propriety, hearsay and/or admissibility, or other applicable grounds.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, Amazon.com also specifically responds and objects to the First Requests as follows:

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents that describe, reflect or relate to the design, development, implementation, operation, functionality or attributes of any Amazon.com customer recommendation feature.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com further objects to this request to the extent

it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating or referring to Amazon.com's decision to use a customer recommendation feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com

reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that mention, describe or relate to Books.com or Bookstacks.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that mention, describe or relate to the '370 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com.

Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 5:

All documents that mention, describe or relate to Charles Stack.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5.

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that mention, describe or relate to Cendant Publishing, Inc. or any of its divisions, departments, subsidiaries, affiliates, predecessors or any of its present or former employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to ascertain the total revenues, total profits, and the number of sales generated by each of Amazon's customer recommendation features including but not limited to the "Customers Who Bought This Book Also Bought" feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other

applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com specifically objects to the defined term "customer recommendation feature" as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also specifically objects to the term "Customers Who Bought This Book Also Bought..." feature as vague and ambiguous, unduly burdensome and overbroad.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to communications between Amazon and Cendant Publishing, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

10

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 9:**

All documents discussing, disclosing, referring to, or relating to each of Amazon's customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com specifically objects to this request to the extent it purports to require Amazon.com to disclose private or personally-identifiable information of its users.  Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request.

11

Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and tangible things, including but not limited to user manuals, electronic records, website materials, drawings, sketches, photographs, or video recordings, constituting, discussing, disclosing, referring or relating to any customer recommendation feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com

reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, and tangible things, including but not limited to user manuals, electronic records, website materials, drawings, sketches, photographs, or video recordings, constituting, discussing, disclosing, referring to or relating to prior art to the '370 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

All opinions, studies, analyses, reports or other examinations of the '370 patent, including any opinions of counsel, whether formal or informal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Amazon.com objects to this request to the extent that it calls for the production of

13

information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Amazon.com will not produce any opinion letter(s) unless and until it decides to assert an advice of counsel defense to any charge of willful infringement. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 13:**

All marketing plans, studies, or reports relating to or commenting on customer recommendation features, including all draft plans or studies, all supporting documents for such plans, all documents concerning marketing practices and implementation of such plans, studies, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation features," as vague and ambiguous, unduly

burdensome, and overbroad in both time and scope. Amazon.com also specifically objects to the undefined term "marketing practices" as vague and ambiguous. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 14:

All documents that refer, reflect or relate to the effectiveness or ineffectiveness of Amazon's customer recommendation features including but not limited to documents that refer, reflect or relate to Amazon's ability to determine whether a purchase was made as a result of a customer recommendation feature.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to

15

disclose private or personally-identifiable information of its users. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 15:

All documents constituting, disclosing, referring to or relating to the use of each of Amazon's customer recommendation features as a method of promoting or advertising products that Amazon offers for sale.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections,

16

Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 16:

All documents constituting, disclosing, referring to or relating to any communications with actual or potential investors in Amazon regarding customer recommendation features.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16.

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation features," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com also specifically objects to the undefined term "investors" as vague and ambiguous.  Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant

to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 17:**

All documents constituting, disclosing, referring to or relating to any communications with actual or potential investors in Amazon regarding or relating in any way to the '370 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the undefined term "investors" as vague and ambiguous. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com also objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 18:**

All documents constituting, disclosing, referring to, or relating to any communications or

meetings with investment advisors, brokerage firms, or stock analysts regarding or relating in any way to the '370 patent or Cendant Publishing, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the undefined term "investment advisors" as vague and ambiguous. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com also objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 19:**

The most current organizational chart for Amazon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19.**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other

applicable privilege. Amazon.com further objects to this request as overbroad to the extent it calls for an organizational chart of the entire company. Amazon.com further objects to this request as seeking Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 20:**

All documents compromising, relating to and/or referring to strategic planning reports related to Amazon's customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation features," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also specifically objects to the undefined term "strategic planning reports" as vague and ambiguous. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged

documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 21:**

All manuals, handbooks, pamphlets, references or instructions for Amazon's employees, clients, potential clients, customers, or potential customers that describe or refer to the operation of any customer recommendation feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com also specifically objects to the undefined terms "clients" and potential clients" as vague and ambiguous.  Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users.  Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request.

Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 22:**

For each customer recommendation feature, produce documents sufficient to ascertain the process by which the proper recommendations are determined and made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also specifically objects to the undefined terms "proper" as vague and ambiguous and unintelligible. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com also objects to the request to the extent it seeks documents that are not in the possession, custody or control of Amazon.com. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com

reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 23:**

      For each database queried by any customer recommendation feature, produce an electronic or computer readable copy of the software components.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

      Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com also specifically objects to the undefined term "software components" of a database as vague and ambiguous and unintelligible.  Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

      Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request.  Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 24:**

      For each database queried by any customer recommendation feature, produce documents sufficient to ascertain the process by which that database is queried and maintained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

      Amazon.com objects to this request to the extent that it calls for the production of

information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the phrase "the process by which that database is queried and maintained" as vague and ambiguous. Amazon.com also specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com specifically objects to this request to the extent to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 25:**

All documents that refer to, relate to, support or conflict with Amazon's contention that the '370 patent is invalid for any reason.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what

documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that refer to, relate to, support or conflict with Amazon's contentions regarding the level of ordinary skill in the art at the time of the invention for each claim of the '370 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26.**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the

protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 27:

All documents that refer to, relate to, support or conflict with Amazon's contention that it does not infringe the '370 patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27.

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 28:

All documents that refer to, relate to, support or conflict with Amazon's contention that the '370 patent is unenforceable.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28.

Amazon.com objects to this request to the extent that it calls for the production of

information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com objects to this request to the extent that it requires construction of claim terms of the '370 Patent in order to determine what documents are being requested. The Court has not yet rendered its claim construction, and consequently, such requests are premature.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 29:

Reports of all searches for prior art to the '370 patent conducted by or on behalf of Amazon, its attorneys, or representatives, or any third party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29.

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to this request to the extent it calls for information outside of its possession, custody or control.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request.

27

Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to or describing customer interest, feedback or comments on customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.  Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to any patent application or issued patent owned by Amazon.com

or any of its employees concerning customer recommendation features, including but not limited to the "Customers Who Bought This Book Also Bought" feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com specifically objects to the term "Customers who bought this book also bought..." feature as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com also objects to the extent the request calls for information outside of its possession, custody or control.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 32:**

All documents provided to or received by any expert retained by Amazon in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other

applicable privilege. Amazon.com further objects to this request to the extent it seeks

Amazon.com's confidential and/or proprietary information. Amazon.com also objects to this

request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.

Subject to and without waiving the foregoing General and Specific Objections,

Amazon.com responds that it will produce existing, responsive, relevant, non-privileged

documents or things in its possession, custody or control that it is able to identify after a diligent

search and that disclose what Amazom.com understands is called for by the request.

Amazon.com will only produce its confidential and/or proprietary documents subject to the

protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant

to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com

reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 33:**

Screen shots for each Amazon web page, reflecting or incorporating customer

recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Amazon.com objects to this request to the extent that it calls for the production of

information protected by the attorney-client privilege, work product doctrine, or any other

applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly

burdensome and overbroad in both time and scope. Amazon.com does not intend to search for or

collect incidentally made screen shots. Amazon.com objects to the request to the extent it seeks

discovery in a form not regularly maintained by Amazon.com; Amazon.com will not prepare

screen shots of its web site to respond to this request. Amazon.com further objects that

documents called for by this request are equally available to plaintiff. Amazon.com specifically

objects to the defined term "customer recommendation feature," as vague and ambiguous,

unduly burdensome, and overbroad in both time and scope.

Subject to and without waiving the foregoing General and Specific Objections,

Amazon.com responds that it will produce existing, responsive, relevant, non-privileged

documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 34:**

An electronic or computer readable copy of any customer recommendation feature designed, developed, implemented or operated by Amazon.

**RESPONSE REQUEST FOR PRODUCTION NO. 34:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.  Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope.  Amazon.com also specifically objects to the phrase "computer readable copy of any customer recommendation feature" as vague and ambiguous. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order.  Amazon.com will only produce its source code and similar information pursuant to a Stipulated Protective Order.  Investigation and discovery are ongoing,

and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 35:**

A copy of the source code of any customer recommendation feature designed, developed, implemented, operated by Amazon or which Amazon is aware of, in human readable form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its source code pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 36:**

Copies of all Amazon's document retention policies or procedures from 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com further objects to this request

to the extent it seeks Amazon.com's confidential and/or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 37:**

All documents compromising, relating to or referring to any license agreements between Amazon and any third party relating to any customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com specifically objects to this request to the extent that it seeks documents that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent

33

search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 38:

All annual reports, SEC filings or other filings with a government agency for the period September 1997 to present that refer to or discuss any customer recommendation features, any intellectual property disputes, litigation or licensing or the Plaintiffs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com objects to the request to the extent it seeks publicly available information readily available to plaintiff.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. To the extent applicable to the discovery sought by this request, Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 39:

All documents relating to royalties or other fees paid for the use or licensing of customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com specifically objects to this request to the extent that it purports to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com specifically objects to this request to the extent that it seeks documents that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to the terms of any settlements between Amazon and any third party of any claim relating to any customer recommendation features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Amazon.com objects to this request to the extent that it calls for the production of

information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope. Amazon.com specifically objects to the defined term "customer recommendation feature," as vague and ambiguous, unduly burdensome, and overbroad in both time and scope. Amazon.com also specifically objects to the undefined term "settlement" as vague and ambiguous. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com specifically objects to this request to the extent that it seeks documents that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.

Subject to and without waiving the foregoing General and Specific Objections, Amazon.com responds that it will produce existing, responsive, relevant, non-privileged documents or things in its possession, custody or control that it is able to identify after a diligent search and that disclose what Amazom.com understands is called for by the request. Amazon.com will only produce its confidential and/or proprietary documents subject to the protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant to a Stipulated Protective Order. Investigation and discovery are ongoing, and Amazon.com reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 41.**

All documents which relate to or evidence the date on which Amazon implemented the "Customers who bought this book also bought..." feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Amazon.com objects to this request to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Amazon.com further objects to this request to the extent it seeks Amazon.com's confidential and/or proprietary information. Amazon.com also objects to this request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.

Amazon.com specifically objects to the term "Customers who bought this book also bought..."
feature as vague and ambiguous, unduly burdensome and overbroad in both time and scope.

Subject to and without waiving the foregoing General and Specific Objections,
Amazon.com responds that it will produce existing, responsive, relevant, non-privileged
documents or things in its possession, custody or control that it is able to identify after a diligent
search and that disclose what Amazom.com understands is called for by the request.
Amazon.com will only produce its confidential and/or proprietary documents subject to the
protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant
to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com
reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating in any way to the conception or reduction to practice of any patent
owned, licensed or assigned to Amazon which Amazon contends the "customers who bought this
book also bought..." feature reads on.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Amazon.com objects to this request to the extent that it calls for the production of
information protected by the attorney-client privilege, work product doctrine, or any other
applicable privilege.  Amazon.com further objects to this request to the extent it seeks
Amazon.com's confidential and/or proprietary information.  Amazon.com also objects to this
request as vague and ambiguous, unduly burdensome and overbroad in both time and scope.
Amazon.com specifically objects to the term "Customers who bought this book also bought..."
feature as vague and ambiguous, unduly burdensome and overbroad in both time and scope.
Amazon.com also objects to the extent the request calls for information from third parties or
outside of its possession, custody or control.

Subject to and without waiving the foregoing General and Specific Objections,
Amazon.com responds that it will produce existing, responsive, relevant, non-privileged
documents or things in its possession, custody or control that it is able to identify after a diligent

37

search and that disclose what Amazom.com understands is called for by the request.

Amazon.com will only produce its confidential and/or proprietary documents subject to the

protections afforded in Del. L.R. 26.2, which the parties have agreed to follow, and/or pursuant

to a Stipulated Protective Order.  Investigation and discovery are ongoing, and Amazon.com

reserves the right to supplement its response to this request as appropriate.


Dated:  January 9, 2005

_____

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy Bjerknes
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

*and*

Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 571-6600
Attorneys for Defendant AMAZON.COM, INC.

38

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2006, the attached **DEFENDANT AMAZON.COM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS** was served upon the below named counsel of record at the address and in the manner indicated:

Steven J. Balick (I.D. #2403)                          <u>Via U.S. Mail and E-mail</u>
sbalick@ashby-geddes.com
John G. Day (I.D. #2114)
jday@ashby-geddes.com
**Ashby & Geddes**
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Steven Lieberman                                          <u>Via E-mail</u>
slieberman@rfem.com
Elizabeth A. Leff
eleff@rfem.com
Brian Rosenbloom
brosenbl@rfem.com
C. Nichole Gifford
ngifford@rfem.com
**Rothwell, Figg, Ernst & Manbeck, P.C.**
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

_____
Wendy L. Bjerknes

23984/00403/LIT/1241036.11

39