IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | C.A. No. 05-00414-JJF |
| AMAZON.COM, INC., and A9.COM, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>CENDANT CORPORATION, TRILEGIANT CORPORATION, ORBITZ, LLC, ORBITZ, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC.,<br><br>        Defendants. | C.A. No. 06-00041-JJF |

**AMAZON.COM, INC. AND A9.COM, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO CONSOLIDATE**

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Dated: February 24, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
*msquire@ycst.com*

*Attorneys for Defendant/Plaintiffs
AMAZON.COM, INC. and A9.COM, INC.*

# TABLE OF CONTENTS

**Page**(s)

I.   STATEMENT OF THE NATURE AND STAGE OF THE
     PROCEEDINGS ................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 3

     A.   Consolidation Will Serve the Interests of Fairness and Judicial
          Economy that Cendant Advocates ............................................................ 3

     B.   Consolidation Will Not Unduly Delay Proceedings in Either Case .......... 5

     C.   Consolidation Will Not Unfairly Prejudice Cendant ................................. 7

III. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Applied Materials v. Advanced Semiconductor Materials America Inc.*,
   1994 U.S. Dist. LEXIS 17569 (N.D. Cal. April 19, 1994) ........................................ 9

*Cedars-Sinai Medical Center v. Revlon, Inc.*,
   111 F.R.D. 24, 33 (D. Del. 1986) .............................................................................. 6

*Dentsply Int. v. Kerr Mfg. Co.*,
   734 F. Supp. 656 (D. Del. 1990) ........................................................................... 7, 8

*In re Chambers Development Co., Inc.*,
   148 F.3d 214 (3rd Cir. 1998) ................................................................................ 5, 8

*Internet Law Library v. Southridge Capital Management LLC*,
   208 F.R.D. 59 (S.D.N.Y 2002) ................................................................................. 6

*Liqui-Box Corp. v. Reid Valve Co., Inc.*,
   1989 U.S. Dist. LEXIS 17189 (W.D. Pa. September 15, 1989) ............................... 9

*Montrose Med. Group Participating Sav. Plan v. Bulger*,
   243 F.3d 773 (3d Cir. 2001) ...................................................................................... 5

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................................. 5, 8

*Rohm & Haas Co. v. Mobil Oil Corp.*,
   525 F. Supp. 1298 (D. Del. 1981) .......................................................................... 6, 7

*Syngenta Seeds, Inc v. Monsanto Co.*,
   2004 U.S. Dist. LEXIS 17821 (D. Del. Aug. 27, 2004) ........................................... 7

**STATUTES**

Federal Rule of Civil Procedure 42(a) .......................................................................... 6, 8

DB02:5186343.1                                                                                                          063675.1002

Amazon.com, Inc. and A9.com, Inc. (collectively "Amazon") submit this reply in support of their Motion to Consolidate and in response to the Answering Brief in Opposition to Amazon.com's Motion for Consolidation filed by CD Intellectual Property Holdings, LLC ("CD"), Cendant Corporation, and its subsidiaries Trilegiant Corporation, Orbitz, LLC, Orbitz, Inc., Budget Rent A Car System, Inc., Avis Rent A Car System, Inc. (collectively "Cendant").

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Having persuaded the Washington court to transfer Amazon.com and A9.com's action against Cendant (the "Amazon Action") to this district to facilitate consolidation with CD's Delaware action against Amazon.com (the "Cendant Action"), Cendant now claims it never advocated consolidation of the two cases, or if it did, it did not mean it. *See* Answering Brief in Opposition to Amazon.com's Motion for Consolidation ("Opp. Brief") at 5 and n.3. Although it presently opposes consolidation on the ground that the two cases are so dissimilar that combining them would prejudice Cendant and confuse a jury, Cendant did not hesitate to argue exactly the opposite in its motion to transfer the Amazon Action to this district, including the following:

- "[T]here is considerable overlap between the issues, witnesses, and technology [in the two cases]." *See* Pasahow Decl. ¶ 3, Ex. A at 9.

- "Both actions involve patents designed to recommend customized goods and services to Internet customers." *Id.*

- "[B]oth actions will also require testimony from many of the same witnesses." *Id.*

- "[T]he pendency in Delaware of related patent litigation involving substantially the same parties and similar subject matter is yet another reason why this action should be transferred to the District of Delaware." *Id.* at 10.

- "[I]t would be a more efficient use of judicial resources to have one court 'get up to speed' on the technology involved in both actions than two courts." *Id.*

1

- "[I]t makes sense for only one judge to construe the parties' patent claims so that there is no risk of inconsistent interpretations by another court." *Id.* Ex. B at 5.

- "Secondly, discovery issues. It's important, I think, Your Honor, to have consistency in the approach to various issues by the parties. The parties should not be taking a very constrictive approach in one case and seeking broad discovery in another. I think that can best be handled by having all of the cases in one court before one judge, rather than the possibility of having a different approach taken to similar issues in the two cases." *Id.* Ex. C at 10.

- "And I think that certainly when we come to the issue of trial it would be much more efficient to have these issues, with the same parties and essentially the same patents, all directed at the same subject matter, just tried once instead of twice, as would be the case if these cases continue to go in separate courts." *Id.* at 11.

Cendant is not free to simply retract these statements now, particularly where they were relied upon by the Washington court as a basis for ordering transfer of the Amazon Action to this district. As the Washington court stated:

> "[T]he cases both concern software patents which relate to internet commerce, and are similar enough that they should be considered by the same court in order to conserve judicial resources and to prevent inconsistent rulings." Pasahow Decl., Ex. D at 6.
>
> "Transfer will also promote judicial economy in that it will facilitate consolidation and settlement." *Id.* at 7.

Indeed, the benefits of consolidation previously advocated by Cendant outweigh the speculative claims of prejudice and delay it now asserts. The Amazon Action and the Cendant Action were filed within days of each other, and proceedings in both actions are still at an early stage. The delay to the Cendant Action, if any, that would result from consolidation with the Amazon Action would be minimal, as no schedule has been set for discovery, claim construction or trial. Moreover, the supposed prejudice that Cendant claims would result from combining the cases for trial is highly unlikely in view of what Cendant has described as the substantial overlap in the subject matter of the two cases,

2

which, as Cendant has argued, makes it "much more efficient" to have the two cases "just tried once instead of twice." *See* Pasahow Decl., Ex. C at 11.

## II. ARGUMENT

### A. Consolidation Will Serve the Interests of Fairness and Judicial Economy that Cendant Advocates

Cendant insists that its prior advocacy for "one court" or "one judge" handling discovery, claim construction and trial was intended merely as an argument in favor having a single judge handle two separate cases in the same district. Of course, as the record makes clear, Cendant actually and explicitly argued for a *uniform discovery plan*, a *single Markman hearing* and a *single trial* of all issues on all patents at issue in both cases. *See* Pasahow Decl., ¶ 5, Ex. C at 10-11. However, even if one were to credit Cendant's revisionist explanation of its prior position, the interests of coordination, consistency and efficiency that Cendant *admits* it *did* advocate in support of transferring the Amazon Action to this district can best be served by consolidating the two cases now that transfer has been accomplished.

If, as Cendant argued, one judge should coordinate the scope of discovery available to the parties in the two cases, decide all claim construction issues in a single *Markman* hearing, and conduct a single trial with "the same parties and essentially the same patents, all directed at the same subject matter," why should the cases *not* be consolidated for these purposes? Proceedings in the two cases can be most efficiently coordinated if there is a single action. The documents, witnesses, issues and arguments that Cendant earlier insisted gave rise to "considerable overlap" between the two cases, could be most effectively presented to the court once in a single action rather than twice in two separate actions.

3

Cendant now disputes the effectiveness of consolidation, in part, on the ground that there is insufficient overlap between the subject matter of the two cases. Cendant's present arguments about the dissimilarities between the patents at issue in the Amazon Action and in the Cendant Action must be disregarded. *See* Opp. Brief at 9-10. When it suited its purposes, Cendant strenuously argued that the patents in the two cases covered substantially similar subject matter:

> Now, what do we have in this case? First of all, in Delaware the '370 patent, as I indicated, was *a patent based upon this recommendation procedure, and it's a patent that relates to doing business on the Internet.*
>
> *The '141 patent in this suit is another patent that relates to doing business on the Internet, and that patent also has a recommendation procedure.* In that patent the recommendation is made by an affiliate who will recommend products or services of the company that they are an affiliate for, so again there's a recommendation that will steer the Internet customer to goods and services of the patentee.
>
> Then there's the – in addition there's *the '399 patent, which is on a way of protecting your credit card number; the '079 patent, which is on a -- just a shopping cart, another method of facilitating business on the Internet* so that when you make your purchases it facilitates making more than one purchase or more than one selection during a particular session.
>
> *The '609 patent directs a customer to the areas which will be of particular interest to that customer based upon buying patterns, and buying patterns is connected with the basic recommendation procedure of the '370 patent, because that's what it's based upon.* It's based upon buying patterns of other people who bought the same book that you did, and then it directs you to those other things.
>
> So basically what these patents are all related to is doing business over the Internet where a customer logs in, has a chance to select from various items which are offered by the seller, and is directed in one way or another to items which might have most interest to him, *so there's a lot of similarity between these various patents, particularly with regard to the recommendation method and particularly with regard to the buying patterns, which is part of the '370 patents, and also it's a specific part of the '609 patent, which is a browse graph, and basically the browse graph simply directs you to areas that you*

> *would be interested in based upon the initial selections you make when you enter the website of the company that's doing the selling.*
>
> *So there is a whole lot of similarity between these various cases and the patents at issue, Your Honor.*

Pasahow Decl. ¶ 5, Ex. C at 7-9 (emphasis added).  Having prevailed in the Western District of Washington advocating the similarity of the actions, Cendant should be estopped from arguing the opposite to defeat consolidation.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"); *see also In re Chambers Development Co., Inc.*, 148 F.3d 214, 229 (3rd Cir. 1998) (estoppel is "designed to prevent litigants from playing fast and loose with the courts").[1]

### B.    Consolidation Will Not Unduly Delay Proceedings in Either Case

Although Cendant admits that coordination, at least, of discovery, claim construction and trial between the two cases is desirable, it now contends that if such coordination were to be accomplished by consolidating the Amazon Action and the Cendant Action, Cendant's case would suffer prejudicial delay.  Opp. Brief at 11-13.

---

[1] The doctrine of estoppel does not apply to Amazon here.  The arguments Amazon made in opposition to transfer of its case to this district were rejected by the Washington court.  Conversely, Cendant's arguments were adopted.  *See New Hampshire v. Maine*, 532 U.S. at 750-51 (noting that there is little threat to judicial integrity if there was no success in the prior proceeding); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3d Cir. 2001) (finding judicial estoppel does not apply where earlier statements were not accepted or adopted by the court).

Cendant's newly-discovered concerns about delay are unfounded. The Amazon Action and the Cendant Action were filed nearly simultaneously, and both are at an early stage of proceedings. No schedule has been entered in either case, and no dates have been set or agreed upon for the completion of discovery, a *Markman* hearing or trial. Although some discovery has begun in the Cendant Action, this has been limited to written discovery and document production; no depositions have been taken. *See Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24, 33 (D. Del. 1986) (granting consolidation where discovery in the first case was not far advanced and depositions not complete); *Internet Law Library v. Southridge Capital Management LLC*, 208 F.R.D. 59, 62 (S.D.N.Y 2002) (consolidating cases even where discovery in one action had proceeded for eight months and had not commenced in the other action).

Cendant claims that "CD's one-patent case is bound to move more quickly than a consolidated, five-patent case simply because of its more limited scope." Opp. Brief at 11. However, the interests of judicial economy and convenience that Rule 42(a) is intended to promote cannot be evaluated by considering the Cendant Action in a vacuum. The issue is not whether one case would proceed more quickly on its own, but rather whether the combined action on balance could be more effectively administered – for the parties, witnesses and the court – than the component actions separately. *See Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981) (ordering consolidation of patent cases involving overlapping technology despite objection that

6

doing so would delay an early trial of the first filed case involving only one patent).[2] Cendant does not address this issue.

Cendant argues that "[w]hen consolidation would 'significantly delay' resolution of one or both cases, consolidation should be denied." Opp. Brief at 11. However, the cases Cendant cites to support this argument are distinguishable; all of them considered and rejected consolidation where one of the cases proposed to be consolidated was much farther along than the other. For example, in *Dentsply Int. v. Kerr Mfg. Co.*, 734 F. Supp. 656 (D. Del. 1990), consolidation was sought nearly a year after the first case was filed and only a few months before trial of that case was set to begin. *Id.* at 657-58. Likewise, in *Syngenta Seeds, Inc v. Monsanto Co.*, 2004 U.S. Dist. LEXIS 17821, at *5 (D. Del. Aug. 27, 2004), consolidation was denied because discovery had been completed in the first case and that case had been set for trial. *Id.* at *8. These circumstances do not exist here.

### C. Consolidation Will Not Unfairly Prejudice Cendant

Cendant argues that because combining the Amazon Action and the Cendant Action will increase the number of patents at issue and require it to prosecute and defend

---

[2] In *Rohm & Haas*, the first filed action involved a single patent. Later, Mobile filed a separate action against Rohm & Haas alleging infringement of three patents related to the patent-at-issue in the first suit and Rohm & Haas counterclaimed for infringement of two of its patents. *Id.* at 1309. Even though all five patents in the second action were in reissue proceedings in the PTO, the district court rejected Mobile's argument that consolidation would unnecessarily delay an early trial in the first action. *Id.* The court noted that discovery in the first action was still open and active and the case was not ready for trial. Because the cases involved overlapping technology, witnesses, and evidence, the court found that consolidation served the interests of judicial economy. *Id.* at 1310. "There is little logic in forcing the Court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions, in preparation for two separate trials." *Id.*

patent claims in the same action, consolidation of the two cases would be prejudicial to Cendant.[3] Opp. Brief at 12. Cendant is conspicuously vague about the nature of the supposed prejudice, pointing only to the fact that Amazon's case-in-chief might be longer than Cendant's case-in-chief and the prospect of a jury having to consider multiple patents. Opp. Brief at 12-13. If consolidation were deemed prejudicial merely because it required the parties to adjust their trial strategies, as Cendant suggests, consolidation would rarely be ordered. Moreover, in view of the "considerable overlap" Cendant has claimed between the patents at issue, the fact that more than one patent will be tried does not in itself pose a risk of confusing the jury.

Rule 42(a) requires the Court to consider whether the risk of prejudice outweighs the benefit of consolidation. Here, Cendant has previously argued the benefits of consolidation, particularly for purposes of trial:

> And I think that certainly when we come to the issue of trial it would be much more efficient to have these issues, with the same parties and essentially the same patents, all directed at the same subject matter, just tried once instead of twice, as would be the case if these cases continue to go in separate courts.

Pasahow Decl. ¶ 5, Ex. C at 11. Given its prior position, Cendant's present vague and speculative complaints about prejudice should not be credited. *See Dentsply*, 734 F. Supp. at 660 (finding that party's "prior position on the overlapping nature of the evidence undermines its present argument about jury confusion."); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (holding that a party is estopped from making arguments contrary to prior position); *In re Chambers Development Co., Inc.*,

---

[3] Because Amazon has asserted counterclaims against CD in the Cendant Action, CD is already both a plaintiff and a defendant in that action.

148 F.3d 214, 229 (3rd Cir. 1998) (same).

The cases Cendant cites, *Applied Materials v. Advanced Semiconductor Materials America Inc.*, 1994 U.S. Dist. LEXIS 17569 (N.D. Cal. April 19, 1994), and *Liqui-Box Corp. v. Reid Valve Co., Inc.*, 1989 U.S. Dist. LEXIS 17189 (W.D. Pa. September 15, 1989), are distinguishable, in that they considered consolidation of cases with few or no common issues of law or fact and at very different stages of preparation. Cendant has identified no comparable prejudice, and certainly no prejudice that would outweigh the substantial benefits it has previously claimed would result from consolidation.

## III. CONCLUSION

For all the reasons stated above, Amazon respectfully requests that the Court exercise its broad discretion under Rule 42(a) and order the consolidation of Civil Action No. 05-00414 (JJF) and Civil Action No. 06-00041 (JJF) for all purposes, including trial.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

OF COUNSEL:

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Dated: February 24, 2006

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
(302) 571-6600

*Attorneys for Defendant/Plaintiffs*
*AMAZON.COM, INC. and A9.COM, INC.*

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on February 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esq.
> ASHBY & GEDDES
> 222 Delaware Ave.
> P.O. Box 1150
> Wilmington, DE 19899
> sbalick@ashby-geddes.com

I further certify that I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS & E-MAIL**

Douglas E. Olson, Esq.
*dougolson@paulhastings.com*
Stephen S. Korniczky, Esq.
*stevekorniczky@paulhastings.com*
James V. Fazio, III, Esq.
*jamesfazio@paulhasting.com*
PAUL, HASTINGS, JANOFSKY
  & WALKER, LLP
3579 Valley Center Drive
San Diego, CA 92130

Steve Lieberman, Esq.
*slieberman@rfem.com*
ROTHWELL, FIGG, ERNST
  & MANBECK, PC
1425 K Street, NW, Suite 800
Washington, D.C. 20005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendant*