IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | C.A. No. 05-00414 (JJF) |

**DEFENDANT AMAZON.COM, INC.'S ANSWER IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                  Josy W. Ingersoll (I.D. # 1088)
                                  John W. Shaw (I.D. # 3362)
                                  Karen E. Keller (I.D. # 4489)
                                  Monté T. Squire (I.D. #4764)
                                  The Brandywine Building, 17th Floor
                                  1000 West Street
                                  Wilmington, Delaware 19899-0391
                                  (302) 571-6600
                                  *Attorneys for Defendant Amazon.com, Inc.*

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

Dated: March 2, 2006

I.  **INTRODUCTION**

Plaintiff, CD Intellectual Property Holdings, LLC ("CD"), moved to compel: (1) production of source code and other highly confidential documents without the additional protections needed to preclude misuse of this material, and (2) discovery on a broad range of features of the Amazon.com website even though those features are not and cannot possibly be accused of patent infringement. The motion should be denied.

II.  **ARGUMENT**

A.  **Additional Protection for Amazon's Source Code and Highly Confidential Materials Is Needed**

Amazon.com, Inc. ("Amazon") tried for months to get Plaintiff to agree to a reasonable Stipulated Protective Order. Ex. 1. This was of the utmost importance to Amazon for two reasons. First and most important, disclosure of Amazon's source code creates a huge security risk, especially since Amazon agreed to produce its source code in electronic, native form. Second, the documents could be misused by CD in its continuing prosecution of related patents.

   1.  The Court's Default Standard Recognizes Local Rule 26.2 Does Not Provide Adequate Protection For Amazon's Source Code

In the wrong hands, possession of source code could render the extremely confidential information that Amazon holds, including customer credit card information and website functionality, vulnerable to attack. Amazon is in a unique position as a target to such attacks, and therefore, it must take all reasonable precautions to avoid them, not only to protect its operations, but also the confidential information and trust of its customers. Therefore, stringent protections must be in place and subject to contempt proceedings before Amazon should have to disclose source code.

Remarkably, Plaintiff battled over each of the protective order provisions requested by Amazon, even though they were directly taken from the "Default Standard for Access to Source Code." Ex. 2 (Default Standard for Access to Source Code). In any event, through many letters and multiple meet and confer conferences, the parties reached agreement in principle today on a Stipulated Protective Order that protects source code. All that is required to resolve this issue entry of the Stipulated Protective Order.

Amazon pursued agreement rather than unnecessary motion practice, and it should not be punished and left unprotected because CD routinely rejected reasonable provisions and instead filed this motion.

        2.        Plaintiff's Litigation Counsel Is Prosecuting Continuation Patent Applications of the Patent-in-suit, Which Justifies Limiting Access to the Confidential Information Amazon Produces In Discovery

Plaintiff's litigation counsel is also its patent prosecution counsel for pending patent applications related to the patent-in-suit. Therefore, the only way to avoid putting information in the mind of CD's counsel that necessarily will influence their prosecution of future patents is to bar counsel and others who have seen Amazon's highly confidential documents from prosecuting patents related to the patent-in-suit. Yet, Plaintiff's counsel repeatedly refused to agree to this, even after they were made aware of many cases restricting counsel from prosecuting patents in such circumstances. Ex. 1 at 44 and 55 *citing e.g. In re Papst Licensing, GmbH, Patent Litig.*, 2000 U.S. Dist. LEXIS 6374, at *15 (E.D. La. 2000) (Holding "it is clear that the advice and participation of counsel in preparation and prosecution of patent applications related to the patents in suit…would be informed by access to…confidential information. Counsel's ability to file new claims in existing and pending patents…poses an unacceptable opportunity for inadvertent disclosure and misuse."); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, at *8 (D. Del. 1994) (barring counsel from prosecuting of patent applications relating to the "subject matter of the patent in suit"). So long as Plaintiff's counsel would not agree to restrict itself from providing patent prosecution advice with respect to related patent applications, Amazon could not disclose these documents and LR 26.2 did not sufficiently protect them. Here too, after much compromise by Amazon, the parties are finally in agreement in principle with respect to this, and the issue is moot.

    **B.**    **CD's "Customer Recommendation Feature" Definition Seeks Discovery On Issues A Prior Decision On Appeal Specifically Found Were Outside The Scope Of The Patent-in-suit**

CD seeks discovery on "any system or method to recommend a customer or potential customer items that he or she may be interested in based on the purchasing history of other customers." Ex. 3 at 4 and Ex. 4 at 5 (definition of term "customer recommendation feature"). Merely making-up a definition

does not entitle CD to discovery on all that comes within it, however. The patent-in-suit determines the scope of permissible discovery. CD fought and lost on appeal in the Patent and Trademark Office ("PTO") that it could claim the scope of the patent-in-suit was this broad. Its discovery motion, therefore, asks the Court to allow abusive and burdensome discovery on matters the PTO specifically found could not be claimed in the patent-in-suit. Moreover, presumably because of these obvious limits on the scope of its patent, CD has never claimed Amazon's Customer Recommendation Features infringe.

During the prosecution of the patent-in-suit, an appeal board decision affirmed the rejection of some claims and reversed the rejection of others. The deciding factor between the two sets was the inclusion of the claim element "receiving customer commands specifying a particular good or service to be used as filter data." All allowed claims had to contain this claim element in some form. *See* Ex. 5 (PTO appeal decision at 8–9); Ex. 6 ('370 Patent). If this element was not included, the PTO's appeal board made clear no valid patent claim could be made. Through CD's definition of "Customer Recommendation Feature," it seeks discovery on that which it could not patent — conspicuously omitting any limit to features "receiving customer commands specifying a particular good or service to be used as filter data." CD overreaches, and the Court should deny its motion.

A reasonable scope of discovery exists, and Amazon has repeatedly proposed it to CD. Significantly, the Amazon website is publicly available. Plaintiff needs no discovery from Amazon to detail its infringement contentions on what features on its website allegedly receive customer commands or what good or service they allegedly specify. CD's claim that it needs this discovery to determine how the recommendation is made in order to determine whether it potentially infringes is incorrect and does not justify its overreaching discovery requests.

Amazon sought from CD its infringement contentions and agreed to provide discovery on features CD specifically accuses as within the scope of its claims with a claim chart, as is standard in patent cases. Ex. 7. CD refused to make out its infringement contentions and has only identified one feature at a general level. *Id.;* Ex. 8 (CD's Response to Interrogatory No. 1). Amazon is providing discovery about that feature. CD's overbroad discovery request sweeps in features which it neither has nor can contend validly infringe any claim of the patent-in-suit. It plainly seeks a huge and burdensome

3

amount of irrelevant discovery. The Rules do not allow discovery on irrelevant matters absent good cause. Federal Rule of Civil Procedure ("FRCP") 26(b)(1); FRCP 26(b)(1) Advisory Committee Note (2000) (discovery related to the "subject matter" of the lawsuit was purposely restricted because such requests too often "sweep far beyond the claims and defenses of the parties"); *Ardolino v. Metro. Life Ins. Co.*, Civ. No. 00-12115-DPW, 2001 U.S. Dist. LEXIS 14318, at *5 (D. Mass. 2001) ("Absent good cause, discovery is limited to information relevant to 'the claim or defense of any party.'"). That is no different for patent cases, and CD has not shown good cause. *See e.g., Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1030 (5th Cir. 1983) (denial of discovery that would merely amount to a fishing expedition and would unduly harass defendant was proper); *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004) ("open-ended fishing expeditions will not be tolerated"). In short, as the *Plaintiff*, CD must determine what features it alleges infringe, accuse them, and only then should it get discovery regarding them. That is only fair, and it is what FRCP 26 contemplates as the proper scope of discovery. CD's request for discovery beyond that is unjustified and unduly burdensome. The Court should reject it.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny the motion to compel.

Dated: March 2, 2006    Respectfully submitted,

By: _____
John W. Shaw (I.D. # 3362)
Monté T. Squire (I.D. #4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone: (302) 571-6600
*Attorney for Defendant Amazon.com, Inc.*

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on March 2, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on March 2, 2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID# 4489)
>Monté T. Squire (ID# 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>Telephone: (302) 571-6600
>msquire@ycst.com
>
>Attorneys for Defendant

DB01:1629996.1