# EXHIBIT 1

## Wendy Bjerknes

| | |
|---|---|
| **From:** | Wendy Bjerknes |
| **Sent:** | Monday, December 19, 2005 4:09 PM |
| **To:** | 'Elizabeth A. Leff' |
| **Cc:** | Lynn Pasahow; 'jshaw@ycst.com' |
| **Subject:** | Cendant Publishing, Inc. v. Amazon |

Dear Elizabeth:
We propose the parties exchange electronic documents in Tiff format with document breaks identified.   We will consider producing source code in another format, but only if a Protective Order is in place that provides stringent protections.
Thanks,
Wendy

1

Exhibit 1
Page 1



**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

December 21, 2005

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

      Re: *Cendant Publishing, Inc. v. Amazon.com, Inc.*

Dear Elizabeth:

I am responding to your second letter of yesterday. While I appreciate your counterproposal to produce electronic documents in PDF format rather than TIFF format, we strongly prefer to produce documents in TIFF. We find it is much easier to work with TIFF for larger scale productions, particularly for scanning and database purposes. Since Amazon.com seems likely to produce more documents in this case than Plaintiff (Plaintiff's Initial Disclosures did not identify a single category of documents in its own possession, custody or control) and I understand it is possible to convert documents from TIFF to PDF if you prefer that format, it seems reasonable to agree on producing documents in TIFF format with document breaks identified.

Since you also represent Charles Stack and Adam Wallace, we hope to agree to the same format for their production as well.

Thank you for sending a sample Protective Order. We are in the process of reviewing it. Would you please send a version of it in Word, so that we can redline our proposed changes and return them to you? One immediate comment is that Amazon.com will agree to provide a single copy of its own source code in ASCII format only if it produced on a secured laptop that is password protected. The source code may not be printed or copied without prior agreement and the secured laptop may not have printing or copying capabilities. Access to the code must be restricted to identified individuals from outside counsel only and is kept by an independent agent.

///

///

///

SILICON VALLEY ▪ SAN FRANCISCO

Exhibit 1
Page 2

Elizabeth A. Leff, Esq.
December 21, 2005
Page 2


As you may know, it is not just Amazon.com security that is at risk in producing this code – its customers' highly confidential information (including credit card information, etc.) can be at risk as well.  Given the extremely significant and harmful consequences any wrongful disclosure would cause, these terms must be protected and enforced through a protective order.

Sincerely,

FENWICK & WEST LLP

Wendy Bjerknes


Cc: Matthew Felton

23984/00403/LIT/1241990.1

Exhibit 1
Page 3



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

December 29, 2005

Via E-Mail

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California  94041

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | Leigh Z. Callander |
| Harry F. Manbeck, Jr | C. Nichole Gifford |
| George R. Repper | Patrick T. Skacel |
| Steven Lieberman | Monica C. Kitts |
| Joseph A. Hynds | Brian A. Tollefson |
| Elizabeth A. Leff | Joo Mee Kim* |
| Richard Wydeven | Steven M. Giovannetti |
| Martin M. Zoltick | Hyunkweon Ryu |
| Minaksi Bhatt | R. Elizabeth Brenner |
| Sharon L. Davis | Adam M. Treiber |
| Robert B. Murray | Daniel L. Shores |
| Carla C. Calcagno | Joseph E. Green |
| Jeffrey L. Ihnen | |
| Glenn E. Karta | Of Counsel |
| Martha Cassidy, Ph.D. | John A. McCahill |
| Brian S. Rosenbloom | Barbara Webb Walker, Ph.D. |

*Not Admitted in D.C.

Re: CD Publishing LLC v. Amazon.com, Inc.
Our File No.: 3339-101

Dear Wendy:

I write regarding the subpoenas served on Rothwell, Figg, Ernst & Manbeck, P.C. ("RFEM") and Vincent DeLuca on December 20, 2005.  As a result of the intervening holidays, we request an extension of the date for responding to the subpoenas to January 13, 2006, the date on which you have requested the documents to be produced.  Please let me know if you are amenable to this extension.

As you requested, I attach a copy of the protective order in Word format.  I look forward to receiving a redlined version from you in the near future.

Very truly yours,

Elizabeth A. Leff

EAL:whc
enc.
cc: Steven Balick, Esq.

Bjerknes.L08.wpd

Exhibit 1
Page 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CENDANT PUBLISHING, INC. | )<br>)<br>) Civil Action No. 05-00414 (JJF) |
| Plaintiff, | ) |
| v. | )<br>)<br>) |
| AMAZON.COM, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

STIPULATION AND PROTECTIVE ORDER

The parties to this patent case believe that the discovery process will require the disclosure by parties or third parties to another party of trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c) and that the interests of the parties and any third parties who disclose confidential information would be served by the entry of an order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of such information.

Accordingly IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1.    CONFIDENTIAL INFORMATION, as defined herein, disclosed by a plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

2.    Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number.

3.    As used herein, CONFIDENTIAL INFORMATION refers to information that a producing party claims in good faith to be its confidential business information or commercial

Exhibit 1<br>Page 5

information within the meaning of Fed. R. Civ. P. 26(c)(7). Such information may be designated as CONFIDENTIAL. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION shall include:

      a.    Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following legend:

CONFIDENTIAL<br>
SUBJECT TO PROTECTIVE ORDER

      b.    Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL INFORMATION and (ii) has instructed the court reporter prior to preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL INFORMATION; or (iii) has notified opposing counsel in writing within fourteen (14) calendar days after receiving the deposition transcript the specific page and line numbers of the deposition that contain CONFIDENTIAL INFORMATION.

    4.    Access to information designated as CONFIDENTIAL shall be limited to the following persons:

      a.    outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

      b.    Andrew Hollander, Scott McLester and Curt Stevens, stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

Exhibit 1
Page 6

c.  **[Identify 2 Amazon in-house]**, stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

d.  outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel; provided that disclosure to such experts or consultants be made only on the following conditions:

i.  Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulation And Protective Order.

ii.  No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a five (5) business day period commencing with the service by facsimile upon counsel for the producing party from the expert or consultant of a copy of the signed Agreement To Be Bound By Protective Order and curriculum vitae of the expert or consultant. During the five (5) business day period after such service, counsel for the producing party may object in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, the objecting party shall request by motion that the Court issue an order precluding the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant. In the event of the filing of any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court; and

Exhibit 1
Page 7

    e.    the Court and its authorized staff, court reporters, and the jury;

    f.    outside copying, exhibit and trial preparation services.

    5.    CONFIDENTIAL INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraph 4 and shall be disclosed only to persons specified in Paragraph 4.

    6.    If CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in a sealed envelope marked with the caption of the case and the following legend, or shall otherwise be filed under seal in accordance with the Local Rules or practices of the court in which the information is filed:

"Contains CONFIDENTIAL INFORMATION
To Be Opened Only By Or As Directed By The Court
Cendant Publishing, Inc. v. Amazon.com, Inc.
CV 05-414 JJF

In addition, any document that is to be filed with the Court and that contains CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.

    7.    If the discovery process calls for the production of information which a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall give written notice to the third party, prior to the date the discovery responses are to be served, that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Stipulation and Protective Order. When such written notice is given to the third party, the party requested to produce the information will advise the potential receiving party that such notice has been given. The third party will have 14 calendar days from receipt of the written notice in which to seek relief from the Court, if the third party so desires. If the 14 calendar days elapse without the third party seeking relief from the Court, the party requested to produce the information shall have five (5) calendar days to either seek relief

Exhibit 1
Page 8

of the Court by way of motion or produce in accordance with the terms of this Stipulation and
Protective Order the information sought.

8.    The acceptance of CONFIDENTIAL INFORMATION by the parties shall not
constitute an admission or concession or permit an inference that the CONFIDENTIAL
INFORMATION is in fact confidential.  Any receiving party may at any time request that the
designating party cancel the CONFIDENTIAL designation with respect to any document, object
or information.  Such request shall be made to counsel for the designating party, and shall
particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party
contends is not confidential and the reasons supporting its contention.  If the designating party
does not agree to remove the CONFIDENTIAL designation, then the party contending that such
documents or information are not confidential may request by motion that the Court remove such
information from the restrictions of this Order.  The burden of demonstrating that the
information is confidential shall be on the designating party.

9.    This Stipulation and Protective Order shall not prevent a party from attempting to
examine as witnesses, at depositions and at trial, persons who are not authorized to receive
CONFIDENTIAL INFORMATION, as identified herein, so long as such examination concerns
CONFIDENTIAL INFORMATION to which the witness previously had authorized access, or of
which the witness has prior knowledge, as demonstrated by foundation testimony during the
deposition or trial.  This Stipulation and Protective Order shall not prevent counsel from
examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL
INFORMATION, so long as such examination shall be in a manner that does not disclose the
details of the CONFIDENTIAL INFORMATION.  CONFIDENTIAL INFORMATION of a
producing party may be used to examine, at deposition and at trial (or other court hearing), any
person who is at the time of examination employed by or affiliated with the producing party or

Exhibit 1
Page 9

who was employed by the producing party at the time the CONFIDENTIAL INFORMATION was created.

10.     CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to paragraph 4, but may not be used for any other purpose except as expressly provided herein or by further order of the Court.  At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION under paragraph 4 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL MATERIAL is revealed, subject to any further order regarding confidentiality as this Court may enter.

11.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

12.     The disclosure by a producing party of CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 3, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than five (5) business days after such discovery, and (c) within five (5) business days of such discovery, the producing party has

Exhibit 1
Page 10

provided properly marked documents. Upon such notice, and upon receipt of properly marked

documents, the materials shall be treated as confidential and the receiving party shall return said

unmarked documents and things to the extent practicable, and shall not retain copies thereof and

shall treat information contained in said documents and things and any summaries or notes

thereof as CONFIDENTIAL INFORMATION.

13.    Should any CONFIDENTIAL INFORMATION be disclosed, through

inadvertence or otherwise, by the receiving party to any person or party not authorized under this

Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain

the return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms

of this Stipulation and Protective Order; (b) within three (3) calendar days of the discovery of

such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c)

within five (5) calendar days of the discovery of such disclosure, identify such person to the

producing party; and (d) request such person to sign the Agreement To Abide By Stipulation

And Protective Order in the form attached hereto as Exhibit A.  The executed agreement shall be

served upon counsel of record for the producing party within five (5) calendar days of its

execution by the party to whom CONFIDENTIAL INFORMATION was disclosed.

14.    Nothing in this Stipulation and Protective Order shall require disclosure of

information which counsel contends is protected from disclosure by the attorney-client privilege

or the attorney work product immunity, or where such disclosure would breach an agreement

with another to maintain such information in confidence.

15.    If information that is otherwise properly subject to a claim of attorney-client

privilege, attorney work product immunity or any other legal privilege protecting it from

discovery is inadvertently produced, the fact or circumstances of such inadvertent production

shall in no way be relied upon as a ground to support any argument that the information is no

longer subject to the privilege or immunity.  Nor shall such inadvertent production prejudice or

Exhibit 1
Page 11

otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the designating party or other person otherwise would be entitled. If a written claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, upon receipt of such written notice, such party shall promptly return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware, unless the receiving party wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced. If the party receiving the inadvertently produced material wishes to make such a challenge, it must promptly notify the producing party and promptly move the Court for a ruling on the propriety of the claim of privilege or immunity, but, as stated, such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. During the pendency of such motion, the receiving party shall make no other use or disclosure of the subject material or the information contained therein. If the producing party prevails on its privilege or immunity claim, the receiving party shall promptly return the material and all copies or reproductions thereof of which it is aware.

16.    The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge, (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (iii) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

17.    This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective

Exhibit 1
Page 12

orders. Nothing herein shall prevent any party from disclosing its own CONFIDENTIAL INFORMATION in any manner that it considers appropriate.

18.    This Stipulation and Protective Order shall survive the termination of this action.

19.    After final termination of this action, the counsel designated in paragraph 4.a.-c. hereof for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of the CONFIDENTIAL INFORMATION produced by opposing counsel for reference in the event of a dispute over the use or dissemination of information, and CONFIDENTIAL INFORMATION to the extent it includes or reflects an attorney's work product. Such material shall continue to be treated as CONFIDENTIAL INFORMATION under this agreement. After final termination of this action, counsel for the receiving party either shall return all additional CONFIDENTIAL INFORMATION in his possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such CONFIDENTIAL INFORMATION in discovery or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION.

20.    If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this protective order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by the parties to this action.

Exhibit 1
Page 13

_____, 2005

Respectfully submitted,

By _____

_____
Steven J. Balick (ID #2114)
John D. Day (ID #2403)
ASHBY & GEDDES
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783 6040

*Attorneys for Plaintiff*
*Cendant Publishing, Inc.*

By _____

_____
John W. Shaw (ID #3362)
Karen E. Keller (ID #4489)
YOUNG, CONAWAY, STARGATT &
TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Hector J. Ribera
Wendy L. Bjerknes
C.J. Alice Chen
FENWICK & WEST
Silicon Valley Center
801 California St.
Mountain View, California 94041

*Attorneys for Defendant*
*Amazon.com, Inc.*

IT IS SO ORDERED:

ENTERED: _____, 2005

_____
U.S. District Judge

Exhibit 1
Page 14

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CENDANT PUBLISHING, INC. | ) |
| Plaintiff, | ) <br> )     Civil Action No. 05-00414 (JJF) <br> ) |
| v. | ) <br> ) |
| AMAZON.COM, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

### AGREEMENT TO ABIDE BY STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Northern District of West Virginia, for purposes of the enforcement of the Stipulation and Protective Order. I understand, in particular, that any Confidential Material, and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose. I further understand that failure to abide fully by the terms of the Stipulation and Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Dated: _____ Agreed: _____

Exhibit 1
Page 15



**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

December 31, 2005

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: _CD Intellectual Property Holdings, LLC v. Amazon.com, Inc._

Dear Elizabeth:

In response to your letter of yesterday, I appreciate your offer to produce in Tiff format – please clarify that you will identify document breaks and that you also agree to production in this format for all the third parties you represent.

Regarding your continuing request for Amazon.com's production in PDF format, as I previously noted, Tiff format is preferable mainly for ease of scanning and database purposes. To maintain a database of all documents produced, including paper documents, they are scanned or converted into the same format. Our experience has been there are fewer problems with the operation of the database when the documents are in Tiff format rather than PDF format. Also, I understand that it is easier to scan paper documents into Tiff format than to PDF format and that Adobe's Acrobat application can open Tiff files directly. Given the relatively small number of public, non-confidential documents that might eventually be filed with the Court in a PDF format compared to the potentially large-scale production over the course of discovery (tens of thousands of pages) as a whole, it seems reasonable that these reasons should carry the day. As previously noted, since Plaintiff did not even identify a single category of documents in its possession in its Initial Disclosures, it is unreasonable, on the other hand, to insist on a form of production that will be more expensive to Amazon.com than to your own client. We will agree to a production in PDF, however, if you agree to the provisions regarding source code and other Attorneys' Eyes Only confidential information that will be fully outlined in a revised Stipulated Protective Order, which I hope to send to you shortly.

In the wrong hands, possession of source code renders the extremely confidential information that Amazon.com holds, including customer credit card information, website functionality, etc. vulnerable to attack. Amazon.com is in a unique position as a target and must take all reasonable precautions not only to protect its operations, but also potentially the confidential information and trust of all its customers. Thus, access to and the number of copies made of this code must be restricted and it is unacceptable to allow an unlimited number of copies to be made, as you

SILICON VALLEY ▪ SAN FRANCISCO

Exhibit 1
Page 16

Elizabeth A. Leff, Esq.
December 31, 2005
Page 2

request, even if there is a promise to ultimately destroy those copies. Also, as will be put forth more fully in the revised Stipulated Protective Order, access to this code and technical documents containing similar information must be restricted to two persons from outside counsel who have not and will not serve as prosecution counsel for the patent-in-suit and related applications, including any current continuation applications as well as two experts, who are approved of by Amazon.com through procedures that will be outlined in the Stipulated Protective Order.

I also ask that you identify (by position and entities they work for) the persons you request have access to Amazon.com's Confidential Information.

Sincerely,

FENWICK & WEST LLP

Wendy Bjerknes

Cc: Matthew Felton

23984/00403/LIT/1242271.2

Exhibit 1
Page 17

**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

January 11, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

Enclosed is our current draft of a Stipulated Protective Order. Please let me know if you will agree to the terms set forth within.

In response to your letter dated January 3, 2006, I appreciate your agreement that all parties and third parties you represent will produce electronic documents in Tiff format with document breaks identified.

Regarding limiting the number of experts who have access to Amazon.com's source code and technical documentation, Amazon.com must take precautions in limiting the number of people who have access to this extremely confidential information. It is unreasonable to insist upon exposing this information to an unlimited number of potential experts for unidentified reasons, when this obviously increases the risk of such information ultimately getting into the wrong hands, which as explained previously, can have drastic consequences. If an actual need arises for an additional expert to have access to this source code, we can revisit the issue at such time. In the interim, I hope you will reconsider your demands for such unlimited access.

Please respond to the additional issues raised in my December 31, 2006. For instance, please identify the persons by position and employer(s) whom you seek to expose Amazon.com's confidential information. I am referring to the persons you listed by name in your sample protective order. Amazon.com will not agree to these persons having access to information designated as confidential (as defined in the enclosed Stipulated Protective Order) without further identification of their position and employer(s).

I understand that your office has been in contact with the law firm Bartlit, Beck regarding various subpoenas for which they are the custodians of documents. We intend to have a vendor go to their offices to retrieve all of the documents and scan them to create single page tiffs indicating document boundaries, production numbers and any confidentiality designations. If

SILICON VALLEY ■ SAN FRANCISCO

Exhibit 1
Page 18

Elizabeth A. Leff, Esq.
January 11, 2006
Page 2

you are interested in the same production, we can coordinate this effort if you are willing to share the costs associated with it. Please let me know as soon as possible whether you are interested in doing this, as we intend to have the vendors start working on this shortly.

Finally, I will be out of the office from January 16 – January 24, 2006. Please contact Virginia DeMarchi during that period of time. Her direct number is 650.335.7967; her email address is vdemarchi@fenwick.com. Thank you.

Sincerely,

FENWICK & WEST LLP

Wendy Bjerknes

Cc: Steven Balick

Enclosure

23984/00403/LIT/1242324.1

Exhibit 1
Page 19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CENDANT PUBLISHING, INC. | ) ) ) | Civil Action No. 05-00414 (JJF) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| AMAZON.COM, INC., | ) ) |  |
| Defendant. | ) ) |  |

## STIPULATED PROTECTIVE ORDER

The parties to this patent case believe that the discovery process will require the disclosure by parties or third parties to another party of trade secrets or other confidential or proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c) and that the interests of the parties and any third parties who disclose confidential information would be served by the entry of an order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of such information.

Accordingly, IT IS HEREBY STIPULATED AND ORDERED that the following procedures shall be adopted for the protection of confidential information:

1.    All Designated Information, as defined herein, disclosed by any party or third party (hereinafter "producing party" or "designating party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used by each person receiving it solely for the purpose of prosecuting or defending against claims in the above-entitled litigation or any appeal therefrom, and shall not be used by that person for any other litigation, proceeding, business, commercial, competitive, personal, or other purpose.

1

Exhibit 1
Page 20