2.    As used herein, CONFIDENTIAL INFORMATION means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as CONFIDENTIAL because it contains or is a trade secret or other confidential research, development, business, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) as well as confidential or private personal information from customers or other third parties.

3.    As used herein, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY INFORMATION means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY because it contains or is highly sensitive financial information, ongoing research and development projects, or other information that could harm its competitive position if it becomes known to a person or party, other than the designating party, who is not precluded from using it for purposes not approved by the producing party. Examples of such material include without limitation: current and future business plans, unpublished financial data and pricing information, trade secrets, proprietary engineering or other technical information, competitor market analyses, distributor, sales and customer agreements and licenses, customers' personal information, and unpublished patent applications.

4.    As used herein, "PARTY" or "PARTIES" includes either or both any named plaintiff and defendant in this action and any other parties substituted, joined or added to this action at any time.

2

Exhibit 1
Page 21

5.    "PATENT-PROTECTED PERSON" shall mean and include any person who has served, is authorized to serve, or does serve, as patent prosecution counsel (including any preparation of papers for filing, filing, or appearance in connection with an application) and any person providing advice, counsel suggestion to, or influence upon any of the foregoing persons.

6.    "PROHIBITED PATENT APPLICATIONS" shall mean and include the patent-in-suit, any related patent application, including without limitation, any continuation, continuation-in-part, divisional, reexamination, reissue, foreign counterpart applications, or any applications (or patents) related to the subject matter of the patent-in-suit, or the business or technical operations of a party.

7.    As used herein, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION means any information and material that constitutes non-public source code or object code of the PARTY's software, website, computer applications, or technical documentation providing substantially the same information.

8.    As used herein, "Designated Information" means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION.

9.    Designated Information may include without limitation:

a.    Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d), 34 or 45.

3

Exhibit 1
Page 22

i.    The producing party shall designate confidentiality of such information by marking the material, document or thing "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE", or use some similar such marking, at the time it is turned over to the receiving party.

ii.    For electronic documents, designation of confidentiality may also be done by creating a filename or code that designates the document as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE". When such an electronic document is printed, the printing party must affix to the printed copy the filename or code and the corresponding confidentiality designation.

b.    Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30 or 45, either through testimony or via documents or other exhibits used at the deposition.

i.    Portions or the entirety of a deposition transcript (including exhibits) shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" by: (1) making a statement to that effect on the record, during the deposition, or (2) sending to all other PARTIES, the court reporter for the deposition, and all other persons known to the producing party to have received a copy of the deposition transcript, on or before ten (10) business days after counsel for the producing party receives the final deposition transcript, a letter or other written notice so designating the portions or entirety of the transcript with a confidentiality designation as provided for herein. The letter or other notice

Exhibit 1
Page 23

shall cite this Stipulated Protective Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be designated. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" indicating the level of confidentiality claimed by the producing party and shall be governed by the terms of this Stipulated Protective Order.

ii.    Unless otherwise agreed to in writing by the producing party, until the expiration of a ten (10) business day period after receipt of the final deposition transcript, the transcript and any exhibits not otherwise designated, shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY. At the written request of the producing party prior to the expiration of the ten (10) business day period, that period shall be extended an additional ten (10) business days.

iii.    If a deposition or portion thereof is designated on the record during the deposition as containing Designated Information, the deposition shall continue in the absence of all persons to whom access to such Designated Information is not permitted under this Stipulated Protective Order. The court reporter or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE. Copies of the separately bound portions of the transcript containing such Designated Information may be provided only to persons permitted by the other provisions of this Stipulated Protective Order to receive such information with the corresponding designation. When any such

5

Exhibit 1
Page 24

separately bound portion of the transcript is provided by the court reporter or videographer, it shall be provided in a separate, sealed envelope marked with the appropriate confidentiality designation.

10.    Any copy made of any Designated Information or any abstract, summary or memorandum embodying Designated Information shall also bear on its face the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE". If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

11.    If any of the parties or third parties make available certain files for inspection by the other parties that may contain confidential as well as non-confidential information, all documents and their contents made available for such inspection shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY until the producing party has had the opportunity to designate and mark selected documents. The party or third party may also designate material CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION prior to or at the inspection, in which case it shall be treated as such.

12.    If Designated Information is to be filed with the Court in connection with any proceedings herein, it shall be filed with the clerk of the court in a sealed envelope prominently marked with the caption of the case, the identify of the party filing the envelope, and the

///

///

6

Exhibit 1
Page 25

following legend:

Contains Confidential Information
To Be Opened Only By Or As Directed By The Court
CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.
CV 05-414 JJF

In addition, any document containing Designated Information that is to be filed with the Court shall be marked "FILED UNDER SEAL" on its cover page. If filed in another Court, the Designated Information shall otherwise be filed under seal in accordance with the applicable Rules of the court in which the information is filed.

     13.    Access to information designated as CONFIDENTIAL shall be strictly limited to the following persons:

         a.    outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

         b.    outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel, provided that disclosure to such experts or consultants be made only on the following conditions:

         i.    Counsel desiring to disclose information designated as CONFIDENTIAL to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulated Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulated Protective Order.

7

Exhibit 1
Page 26

    ii. No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a ten (10) business day period commencing with service by facsimile upon counsel for each PARTY a copy of the signed Agreement To Be Bound By Protective Order and curriculum vitae of the expert or consultant, which identifies (i) all employers, clients, and positions held within the past five (5) years; (ii) all other cases in which the expert or consultant has testified (by deposition or at trial) or served as an expert or consultant within the preceding five (5) years; (iii) all past or present employment or consulting relationships with any PARTY or their affiliates. During the ten (10) business day period after such service, counsel for a PARTY may in writing object in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the PARTIES. If the PARTIES are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, the objecting party shall request by motion within twenty (20) days after the initial written objection was given that the Court issue an order precluding the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant or waive such objection. In the event of the filing any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court.

    iii. No CONFIDENTIAL INFORMATION of another party shall be disclosed to mock jurors, focus group members and the like selected by approved of trial consultants, jury consultants or by counsel in preparation for trial before execution of a confidentiality agreement in the form attached as Exhibit "B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying

8

Exhibit 1
Page 27

CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

        c.     Andrew Hollander, Scott McLester and Curt Stevens as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION. Before any disclosure of CONFIDENTIAL INFORMATION, each of these named persons shall execute the Agreement to Protect Confidential Information attached as Exhibit "C," which shall be kept by counsel for reference should such be necessary.

        d.     David Zapolsky and Kathy Sheehan as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION. Before any disclosure of CONFIDENTIAL INFORMATION, each of these named persons shall execute the Agreement to Protect Confidential Information attached as Exhibit "C," which shall be kept by counsel for reference.

        e.     the Court and its authorized staff, court reporters, and the jury;

        f.     outside copying, exhibit and trial preparation services, provided they are obligated to maintain the materials confidentiality and to not use it for any other purpose than to perform the service requested.

    14.    Access to information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be strictly limited to the persons listed in and approved of through procedures outlined in Paragraphs 14(a)-(e), including all subparts, below:

        a.     Access to information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be prohibited for any PATENT-PROTECTED PERSON in connection with any PROHIBITED PATENT APPLICATIONS. Under all

9

Exhibit 1
Page 28

circumstances, any inventor listed on any of the patents or applications mentioned in this paragraph shall be prohibited from access to information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.

        b.     Outside counsel of record for a receiving party who are not prohibited access under paragraph 14(a) and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.

        c.     Outside experts or consultants for a receiving party who are not prohibited access under paragraph 14(a) and whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel, provided that disclosure to such experts or consultants be made only on the following conditions:

        i.     Counsel desiring to disclose HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulated Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulated Protective Order.

        ii.     No HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be disclosed to such expert or consultant until after the expiration of a ten (10) business day period commencing with service by facsimile upon counsel for a PARTY a copy of the signed Agreement To Be Bound By Protective Order and curriculum vitae of the expert or consultant, which identifies (i) all employers, clients, and positions held within the past five (5)

10

Exhibit 1
Page 29

years; (ii) all cases in which the expert or consultant has testified (by deposition or at trial) or served as an expert or consultant within the preceding five (5) years; (iii) all past or present employment or consulting relationships with any PARTY or their affiliates. During the ten (10) business day period after such service, counsel for the PARTY may object in writing in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to such expert or consultant, except by further order of the Court or by agreement of the PARTIES. If the PARTIES are unable to reach any agreement over the disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant, the objecting party shall request by motion within twenty (20) days after the initial written objection was given that the Court issue an order precluding the disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant or waive such objection. In the event of the filing of any such motion, there shall be no disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant, pending resolution of the motion by the Court.

    d.    the Court and its authorized staff, court reporters, and the jury;

    e.    outside copying, exhibit and trial preparation services, provided they are obligated to maintain the materials confidentiality and to not use it for any other purpose than to perform the service requested.

15.    All material produced by any party pursuant to pretrial discovery in this action that is designated by the producing party as containing or comprising HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE shall be subject to the same restrictions as information designated as HIGHLY CONFIDENTIAL – OUTSIDE

11

Exhibit 1
Page 30

COUNSELS' EYES ONLY. In addition, the following restrictions shall apply to source code designated by any PARTY as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE:

       i.     A single electronic copy of such source code shall be made available for inspection on a stand-alone computer

      ii.     The stand-alone computer shall be password protected and supplied by the producing party

     iii.     The stand-alone computer shall be only located at outside counsel's office or other location that the parties may agree upon.

     iv.     Access to the stand-alone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) outside counsel representing the requesting party who qualify to receive HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY INFORMATION under paragraph 14(a)-(b) and two (2) experts retained by the requesting party, all of whom have been approved under the Stipulated Protective Order under paragraph 14(a) and 14(c), including all subparts.

      v.     Source code may not be printed or copied without the agreement of the producing party or further order of the court.

    16.    If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall, upon recognizing the agreement and that the requested production of information implicates the agreement, shall promptly give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a

Exhibit 1
Page 31

copy of this Stipulated Protective Order.  When such written notice is given to the third party, the party requested to produce the information will advise the potential receiving party that such notice has been given.  If the third party refuses to allow production of the information, the requesting party must move to compel the information from the third party.

17.    The acceptance of CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the Designated Information is in fact confidential.  Any receiving party may at any time request that the designating party cancel the designation with respect to any document, object or information.  Such request shall be made to counsel for the designating party, and shall particularly identify the Designated Information that the receiving party contends is not confidential and the reasons supporting its contention.  If the designating party does not agree to remove the designation, then the party contending that such documents or information are not confidential may request by motion that the Court remove such information from the restrictions of this Stipulated Protective Order.  The burden of demonstrating that the information is confidential shall be on the designating party.

18.    This Stipulated Protective Order shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not authorized to receive Designated Information, as identified herein, so long as such examination concerns Designated Information to which the witness previously had legitimate and authorized access or prior knowledge, as demonstrated by foundation testimony during the deposition or trial, or by other facts or circumstances in the litigation.  This Stipulated Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of

13

Exhibit 1
Page 32

Designated Information, so long as such examination shall be in a manner that does not disclose the details of the Designated Information. Designated Information of a producing party may be used to examine, at deposition and at trial (or other court hearing), any person who is at the time of examination employed by or affiliated with the producing party or who was employed by the producing party at the time the Designated Information was created.

19.    At the request of a producing party, any person(s) not permitted access to Designated Information as set forth in this Stipulated Protective Order, may be barred from attending any portion of trial, any motion hearing, or depositions at which Designated Information is revealed, subject to any further order regarding confidentiality as this Court may enter.

20.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering litigation advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of Designated Information; provided, however, that in rendering such litigation advice and in otherwise communicating with such client, the attorney shall not disclose any Designated Information to unauthorized persons.  Under no circumstances may an attorney who has had access to Designated Information render patent prosecution advice regarding the any application related to the patent-in-suit or its subject matter.

21.    The inadvertent or mistaken disclosure by a producing party of CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without a designation set forth in this Stipulated Protective Order shall not constitute a waiver of any claim of confidentiality. The

14

Exhibit 1
Page 33

producing party shall promptly upon discovery of such inadvertent or mistaken disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE as designated under this Stipulated Protective Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

22.    Should any Designated Information be inadvertently disclosed by the receiving party to any person or party not authorized under this Stipulated Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such Designated Information and to bind such person to the terms of this Stipulated Protective Order; (b) within three (3) calendar days of the discovery of such disclosure, inform such person of all provisions of this Stipulated Protective Order; (c) within five (5) calendar days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Abide By Stipulated Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) calendar days of its execution by the party to whom Designated Information was disclosed.

23.    Nothing in this Stipulated Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity.

15

Exhibit 1
Page 34

24.     If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party shall thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) calendar days after receiving a written request for the return of such item or items of information from the producing party.

25.     The restrictions and obligations set forth in this Stipulated Protective Order relating to Designated Information shall not apply (i) if the parties agree (ii) the parties agree, or the Court rules, the information at issue is already public knowledge, (iii) the parties agree, or the Court rules, the information at issue has become public knowledge other than as a result of disclosure by the receiving party or the inadvertent or mistaken disclosure of the producing party, or (iv) the information at issue is in the receiving party's legitimate possession independent of the producing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of Designated Information if said person already has legitimate possession thereof independent of the producing party.

26.     This Stipulated Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.  Nothing herein shall prevent any party from disclosing its own Designated Information in any manner that it considers appropriate.

27.     This Stipulated Protective Order shall survive the termination of this action.

16

Exhibit 1
Page 35

28.    After final termination of this action, outside counsel for any receiving party may retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings that contain Designated Information, excluding information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE, which must be destroyed by the receiving party within thirty (30) days of the final termination of this action. Such material shall continue to be treated as Designated Information under this agreement. After final termination of this action, counsel for the receiving party either shall return all additional Designated Information in his possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such Designated Information in discovery or shall certify destruction thereof to opposing counsel.

29.    Each of the parties named above and their counsel of record undertakes to abide by and be bound by the provisions of this Stipulated Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

DATED: January __, 2006.    Respectfully submitted,

| | |
|---|---|
| Steven J. Balick (ID #2114) | John W. Shaw (ID #3362) |
| John D. Day (ID #2403) | Karen E. Keller (ID #4489) |
| ASHBY & GEDDES | YOUNG, CONAWAY, STARGATT & TAYLOR |
| 222 Delaware Ave., 17th Floor | The Brandywine Building |
| P.O. Box 1150 | 1000 West Street, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 654-1888 | (302) 571-6600 |
| and | and |
| Steven Lieberman | Lynn H. Pasahow |
| Elizabeth A. Leff | J. David Hadden |
| Brian Rosenbloom | Darren E. Donnelly |
| C. Nichole Gifford | Wendy L. Bjerknes |

17

Exhibit 1
Page 36

ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
Attorneys for Plaintiff, CD Intellectual Property
Holdings LLP

FENWICK & WEST
801 California St.; Silicon Valley Center
Mountain View, California 94041
Attorneys for Defendant, Amazon.com, Inc.

**IT IS SO ORDERED**:     ENTERED: _____, 2006

_____
U.S. District Judge

18

Exhibit 1
Page 37

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC<br><br>                    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-00414 (JJF)

AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

STATEMENT OF _____

State of _____)
                                    )ss
County of _____)

_____ being sworn, deposes and says:

1.       I have been requested by counsel for CD Intellectual Property Holdings, LLC or

Amazon.com, Inc. to assist counsel with certain material that I have been informed is Designated

Information within the terms of the Stipulated Protective Order issued by the Court in the above

entitled action.

2.       I have read the Stipulated Protective Order entered in this action.  I understand its terms

and agree to be fully bound by them.  I agree not to disclose any Designated Information and not

to use such Designated Information other than in assisting counsel for CD Intellectual Property

Holdings, LLC or Amazon.com, Inc.  I understand, in particular, that any Designated

Information and any copies, excerpts or summaries thereof and materials containing information

1

Exhibit 1
Page 38

derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

3.    I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

4.    I further understand that failure to abide fully by the terms of the Stipulated Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.


Dated: _____  Agreed: _____


SUBSCRIBED and sworn to before me this

_____ day of _____, 2006.


_____
    Notary Public

2

Exhibit 1
Page 39

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CD INTELLECTUAL PROPERTY<br>HOLDINGS, LLC <br><br>                    Plaintiff, <br><br>v. <br><br>AMAZON.COM, INC., <br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-00414 (JJF)

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

This agreement is between _____ and
_____ residing at _____.

1.      I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

2.      I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Dated: _____  Agreed: _____

3

Exhibit 1<br>Page 40

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC | ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 05-00414 (JJF) |
| v. | ) ) ) |  |
| AMAZON.COM, INC., | ) ) |  |
| Defendant. | ) ) ) |  |

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

STATEMENT OF _____

State of _____ )
                         )ss
County of _____ )

_____ being sworn, deposes and says:

1.    I am a current employee of Amazon.com or CD Intellectual Property Holdings, LLC.

2.    I have read the Stipulated Protective Order entered in this action.  I understand its terms and agree to be fully bound by them.  I agree not to disclose any Designated Information and not to use such Designated Information other than in assisting counsel for CD Intellectual Property Holdings, LLC or Amazon.com, Inc.  I understand, in particular, that any Designated Information and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

4

Exhibit 1
Page 41

3.      I hereby agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for enforcement of the undertakings I have made here and I appoint

_____ (counsel for the party requesting assistance) as my agent to receive the

service of process in that connection.

4.      I further understand that failure to abide fully by the terms of the Stipulated Protective

Order may result in legal action against me, including being held in contempt of court and

liability for monetary damages.

Dated: _____ Agreed: _____

SUBSCRIBED and sworn to before me this

_____ day of _____, 2006.


_____
     Notary Public

5

Exhibit 1
Page 42

**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

January 31, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C.  20005

   Re: _CD Intellectual Property Holdings, LLC v. Amazon.com, Inc._

Dear Elizabeth:

Your latest draft of the Stipulated Protective Order contains many changes, the most significant of which I have listed below, with our proposed compromises.

Each page of each document produced shall bear a unique identifying number:  This provision is fine, except for electronic documents produced in their native format, such as source code and other documents that cannot be converted into Tiff.  Electronic documents produced in native format are typically not changed by the producing party, such that a unique identifying number is not placed on the document itself but rather is provided in a filename or in some other way, which then must be affixed to the document by the printing party if/when it is printed.  So long as the parties can agree that this procedure is acceptable for such documents, then we agree to this provision.

Patent protected persons and prohibited patent applications:  We sought to exclude patent prosecution counsel from having access to outside counsels' eyes only and source code materials as well as prevent experts and others exposed to such confidential information from counseling on related patent prosecution matters.  Please indicate your reasons for not agreeing to this provision.  I note that you have also deleted a provision that states, "Under no circumstances may an attorney who has had access to Designated Information render patent prosecution advice regarding any application related to the patent-in-suit or its subject matter," changed a provision that allows counsel to give "litigation advice" to any "advice, " and altered the restriction that Designated Information shall only solely be used by the person receiving for the "purpose of prosecuting or defending against claims in the above-entitled litigation."  You have also deleted as part of the definition for HIGHLY CONFIDENTIAL OUTSIDE COUNSELS' EYES ONLY INFORMATION that which "could harm its competitive position if it becomes known to a person or party, other than the designating party, who is not precluded from using it for purposes not approved by the producing party."  These are all standard provisions designed to protect the

Exhibit 1
Page 43

Elizabeth A. Leff, Esq.
January 31, 2006
Page 2

production of highly confidential information from being used for improper purposes. Thus, your changes/deletions are unacceptable, and we are prepared to move on these provisions if required. *See e.g. In re Papst Licensing, GmbH, Patent Litig.,* 2000 U.S. Dist. LEXIS 6374, *12 (E.D. LA 2000) (Holding "it is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity and would be informed by access to the Non-Papst parties confidential information. Counsel's ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse. Although the Court is confident that counsel for the Papst parties maintains the highest ethical and professional standards, the risk of inadvertent disclosure and misuse and the difficulty of distinguishing the source of the Papst parties' basis for filing new claims are great" and discussing many opinions that bar counsel exposed to confidential information in litigation from giving patent prosecution advice related to the patent-in-suit).

<u>Confidentiality designation affixed upon printing</u>: For electronic documents, we proposed and you rejected a provision that allows for confidentiality designations to be made by creating a filename or code that designates a document's confidentiality status. It would then be up to the printing party to affix to the printed copy the corresponding confidentiality designation. This issue is the same as that discussed above with respect to a unique identifying number: documents produced in native format are not altered in any way, and therefore, this method ensures that the documents' confidentiality is both properly designated and maintained without otherwise affecting the native document. If you do not agree to this method, please indicate a method that you will agree to for designating and protecting the confidentiality of these native documents.

<u>Approval of experts/consultants</u>: You have changed in part the procedure for approving of experts/consultants to the following: There will be seven business days to object in writing to a proposed expert/consultant, the period for which commences with service by a fax a signed copy of the Agreement to be Bound by the Stipulated Protective Order and a curriculum vitae of the expert/consultant, which identifies (i) all publications authored by the expert/consultant within the past 10 years and (ii) all cases in which the expert/consultant has testified within the past five years and specifying whether the testimony was by deposition or at trial.

In turn, you rejected our proposal to also identify all previous employers, clients and positions of the expert/consultant within the past five years and all past or present employment or consulting relationships held by the expert/consultant with any party or their affiliates. These provisions are not only in accord with the Federal Rule of Civil Procedure 26 obligation to identify the "qualifications of the [expert] witness," but are also in accord with identifying conflicts in exposing the parties' confidential information to the proposed expert/consultant. Please explain your reasons for rejecting this modest proposal.

Exhibit 1
Page 44

Elizabeth A. Leff, Esq.
January 31, 2006
Page 3

In any event, if you agree to the terms we propose for the approval of experts/consultants, we will agree to your terms and to your additional term that the objecting party must file a motion within 10 days after the initial written objection was given requesting the Court to issue an order precluding disclosure of confidential material to the expert to avoid disclosure of confidential material to the proposed expert.

<u>Outside copying and trial preparation services</u>:  I do not understand your rejection of our proposal that outside copying and trial preparation services may have access to confidential and outside counsel's eyes only material if they are obligated to maintain the materials' confidentiality and to not use it for any other purpose than to perform the service requested. Please explain.

<u>Source code</u>:  As discussed above, we will not agree to allow patent prosecution counsel to have access to Amazon.com's source code nor to allow persons who have had access to render patent prosecution advice regarding related patents, applications or subject matter.

You changed the provision to not print source code without a prior agreement to a provision that source code will not be printed in its "entirety" without prior agreement – the implication being that portions of source code can be printed at will.  This is an unacceptable security risk. Another unacceptable security risk associated with source code is your provision that the stand-alone computer may be either at outside counsel's office or at the office of an approved of expert rather than at an independent agent's office.  Under no circumstances may the source code be transported back and forth.  If you will agree to the provisions forbidding patent prosecution counsel from having access to this source code and outside counsel eyes' only material and forbidding persons who have had access from rendering patent prosecution advice regarding related patent applications or subject matter, we will agree to the stand-alone computer being stored only at opposing counsel's office.  As part of this compromise, if you will agree to immediately destroy any printed source code after use, to not transport or send this printed source code outside of the offices of outside counsel without prior agreement, to imprint the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" designation on any and all the printed pages, and that no more than 5% of the source code produced may exist in printed form at any given time, we will agree to such a provision.  We are prepared to move on these issues if the parties cannot come to an agreement.

You removed the provision of allowing access to only two approved experts to an unlimited number.  We will agree to this if a provision is added to the approval process for experts/consultants that an appropriate objection to a proposed expert/consultant is the increased security risk compounded by the exposure to the additional expert/consultant.  There must be some check on the number of outside persons exposed to this source code.

We do not agree to your removal from the definition of "source code," "technical documentation providing substantially the same information."  Documents containing substantially the same

Exhibit 1
Page 45

Elizabeth A. Leff, Esq.
January 31, 2006
Page 4

information as the source code itself need the same protections as the source code itself. Please explain why you will not agree to this definition.

Third party confidentiality agreements: If there is a confidentiality agreement affecting the ability to produce discovery, you set out a procedure whereby, prior to the discovery responses due date, the producing party must give the third party written notice that its information is subject to discovery in this litigation along with a copy of the Stipulated Protective Order. The producing party will also advise the potential receiving party that such notice has been given. The third party will have fourteen calendar days from receipt of the written notice in which to seek relief from the Court. If that time elapses without the third party seeking relief, the party requested to produce the information shall have five calendar days to either seek relief of the Court or to produce the information.

We agree to this procedure in part, except that if the third party does not agree to produce the confidential information nor seeks relief from the Court, it will be up to the requesting party to seek a motion to compel the confidential information from the third party.

Disclosure of confidential information by the receiving party to unauthorized persons: While you have put forward a procedure that would apply whether an unauthorized disclosure by the receiving party of confidential information was inadvertent or not, we would like to add that this provision does not prevent a contempt order from imposing sanctions or other penalties for such disclosure.

Inadvertent disclosure of privileged materials: The parties agree that there will no waiver of privilege if a privileged document is inadvertently produced. If there is a challenge to the propriety of the claim of privilege, however, you seek a provision that the document need not be immediately returned. Rather, the challenging party must "promptly" notify the producing party of its challenge and move the Court for a ruling on the propriety of the claim of privilege. The receiving party shall make no other use of the document during the pendancy of the motion, and if it loses the motion, will "promptly" return the document. This provision is acceptable with the modification that time limits be imposed. Thus, the challenging party must both notify the producing party of its challenge and move the Court for a ruling on the propriety of the claim of privilege within ten (10) business days of the written claim of inadvertent production made by the producing party. If the challenging party does not file a motion within this time period or loses its motion, it will return the document within three (3) business days.

Statement to abide by the Stipulated Protective Order and to use due care: You removed a provision that each of the parties and their counsel will abide by and be bound by the Stipulated Protective Order and will use due care to see that its provisions are adhered to. Please explain why you do not agree to this standard provision.

Exhibit 1
Page 46

Elizabeth A. Leff, Esq.
January 31, 2006
Page 5

<u>Conclusion of litigation</u>: Rather than just keep a copy of documents submitted to the Court, deposition transcripts, exhibits, etc., you seek to be able to keep a copy of everything produced in the litigation, except source code. Please explain why you need to keep a copy of every document involved in this case.

<u>Third parties are included in the Stipulated Protective Order</u>: The Stipulated Protective Order otherwise provides protections for third parties, thus a broad statement regarding third parties that you have included is unnecessary. Please explain why you believe this is necessary.

<u>Persons identified as having access to Confidential Information</u>: Thank you for identifying the persons you have listed in the draft Stipulated Protective Order. Please explain why these persons from Cendant Corporation (and not employees of the current or substituted Plaintiff) are listed.

Regarding your request for identification of the persons put forward by Amazon.com, David Zapolsky is a VP & Associate General Counsel, Litigation & Regulatory at Amazon.com and Kathy Sheehan is Corporate Counsel, Litigation at Amazon.com.

Please let me know your positions on these issues, in particular the provisions regarding source code and patent prosecution protections. We have been discussing these provisions for some time now, and we need to know if we have reached a stalemate with respect to them, thus requiring Court intervention. Thank you.

Sincerely,

Wendy Bjerknes

cc:   Steven Balick
      Matthew Felton

23984/00403/LIT/1243793.4

Exhibit 1
Page 47



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | Leigh Z. Callander |
| Harry F. Manbeck, Jr. | C. Nichole Gifford |
| George R. Repper | Patrick T. Skacel |
| Steven Lieberman | Monica C. Kitts |
| Joseph A. Hynds | Brian A. Tollefson |
| Elizabeth A. Leff | Joo Mee Kim* |
| Richard Wydeven | Steven M. Giovannetti |
| Martin M. Zoltick | Hyunkweon Ryu |
| Minaksi Bhatt | R. Elizabeth Brenner |
| Sharon L. Davis | Adam M. Treiber |
| Robert B. Murray | Daniel L. Shores |
| Carla C. Calcagno | Joseph E. Green |
| Jeffrey L. Ihnen | |
| Glenn E. Karta | Of Counsel |
| Martha Cassidy, Ph.D. | John A. McCahill |
| Brian S. Rosenbloom | Barbara Webb Walker, Ph.D. |

*Not Admitted in D.C.

February 7, 2006

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

> Re:  *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
>      Our File No.: 3339-101

Dear Wendy:

This will respond to your letter of January 31, concerning the protective order. Each of your comments is addressed in the order contained in your letter.

(1)  <u>Each page of each document produced shall bear a unique identifying number.</u>
We do not disagree that documents produced in native format cannot be bates numbered. However, the language in your revised draft did not define "electronic documents" and it was unclear whether you were considering documents produced in TIFF to be "produced electronically." Now that we understand you were referring to the production of documents in native format, we need to enter into an agreement as to which documents are to be produced in native format. We agree that source code, excel and other spreadsheets and e-mails should be produced in native format and as such will not be bates numbered. Let's discuss which other documents will be produced in native format.

(2)  <u>Patent protected persons and prohibited patent applications.</u>
We cannot agree that any individuals involved in any type of patent prosecution whatsoever be prohibited from having access to outside counsel's eyes only and source code materials. Such a prohibition would prevent attorneys involved in patent prosecution having nothing to do with the '370 patent, from working on this litigation. We see no reason for such an overbroad prohibition. Moreover, with respect to individuals who have been involved in the prosecution of the '370 patent, or Amazon's patent no. 6,266,649 (the "'649 patent') or related

Exhibit 1
Page 48

)THWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 7, 2006
Page 2

patents or applications we see no reason to prohibit them from having access to outside attorneys' eyes only or source code information so long as they are not currently involved in the prosecution of the '370 patent, '649 patent or related patents or applications for the receiving party and they agree to refrain from such involvement on behalf of the receiving party during the pendency of this litigation. With respect to experts, we would also be willing to agree that experts with access to outside attorneys' eyes only or source code information agree not to consult with the receiving party on patent prosecution relating to the '370 patent, the '649 patent or any related patents or applications during the pendency of this litigation. The restrictions on outside counsel shall not apply to documents disclosing prior art, prior use or prior sale of the invention disclosed in the '370 patent or '649 patent.

Likewise, we cannot agree to the provision you suggest that prohibits an attorney with access to Designated Information from rendering patent prosecution advice on any patent related to the patent at suit or its "subject matter." Again, we see no reason for such an overbroad prohibition. As stated above, we would be willing to agree to a provision prohibiting attorneys who have access to designated information from rendering patent prosecution advice on the '370 patent, the '649 patent or any patents or applications related to those patents for the receiving party during the pendency of this litigation. We cannot agree that attorneys with access to Designated Information be prohibited from rendering patent prosecution advice on applications related to the "subject matter" of the patent at issue. The term "subject matter" is very broad and could be construed to mean patents relating to recommender systems or patents relating to artificial intelligence or even patents relating to the computer arts. Such a prohibition is clearly overbroad and unduly burdensome and not even remotely necessary for the protection of Designated Information. The restrictions on outside counsel shall not apply to documents disclosing prior art, prior use or prior sale of the invention disclosed in the '370 patent or '649 patent.

With respect to the language in paragraph 19, we believe the language is confusing and propose the following language which your firm agreed to in Agile Materials and Technologies, Inc. v. Paratek Microwave, Inc. as recently as December, 2005.

Nothing in this Stipulation and Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of Designated Information pursuant to this Stipulation and Order so long as no portion of the content of the information so designated is disclosed.

Please let me know if you will agree to this language replacing the current language proposed in paragraph 19.

Exhibit 1
Page 49

ᗡTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 7, 2006
Page 3

You are correct that we changed the provision that Designated Information shall only be used by the receiving party for the "purpose of prosecuting or defending against claims in the above-entitled litigation" because that language makes no sense. This is neither a criminal action nor an action to obtain a patent -- therefore no one is prosecuting. Please explain why you believe the language we substituted requiring the receiving party to use Designated Information "solely for purposes of this action including any appeal therefrom, and shall not be used by that person for any other litigation proceeding, business, commercial, competitive, personal or other purpose" is not adequate.

With respect to the language "could harm its competitive position if it becomes known to a person or party other than the designating party, who is not precluded from using it for purposes not approved by the producing party" we do not understand this language or what you are trying to cover with this language that is not already covered by the language in the paragraph. Vague, undefined terms become very problematic as time goes on. Please advise what information you are trying to cover with this language that has not already been covered in the paragraph.

Finally, we do not agree that the provisions you proposed under this topic are "standard." See e.g., Nazomi Commons, Inc. v. Arm Holdings PLC, 2002 U.S. Dist. LEXIS 21400 (N.D. Cal. 2002). We believe the language that we proposed in the draft as modified above is sufficient to cover the concerns raised in your quote from the Papst court.

(3)    Confidentiality Designation Affixed Upon Printing.
Please see paragraph (1) above. The parties need to come to an agreement as to which documents will be produced in native form and which will be produced in TIFF format.

(4)    Approval of Experts/Consultants.
The information we proposed be provided by each expert is that which is required by Fed. R. Civ. P. 26. The additional information you are proposing be disclosed is overly burdensome and not required under Rule 26. Many experts consult with companies on a confidential basis. Part of their agreement with their client is that the consulting relationship not be disclosed. We believe disclosure of the information required under Rule 26 is sufficient. Finally, please explain why you will not agree to a 10 day time limit after initial written objection for requesting the court to preclude the disclosure of Designated Information to a consultant.

(5)    Outside Copying and Trial Preparation Services.
Please explain what steps you insist must be taken to obligate outside copying and trial preparation services "to maintain the confidentiality of designated materials." The copy and trial preparation services we have worked with in the past understand and maintain the confidential nature of our documents and have always treated them as such.

Exhibit 1
Page 50

OTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 7, 2006
Page 4

    (6)    <u>Source Code.</u>

Please see the discussion under (2) above regarding the access of "patent prosecution counsel." With respect to a stand alone computer with source code, your draft provided that the stand alone computer could be located at "outside counsel's office or other location that the parties may agree." The only change we made to that was adding the office of a qualified expert. We will agree to your original language, that is outside counsel's office or other location agreed to by the parties. However, the stand-alone computer must include software utilities which will allow counsel and experts to view, search and analyze the source code.

We are willing to agree to destroy any printed source code immediately after use, and to stamp it as HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY - SOURCE CODE. We will agree that only a minimal amount of source code will exist in printed form at one time. However, not knowing anything about the source code at this time, we cannot agree to limit printed pages to 5%. We are not even sure how we would determine what percentage of the source code is printed.

Please explain why allowing more than two experts who have signed an undertaking to maintain the confidentiality of the designated information and who will not be permitted to take copies, electronic copies of even portions of the source code outside of our office will "increase the security risk."

We do not understand what "technical documentation providing substantially the same information" is and why you feel it is necessary to add it to the definition of source code. The reason source code in its electronic format gets protected to such a high degree is that computer code is highly confidential and is easily misused if inadvertently disclosed and released in electronic format. Technical documentation is like any other highly confidential information and is not entitled to the extra security precautions given source code in it electronic format.

    (7)    <u>Third Party Confidentiality Agreements.</u>

We cannot agree to your suggestion that the requesting party must move to compel if a third party fails to do so. By requiring the requesting party to seek a motion to compel the confidential information, you are improperly shifting the burden. It is the producing party's burden to prove that the documents they are requested to produce are confidential, not the receiving party, who has no information on the third party agreement or access to the document at issue to prove that it is not confidential. Moreover, it would seem that if the third party was actually concerned about disclosure of the requested documents they would take some action to protect them. The fact that they do not move the court for protection speaks volumes. We cannot agree that it is the requesting party's burden to have to prove documents it has no access to are not confidential or should not be produced.

Exhibit 1
Page 51