(8) Disclosure of Confidential Information by the Receiving Party to Unauthorized Person

Please explain why you believe it is necessary to add language that the "provision does not prevent a contempt order from imposing sanctions or other penalties for such disclosure." This language was not in the revised draft you proposed. We see no reason to add such language as the court can issue a contempt order irrespective of whether the protective order explicitly allows it or not.

(9) Inadvertent Disclosure of Privileged Materials.

We will agree to your suggestion that time limits be imposed on a challenge to a claim for privilege. It is not clear, however, what you are proposing. Are you proposing the challenging party have 10 days to both notify the producing party and file its motion? We suggest a producing party be required to notify receiving party of the inadvertent production by e-mail or facsimile, within three business days of discovery of inadvertent production. The receiving party has ten business days from receipt of written notice of inadvertent production to provide written notice challenging privilege and file a motion with the court. You also suggest that if the challenging party fails to file a motion or "loses its motion" that there be a three day time period for returning the document. When do you propose this time period begins to toll?

(10) Statement to Abide by the Stipulated Protective Order and to Use Due Care.

You describe this clause as a standard provision. I do not recall seeing it in other protective orders. It is not a provision we believe is necessary since as officers of the Court, attorneys are required to handle the document in accordance with the provisions. Could you explain why you believe this provision is necessary?

(11) Conclusion of Litigation.

We believe it is important for counsel to have a full set of the documents in the event of a dispute over the use or dissemination of information. The provision in paragraph 27 was taken from the protective order in Agile Materials and Technologies, Inc. v. Paratek Microwave, Inc., a case your firm was recently involved in.

(12) Third Parties Are Included in the Stipulated Protective Order.

We think it is important that the protective order clearly state that third parties are protected so there is never any doubt about this, and more importantly, so that when a third party is concerned about confidentiality, there is a clause that we can refer them to for assurance that third party documents are contemplated by and covered in the protective order. Is there a specific reason you do not want a clear statement that third parties are covered by the protective order?

I agree that we should get the protective order in place as soon as possible and to that end, look forward to your response. However, the lack of a protective order should not delay document production. Under Delaware Local Rule 26.2, all documents are deemed outside

ƆTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 7, 2006
Page 6

attorneys' eyes only until a protective order is in place. Thus far we have received only undesignated "prior art" from Amazon. When will we receive the remainder of the requested documents? CD's production should be close to complete by the end of the week, assuming additional documents are not located by the client.

Very truly yours,

Elizabeth A. Leff

EAL:whc
cc: Steven Balick, Esq.

Bjerknes.L19.wpd

Exhibit 1
Page 53



FENWICK & WEST LLP

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 13, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

You admit in your letter of today that Plaintiff does not and cannot accuse of infringement the many features otherwise identified in your February 9, 2006 letter. Those features are not, therefore, part of the claims and defenses in this lawsuit. Yet, you seek full discovery with regard to all of them, because you assert you have "good cause" to seek broad discovery related to the "subject matter" of the patent-in-suit. Yet, you fail to identify what that purported "good cause" is. There is no such "good cause." The incredibly burdensome discovery you seek, which could implicate millions of pages of documents and Amazon.com's extremely highly confidential source code, would not even aid you in your alleged infringement case against a single accused feature. Moreover, your ongoing refusal to agree to a provision in the Stipulated Protective Order that would protect Amazon.com's highly confidential material from use in patent prosecution matters related to the "subject matter" of the patent-in-suit makes this broad discovery demand particularly worrisome and unwarranted.

You neglected to address Plaintiff's wholesale failure to provide its infringement contentions, despite past due interrogatory requests compelling such contentions, and insufficient interrogatory responses regarding conception and reduction to practice matters.

You requested that we postpone the meet and confer telephone conference you scheduled for this morning until Tuesday, February 14, at 1 p.m. EST. I am unavailable at that time. I propose that we discuss all of these matters, including issues regarding the parties' Stipulated Protective Order, discussed below, in one meet and confer phone call at 11 a.m. PST (2 p.m. EST) on Thursday, February 16, 2006. Please let me know if you are available.

The remainder of this letter responds to your February 7, 2006 letter concerning the draft Stipulated Protective Order.

(1) Each page of each document produced shall bear a unique identifying number:

My comment regarding this provision was not meant to reopen the agreement to produce electronic documents, with the exception of source code, in Tiff format. We had trouble

converting some third-party documents into Tiff format, so we also produced those in native format. There is no reason to reopen this discussion or the parties' prior agreement.

Based on your letter, it appears we agree that when a document is produced in a native, electronic format, it shall be up to the printing party to place the Bates number on the printed document, which is otherwise provided by the producing party in a file name or on the CD or other storage medium, so as not to disturb the native document itself.

(2) Patent protected persons and prohibited patent applications:

It appears we are much closer in agreement with respect to these terms than your letter suggests. There will be no *per se* ban on those who previously prosecuted the patent-in-suit or related applications from viewing Amazon.com's highly confidential materials. Nor will there be a general bar on patent prosecution attorneys from viewing Amazon.com's highly confidential materials. Rather, the protective order will prevent those persons who have access to Amazon.com's highly confidential materials from prosecuting patents and rendering patent prosecution advice regarding any patents or applications related to the patent-in-suit or its subject matter. You appear to agree to that term, although (1) you seek to exclude the term "subject matter" as impermissibly vague and overbroad and (2) you seek to restrict the application of the term to only the pendency of this litigation.

Regarding the first point, your complaint that the term "subject matter" of the patent-in-suit is impermissibly vague and overbroad has been routinely rejected by Courts faced with this issue. *Cummins-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, *32 (N.D. Ill. 2003) ("Cummins argues that the restriction should not apply to prosecution of patent applications relating to the subject matter of the patents-in-suit, but instead should be limited....We disagree....although Cummins argues that it does not understand what Glory means by suggesting that the limitation apply to prosecution of patent applications 'relating to the subject matter of the patents-in-suit,' that is the language routinely employed by other courts when imposing such a restriction.") *citing In re Papst Licensing, GmbH, Patent Litig.*, 2000 U.S. Dist. LEXIS 6374, *15 (E.D. LA 2000) (barring prosecution of patent applications "pertaining to the subject matter of the patent in suit"); *Interactive Coupon Mktg. Group v. H.O.T! Coupons*, 1999 U.S. Dist. LEXIS 12437, *11 (N.D. Ill. 1999) (barring prosecution of patent applications "relating to the subject matter of the patent-in-suit"); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, *8 (D. Del. 1994) (barring prosecution of patent application "relating to the broad subject matter of the patents in suit").

Regarding your second point, if you agree to this "subject matter" restriction, we will agree to a time limitation. However, the time limitation should also be that which has been widely adopted: "the pendency of the litigation and a period of one year after the conclusion of the litigation, including appeals." *Cummins-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS

23653, *33 (N.D. Ill. 2003) *citing Motorola,* 1994 U.S. Dist. LEXIS 20714 at *19; *see also In re Papst Licensing, GmbH,* 2000 U.S. Dist. LEXIS 6374 at *15.

We agree to your proposed language for paragraph 19 (of your latest draft), so long as the following sentence is added: "Under no circumstances may an attorney who has had access to Designated Information render patent prosecution advice regarding any application related to the patent-in-suit or its related subject matter for the pendency of the litigation and a period of one year after the conclusion of the litigation, including appeals." Please note, however, to be consistent, the reference to the protective order itself in your proposed paragraph should be "Stipulated Protective Order" rather than "Stipulation and Order."

We agree to your proposed change regarding "for purposes of this action" in paragraph 1.

The provision that highly confidential information shall include "information that could harm [the designating party's] competitive position if it becomes known to a person or party other than the designating party who is not precluded from using for purposes not approved by the producing party" is meant to be a catch-all provision for the type of information otherwise described. It is difficult if not impossible to create an exhaustive list of every type of document requiring such protection, especially for a company of Amazon.com's size. In any event, it is certainly meant to cover documents that affect "competitive decision making," as is often discussed in case law as the catch-all concept that protects against the improper rendering of patent prosecution advice by those exposed to a designating party's confidential information. *Cummins-Allison Corp.*, 2003 U.S. Dist. LEXIS 23653 at *16-17.

(3) Confidentiality designation Affixed Upon Printing:

My discussion of this provision again was not an invitation to reopen the already settled issue that electronic documents, except source code, will be produced in Tiff format. I presume you otherwise agree with the terms put forth.

(4) Approval of Experts/ Consultants:

Your basis for rejecting our proposal that among the information a proposed expert/consultant shall provide as part of the approval process is list of all previous employers, clients and positions that the expert/consultant has had within the past five years as well as all such relationships that expert/consultant has had with any party or their affiliates is that such experts/consultants may have consulted on a confidential basis. Certainly non-confidential employment, etc. can and should be disclosed. Moreover, there is no basis to not disclose all relationships the expert has had with any party or its affiliates. Therefore, a proposed expert/consultant shall provide as part of the approval process a list of all non-confidential employers, clients and positions. All relationships with a party or affiliate, however, must be disclosed. If you agree to these provisions, we will agree to your provision that the party objecting to an expert must file a motion within 10 days after the initial written objection was given requesting the Court to issue an Order precluding disclosure of confidential information to the expert/consultant.

loses a motion, the 3 days time period to return the document is calculated from the date such an Order is issued.

(10) Statement to Abide by the Stipulated Protective Order:

We will agree to not include this provision.

(11) Conclusion of Litigation:

We will not agree that every document produced in this litigation may be kept by the receiving party.

(12) Third Parties Are Included in the Stipulated Protective Order:

While I understand your position on this issue, a concern that we have is that source code of third parties that will be sought in this litigation will not require the rigorous protections that the parties' source code will, because it will be prior art code dating back approximately 10 years ago or more and is not likely to be commercially viable. Thus, the prior art code will not require the same rigorous protections that the parties' code will, and Outside Counsels' Eyes Only protections will otherwise be sufficient. Thus, the protective order is drafted so as to allow third parties full access to all protections, except source code.

I have addressed your final comment in separate correspondence. Local Rule 26.2 does not provide adequate protection for some of the documents at issue in this case. We will produce information that is adequately protected on an outside counsel only basis. However, documents such as source code and other materials affecting patent prosecution issues will not be produced until the issues in this letter are resolved.

Finally, you ignored my question regarding the person you identified as having access to Amazon.com's confidential information: why are three persons from Cendant Corporation listed rather than any employees of the Plaintiff? Please respond.

Sincerely,

Wendy Bjerknes

cc: Steven Balick
Matthew Felton

23984/00403/LIT/1244514.1



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 17, 2006

***Via E-Mail***

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

Re: *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
Our File No.: 3339-101

Dear Wendy:

Attached is a redlined version of the Stipulated Protective Order with the changes the parties agreed to during yesterday's meet and confer conference. As you will see, we have agreed to some additional changes you suggested yesterday and that language is reflected in this draft. Where the parties have not agreed to language, CD's version is in the current draft. We should probably put both parties' versions in the draft and move the Court to choose the language. With respect to paragraph 12(c), we have left the names as they were and will confirm with the client early next week.

I understand you were going to check with your client on some of the language we discussed yesterday.

Please get back to me early next week regarding Amazon's position on the Protective Order so that we can move quickly with the Court to resolve our differences.

Very truly yours,

Elizabeth A. Leff

EAL:whc
cc: Steven Balick, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-00414 (JJF) |

**STIPULATED PROTECTIVE ORDER**

The parties to this patent case believe that the discovery process will require the disclosure by parties or third parties to another party of trade secrets or other confidential or proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c) and that the interests of the parties and any third parties who disclose confidential information would be served by the entry of an order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of such information.

Accordingly, IT IS HEREBY STIPULATED AND ORDERED that the following procedures shall be adopted for the protection of such information:

1. All Designated Information, as defined herein, disclosed by any party or third party (hereinafter "producing party" or "designating party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used by each person receiving it solely for purposes of this action including any appeal therefrom, and shall not be used by that person for any other litigation, proceeding, business, commercial, competitive, personal, or other purpose.

2. With the exception of documents produced in native format, each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. Electronic documents produced in native format shall have a file name or code placed on the CD or other storage medium. If such documents are to be considered Designated Information (as defined below) the designation shall also be identified on the CD or other storage medium. When a document produced in native format is printed, the printing party must affix, to the printed copy, the file name or code and the confidentiality designation identified by the producing party on the CD or other storage medium.

3. As used herein, CONFIDENTIAL INFORMATION means any information and material (including without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as CONFIDENTIAL because it contains or is a trade secret or other confidential research, development, business or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) as well as private personal information from customers.

4. As used herein, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY INFORMATION means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY because it contains or is highly sensitive financial information, ongoing research, development projects and competitive decision making. Examples of such material include without limitation: current and future business plans, unpublished financial data and pricing information, trade secrets, proprietary engineering or other technical information, competitor market analyses, distributor, sales and customer agreements and licenses and unpublished patent applications.

Deleted: and

5. As used herein, "party" or "parties" includes either or both any named plaintiff and defendant in this action and any other parties substituted, joined or added to this action at any time.

6. As used herein, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION means non-public source code or object code of a party's software, website, or computer applications.

7. As used herein, "Designated Information" means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement) designated by any producing party as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION.

8. Designated Information may include without limitation:

a. Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d), 34 or 45:

i. The producing party shall designate confidentiality of such information by marking the material, document or thing "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE", or use some similar such marking at the time it is turned over to the receiving party.

b. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30 or 45, either through testimony or via documents or other exhibits used at the deposition.

i. Portions or the entirety of a deposition transcript (including exhibits) shall be designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" by: (1) making a statement to that effect on the record, during the deposition, or (2) sending to all other parties, the court reporter for the deposition, and all other persons known to the producing party to have received a copy of the deposition transcript, on or before ten (10) business days after counsel for the producing party receives the final deposition transcript, a letter or other written notice so designating the portions or entirety of the transcript with a confidentiality designation as provided for herein. The letter or other notice shall cite this Stipulated Protective Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be designated. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter, e-mail or other notice, with the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE" indicating the level of confidentiality claimed by the producing party and shall be governed by the terms of this Stipulated Protective Order.

ii. Unless otherwise agreed to in writing by the producing party, until the expiration of a ten (10) business day period after receipt of the final deposition transcript, the transcript and any exhibits not otherwise designated, shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.

iii. If a deposition or portion thereof is designated on the record during the deposition as containing Designated Information, the deposition shall continue in the absence of all persons to whom access to such Designated Information is not permitted under this Stipulated Protective Order.

9. Any copy made of any Designated Information or any abstract, summary or memorandum embodying Designated Information shall also bear on its face the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE". If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

10. If any of the parties or third parties make available certain files for inspection by the other parties that may contain confidential as well as non-confidential information, all documents and their contents made available for such inspection shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY until the producing party has had the opportunity to designate and mark selected documents. The party or third party may also designate material CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE INFORMATION prior to or at the inspection, in which case it shall be treated as such.

11. If Designated Information is to be filed with the Court in any connection with any proceedings herein, it shall be filed with the clerk of the court in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, and the following legend:

Contains Confidential Information
To Be Opened Only By Or As Directed By The Court
CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.
CV 05-414 JJF

In addition, any document containing Designated Information that is to be filed with the Court shall be marked "FILED UNDER SEAL" on its cover page. If filed in another Court, the

Designated Information shall otherwise be filed under seal in accordance with the applicable rules of the court in which the information is filed.

12. Access to information designated as CONFIDENTIAL shall be limited to the persons listed in and approved of through procedures outlined in paragraphs 12(a)-(f):

Deleted: following persons

a. outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

b. outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel, provided that disclosure to such experts or consultants be made only on the following conditions:

i. counsel desiring to disclose information designated as CONFIDENTIAL to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulated Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulated Protective Order.

Deleted: C

ii. No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a seven (7) business day period commencing with service by facsimile or e-mail upon counsel for the producing party, a copy of the signed Agreement To Abide By Stipulated Protective Order and curriculum vitae of the expert or consultant, which identifies (1) all publications authored by the expert or consultant within the preceding ten (10) years; (2) all other cases in which the expert or consultant has testified (by deposition or at trial) within the preceding five (5) years specifying whether testimony was by

Deleted: i

Deleted: ii

Deleted: .

Deleted:

deposition or at trial and the party who retained the expert or consultant; (3) Any relationship the expert or consultant has had with any party or its affiliates; (4) Any relationship the expert or consultant has had with any party or its affiliates; (5) all non-confidential consulting or employment positions the expert or consultant has held during the past four (4) years. During the seven (7) business day period after such service, counsel for a party may in writing object in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, the objecting party shall request by motion, within ten (10) business days after the initial written objection was given that the Court issue an order precluding the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant or waive such objection. Should any such motion be filed, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court.

iii. No CONFIDENTIAL INFORMATION of another party shall be disclosed to mock jurors, focus group members and the like selected by approved of trial consultants, jury consultants or by counsel in preparation for trial before execution of a confidentiality agreement in the form attached as Exhibit "B" and such statement shall be kept by counsel for reference. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

c. Andrew Hollander, Scott McLester and Eric Bock as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION. Before any disclosure of CONFIDENTIAL

INFORMATION, each of these named persons shall execute the Agreement to Protect Confidential Information attached as Exhibit "C," which shall be kept by counsel for reference.

d. David Zapolsky and Kathy Sheehan as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION. Before any disclosure of CONFIDENTIAL INFORMATION, each of these named persons shall execute the Agreement to Protect Confidential Information attached as Exhibit "C," which shall be kept by counsel for reference.

e. the Court and its authorized staff, court reporters, and the jury;

f. outside copying, exhibit and trial preparation services.

13. Access to information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be limited to the persons listed in and approved of through procedures outlined in Paragraphs 13(a)-(d), including all subparts, below:

a. Outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY provided, however, that any outside counsel having access to information designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY shall not, during the pendency of this case and for one year after entry of judgment or dismissal by the U.S. District Court in this litigation and any appeal thereof, prepare, prosecute, provide advice regarding any related patent or patent application or patent or patent application relating to recommender systems, or supervise or assist in such activity, directly or indirectly, on behalf of the receiving party or its affiliates. For purposes of this Stipulated Protective Order, "prosecute" or "prosecution" shall mean any communication with the U.S. Patent and Trademark Office or any foreign patent office with respect to the patentability of a U.S. or foreign patent application, and/or the preparation or

drafting of any claims for a U.S. or foreign patent application, and including the selection or identification of subject matter for patent claims included in any such applications. Notwithstanding the foregoing, an attorney or agent shall be permitted to communicate with his or her respective client or its representatives concerning potential prior art, prior use or prior sale information other than that designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY" to the extent otherwise permitted under this Stipulated Protective Order.

b. Outside experts or consultants for a receiving party and whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel; provided that disclosure to such experts or consultants be made only on the following conditions:

i. Counsel desiring to disclose HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulated Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulated Protective Order.

ii. No information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be disclosed to such expert or consultant until after the expiration of a seven (7) business day period commencing with the service by facsimile upon counsel for the producing party a copy of the signed Agreement To Abide By Stipulated Protective Order and curriculum vitae of the expert or consultant which identifies (1) all publications authored by the expert or consultant within the preceding ten (10) years; (2) all cases in which the expert or consultant has testified (by deposition or at trial) within the preceding five (5) years specifying whether the testimony was by deposition or trial and the party

Deleted: i

Deleted: ii

Deleted: iii

who retained the expert or consultant; (3) any relationship the expert or consultant has had with any party or its affiliates; (4) any relationship the expert or consultant has had with any party or its affiliates; (5) all non-confidential consulting or employment positions the expert or consultant has held during the past four (4) years. During the seven (7) business day period after such service, counsel for the producing party may object in writing in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to such expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant, the objecting party shall request by motion within ten (10) business days after the initial written objection was given that the Court issue an order precluding the disclosure of information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant or waive such objection. In the event of the filing of any such motion, there shall be no disclosure of information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY to the expert or consultant, pending resolution of the motion by the Court.

c. the Court and its authorized staff, court reporters, and the jury;

d. outside copying, exhibit and trial preparation services.

14. All source code produced by any party pursuant to pretrial discovery in this action that is designated by the producing party as containing or comprising HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE shall be subject to the same restrictions as information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY. In addition, the following restrictions shall apply to source code

designated by any party as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE:

i. A single electronic copy of such source code shall be made available for inspection on a stand-alone computer

ii. The stand-alone computer shall be password protected. The producing party shall supply the computer including software utilities which will allow counsel and experts to view, search and analyze the source code/object code.

iii. The stand-alone computer shall be only located at outside counsel's office, or other location that the parties may agree upon.

iv. Access to the stand-alone computer shall be permitted to outside counsel representing the requesting party who qualify to receive HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY under paragraph 13(a) and unless otherwise agreed to by the producing party or ordered by the Court two (2) experts retained by the requesting party, each of whom has been approved under the Stipulated Protective Order under paragraph 13(b). The producing party's agreement to allow more than two (2) experts to have access to source code/object code shall not be unreasonably withheld.

Deleted: all

Deleted: have

v. Only up to 5% of the source code may exist in printed form at any one time without the agreement of the producing party or further order of the court. Agreement to have more than 5% of the source code exist in printed form at any given time shall not be unreasonably withheld. Any printed material will be shredded after use.

Deleted: Up

Deleted: be

15. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall promptly

      a. identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request;

b. provide to each such person or entity whose confidentiality interests are implicated:

i. notice that the documents or information held under obligations of confidentiality are potentially subject to disclosure; and

Deleted: of its intention to disclose

ii. A copy of this Stipulated Protective Order; and

c. The party from whom such discovery is sought shall within ten (10) court days thereafter disclose in compliance with this Stipulated Protective Order any responsive documents or information held under obligations of confidentiality to such person unless said party or non-party moves for or obtains a protective order in this Court within that time. In that event, the documents or information may be withheld from production until the motion is decided.

16. The acceptance by the parties of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY –SOURCE CODE shall not constitute an admission or concession or permit an inference that the information is in fact confidential as designated. Any receiving party may at any time request that the designating party cancel the designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the Designated Information that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the designation, then the party contending that such documents or information are not confidential as designated may request by

motion that the Court remove such information from the restrictions of this Stipulated Protective Order. The material shall be treated as designated until the motion is decided by the Court. The burden of demonstrating that the information is confidential as designated shall be on the designating party.

17. This Stipulated Protective Order shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not authorized to receive Designated Information, as identified herein, so long as such examination concerns Designated Information to which the witness previously had authorized access, or prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Stipulated Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of Designated Information, so long as such examination shall be in a manner that does not disclose the details of the Designated Information. Designated Information of a producing party may be used to examine, at deposition and at trial (or other court hearing), any person who is at the time of examination employed by or affiliated with the producing party or who was employed by the producing party at the time the Designated Information was created.

18. Designated Information may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to the provisions of this Stipulated Protective Order, but may not be used for any other purpose except as expressly provided herein or by further order of the Court. At the request of a producing party, any person(s) not permitted access to Designated Information under the provisions of this Stipulated Protective Order may be barred from attending any portion of trial, any motion hearing, or depositions at which Designated Information the person is not permitted

**Deleted:** paragraphs 12-14

**Deleted:** paragraphs 12-14

access to is revealed, subject to any further order regarding confidentiality as this Court may enter.

19. Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of Designated Information pursuant to this Stipulated Protective Order so long as no portion of the content of the information so designated is disclosed.

20. The disclosure by a producing party of CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without a designation as required by paragraph 9, set forth in this Stipulated Protective Order shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than five (5) business days after such discovery, and (c) within five (5) business days of such discovery, the producing party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the materials shall be treated as confidential and the receiving party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE as designated under this Stipulated Protective Order.

21. Should any Designated Information be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Stipulated Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such Designated Information and to bind such person to the terms of this Stipulated Protective Order; (b) within three (3) calendar days of the discovery of such disclosure, inform such person of all provisions of this Stipulated Protective Order; (c) within five (5) calendar days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Abide By Stipulated Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) calendar days of its execution by the party to whom Designated Information was disclosed.

22. Nothing in this Stipulated Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity.

23. If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege or immunity. Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the designating party or other person otherwise would be entitled. If a claim of inadvertent production is made by e-mail or facsimile within three (3) business days of discovery of inadvertent production pursuant to this paragraph, with respect to information then in the custody of another party, within three (3)

business days of receipt of such written notice, such party shall return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware, unless the receiving party wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced. If the party receiving the inadvertently produced material wishes to make such a challenge, it must within five (5) business days of receipt of notice by e-mail or facsimile of inadvertent production notify the producing party and within ten (10) business days of receipt of notice by e-mail or facsimile of inadvertent production move the Court for a ruling on the propriety of the claim of privilege or immunity but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. Until the motion is decided by the Court, the receiving party shall make no other use or disclosure of the subject material or the information contained therein. If the producing party prevails on its privilege or immunity claim, the receiving party shall return the material and all copies or reproductions thereof of which it is aware within three (3) business days from the date the court order is issued.

**Deleted:** ten (10)

**Deleted:** During the pendency of such motion

24. The restrictions and obligations set forth in this Stipulated Protective Order relating to Designated Information shall not apply (i) if the parties agree, (ii) the parties agree, or the Court rules, the information at issue is already public knowledge, (iii) the parties agree, or the Court rules, the information at issue has become public knowledge other than as a result of disclosure by the receiving party or the inadvertent or mistaken disclosure of the producing party, or (iv) the information at issue is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of Designated Information if said person already has legitimate possession thereof independent of the producing party.

25. This Stipulated Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing its own Designated Information in any manner that it considers appropriate.

26. This Stipulated Protective Order shall survive the termination of this action.

27.____Within sixty (60) days after final determination of this action, all designated information that has been served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be delivered to counsel for the producing party or destroyed. Notwithstanding the above, each outside trial counsel of the parties may retain one copy of deposition exhibits, interrogatory responses, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings that contain information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY provided that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" continues to be treated as such. All materials designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY – SOURCE CODE must be destroyed by the receiving party within thirty (30) days of the final termination of this action.

**Deleted:** materials, to maintain a complete file of the litigation,

28. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this protective order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by the parties to this action.

Dated: January ________________, 2006

Respectfully submitted,

By

______________________________

Steven J. Balick (ID #2114)
John D. Day (ID #2403)
ASHBY & GEDDES
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
and
Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783 6040

*Attorneys for Plaintiff*
*CD Intellectual Property Holdings, LLC*

By

______________________________

John W. Shaw (ID #3362)
Karen E. Keller (ID #4489)
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
and
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST
Silicon Valley Center
801 California St.
Mountain View, California 94041

*Attorneys for Defendant*
*Amazon.com, Inc.*

IT IS SO ORDERED:

ENTERED: ______________, 2006

______________________________
U.S. District Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) | |
| | ) | Civil Action No. 05-00414 (JJF) |
| Plaintiff, | ) | |
| v. | ) | |
| AMAZON.COM, INC., | ) | |
| Defendant. | ) | |

AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

STATEMENT OF ________________

State of ____________)
________________)ss
County of ____________)

________________ being sworn, deposes and says:

1. I have been requested by ________________ (counsel for the party requesting assistance) to assist counsel with certain material that I have been informed is Designated Information within the terms of the Stipulated Protective Order issued by the Court in the above entitled action.

2. I have read the Stipulated Protective Order entered in this action. I understand its terms and agree to be fully bound by them. I agree not to disclose any Designated Information and not to use such Designated Information other than in assisting counsel identified in paragraph 1 above. I understand, in particular, that any Designated Information and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any

knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

3. I hereby agree that if I have access to information designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY I shall not, during the pendency of this case and for one year after entry of judgment or dismissal by the U.S. Court in this litigation, prepare, prosecute, provide advice regarding any related patent or patent application or patent or patent application relating to recommender systems, or supervise or assist in such activity, directly or indirectly on behalf of ____________ [fill in party being assisted]. I understand that for purposes of this Stipulated Protective Order, "prosecute" or "prosecution" shall mean any communication with the U.S. Patent and Trademark Office or any foreign patent office with respect to the patentability of a U.S. or foreign patent application and/or the preparation or drafting of any claims for a U.S. or foreign patent application, including the selection or identification of subject matter for patent claims included in such applications.

Deleted: 3

4. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint ____________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Deleted: 4

5. I further understand that failure to abide fully by the terms of the Stipulated Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Dated: ______________________ Agreed: ________________________

SUBSCRIBED and sworn to before me this
___________ day of ____________ 2006

_________________________
Notary Public

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CD INTELLECTUAL PROPERTY HOLDINGS, LLC,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Civil Action No. 05-00414 (JJF)

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

This agreement is between ____________________ and ____________________________________ residing at ________________________.

1. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

2. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Dated: ________________ Agreed: ______________________

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, Plaintiff, v. AMAZON.COM, INC., Defendant. | Civil Action No. 05-00414 (JJF) |

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

STATEMENT OF ____________________

State of ______________)
______________________)ss
County of _____________)

__________________________ being sworn, deposes and says:

1. I have been requested by ______________ (counsel for the party requesting assistance) to assist counsel with certain material that I have been informed is Designated Information within the terms of the Stipulated Protective Order issued by the Court in the above entitled action.

2. I have read the Stipulated Protective Order entered in this action. I understand its terms and agree to be fully bound by them. I agree not to disclose any Designated Information and not to use such Designated Information other than in assisting counsel identified in paragraph 1 above. I understand, in particular, that any Designated Information and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for

purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint ____________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

4. I further understand that failure to abide fully by the terms of the Stipulated Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Dated: ______________________ Agreed: ________________________

SUBSCRIBED and sworn to before me this
___________ day of ____________ 2006

________________________
Notary Public



**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 24, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

Thank you for your latest draft of the Stipulated Protective Order. I have made a few changes to the draft, which are noted in red track-changes. If you agree to these changes, we will otherwise agree to the remaining terms in the Stipulated Protective Order. And if you agree to these changes, it appears the only outstanding issue is the identification of Eric Bock. Before we can agree to his seeing Amazon.com's confidential information, we need to know his position and the company(ies) he works for. Please let me know.

Also, we will produce Highly Confidential – Outside Counsels' Eyes Only designated material at this time if we are in complete agreement as to all terms put forth in paragraph 13 and related paragraphs, in particular that no prosecution advice will be given from those who have seen Amazon.com's Highly Confidential – Outside Counsels' Eyes Only. Please let me know immediately if that is indeed the case so that we can produce these documents. Thank you.

Sincerely,

Wendy Bjerknes

cc: Steven Balick
C. Nichole Gifford

23984/00403/LIT/1245049.1

**Wendy Bjerknes**

**From:** Elizabeth A. Leff [eleff@rothwellfigg.com]
**Sent:** Wednesday, March 01, 2006 8:30 AM
**To:** Wendy Bjerknes
**Cc:** C. Nichole Gifford; Matthew Felten
**Subject:** FW: Scanned document from ecopy7

**Attachments:** protective order.pdf

protective order.pdf (915 KB)

Wendy:

I attach the protective order we agreed to on Monday. We will agree not to add the language that agreement to print more than 5% of source code or to allow more than 2 experts to see sourcecode shall not be unreasonably denied. Please let me know if you are prepared to sign off on this version.

Elizabeth

Elizabeth A. Leff Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040
(202) 783-6031 (Fax)
eleff@rothwellfigg.com
http://www.rothwellfigg.com

The information contained in this communication is confidential, is intended only for the use of the individuals named above and should not be disclosed to any third parties unless specifically authorized in the text of the communication itself or by separate written authorization of the sender. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited.

-----Original Message-----
From: ecopy7
Sent: Wednesday, March 01, 2006 11:07 AM
To: Elizabeth A. Leff
Subject: Scanned document from ecopy7

<<protective order.pdf>>