# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CENDANT PUBLISHING, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-414-JJF |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FIRST SET OF INTERROGATORIES OF
PLAINTIFF CENDANT PUBLISHING, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Cendant

Publishing, Inc. ("Cendant Publishing") hereby requests that defendant Amazon.com,

Inc. ("Amazon"), within thirty (30) days from the date of service hereof, serve upon the

undersigned counsel for Cendant Publishing answers, under oath, to each of the

interrogatories set forth below.  These interrogatories should be answered in accordance

with the Instructions and Definitions set forth below.

## INSTRUCTIONS

1.    The term "identify" when used herein shall include:

   A.    When referring to a natural person, his or her full name, present or last

       known home and business addresses, and his or her business affiliation

       during the period to which the interrogatory response refers and at

       present (or last known), including the position last held by that

       individual;

Exhibit 3
Page 1                                          1

B.     When used in reference to a business organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized, and the address of its principal place of business;

C.     When used in reference to a document:

      i.     the type of document (e.g., letter, memorandum, etc.), and its date;

      ii.     the identity of the person who prepared the document;

      iii.     the date or dates of preparation thereof;

      iv.     the identity of each person who presently has custody, control or possession thereof (and, if any such document was, but is no longer, in your possession or control, state what disposition was made of it and when and why it was disposed of); and

      v.     notwithstanding the foregoing, when an interrogatory asks for the identity of any document, Defendant may, pursuant to Fed. R. Civ. P. 33(d), in lieu of identifying such document, produce a copy of the document together with a statement as to the interrogatory to which it responds.

D.     When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which and the place it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the

Exhibit 3
Page 2

2

identity of each document which, in whole or in part, was the subject

of the act or in which it is manifested, referred to or expressed.

2.      The term "person" or "persons" when used herein shall include natural

persons, corporations, governmental entities, partnerships, associations, joint

ventures, sole proprietorships and academic institutions.  The single and plural

forms are used interchangeably.

3.      If all or any part of any interrogatory is objected to as seeking privileged

information, or all or any part of any response thereto is withheld under any

claim of privilege, immunity or protection for each such objection or claim

provide the following information:  the subject matter of the information

withheld, the identity of each person possessing said information or to whom

such information was communicated, the means by which said information

was communicated, the date of the communication and the nature of the

privilege asserted to apply to such objection or claim concerning said

information.

4.      If any of these interrogatories cannot be answered in full, answer to the extent

possible, specifying the reasons for your inability to answer the remainder and

stating whatever information, knowledge or belief you do have concerning the

unanswered portion.

5.      Pursuant to Fed. R. Civ. P. 26(e), these interrogatories are deemed continuing

to the fullest extent permissible and require that Plaintiffs provide all

information known to them up to the date of response.  If Defendant

subsequently acquires any further information called for in response thereof,

Exhibit 3
Page 3

3

Defendant should promptly furnish it in writing and under oath to the
undersigned counsel.

## DEFINITIONS

1.  For purposes of these interrogatories, the term "Amazon" means defendant
Amazon.com, Inc., and any of the divisions, departments, subsidiaries, affiliates, or
predecessors and any present or former officer, director, employee, consultant, expert
or agent thereof, and all other persons acting or purporting to act on behalf of
Amazon.com.

2.  The term "Cendant Publishing" means plaintiff Cendant Publishing, Inc.

3.  The term "'370 patent" means U.S. Patent No. 6,782,370.

4.  The term "document" as used herein has the broadest meaning permissible under the
Federal Rules and the Local Rules of the District of Delaware, and includes the
original and every non-identical copy or reproduction in the possession, custody or
control of Amazon.

5.  "Customer recommendation feature" means any system or method to recommend to a
customer or a potential customer items that he or she may be interested in based on
the purchasing history of other customers, including but not limited to Amazon's
"Customers Who Bought This Book Also Bought" feature.

Exhibit 3
Page 4

4

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every customer recommendation feature designed, developed, implemented, used or operated by Amazon since January 1995, describe how the customer recommendation feature determines recommendations and what customer act triggers the provision of a recommendation, the date the program was implemented, and the identity of each person involved in the design, development, implementation or operation of the system.

### INTERROGATORY NO. 2:

Identify all persons involved in, or most knowledgeable of, the design, technical operation, functionality, and development of Amazon's "Customers Who Bought this Book Also Bought" feature and any other customer recommendation feature designed, developed, implemented, or operated by Amazon and state in what capacity each person was involved.

### INTERROGATORY NO. 3:

Identify all persons employed or retained by Amazon who have reviewed or examined the '370 patent in any capacity.

### INTERROGATORY NO. 4:

Identify all persons who participated in responding to these interrogatories.

### INTERROGATORY NO. 5:

Explain in detail when and how Amazon first became aware of the '370 patent.

Exhibit 3
Page 5                                    - 5 -

**INTERROGATORY NO. 6:**

Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by Amazon concerning the '370 patent.

**INTERROGATORY NO. 7:**

Identify all opinions of counsel provided to Amazon or prepared on behalf of Amazon concerning the '370 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether Amazon intends to rely on any such opinions of counsel in defending against the allegation that Amazon has willfully infringed the '370 patent.

**INTERROGATORY NO. 9:**

For each claim of the '370 patents, explain in detail which claim limitations, if any, you contend are not met by at least one Amazon customer recommendation feature (including the customer recommendation features identified in response to Interrogatory No. 1). For each element that you contend is the basis for your non-infringement position, explain in detail your construction of that element as used in the claims and a detailed explanation of why each element is not met.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '370 patent is invalid, including, identifying with particularity each piece of prior art you may rely on to support your contention, each event or disclosure in a reference or publication forming in whole or part the

Exhibit 3
Page 6                                    - 6 -

basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto. If you contend that one or more claims of the '370 patent is invalid in light of a combination of prior art references, specify with particularity the factual basis supporting your contention that one skilled in the art would have been motivated to combine the teachings of that prior art.

## INTERROGATORY NO. 11:

If Amazon contends that any claim or claim term of the '370 patent requires claim construction, describe your construction of each claim or claim term and the bases for such construction, and identify the support for your construction of the claims and claim terms, including an identification of all portions of the specifications and/or prosecution histories and any extrinsic evidence relied upon by you to support the construction.

## INTERROGATORY NO. 12:

Explain in detail the factual basis for your contention that the '370 patent is unenforceable, including identifying in detail each act or omission forming the basis for such contention, the identity of any person you allege committed such act or omission and each person with knowledge of each such event including, the person employed or retained by Amazon who is the most knowledgeable regarding Amazon's contention that the '370 patent is invalid.

## INTERROGATORY NO. 13:

For each customer recommendation feature identified in response to Interrogatory No. 1, on a year-by-year basis, state how much revenue has been received and how much profit has

Exhibit 3
Page 7

- 7 -

been earned by Amazon as a result of that customer recommendation feature.

**INTERROGATORY NO. 14:**

For each customer recommendation feature identified in response to Interrogatory No. 1, identify how Amazon determines the pecuniary effect on sales, revenue or profit of the customer recommendation feature and identify the person most knowledgeable about how the determination is made.

**INTERROGATORY NO. 15:**

Identify all persons involved in the marketing, promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified, describe their involvement or duties with respect to each feature.

**INTERROGATORY NO. 16:**

Identify all persons involved in calculating or determining the sales, revenue, profit and costs associated with or generated by each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified describe their involvement or duties with respect to each feature.

**INTERROGATORY NO. 17:**

For each customer recommendation feature identified in response to Interrogatory No. 1, identify the date of conception, reduction to practice, and date of first public use. Include in your answer the identity and role of all persons involved in the conception, reduction to practice, and

Exhibit 3
Page 8                              - 8 -

first public use of each customer recommendation feature.

## INTERROGATORY NO. 18:

During the prosecution of the patent application that issued as U.S. Patent No. 6,266,649, Amazon submitted an Information Disclosure Statement to the Patent Office which stated that Amazon had implemented the "customers who bought this book also bought …" feature prior to September 18, 1997. Identify the specific date when Amazon first implemented the "Customers who bought this book also bought feature," and describe in detail how the feature was implemented and identify all individuals involved in the implementation including a description of their involvement.

## INTERROGATORY NO. 19:

For each settlement entered into or license obtained or issued over the past 15 years, for any customer use feature, customer purchase feature or feature relating to on-line commerce, identify the patent(s) at issue and the royalty rate and/or terms of license.

## INTERROGATORY NO. 20:

Identify all fact and expert witnesses Amazon expects to call at trial and for each witness describe in detail the testimony the witness is expected to provide.

Exhibit 3
Page 9                          - 9 -

ASHBY & GEDDES

_Steven J. Balick (I.D. #2403)_
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff Cendant Publishing, Inc.*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: November 18, 2005

163786.1

Exhibit 3
Page 10                                   - 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **FIRST SET OF**

**INTERROGATORIES OF PLAINTIFF CENDANT PUBLISHING, INC.** was served upon

the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                          HAND DELIVERY
Young Conway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                      VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041


Tiffany Geyer Lydon

Exhibit 3
Page 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CENDANT PUBLISHING, INC.,                )
                                         )
                    Plaintiff,           )
          v.                             )
                                         )   C.A. No. 05-414-JJF
AMAZON.COM, INC.,                        )
                                         )
                    Defendant.           )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2005, **FIRST SET**

**OF INTERROGATORIES OF PLAINTIFF CENDANT PUBLISHING, INC.** was served

upon the following counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                           HAND DELIVERY
Young Conway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                        VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041

Exhibit 3
Page 12

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: November 18, 2005
160383.1

Exhibit 3
Page 13

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel at the address and in the manner

indicated:

John W. Shaw, Esquire                                          HAND DELIVERY
Young Conway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Lynn H. Pasahow, Esquire                                      VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041


/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon

Exhibit 3
Page 14

CM/ECF LIVE - U.S. District Court.ded                                    Page 1 of 1

# Discovery Documents

1:05-cv-00414-JJF Cendant Publishing Inc. v. Amazon.com Inc.


## U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Lydon, Tiffany entered on 11/18/2005 at 5:06 PM EST and filed on 11/18/2005

**Case Name:**         Cendant Publishing Inc. v. Amazon.com Inc.
**Case Number:**       1:05-cv-414
**Filer:**             Cendant Publishing Inc.
**Document Number:** 12

**Docket Text:**
NOTICE OF SERVICE of First Set of Interrogatories of Plaintiff Cendant Publishing, Inc. by Cendant Publishing Inc..(Lydon, Tiffany)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/18/2005] [FileNumber=128915-0
] [1f7d0d76d16e6012ac244b0b796bebc24e345be8821c4b477b2cfd580f33c446bd4
6ca7d934451a28d2c44aebca0a35adf55eae8cd718386e0599a9a93b299a3]]

**1:05-cv-414 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com

Karen Elizabeth Keller    kkeller@ycst.com, corporate@ycst.com; corpcal@ycst.com

**1:05-cv-414 Notice will be delivered by other means to:**