# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CENDANT PUBLISHING, INC. </br></br> Plaintiff, </br></br> v. </br></br> AMAZON.COM, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 05-414-JJF </br> ) </br> ) </br> ) </br> ) </br> ) |

## FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS OF PLAINTIFF CENDANT PUBLISHING, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Cendant Publishing, Inc. ("Cendant Publishing") hereby requests that defendant Amazon.com, Inc. ("Amazon") produce each of the documents and tangible things specified in the "Documents and Tangible Things Requested" identified below for inspection and copying at the offices of Rothwell, Figg, Ernst & Manbeck, P.C., 1425 K Street N.W., Washington, D.C. 20005, within thirty (30) days, or such other time and place as counsel for the parties agree.

## INSTRUCTIONS

1. You are requested to produce for inspection and/or photocopying all documents specified in the "Documents and Tangible Things Requested" below, in your possession or custody or subject to your control or otherwise known or available to you, or by your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators at the time and place indicated.

2. The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be produced

Exhibit 4
Page 1

promptly.

3. References to natural persons shall be deemed to include, in addition to the person named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnership of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4. References to entities other than natural persons, including Amazon, shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees, agents, representatives, accountants, and attorneys.

5. In the event that any document or tangible thing called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such document tangible thing and, in addition, specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

6. Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7. The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

8. If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

9. In the event that any document responsive to this request is not produced for any reason, including any claim of privilege or immunity (including work product), you shall furnish

Exhibit 4
Page 2

2

a list identifying each such document by:

(a) identifying the person who prepared or authored the document and, if applicable, the persons to whom the document was sent and the date on which the document was prepared or transmitted;

(b) identifying the person who has custody of documents;

(c) describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof; and

(d) stating briefly the nature of the privilege asserted.

10. Documents from any single file should be produced in the same order as they were found in such file and the name and owner of such file should be identified. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

11. If you find the meaning of any term in these documents requests to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

12. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

13. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

14. "Including" shall be construed broadly as, "including but not limited to" or "including without limitation."

Exhibit 4
Page 3

3

## DEFINITIONS

15. For purposes of these requests, the term "Amazon" means defendant Amazon.com, Inc., and any of its divisions, departments, subsidiaries, affiliates or predecessors and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of Amazon.com, Inc., its divisions, departments, subsidiaries, affiliates or predecessors.

16. The term "Cendant Publishing" or Plaintiff means plaintiff Cendant Publishing, Inc., including all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, entities acting in joint-venture or partnership relationships with Cendant Publishing, and others acting on behalf of Cendant Publishing.

17. The term "'370 patent" or "patent-in-suit" means U.S. Patent No. 6,782,370.

18. The term "document" as used herein has the same broad meaning as in Fed.R. Civ. P. 34, and the local rules of the District of Delaware and includes, without limitation, any thing or any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded, or from which intelligence or information can be perceived, including magnetic, CD, laser disk and optical media of all kinds (including disks, tapes or other media), which is or has been in the possession, control, or custody of Amazon, or of which Amazon has knowledge, including the original and any non-identical copy (whether different from the original because of notes, stamps, or other marks made on said copy or otherwise) of any advertising literature; agreement; audio recording; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; chart; check; circuit diagram; circular; coding form; communication (intra- or

Exhibit 4
Page 4

4

inter-company); components listing; computer data; computer printout; computer readable form; computer software and supporting indices, data, documentation, flow charts, comments, object code, source code and computer programs; contract; copy; correspondence; database; design document; diary; display; draft of any document; drawing; engineering change order; e-mail; engineering specification; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoice; job requisition; letter; license; log; manual; manufacturing data; manufacturing drawing; map; marketing plan; memoranda; minutes; model; newspaper or other clippings; notes; notebook; opinion; packing checklist; packing list; pamphlet; paper; periodical or other publications; photograph; physical object; price list; print; printed circuit board; product brochure; product specification; promotional literature; proposal; prototype; quote; receipt; record; recorded read-only-memory (ROM); recording; request for proposal or quote; report; sales data; schematic; sketch; solicitation; statement; statistical compilation; stenographic note; study; summary (including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message, (b) conversation or interview, or (c) meeting or conference); technical, service or operation manual; technical specification; telegram; telephone log; travel or expense records; video recording; videotape; voice recording; voucher; worksheet or work paper; or any other documentary material of any nature.

19. "Customer recommendation feature" means any system or method to recommend to a customer or a potential customer items that he or she may be interested in based on the purchasing history of other customers, including but not limited to Amazon's "Customers Who Bought This Book Also Bought" feature.

20. "Person" includes any legal entity, including individuals, corporations, businesses, firms, joint ventures, partnerships, sole proprietorships, governments, agencies or instrumentalities of governments, unincorporated associations, and cooperatives.

21. A document or communication "relating to" or "related to" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, describes, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified, and when used in connection with a request to produce "documents", includes documents underlying, supporting, now or previously attached to, or used in the preparation of the requested documents.

22. Whenever used herein the term "and" may be understood to mean "or" and vice-versa whenever such construction would result in a broader request for information.

23. The singular shall include the plural and vice versa and the conjunctive shall include the disjunctive and vice versa, in order to give these document requests their broadest scope.

24. "Infringe" and "infringement" refer to direct infringement, contributory infringement, inducement, literal infringement, and/or infringement by the doctrine of equivalents.

25. "Prior Art" means all categories of prior art that may be applied under 35 U.S.C. §§ 102 and 103.

26. "Process" means any methodology for as well as any machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose.

## DOCUMENTS AND TANGIBLE THINGS REQUESTED

1. All documents that describe, reflect or relate to the design, development, implementation, operation, functionality or attributes of any Amazon.com customer recommendation feature.

2. All documents relating or referring to Amazon.com's decision to use a customer recommendation feature.

3. All documents that mention, describe or relate to Books.com or Bookstacks.com.

4. All documents that mention, describe or relate to the '370 patent.

5. All documents that mention, describe or relate to Charles Stack.

6. All documents that mention, describe or relate to Cendant Publishing, Inc. or any of its divisions, departments, subsidiaries, affiliates, predecessors or any of its present or former employees.

7. Documents sufficient to ascertain the total revenues, total profits, and the number of sales generated by each of Amazon's customer recommendation features including but not limited to the "Customers Who Bought This Book Also Bought" feature.

8. All documents relating to communications between Amazon and Cendant Publishing, Inc.

9. All documents discussing, disclosing, referring to, or relating to each of Amazon's customer recommendation features.

10. All documents and tangible things, including but not limited to user manuals, electronic records, website materials, drawings, sketches, photographs, or video recordings, constituting, discussing, disclosing, referring or relating to any customer recommendation feature.

11. All documents, and tangible things, including but not limited to user manuals, electronic records, website materials, drawings, sketches, photographs, or video recordings, constituting, discussing, disclosing, referring or relating to prior art to the '370 patent.

12. All opinions, studies, analyses, reports or other examinations of the '370 patent, including any opinions of counsel, whether formal or informal.

13. All marketing plans, studies, or reports relating to or commenting on customer recommendation features, including all draft plans or studies, all supporting documents for such plans, all documents concerning marketing practices and implementation of such plans, studies, or reports.

14. All documents that refer, reflect or relate to the effectiveness or ineffectiveness of Amazon's customer recommendation features including but not limited to documents that refer, reflect or relate to Amazon's ability to determine whether a purchase was made as a result of a customer recommendation feature.

15. All documents constituting, disclosing, referring to or relating to the use of each of Amazon's customer recommendation features as a method of promoting or advertising products that Amazon offers for sale.

16. All documents constituting, disclosing, referring to or relating to any communications with actual or potential investors in Amazon regarding customer recommendation features.

17. All documents constituting, disclosing, referring to or relating to any communications with actual or potential investors in Amazon regarding or relating in any way to the '370 patent.

18. All documents constituting, disclosing, referring to, or relating to any communications or

Exhibit 4
Page 8

8

meetings with investment advisors, brokerage firms, or stock analysts regarding or relating in any way to the '370 patent or Cendant Publishing, Inc.

19. The most current organizational chart for Amazon.

20. All documents comprising, relating to and/or referring to strategic planning reports related to Amazon's customer recommendation features.

21. All manuals, handbooks, pamphlets, references, or instructions for Amazon's employees, clients, potential clients, customers, or potential customers that describe or refer to the operation of any customer recommendation feature.

22. For each customer recommendation feature, produce documents sufficient to ascertain the process by which the proper recommendations are determined and made.

23. For each database queried by any customer recommendation feature, produce an electronic or computer readable copy of the software components.

24. For each database queried by any customer recommendation feature, produce documents sufficient to ascertain the process by which that database is queried and maintained.

25. All documents that refer to, relate to, support or conflict with Amazon's contention that the '370 patent is invalid for any reason.

26. All documents that refer to, relate to, support or conflict with Amazon's contentions regarding the level of ordinary skill in the art at the time of the invention for each claim of the '370 patent.

27. All documents that refer to, relate to, support or conflict with Amazon's contention that it does not infringe the '370 patent.

28. All documents that refer to, relate to, support or conflict with Amazon's contention that the '370 patent is unenforceable.

29. Reports of all searches for prior art to the '370 patent conducted by or on behalf of Amazon, its attorneys, or representatives, or any third party.

30. All documents relating to or describing customer interest, feedback or comments on customer recommendation features.

31. All documents relating to any patent application or issued patent owned by Amazon.com or any of its employees concerning customer recommendation features, including but not limited to the "Customers Who Bought This Book Also Bought" feature.

32. All documents provided to or received by any expert retained by Amazon in this action.

33. Screen shots for each Amazon web page, reflecting or incorporating customer recommendation features.

34. An electronic or computer readable copy of any customer recommendation feature designed, developed, implemented or operated by Amazon.

35. A copy of the source code of any customer recommendation feature designed, developed, implemented, operated by Amazon or which Amazon is aware of, in human readable form.

36. Copies of all Amazon's document retention policies or procedures from 1998 to the present.

37. All documents comprising, relating to or referring to any license agreements between Amazon and any third party relating to any customer recommendation features.

38. All annual reports, SEC filings or other filings with a government agency for the period September 1997 to present that refer to or discuss any customer recommendation features, any intellectual property disputes, litigation or licensing or the Plaintiffs.

39. All documents relating to royalties or other fees paid for the use or licensing of customer

recommendation features.

40. All documents relating to the terms of any settlements between Amazon and any third party of any claim relating to any customer recommendation features.

41. All documents which relate to or evidence the date on which Amazon implemented the "Customers who bought this book also bought..." feature.

42. All documents relating in any way to the conception or reduction to practice of any patent owned, licensed or assigned to Amazon which Amazon contends the "customers who bought this book also bought..." feature reads on.

ASHBY & GEDDES

/s/ illegible

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff Cendant Publishing, Inc.*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: November 18, 2005

163788.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS OF PLAINTIFF CENDANT PUBLISHING, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | VIA FEDERAL EXPRESS |

_____
Tiffany Geyer Lydon

Exhibit 4
Page 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CENDANT PUBLISHING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 05-414-JJF |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2005, **FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS OF PLAINTIFF CENDANT PUBLISHING, INC.** was served upon the following counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                   HAND DELIVERY
Young Conway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire                                VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Exhibit 4
Page 13

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

---
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: November 18, 2005
160383.1

Exhibit 4
Page 14

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | <u>VIA FEDERAL EXPRESS</u> |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon

Exhibit 4
Page 15

**Discovery Documents**
1:05-cv-00414-JJF Cendant Publishing Inc. v. Amazon.com Inc.

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Lydon, Tiffany entered on 11/18/2005 at 5:04 PM EST and filed on 11/18/2005

**Case Name:** Cendant Publishing Inc. v. Amazon.com Inc.
**Case Number:** 1:05-cv-414
**Filer:** Cendant Publishing Inc.
**Document Number:** 11

**Docket Text:**
NOTICE OF SERVICE of First Request for Documents and Tangible Things of Plaintiff Cendant Publishing, Inc. by Cendant Publishing Inc..(Lydon, Tiffany)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/18/2005] [FileNumber=128912-0
] [23292d21a977f857f0d166e0f2651261dcc51d12753b414025c3fa0902b7e0475d2
4bd21b5653a692e2c8a118f4a747d0f5dfbe82b3fe62b868e6aed6ce9f914]]

**1:05-cv-414 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com

Karen Elizabeth Keller    kkeller@ycst.com, corporate@ycst.com; corpcal@ycst.com

**1:05-cv-414 Notice will be delivered by other means to:**

Exhibit 4
Page 16

https://ecf.ded.uscourts.gov/cgi-bin/Dispatch.pl?284353217858778    11/18/2005