# EXHIBIT 7



**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 8, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: _CD Intellectual Property Holdings, LLC v. Amazon.com, Inc._

Dear Elizabeth:

This letter is written in response to your letter regarding the purported inadequacies contained within "Defendant Amazon.com's Response to Plaintiff CD Intellectual Property Holdings LLC's First Set of Interrogatories" ("Amazon.com's Interrogatory Reponses"). This letter also addresses the many inadequacies in CD's Responses to Amazon.com's First Set of Interrogatories ("Plaintiff's Interrogatory Responses"). These Responses correspond to the "First Set of Interrogatories of Plaintiff Cendant Publishing, Inc." ("Plaintiff's Interrogatory Requests") and "Amazon.com's First Set of Interrogatories to Plaintiff Cendant Publishing, Inc." ("Amazon.com Interrogatory Requests") respectively.

Amazon.com's General Objection No. 1, which objects that the definition of "customer recommendation feature" as "overbroad, vague and ambiguous, and unduly burdensome" and as "facially not limited to defendant Amazon.com's website...," is entirely appropriate. Your simple response that "[a]ny customer recommendation feature used by Amazon is relevant to this litigation" simply begs the question as to what a "customer recommendation feature" is, and which of the many features on Amazon.com's website Plaintiff accuses of infringing the patent-in-suit.

Amazon.com's Interrogatory Request No. 1 compelled you to provide this information. It requested you to identify all Amazon.com features accused to be infringing and to provide your Infringement Contentions with respect to each of these features. In response to that Interrogatory, you only specifically accused the feature "Customers Who Bought...Also Bought" as infringing. You also completely failed to identify _any_ Infringement Contentions – even with respect to this one identified feature. It is certainly not for Amazon.com to guess as to what features are accused and the bases for such infringement, which will certainly lead to accusations of guessing incorrectly. Moreover, the Amazon.com website is publicly available. There is simply no reason why you cannot identify what additional features are accused to be infringing

Exhibit 7
Page 1

SILICON VALLEY ■ SAN FRANCISCO

Elizabeth A. Leff, Esq.
February 8, 2006
Page 2

and identify the bases for such Infringement Contentions, if there are any. Please do so immediately, or Amazon.com will move to compel such a response.

Amazon.com's General Objection No. 2, which objects to and limits the definition of "Amazon.com" to solely Amazon.com, Inc., is a legitimate objection and restriction. Amazon.com is the only defendant in this action. You have provided no basis for your request to expand discovery beyond Amazon.com to A9.com or any other company. Please provide your basis to assert that any company other Amazon.com is likely to possess relevant information. Simply providing case law that generally finds a party must provide information from sources under its "control" is insufficient to indicate why this is an improper objection and limitation. Moreover, Plaintiff's General Objection No. 6 is essentially the same objection.

Amazon.com's General Objection No. 4 objects to the Plaintiff's Interrogatory Requests to the extent they unreasonably seek "cumulative or duplicative" information or information that is obtainable from other sources that are "more convenient, less burdensome or less expensive." Amazon.com's General Objection No. 6 similarly objects to the extent the "burden or expense of the discovery sought outweighs its likely benefit." You state that these are "improper objection[s]" yet Plaintiff's Interrogatory Responses contain the essentially the same objections in its General Objections Nos. 3, 6, and 14. Moreover, Federal Rule of Civil Procedure ("Rule") 26(b)(2) makes clear that these are in fact legitimate and standard objections to unreasonable discovery requests. Please both explain the basis for your position that these are improper objections, and why you put forth objections you believe to be improper.

Amazon.com's General Objection No. 9 objects to the Plaintiff's Interrogatory Requests to the extent that they seek confidential information, as Amazon.com would only produce confidential information pursuant to a Protective Order and/or the parties' agreement to follow the terms of Local Rule 26.2, namely that confidential documents will be kept on an outside counsel's eyes only basis. As a general rule, Amazon.com will produce confidential information subject to the parties' agreement that it will be kept on an outside counsel's eyes only basis pursuant to Local Rule 26.2. As I have already indicated, however, there are highly confidential documents and information, including for example source code, that require protections above and beyond what Local Rule 26.2 provides. We also seek to exclude persons who have access to such highly confidential documents from rendering patent prosecution advice regarding related applications and subject matter. As you know, the parties have not yet been able to agree to the terms for these protections, and Amazon.com will not provide this information until a Protective Order is in place that adequately protects it.

Amazon.com's General Objection No. 10 objects to the Plaintiff's Interrogatory Requests to the extent they seek the private or personal information of its users. This objection currently only applies to information included in documents that are incorporated by reference pursuant to Rule 33(d). A document will not be withheld on this basis if the private or personal information can be adequately redacted or otherwise protected.

Exhibit 7
Page 2

Elizabeth A. Leff, Esq.
February 8, 2006
Page 3

Amazon.com's General Objection No. 11 objects to the Plaintiff's Interrogatory Requests to the extent that they seek the confidential information of third parties. This is an entirely proper objection, as indicated by Plaintiff's Interrogatory Responses. You state that such information will not be produced by the Plaintiff unless the third party agrees to its production or there is an order calling for such information to be produced. We will operate on the same basis with regard to such documents until a separate, mutual agreement is reached, and the parties are currently negotiating such a provision in the context of a Stipulated Protective Order under separate cover.

You complain that Amazon.com specifically objected to Plaintiff's Interrogatory Request Nos. 1, 2, 3, 13, 15, 16, 18, 19 to the extent they seek discovery prior to the issuance of the patent or during time periods otherwise not related to the claims and defenses of this action. Interrogatory 3 made no such specific objection. With respect to the other Interrogatory Responses, due to the breadth of the discovery requested, Amazon had to impose some reasonable limitation on discovery. For instance, although the patent-in-suit was issued in August, 2004 and relates to specific recommendation methods, Interrogatory 19 on the other hand very broadly asked for "each settlement entered into or license obtained or issued over the past 15 years, for any customer use feature..." Amazon.com has not even been in existence for 15 years, and this request is not even arguably restricted to technology at issue in this action. You otherwise indicate in your letter that the relevant time-frame begins with Amazon.com's incorporation and continues until the present. This, too, is simply overbroad, unreasonable and unduly burdensome. Moreover, what constitutes a relevant time-frame obviously depends upon the information sought. For instance, damages for patent infringement are strictly limited to the time after issuance of the patent. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 303-04 (Fed. Cir. 1995). ("[The patentee] may of course obtain damages only for acts of infringement after the issuance of the patent"). Interrogatories 13, 15, 16, and 19 relate solely to damage related issues, and therefore, your request for information going back to Amazon.com's incorporation is unreasonably overbroad and unduly burdensome. Please put forth a reasonable time-period for each Interrogatory Request, and we will consider your request.

You complain that Amazon.com's reliance on Rule 33(d) as a response to Interrogatories requesting the "identity of persons" is "not appropriate." Yet, Plaintiff's Interrogatory Responses similarly incorporates Rule 33(d) to Amazon.com's Interrogatory Requests asking for the same information. Please indicate your legal authority for your position that Rule 33(d) is inappropriate here, and explain why in Plaintiff's Interrogatory Responses you put forth answers you believe to be improper. Moreover, your complaint is premature until you review the documents incorporated pursuant to Rule 33(d).

You complain that Amazon.com's answer to Interrogatory 15 is inadequate, yet it specifically answers the request. Because Amazon.com does not believe that there was any "marketing, promotion and/or advertisement specifically directed to features identified in response to Interrogatory No. 1," it cannot "[i]dentify all persons involved in the marketing,

Exhibit 7
Page 3

Elizabeth A. Leff, Esq.
February 8, 2006
Page 4

promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1...."

Plaintiff's Interrogatory Request No. 4 requested Amazon.com to "[i]dentify all persons who participated in responding to these interrogatories." You state that Amazon.com's objections to this Interrogatory are "ludicrous," which included privilege objections, particularly as it pertained to the attorneys and other legal staff who participated in preparing these interrogatories. Please identify your legal authority that this is an improper objection, and we will consider our objections. The information sought was otherwise objected to as irrelevant (as it applies to the attorneys and legal staff) and cumulative (as it applies to Amazon.com employees). Please identify your legal authority that these too are improper objections, and we will consider our objections.

You complain that Amazon.com's response to Plaintiff's Interrogatory Request No. 9 is incomplete, because "as evidenced by CD's responses to Amazon's interrogatories, CD alleges Amazon infringes" multiple claims. Of course, Amazon.com did not have the benefit of evaluating Plaintiff's Interrogatory Responses at the time it prepared its Interrogatory Responses, as Plaintiff's Interrogatory Reponses were served more than a week afterward.

Moreover, the only information even implying that Amazon.com is alleged to infringe multiple claims is a claim construction chart attached as Exhibit A to Plaintiff's Interrogatory Responses. If this chart identifies those claims Amazon.com is alleged to infringe, please fully respond to Amazon.com's Interrogatory Requests 1-4 with respect to those claims, which seek a variety of information that Plaintiff wholly failed to supply.

Plaintiff's Interrogatory Response to Amazon.com Interrogatory Request No. 3, which calls for various information regarding the conception and the reduction to practice of the purported inventions claimed in the patent-in-suit, incorporates by reference documents produced in response to Amazon's first set of document requests. The documents produced by plaintiff fail provide the information requested in this Interrogatory. Moreover, conception is a mental act, and what purportedly shows or corroborates it in the documents, is a separate inquiry that is subject to interpretation; we are entitled to know Plaintiff's exact positions regarding these issues. *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (motion to compel response to interrogatory seeking dates for conception and reduction to practice without reference to Rule 33(d) was granted); *IMAX Corp. v. In-Three, Inc.*, 2005 U.S. Dist. LEXIS 13807 (C.D. Cal. 2005) ("In-Three's motion to compel a further response to this interrogatory is granted. The information sought in this interrogatory includes, inter alia, the precise date of conception of the patent at issue, the date of actual reduction to practice, the date of first public disclosure, and the date of first offer to sell or sale. These facts are 'patently relevant.'") In particular, identify the purported date(s) of and facts surrounding the conception, reduction to practice, and diligence in reducing to practice the purported invention(s) claimed in the patent-in-suit. In addition, identify each person contributing to such conception, reduction to

Exhibit 7
Page 4

Elizabeth A. Leff, Esq.
February 8, 2006
Page 5

practice, and diligence in reducing to practice such inventions, including identifying the
substance of such information each person has with respect to these issues, as requested.

Sincerely,

Wendy Bjerknes

cc:     Steven Balick
        Matthew Felton

23984/00403/LIT/1244115.2

Exhibit 7
Page 5



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell      Anne M. Sterba
E. Anthony Figg           Lisa N. Phillips
Barbara G. Ernst          Leigh Z. Callander
Harry F. Manbeck, Jr.     C. Nichole Gifford
George R. Repper          Patrick T. Skacel
Steven Lieberman          Monica C. Kitts
Joseph A. Hynds           Brian A. Tollefson
Elizabeth A. Leff         Joo Mee Kim*
Richard Wydeven           Steven M. Giovannetti
Martin M. Zoltick         Hyunkweon Ryu
Minaksi Bhatt             R. Elizabeth Brenner
Sharon L. Davis           Adam M. Treiber
Robert B. Murray          Daniel L. Shores
Carla C. Calcagno         Joseph E. Green
Jeffrey L. Ihnen
Glenn E. Karta            Of Counsel
Martha Cassidy, Ph.D.     John A. McCahill
Brian S. Rosenbloom       Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 9, 2006

Via E-Mail

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

      Re:    CD Intellectual Property Holdings LLC v. Amazon.com, Inc.
                Our File No.: 3339-101

Dear Wendy:

I wrote to you on January 26th regarding the deficiencies in Amazon's responses to CD's Interrogatories and Requests for Documents. Your letter of February 8th does not substantively respond to the majority of the issues raised by my letter. I will respond to the issues you raise regarding CD's responses as well as the issues that your letter ignores separately. Amazon's refusal to agree to produce documents and interrogatory responses related to all of Amazon's customer recommendation features cannot stand.

As you know, document production in this case must be completed by March 15[th,] 2006. The unsupportable positions taken in Amazon's formal interrogatory responses and your refusal to provide basic information and assurances requested in my earlier letter indicate that Amazon and its counsel are simply unwilling to cooperate with discovery in this case. As a result, given the short amount of time remaining in the schedule, we will not hesitate to seek the Court's assistance in obtaining relevant discovery.

As I previously explained, the complaint in this action is not limited to the "customers who bought this item also bought" feature of Amazon's website. The complaint states that ***Amazon's recommendation features***, including, ***inter alia***, "Customers who bought this book also bought," ***infringe one or more claims of the '370 patent.*** The Complaint further states that "Amazon's online marketplace uses numerous features which recommend other goods to potential customers based on prior purchasing history." CD has satisfied its obligation of notice

Exhibit 7
Page 6

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 9, 2006
Page 2

pleading, and is entitled to discovery regarding any of Amazon's recommendation features. CD is not required, nor would it be possible, to identify each and every individual "feature" of the Amazon website that infringes the patent in suit. Contrary to the statement in your letter, it is impossible to ascertain, simply by accessing the publicly available portion of Amazon's website, how Amazon makes each of its recommendations.

For example, it is our understanding that anytime a user accesses a webpage that includes a feature based on Amazon's QuickPicks algorithm, the program searches through Amazon.com's databases to find items that the user has viewed or purchased in the past. Several of these items are selected, and then Amazon.com then runs its standard "customers who bought also bought" process to find items similar to those randomly selected and these items form the basis for the recommendation shown. This "QuickPicks" algorithm is not an identifiable "feature" on the Amazon.com website, nor is it possible to identify (by viewing the publicly available portion of the website) which of the "features" on the website use this algorithm. However, information regarding the "QuickPicks" algorithm and any feature that uses this algorithm is certainly relevant to this case. CD is entitled to discovery on the algorithm, the features that use the algorithm, and any other recommendation algorithms or recommendation features.

It is also our understanding that when Amazon conducts a marketing campaign for a "Single New Product," such as a new book by Tom Clancy, it delivers an email to specific customers who may be interested in the new item. We understand that to begin a single new product campaign, Amazon develops a target group of customers who will receive the e-mail by determining, for example, which customers have previously purchased books by Tom Clancy. Again, this marketing campaign is not a specific "feature" on the Amazon.com website, but CD is certainly entitled to discovery regarding this activity because it involves making a recommendation based on a customer's previous purchasing history.

Other specific "features" of Amazon's website and/or marketing campaigns may infringe the patent in suit, including, but not limited to the "New For You," "Recommended for You," "We have recommendations for you," "Your Favorites," "Customers Who Bought Items in Your Recent History Also Bought, " "Gold Box," "Single New Product" e-mail, "Your Store," "Customers interested in this item may also be interested in," "Customers who viewed this item may also be interested in," and "Explore Similar Items," "Recommended For ____[NAME OF CUSTOMER]," "Recommendations by Category," and "Recommendations based on items you own" features. However, CD is not required to pick and choose which of these "features," algorithms, marketing campaigns or other activity infringes the patent in suit to be entitled to discovery. Moreover, it would be impossible for CD to do so. Thus, your refusal to provide interrogatory responses and/or documents relating to any "features" not specifically named in the

Exhibit 7
Page 7

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 9, 2006
Page 3

Complaint is unacceptable. Please confirm by Monday, February 13th, 2006 that Amazon will provide interrogatory responses and produce all documents relevant to any recommendations made on the Amazon.com website. In the alternative, we would like to have a meet and confer on this issue on Monday, February 13th at 1:00 pm EST.

Very truly yours,

Elizabeth A. Leff

EAL:CNG:eah

cc:    Steve Balick

Exhibit 7
Page 8

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 10, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re:  *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

In response to your letter of yesterday, I do not understand your statement that I did not substantively address the "majority of issues raised" in your two letters dated January 26, 2005 (which was preceded by another letter earlier that week while I was out of office and has been followed by several letters since, which have addressed a variety of issues in this case – each of which I have responded to). Perhaps it stems from the fact that I followed your lead in addressing Interrogatory Responses and Document Responses under separate cover, two letters which you now have. These two letters (totaling approximately 8 single-spaced pages and reciting case law in support of Amazon.com's positions) should address all of the issues raised in your letters.

Please note that my letters also address the significant deficiencies in Plaintiff's Interrogatory Responses and Document Request Responses, so please respond to those matters as well. As explained in those letters, there is a great deal of overlap between Plaintiff's wholesale failure to identify the asserted claims, the accused features, and to provide claim charts detailing its infringement contentions for each accused product against each asserted claim and the issues you raise regarding Amazon.com's Responses. Moreover, we did not receive any documents from CD Intellectual Property Holdings, (CD IP), the plaintiff in this matter, until yesterday (which totaled little more than 3,000 pages). Given these failures and given our extensive contact, I am rather puzzled by your tone and your threats to seek Court assistance due to our purported "lack of cooperation."

In any event, in your letter you identify a number of features that "*may*" infringe" the patent in suit (emphasis added). Discovery is not a fishing expedition for future, possible claims the Plaintiff may or may not have. If these features are not specifically accused of infringement, Amazon.com need not produce information related to them. FED. R. CIV. PROC. 26(b)(1) (relevant discovery is that which relates to the "claims or defense of any party"). Moreover, your list of features includes those with *no* plausible relevance to the patent-in-suit. This is readily apparent from navigating the publicly available information on the Amazon.com website and comparing the claims with the features your letter lists, as in for example, features where there is no identification of a specific item to be used as filter data. This just exemplifies the point that Plaintiff must properly respond to Amazon.com's Interrogatory Requests calling for Plaintiff's infringement contentions, as required.

Exhibit 7
Page 9

SILICON VALLEY ■ SAN FRANCISCO

Elizabeth A. Leff, Esq.
February 10, 2006
Page 2

If you still would like to have a meet and confer telephone call on Monday, February 13 at 1 p.m. EST, we are happy to do so. We will expect as part of that call, however, to discuss Plaintiff's failures to provide claim charts detailing its infringement contentions and to respond to interrogatory requests seeking information regarding conception and reduction to practice matters, as detailed in separate correspondence.

                                            Sincerely,

                                            Wendy Bjerknes

cc:    Steven Balick
       Matthew Felton

23984/00403/LIT/1244487.1

Exhibit 7
Page 10



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell          Anne M. Sterba
E. Anthony Figg               Lisa N. Phillips
Barbara G. Ernst              Leigh Z. Callander
Harry F. Manbeck, Jr.         C. Nichole Gifford
George R. Repper              Patrick T. Skacel
Steven Lieberman              Monica C. Kitts
Joseph A. Hynds               Brian A. Tollefson
Elizabeth A. Leff             Joo Mee Kim*
Richard Wydeven               Steven M. Giovannetti
Martin M. Zoltick             Hyunkweon Ryu
Minaksi Bhatt                 R. Elizabeth Brenner
Sharon L. Davis               Adam M. Treiber
Robert B. Murray              Daniel L. Shores
Carla C. Calcagno             Joseph E. Green
Jeffrey L. Ihnen
Glenn E. Karta                Of Counsel
Martha Cassidy, Ph.D.         John A. McCahill
Brian S. Rosenbloom           Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 13, 2006

Via E-Mail

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

        Re:    CD Intellectual Property Holdings LLC v. Amazon.com, Inc.
               Our File No.: 3339-101

Dear Wendy:

In response to your letter of February 10th, your position that CD must identify additional specific features on the Amazon.com website that are infringing before you are required to provide discovery is simply incorrect. Any customer recommendation feature is clearly relevant to CD's claim of infringement as defined by Rule 26(b)(1). Rule 26 provides:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, *the court may order discovery of any matter relevant to the subject matter involved in the action.* Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The standard of Rule 26 is relevance to the subject matter. Relevancy for the purposes of Rule 26 is broadly construed. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). "It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes." *Id.* "Relevant matter includes any matter related to or that reasonably could lead to other matter that is related to any issue that is or may be in the action." Re Conopco, Inc. v. Warner-Lambert Co., 2000 U.S. Dist. LEXIS 1605 *8 (D. N.J. 2000) citing Hickman v. Taylor, 329 U.S. 495, 506 (1947). The subject matter of the patent in this case is recommendations based on purchase history.

Exhibit 7
Page 11

OTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 14, 2006
Page 2

Thus, any recommendation made by Amazon that uses purchase history is clearly relevant. Therefore, we would like to proceed with the meet and confer. Unfortunately, because of a last minute scheduling change, we will not be available for the meet and confer today. Please let us know if you are available at 1:00 p.m. on Tuesday, February 14, 2006 for a meet and confer.

Very truly yours,

Elizabeth A. Leff

EAL:CNG:eah

cc:    Steven Balick, Esq.

Bjerknes.L24.wpd

Exhibit 7
Page 12



**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 13, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

You admit in your letter of today that Plaintiff does not and cannot accuse of infringement the many features otherwise identified in your February 9, 2006 letter. Those features are not, therefore, part of the claims and defenses in this lawsuit. Yet, you seek full discovery with regard to all of them, because you assert you have "good cause" to seek broad discovery related to the "subject matter" of the patent-in-suit. Yet, you fail to identify what that purported "good cause" is. There is no such "good cause." The incredibly burdensome discovery you seek, which could implicate millions of pages of documents and Amazon.com's extremely highly confidential source code, would not even aid you in your alleged infringement case against a single accused feature. Moreover, your ongoing refusal to agree to a provision in the Stipulated Protective Order that would protect Amazon.com's highly confidential material from use in patent prosecution matters related to the "subject matter" of the patent-in-suit makes this broad discovery demand particularly worrisome and unwarranted.

You neglected to address Plaintiff's wholesale failure to provide its infringement contentions, despite past due interrogatory requests compelling such contentions, and insufficient interrogatory responses regarding conception and reduction to practice matters.

You requested that we postpone the meet and confer telephone conference you scheduled for this morning until Tuesday, February 14, at 1 p.m. EST. I am unavailable at that time. I propose that we discuss all of these matters, including issues regarding the parties' Stipulated Protective Order, discussed below, in one meet and confer phone call at 11 a.m. PST (2 p.m. EST) on Thursday, February 16, 2006. Please let me know if you are available.

The remainder of this letter responds to your February 7, 2006 letter concerning the draft Stipulated Protective Order.

(1) Each page of each document produced shall bear a unique identifying number:

My comment regarding this provision was not meant to reopen the agreement to produce electronic documents, with the exception of source code, in Tiff format. We had trouble

Exhibit 7
Page 13

SILICON VALLEY ■ SAN FRANCISCO

Elizabeth A. Leff, Esq.
February 13, 2006
Page 2

converting some third-party documents into Tiff format, so we also produced those in native format. There is no reason to reopen this discussion or the parties' prior agreement.

Based on your letter, it appears we agree that when a document is produced in a native, electronic format, it shall be up to the printing party to place the Bates number on the printed document, which is otherwise provided by the producing party in a file name or on the CD or other storage medium, so as not to disturb the native document itself.

(2)  Patent protected persons and prohibited patent applications:

It appears we are much closer in agreement with respect to these terms than your letter suggests. There will be no *per se* ban on those who previously prosecuted the patent-in-suit or related applications from viewing Amazon.com's highly confidential materials. Nor will there be a general bar on patent prosecution attorneys from viewing Amazon.com's highly confidential materials. Rather, the protective order will prevent those persons who have access to Amazon.com's highly confidential materials from prosecuting patents and rendering patent prosecution advice regarding any patents or applications related to the patent-in-suit or its subject matter. You appear to agree to that term, although (1) you seek to exclude the term "subject matter" as impermissibly vague and overbroad and (2) you seek to restrict the application of the term to only the pendency of this litigation.

Regarding the first point, your complaint that the term "subject matter" of the patent-in-suit is impermissibly vague and overbroad has been routinely rejected by Courts faced with this issue. *Cummins-Allison Corp. v. Glory Ltd.,* 2003 U.S. Dist. LEXIS 23653, *32 (N.D. Ill. 2003) ("Cummins argues that the restriction should not apply to prosecution of patent applications relating to the subject matter of the patents-in-suit, but instead should be limited....We disagree....although Cummins argues that it does not understand what Glory means by suggesting that the limitation apply to prosecution of patent applications 'relating to the subject matter of the patents-in-suit,' that is the language routinely employed by other courts when imposing such a restriction.") *citing In re Papst Licensing, GmbH, Patent Litig.,* 2000 U.S. Dist. LEXIS 6374, *15 (E.D. LA 2000) (barring prosecution of patent applications "pertaining to the subject matter of the patent in suit"); *Interactive Coupon Mktg. Group v. H.O.T! Coupons,* 1999 U.S. Dist. LEXIS 12437, *11 (N.D. Ill. 1999) (barring prosecution of patent applications "relating to the subject matter of the patent-in-suit"); *Motorola, Inc. v. Interdigital Tech. Corp.,* 1994 U.S. Dist. LEXIS 20714, *8 (D. Del. 1994) (barring prosecution of patent application "relating to the broad subject matter of the patents in suit").

Regarding your second point, if you agree to this "subject matter" restriction, we will agree to a time limitation. However, the time limitation should also be that which has been widely adopted: "the pendency of the litigation and a period of one year after the conclusion of the litigation, including appeals." *Cummins-Allison Corp. v. Glory Ltd.,* 2003 U.S. Dist. LEXIS

Exhibit 7
Page 14

Elizabeth A. Leff, Esq.
February 13, 2006
Page 3

23653, *33 (N.D. Ill. 2003) *citing Motorola,* 1994 U.S. Dist. LEXIS 20714 at *19; *see also In re Papst Licensing, GmbH,* 2000 U.S. Dist. LEXIS 6374 at *15.

We agree to your proposed language for paragraph 19 (of your latest draft), so long as the following sentence is added: "Under no circumstances may an attorney who has had access to Designated Information render patent prosecution advice regarding any application related to the patent-in-suit or its related subject matter for the pendency of the litigation and a period of one year after the conclusion of the litigation, including appeals." Please note, however, to be consistent, the reference to the protective order itself in your proposed paragraph should be "Stipulated Protective Order" rather than "Stipulation and Order."

We agree to your proposed change regarding "for purposes of this action" in paragraph 1.

The provision that highly confidential information shall include "information that could harm [the designating party's] competitive position if it becomes known to a person or party other than the designating party who is not precluded from using for purposes not approved by the producing party" is meant to be a catch-all provision for the type of information otherwise described. It is difficult if not impossible to create an exhaustive list of every type of document requiring such protection, especially for a company of Amazon.com's size. In any event, it is certainly meant to cover documents that affect "competitive decision making," as is often discussed in case law as the catch-all concept that protects against the improper rendering of patent prosecution advice by those exposed to a designating party's confidential information. *Cummins-Allison Corp.,* 2003 U.S. Dist. LEXIS 23653 at *16-17.

(3) Confidentiality designation Affixed Upon Printing:

My discussion of this provision again was not an invitation to reopen the already settled issue that electronic documents, except source code, will be produced in Tiff format. I presume you otherwise agree with the terms put forth.

(4) Approval of Experts/ Consultants:

Your basis for rejecting our proposal that among the information a proposed expert/consultant shall provide as part of the approval process is list of all previous employers, clients and positions that the expert/consultant has had within the past five years as well as all such relationships that expert/consultant has had with any party or their affiliates is that such experts/consultants may have consulted on a confidential basis. Certainly non-confidential employment, etc. can and should be disclosed. Moreover, there is no basis to not disclose all relationships the expert has had with any party or its affiliates. Therefore, a proposed expert/consultant shall provide as part of the approval process a list of all non-confidential employers, clients and positions. All relationships with a party or affiliate, however, must be disclosed. If you agree to these provisions, we will agree to your provision that the party objecting to an expert must file a motion within 10 days after the initial written objection was given requesting the Court to issue an Order precluding disclosure of confidential information to the expert/consultant.

Exhibit 7
Page 15

Elizabeth A. Leff, Esq.
February 13, 2006
Page 4

(5) <u>Outside Copying and Trial Preparation Services</u>:

Your agreement that to ensure that the documents will be kept on a confidential basis by these vendors is sufficient.

(6) <u>Source code</u>:

As noted, we will agree to a stand-alone computer being located at Rothwell, Figg, but only if the patent prosecution issues discussed above are agreed to and the other issues regarding source code are resolved. My draft allowed the computer to be located at Rothwell, Figg only because it also contained all the other protections requested.

It was with great trepidation to allow any printing, without a prior agreement, of source code, so our offer to allow 5% of this source code to exist in printed form at any given time was a generous one. Your counterproposal that a "minimal" amount will exist in printed form is unacceptable, as this is too vague to offer sufficient protection. While I understand that the measurement may not be exact, calculating the percentage of source code that is printed can be done by totaling the lines of code produced and dividing it by the number of lines of code printed. For example, if there were 1000 lines of code produced, 50 lines of code could be printed, as that is 5% of the total.

Regarding why more experts equals more risk is that any disclosure inherently contains risk. The more disclosure there is, the more risk there is for disclosure to unauthorized persons, whether inadvertent or not. The "Default Standard for Access to Source Code" document I previously sent to apparently recognized this, as it sets forth the limitation.

(7) <u>Third Party Confidentiality</u>:

The structure of your provision is not workable. First, notice must be given "prior to the date the responses are due" makes no sense in this context since responses have already been served and discovery is ongoing and documents are continually discovered both before and after objections are served. Second, the procedure that makes sense and is contemplated by the Federal Rules is for the requesting party to move to compel the third party to produce the information.

(8) <u>Disclosure of Confidential Information by the Receiving Party to Unauthorized Persons</u>:

We will not require the additional language.

(9) <u>Inadvertent Disclosure of Privileged Materials</u>:

We will agree to your proposal. To respond to your additional question, if the challenging party fails to file a motion, the three day time period in which to return the privileged document begins to toll on the day the time period to file a motion ends. If the challenging party

Exhibit 7
Page 16

Elizabeth A. Leff, Esq.
February 13, 2006
Page 5

loses a motion, the 3 days time period to return the document is calculated from the date such an
Order is issued.

(10) <u>Statement to Abide by the Stipulated Protective Order</u>:

      We will agree to not include this provision.

(11) <u>Conclusion of Litigation</u>:

      We will not agree that every document produced in this litigation may be kept by the
receiving party.

(12) <u>Third Parties Are Included in the Stipulated Protective Order</u>:

      While I understand your position on this issue, a concern that we have is that source code
of third parties that will be sought in this litigation will not require the rigorous protections that
the parties' source code will, because it will be prior art code dating back approximately 10 years
ago or more and is not likely to be commercially viable. Thus, the prior art code will not require
the same rigorous protections that the parties' code will, and Outside Counsels' Eyes Only
protections will otherwise be sufficient. Thus, the protective order is drafted so as to allow third
parties full access to all protections, except source code.

      I have addressed your final comment in separate correspondence. Local Rule 26.2 does
not provide adequate protection for some of the documents at issue in this case. We will produce
information that is adequately protected on an outside counsel only basis. However, documents
such as source code and other materials affecting patent prosecution issues will not be produced
until the issues in this letter are resolved.

      Finally, you ignored my question regarding the person you identified as having access to
Amazon.com's confidential information: why are three persons from Cendant Corporation listed
rather than any employees of the Plaintiff? Please respond.

                Sincerely,

                Wendy Bjerknes

cc:    Steven Balick
       Matthew Felton

                            23984/00403/LIT/1244514.1

Exhibit 7
Page 17