# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CD INTELLECTUAL PROPERTY          )
HOLDINGS LLC,                     )
                                  )    Civil Action No. 05-414-JJF
             Plaintiff,          )
                                  )
       v.                       )
                                  )
AMAZON.COM, INC.,                 )
                                  )
             Defendant.          )

## CD'S RESPONSES TO AMAZON'S FIRST SET OF INTERROGATORIES

CD Intellectual Property Holdings LLC ("CD") hereby responds to the first set of interrogatories propounded by Amazon.com, Inc. ("Amazon"). The fact that CD answers any interrogatory is not an admission of relevance, materiality or admissibility and, on the contrary, CD reserves all its rights with respect to those issues.

## GENERAL OBJECTIONS

1.     CD objects to all interrogatory definitions and instructions to the extent they purport to impose on CD obligations not required by Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.     CD objects to the introductory definitions to the interrogatories to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders such interrogatories vague, ambiguous, unintelligible, unduly broad, and uncertain.

1

Exhibit 8
Page 1

3.    CD objects to all definitions and interrogatories requesting the identification of information not currently in its possession, custody, or control or which refer to persons, entities or events not known to them, on the grounds that such definitions or requests seek to require more of CD than any obligation imposed by law, would subject CD to unreasonable and undue annoyance, oppression, burden, and expense, or would seek to impose upon CD an obligation to investigate to discover information or materials from third parties or sources which may be equally accessible to Amazon.

4.    CD objects to the interrogatories to the extent that they seek information protected by the attorney-client privilege, attorney work product doctrine or any other privilege or immunity. CD will not disclose such privileged or protected information and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product protection which may attach thereto. By responding to any interrogatory, CD does not waive the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.

5.    CD objects to these interrogatories to the extent that they purport to require CD to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. CD will not provide such information without the consent of the relevant third party or a court order.

6.    CD objects to these interrogatories to the extent that they seek to impose upon CD an obligation to investigate or discover information or things from third parties or sources that are more or equally accessible to Amazon. CD does not intend to provide information that is not in the possession, custody or control of CD.

2

Exhibit 8
Page 2

7.     As discovery is ongoing, CD expressly reserves the right to amend, supplement and/or alter its responses as necessary during the course of discovery.

8.     CD objects to these interrogatories to the extent that they seek information likely to depend on construction of claim terms of the '370 Patent. As the Court has not yet construed the claims, CD specifically reserves its right to supplement.

9.     CD generally objects to the interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     CD objects to all definitions, instructions, and interrogatories to the extent that they seek discovery that is not limited to a relevant time period.

11.     CD objects to all interrogatories, definitions and instructions to the extent they call for a legal conclusion.

12.     CD responds to the interrogatories based on the best of its employees' present knowledge, information, and belief. CD's response is at all times subject to such additional or different information that discovery or further investigations may disclose and, while based on the present state of its current employees' recollections, is subject to such refreshing of recollection and such additional knowledge of facts as may well result from further discovery or investigation.

13.     CD objects to the extent that the interrogatories contain multiple subparts in violation of Local Rule 26.1(b). CD considers each subpart as a separate interrogatory.

14.     CD objects to the extent any interrogatory seeks discovery that is unreasonably cumulative or duplicative.

3

Exhibit 8
Page 3

15.    CD objects to the definition of the terms "you" and "Cendant" (now CD) to the extent that it purports to include CD's counsel.

16.    CD objects to the definition of the term "Accused Product" as overbroad and unlikely to lead to the discovery of admissible evidence. CD will understand the term "Accused Product" to refer to products Amazon is believed to own or operate, that is products relating to the allegations of the complaint.

17.    CD objects to the definition of "identify" when referring to an "infringement contention" as overly broad and unduly burdensome.

18.    CD objects to instruction nos. 1, 3, 4, 5 and 6 as unduly burdensome to the extent that they purport to impose on CD obligations not required by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

19.    CD objects to instruction no. 2 as vague and ambiguous.

20.    All responses are made subject to the foregoing General Objections, which may not be repeated in each response. To the extent that General Objections are cited in a specific response, those citations are provided because they are believed to be particularly relevant to the specific interrogatory and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the interrogatory.

21.    Where a partial response can be made to an interrogatory that is otherwise objectionable, such will be made without waiving any stated objection.

22.    These responses are made without waiver of, and expressly preserving:

4

Exhibit 8
Page 4

(a)    all questions as to competency, relevancy, materiality, privilege, and admissibility of each response herein as evidence in any further proceeding in this action, including trial;

(b)    the right to object to the use of any response herein, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings;

(c)    the right to object on any ground at any time to a demand or request for a further response to this or any other discovery involving or relating to the subject matter of the responses herein provided; and

(d)    the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

23.    No incidental or implied admissions are intended by any response by CD to any interrogatory. That CD has responded to any interrogatory is not an admission that CD accepts or admits the existence of any alleged facts set forth in or assumed by such interrogatory, or that the making of the response constitutes admissible evidence.

Subject to these general objections and the following specific objections, CD provides the following responses to Amazon's interrogatories.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1.

For each accused Product, Identify the Accused Product and Identify your Infringement Contentions for such Accused Product.

5

Exhibit 8
Page 5

**RESPONSE TO INTERROGATORY NO. 1**

CD objects to this interrogatory to the extent that it purports to call for the disclosure of

information protected by the attorney-client privilege, the work product doctrine or any other

applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure

or by the Local Rules of this Court. CD objects to this interrogatory as overbroad, unduly

burdensome and not likely to lead to the discovery of admissible evidence in that the term

"Accused Product" is defined to include all products and is not restricted to those which are the

subject of this litigation. CD's response is limited to those products which are the subject of this

litigation. CD objects to this interrogatory as vague and ambiguous in that the definition of the

term "Infringement Contention" is incomprehensible. CD will respond to the best of its

understanding. CD objects to the extent this interrogatory calls for a legal conclusion. Subject to

the foregoing general and specific objections, CD identifies features of the on-line marketplace

Amazon.com operates on its Amazon.com website and their use. For example, an infringing

feature is Amazon.com's feature "Customers who bought this book also bought," and its use

when a user submits an http request for book information, and Amazon responds by identifying

additional books that were bought by purchasers of the book requested by the user. CD believes

Amazon.com has other infringing recommendation features on its website. CD specifically

reserves the right to supplement this response as it learns more through the discovery process.

**INTERROGATORY NO. 2.**

For each claim of the Patent-in-suit which you contend is infringed in this matter, or the
construction of which you contend is relevant to the construction of an allegedly infringed claim,
state the construction you contend should be given to each word, term or phrase of such claim;
Identify specifically each reference from the specification, figures, and each item in the
prosecution history that supports, describes or explains the meaning you give to each such word,

6

Exhibit 8
Page 6

term and phrase of the claim, including for each Means Plus Function Limitation, state by column and line number and figure reference numeral each structure in the specification and figures you contend corresponds to performing each claimed function in such Limitation and state by column and line number and figure reference numeral the specific portions of the specification you contend link such structure(s) with performing each such claimed function; and Identify each item of other evidence that supports your proposed construction of the claim, including but not limited to, expert testimony, inventor statements or testimony, dictionary definitions, and citations to learned treatises, publications, or patents, and explain in detail how such evidence supports your construction; and Identify each item of other evidence that is counter to your proposed construction, including without limitation inventor statements or documents.

### RESPONSE TO INTERROGATORY NO. 2

CD objects to this interrogatory to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to the extent this interrogatory calls for a legal conclusion. CD objects to this request as overbroad and unduly burdensome to the extent the word "each" is construed to mean "all." CD cannot possibly know all evidence that supports its claim construction and will provide a reasonable cross section of support for its claim construction. CD objects to this interrogatory as premature to the extent it calls for expert testimony prior to the time expert reports must be submitted. CD will serve its expert reports in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and any scheduling order entered by the Court. Subject to the foregoing general and specific objections, CD refers to the claim chart attached hereto as Exhibit A. CD specifically reserves the right to supplement and amend this response.

7

Exhibit 8
Page 7

**INTERROGATORY NO. 3**

Separately, for each claim of the '370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of such date, all documents corroborating such conception, each person with information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and all facts that you contend support any diligence you contend was exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112¶1; and for all periods between date of reduction to practice of any claim or invention of '370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed or concealed.

**RESPONSE TO INTERROGATORY NO. 3**

CD objects to this interrogatory as containing five separate interrogatories. CD will respond to each interrogatory separately and will consider this interrogatory five separate interrogatories for purposes of the total number of interrogatories propounded.

**RESPONSE TO INTERROGATORY NO. 3A.**

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory to the extent that requesting a "date of invention" calls for a legal conclusion. Subject to the foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in response to Amazon's first set of document requests.

8

Exhibit 8
Page 8

## RESPONSE TO INTERROGATORY 3B

CD objects to this interrogatory to the extent that the phrase "each person contributing to such conception" calls for a legal conclusion. CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all documents" corroborating such conception. CD can never be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such conception" is vague and ambiguous. CD objects to this interrogatory as overly broad, unduly burdensome, in that CD can never be sure that it knows "each person" with information relating to such conception. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. Subject to the foregoing general and specific objections, CD responds that at this time it contends that the invention claimed in the '370 Patent was conceived by Charles Stack. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Document Request No. 31. CD further responds that Charles Stack has information on the conception of the invention claimed in the '370 Patent.

## RESPONSE TO INTERROGATORY 3C

CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all documents" corroborating such reduction to practice. CD cannot be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such reduction to practice" is vague and ambiguous. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or

9

Exhibit 8
Page 9

any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD also objects to this interrogatory to the extent it calls for a legal conclusion. Subject to the foregoing general and specific objections, CD identifies Charles Stack and Adam Wallace as having contributed to the reduction to practice and having information regarding the reduction to practice and software development. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Amazon's document requests. Identifying information for Charles Stack and Adam Wallace can be found on CD's 26(a)(1) statement.

### RESPONSE TO INTERROGATORY 3D

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad, unduly burdensome, vague and ambiguous in that Amazon has not identified prior art conceived after but reduced to practice prior to the invention disclosed in the '370 Patent. CD objects to this request to the extent that it calls for a legal opinion. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in this matter. CD contends that the first U.S. application disclosing the claimed invention is U.S. application number 08/923,293 filed September 4, 1997.

### RESPONSE TO INTERROGATORY 3E

CD objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or

10

Exhibit 8
Page 10

immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules

of this Court. CD objects to the extent this request requires a legal opinion. Subject to the

foregoing general and specific objections, CD contends that the invention claimed in the '370

Patent was not abandoned, suppressed or concealed. The invention was publicly disclosed, that

is, an embodiment of the invention was put online less than one year after the reduction to

practice. See Correge v. Murphy, 705 F.2d 1326 (Fed. Cir. 1983).

**INTERROGATORY NO. 4**

Identify each person with knowledge of the design, development, testing, use, or
operation, of the system identified as the Affinity service of the '370 Patent.

### RESPONSE TO INTERROGATORY NO. 4

CD objects to this interrogatory as overbroad and unduly burdensome in that CD can

never know if each person has been identified. CD objects to this interrogatory to the extent it

seeks information protected by the attorney-client privilege, the attorney work product doctrine

or any other applicable privilege or immunity in case law recognized by the Federal Rules of

Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as

overbroad and unduly burdensome to the extent that it cannot identify each person who used or

operated the Affinity system as that would include hundreds of people who clicked onto the

Bookstacks.com website. Subject to the foregoing general and specific objections CD identifies

Charles Stack and Adam Wallace. Identifying information for Mr. Stack and Mr. Wallace can be

found on CD's 26(a)(1) disclosure.

**INTERROGATORY NO. 5**

For each claim you contend Defendant infringes, provide a chart identifying where each
and every feature in such claim is present in any purported embodiment prepared, either in whole

11

Exhibit 8
Page 11

or in part, by you or the named inventor, or those acting with or for the same, and specifically including the system identified in the '370 Patent as the "Affinity" service. The identification shall be as specific as possible and include, for any features implemented in software, excerpts of the source code implementing such feature, or prepackaged applications used and the manner in which they were used, and for any features implemented in hardware or networking equipment, the specific hardware and equipment and the manner in which it was used and interconnected.

### RESPONSE TO INTERROGATORY NO. 5

CD objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad and unduly burdensome in that all "purported embodiments" are not relevant to this litigation nor reasonably likely to lead to the discovery of admissible evidence. CD objects to this request in that the terms "feature in such claim" and "in any purported embodiment prepared, either in whole or in part, by you or the named inventor, or those acting with or for the same" is incomprehensible, vague and ambiguous. Subject to the foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the claim chart attached as Exhibit A and the documents produced in response to Amazon's document requests.

12

Exhibit 8
Page 12

ASHBY & GEDDES

_____

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff CD Intellectual
Property Holdings LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

Dated: January 17, 2006
165733.1

13

Exhibit 8
Page 13

# EXHIBIT A

Exhibit 8
Page 14

Claim Construction Chart for Claims of US Patent No. 6,782,370 (the '370 Patent)[1]

| '370 Patent Claim 1 Language | NTech's Construction | Support |
|---|---|---|
| 1. A computer-implemented method for the recommendation of goods and/or services to potential customers over a distributed network based on customer buying history utilizing an information processing system containing processing means having transmission data, and database storage means for storing information in database files, the method comprising the steps of: | A method, implemented by a computer system, for providing to customers over a distributed network a recommendation of goods and/or services ("items") using information reflecting the purchase history of previous customers. The computer system has an information processing system that includes processing means having a modem, network card any other device utilized to facilitate the transmission of data and a database storing information in one or more database files. The method includes but is not limited to the steps of: | **Specification:** "A method for recommending goods or services is provided which allows the user of a computer system connected to a distributed network such as the Internet to receive recommendations of goods or services of potential interest based on a particular good or service selected by the user and previous customer buying history." Col. 1, ll. 43-48<br><br>"The operator interface 1 may be any computer with a modem, network card or any other device including wireless devices utilized in computer systems to facilitate the transmission of data and may be found in personal computers used in households, business offices or schools." Col. 2, ll. 44-47<br><br>Fig. 1, element 4 and Fig. 4, element 26<br><br>"FIG. 4 illustrates one example of the system structure and data flow. An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history. The recommendations are then transmitted from the processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." Col. 4, ll. 23-36<br><br>Prosecution History: |

[1] We reserve the right to supplement and modify these definitions.

1

Exhibit 8
Page 15

| | | |
|---|---|---|
| | | "Claim 1 is directed to a computer-implemented method for the recommendation of goods and/or services to potential customers over a distributed network based on customer buying history, wherein information is stored pertaining to goods/services purchasing history of previous customers; the potential customer inputs a command specifying a particular good/service as filter data, and the filter data is compared with the stored information in order to display the identity of other goods/services purchased by the previous customers who have purchased the good/service used as the filter data." <br> Brief on Appeal,[2] p. 6 (emphasis in original) |
| receiving customer commands specifying a particular good or service to be used as filter data; | In response to the customer's selection of an item, receiving from the user's computer, or other device utilized to facilitate the transmission of data, a message that initiates an action or operation. The message identifies the item selected, an identifier of which is used to retrieve previously stored information associated with or corresponding to the identifier. | Specification: <br> "The user first selects a particular good or service he may be interested in obtaining. This selection is treated as filter data input to a host computers' data processor." <br> Col. 1, ll. 52-54 <br><br> Prosecution History: <br> "[T]he present invention provides a recommendation of other goods and/or services based on the selection of a particular good and/or service as a filter by a potential customer." <br> 3/23/00 Resp. to Office Action, p. 6 (emphasis in original) <br><br> Dictionary: <br> The ordinary meaning of "command" in the computer science context is a message that initiates an action or operation. See http://dictionary.reference.com/search?r=1&q=command. This definition is consistent with the specification and file history. Thus a "customer command" is a message transmitted from a user's (or customer's) computer. |
| storing information pertaining to goods and/or services purchasing history of previous customers; | storing information that reflects and/or relates to the purchase history of previous customers | Specification: <br> "which contains data on previous customer purchasing history." <br> Col. 4, ll. 31-32 <br><br> Prosecution History: <br> "[C]laim 1 requires the step of storing information pertaining to goods |

---

[2] The examiner's final rejection was appealed to the Board of Patent Appeals which reversed the examiner's decision and granted allowance.

Exhibit 8
Page 16

| | | |
|---|---|---|
| | | and/or services purchasing history of previous customers." Resp. after Final Office Action, p. 2.<br><br>"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential customer, based on the recorded purchase history of previous customers." 3/3/99 Resp to Office Action, p. 2.<br><br>"the present invention would provide a list of other recommended books based on a customer's selection of a particular book, based on the stored purchase history of previous customers who purchased the particular book." 3/3/99 Resp to Office Action, p. 5.<br><br>"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential customer, based on the recorded purchase history of previous customers." 7/8/99 Resp to Office Action, p. 2.<br><br>"In particular, claim 1 requires the step of storing information pertaining to goods and/or services purchasing history of previous customers." 7/8/99 Resp to Office Action, p. 2.<br><br>"Claim 1 is directed to a computer-implemented method for the recommendation of goods and/or services to potential customers … wherein information is stored pertaining to goods/services purchasing history of previous customers." Brief on Appeal, p. 6.<br><br>Specification:<br>This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history. The |
| Comparing said filter data with said stored information and determining whether, for said filter data, corresponding entries exist within the stored information; and | Comparing the identifier with the stored information to determine whether the stored information includes information that corresponds to or is associated with the identifier of the item. | |

3

Exhibit 8
Page 17

| | | |
|---|---|---|
| | | recommendations are then transmitted from the processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." Col. 4, ll. 23-35 **Prosecution History:** Distinguishing the prior art from the claimed invention the applicant stated the prior art had "nothing to do with entering a specified item as filter data for obtaining recommendations of _other_ goods and/or services from a previous customer purchasing history database." Reply Brief 2/20/01, p. 3 (emphasis in original). |
| | If the stored information includes information that corresponds to or is associated with the item identifier, then, in response to receiving the user command and regardless of whether the selected user has rated or purchased the selected item, communicating to the user the identity of other items purchased by previous customers who also purchased the item selected by the user. | **Specification:** "The present invention allows potential customers to utilize a computer system ... to obtain recommendations of goods or services that may be of interest to them while substantially reducing the degree of customer input required in comparison to prior art systems." Col. 1, ll. 31-35  "The goods or services purchased in common by this group of customers are returned as filtered output data and displayed to the user as recommended goods or services." Col. 1, ll. 64-67  This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history. The recommendations are then transmitted from the processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." Col. 4, ll. 23-35  **Prosecution History:** "Claim 1 further requires the step of displaying the identity of _other goods and/or services_ if corresponding entries exist for filter data specified by a |
| if corresponding entries exist, displaying the identity of other goods and/or services purchased by said previous customers who have purchased the good and/or service used as said filter data. | | |

4

Exhibit 8
Page 18

| | | |
|---|---|---|
| | | customer as a particular good or service." 7/12/99 Resp. to Office Action, p. 5 (emphasis in original).<br><br>"The present invention overcomes the drawbacks of the prior art by enabling customers to obtain accurate recommendations of goods/services of potential interest without requiring the customer to participate in any demographical survey or other process for creating a user profile. According to the invention, goods and/or services recommendations are determined by consulting a customer activity history database in conjunction with a particular item selected by the consumer. Brief on Appeal, p. 3<br><br>"What Payton fails to disclose is that … the list of recommended videos is provided in response to the specification of a particular video by a subscriber as a filter." Brief on Appeal, p. 12 |
| 2. The method of claim 1 wherein said distributed network is the Internet. | The method of claim 1 wherein said distributed network is the Internet. | Specification<br>"In the preferred embodiment, books are recommended over the Internet …"<br>Col. 2, ll. 32-33. |
| 4. The method of claim 1 wherein said distributed network is a Wide Area Network. | The method of claim 1 wherein said distributed network is a Wide Area Network | Specification<br>"In the preferred embodiment, books are recommended over the Internet … although any communication medium could be used including distributed networks such as … Wide Area Networks …."<br>Col. 2, ll. 32-36. |
| 6. The method of claim 1 wherein said goods are books. | The method of claim 1 wherein said goods are books. | Specification<br>"In the preferred embodiment, books are recommended …."<br>Col. 2, l. 32 |

Exhibit 8
Page 19

5

| '070 Patent Claims 10, 16, 22 | Claim Construction | Support |
|---|---|---|
| 7. A computer-implemented interactive system for assisting a potential customer in purchasing decisions from among a plurality of goods or services, the system comprising: | A system for recommending goods or services ("items") to a user comprising a computer and at least the following elements | **Specification:**<br>"The present invention allows potential customers to utilize a computer system interfaced with a distributed network to obtain recommendations of goods or services that may be of interest to them…"<br>Col. 1, ll. 31-34 |
| an operator interface for enabling potential customers to input requests to said computer, including requests for:<br><br>the purchase of the goods or services,<br><br>information concerning goods or services,<br><br>recommendations of goods or services based on operator input; | A device (e.g., a computer or other device), for enabling users to transmit requests to the computer, including requests for: (a) the purchase of items, (b) information concerning items; and (c) recommendations of items based on input received from a user of the device. | **Specification:**<br>"The operator interface 1 may be any computer with a modem, network card or any other device including wireless devices utilized in computer systems to facilitate the transmission of data and may be found in personal computers used in households, business offices or schools."<br>Col. 2, ll. 44-49<br><br>"A screen display 100 as shown in FIG. 3A provides various hypertext selections for various actions to be performed. As indicated, a user may choose to browse, search, order, retrieve account information, or request help."<br>Col. 3, ll. 5-8 |
| a database maintained in said computer, containing information pertaining to goods and/or services purchasing history of previous customers; | A database accessible to the computer.  The database stores information that reflects and/or relates to the purchase history of previous customers. | **Specification:**<br>"which contains data on previous customer purchasing history."<br>Col. 4, ll. 31-32<br><br>**Prosecution History:**<br>"[C]laim 1 requires the step of storing information pertaining to goods and/or services purchasing history of previous customers."<br>Resp. after Final Office Action, p. 2.<br><br>"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential |

6

Exhibit 8<br>Page 20

| means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database; | An information processing system configured to receive from the operator interface a request specifying a selected item and configured to process the request and carry out an algorithm, regardless of whether the user has rated or purchased the selected item, in which: (a) in response to receiving the request, the information processing system compares an identifier of the selected item with the stored information to determine | customer, based on the recorded purchase history of previous customers."<br>3/3/99 Resp to Office Action, p. 2.<br><br>"The present invention would provide a list of other recommended books based on a customer's selection of a particular book, based on the stored purchase history of previous customers who purchased the particular book."<br>3/3/99 Resp to Office Action, p. 5<br><br>"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential customer, based on the recorded purchase history of previous customers."<br>7/8/99 Resp to Office Action, p. 2.<br><br>"In particular, claim 1 requires the step of storing information pertaining to goods and/or services purchasing history of previous customers."<br>7/8/99 Resp to Office Action, p. 2.<br><br>"Claim 1 is directed to a computer-implemented method for the recommendation of goods and/or services to potential customers ... wherein information is stored pertaining to goods/services purchasing history of previous customers."<br>Brief on Appeal, p. 6.<br>Specification:<br>"This selection is treated as filter data input to a host computer's data processor. The data processor then compares this input data with customer activity history database to determine if there are any possible goods or services that can be recommended to the user."<br>Col. 1, ll. 53-58 |

7

Exhibit 8
Page 21

| | | |
|---|---|---|
| if those who purchased the selected item have other purchases in common that can be recommended to the user, and (b) if there are such items, then, the information processing system retrieves from the stored information an identifier identifying at least one of such items. | | "FIG. 4 illustrates one example of the system structure and data flow. An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history." Col. 4, ll. 23-32 <br><br>Prosecution History: <br>"The server consults a database of recorded customer purchases, to determine whether customers who have purchased Clear and Present Danger have also purchased other common book titles" 3/4/99 Resp. to Office Action, p. 2 <br><br>"The present invention as claimed provides a significant advance in the prior art … by enabling goods and/or service to be recommended to a user simply by having the user select an item as filter data, and use the filter data to filter a passively compiled database of recorded customer purchase history." 8/24/00 Req. for Reconsideration, p. 4. |
| a distributed network for transmitting requests from said operator interface to said computer and for transmitting responsive information from said computer to said operator interface; | A distributed network (e.g., the Internet). | Specification: <br>"In the preferred embodiment, books are recommended over the Internet using World Wide Web technology although any communication medium could be used including distributed networks such as Local Area Networks (LANs), Wide Area Networks (WANs), or Electronic Bulletin Board Systems (BBSs)." Col. 2, ll. 32-37 |
| whereby goods and/or services identification information corresponding to goods and/or | Whereby, in response to receiving the user command, information identifying at least one item purchased by | Specification: <br>"The recommendations are then transmitted from the |

Exhibit 8
Page 22

| | | |
|---|---|---|
| services purchased by previous customers who have purchased the goods and/or services requested by said potential customers are transmitted to said operator interface for use by said potential customers. | previous customers who also purchased the item selected by the user is transmitted to the operator interface. | processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." Col. 4, ll. 32-35<br><br>"The recommendations are then transmitted to the user via the Internet 2 and displayed on the user interface 1 as shown in FIG. 3E." Col. 4, ll. 20-22.<br><br><u>Prosecution History</u>:<br>"<u>Information identifying goods/services purchased by previous customers who have purchased a good/service requested by a potential customer are transmitted to a user interface for use by the potential customer.</u>"<br>Brief on Appeal, p. 6 (emphasis in original) |
| 8.  The system of claim 7 wherein said distributed network is the Internet. | The system of claim 7 wherein said distributed network is the Internet. | <u>Specification</u><br>"In the preferred embodiment, books are recommended over the Internet ..."<br>Col. 2, ll. 32-33. |
| 10.  The system of claim 7 wherein said distributed network is a Wide Area Network. | The system of claim 7 wherein said distributed network is a Wide Area Network. | <u>Specification</u><br>"In the preferred embodiment, books are recommended over the Internet ... although any communication medium could be used including distributed networks such as ... Wide Area Networks ...."<br>Col. 2, ll. 32-36. |
| 12.  The system of claim 7 wherein said goods are books. | The system of claim 7 wherein said goods are books. | <u>Specification</u><br>"In the preferred embodiment, books are recommended ..."<br>Col. 2, l. 32 |
| 13.  The system of claim 7 wherein said operator interface is a personal computer. | The system of claim 7 wherein said operator interface is a personal computer. | <u>Specification</u>:<br>"The operator interface 1 may be any computer ..."<br>Col. 2, ll. 44-45. |
| 14.  The system of claim 7 wherein said operator interface is a workstation. | The system of claim 7 wherein said operator interface is a workstation. | <u>Specification</u><br>"The operator interface 1 may be any computer ..."<br>Col. 2, ll. 44-45. |

9

Exhibit 8
Page 23

| Patent Claim 16 | Claim Construction | Support |
|---|---|---|
| 16. A computer program product having a computer readable medium having computer readable code recorded thereon for the recommendation of goods or services in response to user input, comprising: | A product including a medium readable by a computer. The medium has computer readable code stored thereon. The code implements an algorithm for recommending goods or services in response to user input. The product includes but is not limited to: | **Specification:** "The present invention allows potential customers to utilize a computer system interfaced with a distributed network to obtain recommendations of goods or services that may be of interest to them...." Col. 1, ll. 31-34 |
| input means for receiving user commands specifying a particular good or service to be used as filter data; | An information processing system configured to receive from a user device a message that initiates an action or operation. The message specifies a particular good or service ("item") selected by the user. The processing system is configured to treat an identifier of the selected item as filter data. | **Specification:** "An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1." Col. 4, ll. 24-28 <br><br> **Prosecution History:** Distinguishing the disclosed invention from the prior art, the applicant stated that "Payton fails to disclose a method for recommending goods and/or services to a customer based on the specification by that customer of a particular good and/or service which specified good and/or service is then used as a filter for a purchase history database to identify other goods and/or services purchased by customers who have purchased the specified good and/or service...." 3/23/00 Resp. to Office Action, p. 5. |
| database storage means for the retention of data concerning goods or services purchase decisions of prior users; and | A database that stores information reflecting and/or relating to, items purchased by previous customers. | **Specification:** "The host computer 3 contains information regarding goods or services (such as books) for sale and also contains a customer purchasing history database 4 which stores data describing all purchases of previous customers." Col. 2, ll. 58-62 <br><br> **Dictionary:** The ordinary definition of the verb "to concern" is: relating to, having to do with or regarding |

10

Exhibit 8
Page 24

| | | |
|---|---|---|
| means for filtering said database storage means using said specified particular good or service to obtain recommendations of other goods or services to a user based on said inputted user commands. | An information processing system configured to carry out an algorithm, regardless of whether the user has rated or purchased the selected item, in which: (a) in response to receiving the message, the information processing system compares an identifier of the selected item with the stored information to determine if those who purchased the selected item have other purchases in common that can be recommended to the user, and (b) if there are such items, then, the information processing system retrieves from the stored information an identifier identifying at least one of such items. | Merriam–Webster Unabridged (unabridged.merriam-webster.com)<br><br>American Heritage Dictionary of the English Language, Fourth Edition<br><br>Specification:<br>"Utilizing the customer history database 4, the host computer 3 searches all the books purchased by all the customers who have purchased the particular book that was selected by the user. Titles which have been purchased in common among the customers are selected as recommendations for the user."<br>Col. 4, ll. 11-16<br><br>Prosecution History:<br>"The server consults a database of recorded customer purchases, to determine whether customers who have purchased Clear and Present Danger have also purchased other common book titles."<br>3/3/99 Resp. to Office Action, p. 2 |

11

Exhibit 8
Page 25

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2006, the attached **CD'S RESPONSES**

**TO AMAZON'S FIRST SET OF INTERROGATORIES** was served upon the below-named

counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                  HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire                               VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

_____
Tiffany Geyer Lydon

Exhibit 8
Page 26