IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>                Defendant. | C.A. No. 05-00414 (JJF) |

**AMAZON.COM, INC.'S MOTION FOR PROTECTIVE ORDER STAYING AND LIMITING RULE 30(B)(6) DEPOSITION OF AMAZON.COM ON TOPICS UNRELATED TO RELEVANT ISSUES NOTICED BY CD INTELLECTUAL PROPERTY HOLDINGS, LLC**

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP
                              Josy W. Ingersoll (I.D. # 1088)
                              John W. Shaw (I.D. # 3362)
                              Karen E. Keller (I.D. # 4489)
                              The Brandywine Building, 17th Floor
                              1000 West Street
                              Wilmington, Delaware 19899-0391
                              (302) 571-6600
                              Attorneys for Defendant/Plaintiffs
OF COUNSEL:                    AMAZON.COM, INC. and A9.COM, INC.
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

Dated: March 3, 2006

Pursuant to the Discovery Dispute procedures in Paragraph 4(a) set forth in the agreed upon Scheduling Order, Fed. R. Civ. P. 26(c) and 30(d) and District of Delaware Local Rule 30.2, Amazon.com, Inc. ("Amazon") hereby moves the Court for a protective order staying and limiting the deposition under Rule 30(b)(6) of Amazon noticed by CD Intellectual Property Holdings, LLC ("CD") because: (1) it seeks testimony on topics with no relevance to the claims or defenses and is overly broad and unduly burdensome, and (2) it is premature under the agreed-to case schedule and noticed with the intent to circumvent discovery limitations.

I.      **STATEMENT OF FACTS**

This is a patent infringement case. The patent-in-suit, U.S. Patent No. 6,782,370 (the "'370 Patent") issued in late August 2004. The parties' agreed Scheduling Order (based on the Court's proposed form) phases discovery. *See* Declaration of Wendy Bjerknes in Support of Motion for Protective Order ("Bjerknes Decl.") ¶ 3, Ex. A. As phased, written discovery, including interrogatories and document production is to complete by March 15, 2006. *Id.*, Paragraph 3(a). "Depositions shall not commence until [written discovery] is completed." *Id.*

During written discovery, Amazon sought a claim chart with CD's infringement contentions. CD refused to provide this discovery on its infringement contentions. *Id.* Ex. F at 5-6. To date, CD has accused of infringement one feature on the Amazon.com website (called "customers who bought also bought"). Complaint [D.I. 1 at ¶ 7]; *Id.*

As CD knows (its litigation counsel prosecuted the patent-in-suit and continue to prosecute continuation applications), the patent-in-suit was the subject of an appeal decision in the Patent and Trademark Office that placed specific limits on the claimed inventions — rejecting any broad claim lacking a particular element of customer commands specifying a particular "filter item." Bjerknes Decl., Ex. 6 (Appeal decision at 8–9).

CD sought extensive and burdensome written discovery on matters beyond those claimed (or possibly claimed) in the patent-in-suit; specifically any "Customer Recommendation Feature" which it defined as ("any system or method to recommend a customer or potential customer items that he or she may be interested in based on the purchasing history of other customers") and unlimited to any relevant time

1

period. *See* D.I. 52, Ex. 3 at 4; Ex. 4 at 5 (CD's First Sets of Interrogatories and Requests for Production defining term).

Amazon objected to this discovery as beyond anything CD accused of infringement and extraordinarily burdensome. Amazon proposed to CD that, because its site was public, CD could make out contentions as to what features supposedly infringed by providing a claim chart with available information, and that concrete infringement contentions could form the basis for discovery. Ex. J. The parties have met and conferred about CD limiting its discovery to accused features and its refusal to providing its infringement contentions, as well as many other issues.

On February 15, 2006, CD served its Notice of 30(b)(6) Deposition of Amazon.com, Inc. ("deposition notice") for the deposition to occur on March 8, 2006 in Delaware concerning the following topics:

- **Any method, system or process or product developed, implemented or used on the Amazon.com website for making a recommendation**, including but not limited to the manner in which the recommendation is made, the customer act which triggers the recommendation or the revision of a recommendation, the date method, system or process or product was first implemented and whether it is currently being used;

- For **each customer recommendation feature ever implemented**, the method by which Amazon determines (or could determine) whether a purchase was made as a result of a recommendation;

- The design, development, implementation, operation, functionality and/or attributes of **each Amazon customer recommendation feature**;

- The manner in which Amazon determines the effectiveness **of each customer recommendation feature**, including but not limited to the criteria considered and the evaluation of that criteria;

- The uses Amazon makes of its customer purchase information;

- How Amazon collects and stores customer purchase information;

- The date of conception, reduction to practice, and the date of first public use of **each customer recommendation feature by Amazon**.

Bjerknes Decl. ¶ 4, Exhibit B attached hereto (emphasis added).

At a meet and confer between the parties on February 16, 2006, CD acknowledged its deposition notice violated the agreed discovery schedule and that it served the deposition notice to circumvent

2

Amazon's objections to CD's written discovery on features not specifically accused of infringement.[1] *Id.* Ex. C. Amazon repeatedly requested that CD withdraw its notice. *Id.* Ex. D. CD refused, thus forcing Amazon to bring this motion. *Id.* Ex. E.

## II. ARGUMENT

### A. Good Cause Exists to Stay and Limit the Deposition of Amazon.

The court "may make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, undue burden or expense. . . ." for good cause and may limit discovery to specified terms and conditions as well as limit the scope of disclosure to certain matters. Fed. R. Civ. P. 26(c). Good cause exists because CD's seeks discovery on irrelevant matters beyond those accused of infringement (or that could be accused) and because CD admits its notice violates the agreed discovery schedule.

#### 1. CD's Deposition Notice Seeks Irrelevant Information.

CD's deposition notice is overly broad and unduly burdensome because it seeks extensive amounts of irrelevant information. A showing of irrelevancy of the proposed discovery satisfies the good cause requirement. *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994); *McCurdy v. Wedgewood Capital Mgmt. Co.*, 1998 U.S. Dist. LEXIS 20628 *6 (E.D. Pa. 1998). The patent-in-suit limits the scope of relevant discovery. CD's Complaint identifies one feature on Amazon's website – "customers who bought also bought" – and its discovery responses have specified no others as allegedly infringing. Complaint (D.I. 1 at 7); Bjerknes Decl., Ex. F at 5-6.

CD's deposition notice broadly seeks information about *all* aspects of *all* customer recommendation features Amazon ever implemented by Amazon. This is far beyond the scope of allowable discovery for several reasons. Fed. R. Civ. P. 26(b)(1) (discovery is limited to information relevant to 'the claim or defense of any party.'"). First, the discovery sought is clearly beyond the scope of any claim based on the patent-in-suit. During the prosecution of the patent-in-suit, an appeal board decision affirmed the rejection of some claims and reversed the rejection of others. The deciding factor between the two sets was the inclusion of the claim element "receiving customer commands specifying a particular good or service to be used as

---

[1] CD's *written discovery requests* are the subject of a motion to compel now pending.

3

filter data." All allowed claims had to contain this claim element in some form. *Id.* Ex. G (PTO appeal decision at 8–9); Ex. H ('370 Patent) (claims as amended and allowed).

If this element was not included, the PTO's appeal board made clear no valid patent claim could be made. Because the '370 Patent is therefore limited only to certain types of recommendations, and CD has not alleged that any feature except "customers who bought also bought" infringe the '370 Patent, CD's broad deposition notice" is well beyond the scope of allowable discovery. *See discussion in* Amazon.com's Opposition to Motion to Compel (D.I. 52). Thus, CD seeks discovery for which it has *no* plausible claim of infringement. *Id.*

The deposition notice is also overbroad in time. The patent-in-suit issued in 2004. CD's requested testimony on features that came and went prior to any possible period of infringement is not only incredibly burdensome, but plainly irrelevant. Fed. R. Civ. P. 26(b)(1).

    2.    CD's Premature Deposition Notice Should Be Stayed

Pursuant to the agreed upon discovery schedule, the parties cannot notice depositions until after written discovery is completed on March 15, 2006. CD served its deposition notice a month early and set the deposition to occur on March 8, 2006 – before written discovery is completed. Because CD admittedly served its deposition notice in violation of the agreed-to discovery schedule, the Court should stay the deposition. *Keller v. Edwards*, 206 F.R.D. 412, 415 (D. Md. 2002) (holding that premature notices of deposition are "defective and unenforceable").

### III.  CONCLUSION

For all the reasons stated above, Amazon respectfully requests that the Court grant this motion to stay and limit the deposition of Amazon.

                      Respectfully submitted,

                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                      John W. Shaw (No. 3362)
                      1000 West Street, 17th Floor
                      Wilmington, DE 19801
                      (302) 571-6600
                          Attorneys for Defendant AMAZON.COM, INC.

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on March 3, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on March 3, 2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID# 4489)
>Monté T. Squire (ID# 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>Telephone: (302) 571-6600
>msquire@ycst.com
>
>Attorneys for Defendant

DB01:1629996.1