**EXHIBIT D**

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 28, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: _CD Intellectual Property Holdings, LLC v. Amazon.com, Inc._

Dear Nichole:

This letter confirms your agreement that no person who has reviewed Amazon.com's Highly Confidential – Outside Counsels' Eyes Information will directly or indirectly provide any patent prosecution advice, as put forth in various provisions in the Stipulated Protective Order. My letter is not intending to have you agree to anything not expressly put forward in the Stipulated Protective Order, which I am attaching to the same email as this letter. Please confirm in writing that you agree to all terms put forward in the Stipulated Protective Order relating to "Highly Confidential – Outside Counsels' Eyes" material by the end of tomorrow.

In our meet and confer of yesterday, you indicated you would get back to me by the end of the day today regarding:

Whether you will withdraw your 30(b)(6) Notice of Deposition; and

The identification of Eric Bock, a person you seek to have access to Amazon.com's confidential material. You first put forward his name on February 14, 2006, yet you have failed to identify by position and company(ies) he works for, despite my repeated requests for this information. I have asked and you have previously promised this information, and I do not understand the delay.

The close of your business day has almost concluded, and you still have not provided this information. Please do so by the end of the day, as promised.

At the meet and confer, I indicated I would get back to you on the following issues:

Regarding the Stipulated Protective Order, I offered to propose alternative language for provisions regarding that agreement for additional printing of source code and to have more than two experts examine the source code not be "unreasonably withheld." I suggest the following language: Should the producing party refuse to agree to [the printing of additional source code] or [an additional expert's ability to review the source code], the receiving party may move the Court to determine if the need for the request exceeds and is reasonable in light of the increased security risk and/or other hardships the request causes to the producing party. Please let me know if you agree to that change.

C. Nicole Gifford, Esq.
February 28, 2006
Page 2

As I explained in our meet and confer and in previous correspondence, our compromises regarding source code provisions in the Stipulated Protective Order were made so that the Court would not be burdened with motion practice. If you nevertheless insist on bringing such a motion, this purpose is defeated. Thus, should you move, we will in turn seek the Court to adopt our initial proposal regarding source code provisions as put forth in our initial draft, which was modeled directly on the default standard for the protections of source code that I have already provided to you. Please let me know if this will be necessary.

Regarding relevant time periods for discovery responses, as I indicated on the phone and in previous correspondence, what is relevant depends on the information being sought. I have thus far provided the main categories of issues covered in a patent infringement lawsuit, prior art, development of the implementation of the features accused of infringement, and damages, and the relevant time periods with respect to each of the categories. You otherwise asked about documents related to Stack, Books.com, and Bookstacks.com. I asked why these are relevant to plaintiff's patent infringement lawsuit, and you would not respond. Please explain why these documents are relevant. The only other category of information or documents requested that do not otherwise fall into these categories ask for information that relate to the various entities that have served as Plaintiff in this lawsuit. Please explain why documents prior to the issuance of the patent that relate to the various Plaintiffs are relevant. I see no other category of information requested not covered by these categories. If there is a category that you believe does not fit within any these, please let me know.

Regarding your email of yesterday about our meet and confer, what you describe is precisely how I would describe your own behavior. I asked you repeatedly to lower your voice, to improve your tone and sarcasm, and implored you that these meet and confer need not be unpleasant (as my colleague can confirm). In any event, your attempt in your email message to justify hanging up the phone once the *three-hour-long* meet and confer finally turned to addressing CD's insufficient responses and unjustified objections -- after I had answered all of your questions regarding Amazon.com's responses and objections -- just exposes your tactic here. After hanging up the phone, I called Elizabeth Leff back immediately, and she did not answer the phone. I asked her to call me back, and she did not.

The most prominent example of your evasiveness, after first refusing to answer questions regarding CD's specific objections, 15 minutes or so passed while you were presumably discussing (you muted the phone) the then pending question: whether you would provide additional factual information supporting the purported conception, reduction to practice and diligence in reduction to practice, as since you are asserting a priority date prior to the filing of the patent-in-suit, this information must be provided. You demanded this to take this time, not me, by stating "hold on." You then got back on the phone after that long delay, said you would not answer my question, and hung up phone. I did not even have the opportunity to address the other issues we had with respect to this same interrogatory response, let alone other issues.

Regarding your proposal for an additional meet and confer, as I understood your position until you hung up the phone, you will rely on your positions you put forward in your letter dated

C. Nicole Gifford, Esq.
February 28, 2006
Page 3


February 27, 2006 and in previous correspondence. You refused to address CD's specific objections. You refused to answer questions regarding whether your answers were complete as of this time. I otherwise answered the questions you asked in that letter. If those answers do not change your position, there is nothing left to discuss.

If you are willing to compromise with respect to any position put forward in your letter, let me know, and we will discuss it. I propose 11 a.m. on Friday. Let me know by tomorrow if such a meet and confer will be useful. Otherwise, I will rely on your positions as stated.

Sincerely,

Wendy Bjerknes

cc:    Steven Balick
       Elizabeth Leff

23984/00403/LIT/1245479.2