**EXHIBIT I**

LEXSEE

Richard McCurdy, Trustee, Laborers' Industrial Pension Plan, Plaintiff, v. Wedgewood Capital Management Co., Inc., Defendant.

CIVIL ACTION No. 97-4304

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1998 U.S. Dist. LEXIS 20628

December 30, 1998, Decided
December 31, 1998, Filed

**DISPOSITION:** [*1] Defendant's motion for entry of a protective order (Doc. # 19) granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant moved for entry of a protective order in order to prevent disclosure of some information not relevant to plaintiff's Employment Retirement Income Security Act, 29 U.S.C.S. §§ 1001 et seq., claim.

**OVERVIEW:** Plaintiff, a pension fund, brought an action through its trustee against defendant, an investment management company, pursuant to the Employee Retirement Income Security Act, 29 U.S.C.S. §§ 1001 et seq. Plaintiff suffered harm when defendant breached its fiduciary duty by investing $950,000.00 of plaintiff's funds in a limited partnership, which subsequently lost money. Plaintiff sought to discover documents related to the challenged investment from defendant. The court reviewed defendant's motion for a protective order to prevent disclosure of some of the information. The court found that, with regard to information as to the identity of defendant's clients other than plaintiff and the co-limited partner, plaintiff did not demonstrate a need for the information and defendant showed that the identity of its other clients was irrelevant to the subject matter of the action. Accordingly, defendant was entitled to redact the names of its other clients. Information regarding the co-limited partner and information relating to breaches of the investment guidelines of other clients was relevant to the subject matter of the action. Accordingly, such information was subject to discovery.

**OUTCOME:** Defendant's motion for entry of a protective order was granted as to information relating to the identity of defendant's other clients, as that information was not relevant to plaintiff's action. The motion was denied as to information relating to defendant's breach of investment guidelines of its other clients and information regarding the co-limited partner, as that information was relevant.

**LexisNexis(R) Headnotes**

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities*
[HN1] See 29 U.S.C.S. § 1104(a)(1)(B) and (C).

*Civil Procedure > Disclosure & Discovery > Protective Orders*
[HN2] Fed. R. Civ. P. 26(c) provides that a person from whom discovery is sought may move the court, for good cause shown, to issue an order protecting the person or party from annoyance, embarrassment, oppression, or undue burden or expense. This rule authorizes the court to order that certain matter not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. The court is authorized to issue a protective order only after a showing that good cause exists for the protection of the material. The party requesting the protective order has the burden of demonstrating good cause. Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury.

*Civil Procedure > Disclosure & Discovery > Protective Orders*
[HN3] In determining whether "good cause" exists for the issuance of a protective order under Fed. R. Civ. P. 26(c), courts apply a balancing of interests standard. Irrelevancy satisfies the good cause requirement. The burden of showing that the requested discovery is not relevant is on the party resisting discovery. Relevancy is to be broadly con-

strued and is not limited to the precise issues set out in the pleadings or to the merits of the case. Instead, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. The relevance standard will depend on the context of the particular action, and the determination of relevance is within the district court's discretion.

*Civil Procedure > Disclosure & Discovery > Protective Orders*

[HN4] A motion under Fed. R. Civ. P. 26(c) to limit discovery requires the district judge to compare the hardship to the party against whom discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if it is denied. He must consider the nature of the hardship as well as its magnitude, and thus give more weight to interests that have a distinctively social value than to purely private interests; and he must consider the possibility of reconciling the competing interests through a carefully crafted protective order.

*Civil Procedure > Disclosure & Discovery > Relevance*

[HN5] Fed. R. Civ. P. 26(b)(1) provides in part that, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. "Relevance" for discovery purposes is broadly construed and trial courts exercise considerable discretion in handling discovery matters. Information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

**COUNSEL:** For RICHARD MCCURDY, TRUSTEE, PLAINTIFF: RICHARD KIRSCHNER, M. KAY GARTRELL, KIRSCHNER & GARTRELL, P.C., WASHINGTON, DC USA.

For WEDGEWOOD CAPITAL MANAGEMENT CO., INC., DEFENDANT: DOUGLAS N. CANDEUB, ADELMAN, LAVINE, GOLD AND LEVINE, PHILA, PA USA. MARK S. MILLER, POWELL, GOLDSTEIN, FRAZER & MURPHY, ATLANTA, GA USA. MARK J. FOLEY, KLETT LIEBER ROONEY & SCHORLING, PHILADELPHIA, PA USA.

For POWELL, GOLDSTEIN, FRAZER & MURPHY LLP, MOVANT: W. SCOTT SORRELS, POWELL, GOLDSTEIN, FRAZER & MURPHY, ATLANTA, GA USA.

**JUDGES:** PETER B. SCUDERI, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** PETER B. SCUDERI

**OPINION:**

**MEMORANDUM AND ORDER**
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

December 30, 1998

This matter comes before the Court on the defendant's motion for entry of a protective order. (Doc. # 19). For the following reasons, defendant's motion is granted in part and denied in part.

**Background**

Plaintiff Richard McCurdy, Trustee, Laborer's Industrial Pension Plan, a pension fund, brought this action against defendant Wedgewood Capital Management Co., Inc., an investment management company, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1104(a)(1)(B) & (C); 1109(a) ("ERISA"). Title 29 United States Code sections 1104(a)(1)(B) and (C), provide:

> [HN1]
> (a) Prudent man standard of care
> (1) a fiduciary shall discharge [*2] his duties with respect to a plan solely in the interest of the participants and beneficiaries and (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matter would use in the conduct of an enterprise of like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, under the circumstances it is clearly prudent not to do so.

*29 U.S.C. § 1104(a)(1)(B) & (C).*

Plaintiff claims that it suffered harm when defendant breached its fiduciary duty by investing $950,000.00 of plaintiff's funds in a limited partnership. Plaintiff contends that this investment violated the parties' contract for investment services and investment guidelines incorporated therein which restricted defendant to investments in highly-marketable, fixed-income securities. Plaintiff also asserts that defendant breached its fiduciary duty when it (1) signed limited partnership agreements, and other partnership documents in plaintiff's name without legal authority; (2) became the General Partner in the very partnership in which it had made plaintiff [*3] a limited partner; (3) required plaintiff to pay $51,000 more than PaSWIF, plaintiff's co-limited partner, for identical

49.5% interest in PMSR III; (4) issued misleading reports that failed to inform plaintiff of facts related to its management of plaintiff's money including the fact that it had been made limited partner in two partnerships and that the partnerships were created for the purpose of dealing in highly speculative investments and to fulfill defendant's own obligation to another corporation, Universal Investment Services, Inc., rather than because they were thought to be a good and appropriate investment. (Doc. 20 at 7, 8 n.8, 16, 22; Doc. 24 at 2-3; Plaintiff's Reply to Defendant's Memorandum in Support of its Reactions in its Production of Documents at 2). Thus, Plaintiff alleges that "if [defendant] harmed the plaintiff in order to line its own pockets or the individual pockets of its principals, or to benefit other clients, or to satisfy its other obligations unrelated to the plaintiff," then the "defendant violated its duty of loyalty to the plaintiff." (Doc. 20 at 25). The investment, which had allegedly been purchased in 1993 for $950,000, was sold for $363,433.16 [*4] in 1996.

In the challenged investment, the plaintiff, referred to in defendant's documents variously as Philadelphia Industrial Laborers Plan, Laborers Industrial Pension Fund, PA Laborers Industrial Pension Fund, or PhLIPF, was made a co-limited partner with Pennsylvania State Workmen's Insurance Fund (PASWIF) in what was referred to in defendant's documents as Purchased Mortgage Servicing Rights III, Limited Partnership, ("PMSR") or Tranche IV. (See Def. Wedgewood Capital Management's Mem. in Supp. of its Redactions in its Production of Docs. at 2; Plaintiff's Reply to Def. Wedgewood's Memorandum in Support of its Redactions in its Production of Documents at 2).

The plaintiff seeks to discover documents related to the challenged investment from the defendant. Defendant seeks a protective order to prevent disclosure of some of the information contained in the documents. Specifically, defendant seeks the Court's permission to redact from the documents the identity of and substantive information regarding defendant's former, current or prospective clients. In accordance with this Court's order dated November 16, 1998, (Doc. 29). defendant produced one set of redacted documents [*5] and one set of unredacted documents for this Court's review accompanied by a memorandum setting forth the reason for the redactions. (Doc. 30). Plaintiff then submitted a reply to defendant's memorandum in support of its redactions in its production of documents. (Doc. 32).

### Discussion

[HN2] *Federal Rule of Civil Procedure 26(c)*, which defendant invokes for the purpose of obtaining a protective order, provides that a person from whom discovery is sought may move the court, for good cause shown, to issue an order protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)*. This rule authorizes the court to order that certain matter not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. As noted, the court is authorized to issue a protective order only after a showing that good cause exists for the protection of the material. The party requesting the protective order has the burden of demonstrating good cause. *Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)* (stating party seeking protective order must demonstrate that good cause exists for protection [*6] of particular material and holding that parties failed to sustain burden of demonstrating specific injury from public dissemination of privileged documents). "Good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Id. [HN3] In determining whether "good cause" exists for the issuance of a protective order, courts apply a balancing of interests standard. n1 See *In re Eli Lilly & Co. Prozac Prod. Liab. Litig., 142 F.R.D. 454, 460 (S.D.Ind. 1992)* (motion by drug manufacturer for entry of protective order redacting names from documents); *Arenson v. Whitehall Convalescent & Nursing Home, Inc., 161 F.R.D. 355, 358 (N.D.Ill. 1995)* (information sought had significant probative value and privacy interests were sufficiently protected by redaction of names). Irrelevancy satisfies the good cause requirement. *Hall v. Harleysville Ins. Co., 164 F.R.D. 172, 173 (E.D.Pa. 1995)* (although contents of consumer credit reports were relevant to action, names and other identifying information were not and were subject to redaction); *Smith v. Dowson, 158 F.R.D. 138, 140 (D.Minn. 1994)* (granting protective order on ground [*7] that actions taken by arresting officers in subject investigations, after release of erroneously arrested individual, is wholly irrelevant to plaintiff's claim that his arrest and detainer was without probable cause and in violation of his civil rights). The burden of showing that the requested discovery is not relevant is on the party resisting discovery. See *In re Bell Atlantic Securities Litig., 1993 WL 514408 (E.D.Pa. 1993)* (unreported). Relevancy is to be broadly construed and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)*. Instead, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. Id. The relevance standard will depend on the context of the particular action, and the determination of relevance is within the district court's discretion. *Thompson v. Glenmede Trust, 1995 U.S. Dist. LEXIS 18780, 1995 WL 752422, at 2 n. 4 (E.D.Pa. 1995)*.

n1 This standard has been described as follows:

[HN4]
A motion under Rule 26(c) to limit discovery requires the district judge to compare the hardship to the party against whom discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if it is denied. He must consider the nature of the hardship as well as its magnitude, and thus give more weight to interests that have a distinctively social value than to purely private interests; and he must consider the possibility of reconciling the competing interests through a carefully crafted protective order. *In re Eli Lilly & Co. Prozac Prod. Liab. Litig. 142 F.R.D. 454, 455 (S.D.Ind. 1992)*.

[*8]

With regard to information as to the identity of defendant's clients other than PaSWIF and the plaintiff, I find that plaintiff has not demonstrated a need for the information and defendant has shown that the identity of its other clients is irrelevant to the subject matter of this action. See, e.g., *In re Eli Lilly & Co. Prozac Prod. Liab. Litig., 142 F.R.D. 454, 460 (S.D.Ind. 1992)* (granting protective order redacting names from documents); *Hall v. Harleysville Ins. Co., 1992 WL 202169 (E.D.Pa. 1992)* (names and other identifying information contained in consumer credit report were not relevant to action and were subject to redaction). This court does not see any way that the names of other clients could possibly lead to relevant discovery. Accordingly, defendant is entitled to redact the names of those clients.

We also find, however, that plaintiff has demonstrated sufficient need for information concerning and identifying PaSWIF in documents and paragraphs relating to PMSR III and the Tranche IV investment and that defendant has not demonstrated that such information is irrelevant to plaintiff's claim that defendant breached its fiduciary duties. In light of plaintiff's [*9] allegation that such breach occurred when plaintiff was charged 51% more than PaSWIF for an identical 49.5% interest in PMSR III, the information regarding PaSWIF is relevant to the subject matter of this action and will aid plaintiff in determining the basis for the disparate treatment. Accordingly, information, if any, relating to PaSWIF's investment in PMSR III or Tranche IV contained in the unredacted documents submitted to this Court for review shall be subject to discovery.

Moreover, we find that defendant is not entitled to redact certain other information because defendant has not shown that the information does not come within the broad scope of relevance as defined in *Fed. R. Civ. P. 26(b)(1)*. [HN5] *Federal Rule of Civil Procedure 26(b)(1)* provides in part that, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." "Relevance" for discovery purposes is broadly construed and trial courts exercise considerable discretion in handling discovery matters. Under Rule 26(b), "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the [*10] discovery of admissible evidence." *Fed.R.Civ.P. 26(b)(1)*. In the instant case, we find that substantive information relating to breaches of the investment guidelines of other clients of the defendant n2 or relating in any way to PMSR III or Tranche IV, is relevant to the subject matter of this litigation, if not the specific claims themselves. Therefore, such information must be disclosed.

n2 Indeed, it appears clear that information relating to other client's of the defendant, possibly with similar investment guidelines and identical breaches thereof during the relevant time period, is relevant to the subject matter of the instant litigation. In this regard, this court has highlighted and tabbed one portion of a document so that it may be disclosed to the plaintiff by the defendant.

We also note that defendant should ensure that any labels or headings on the documents submitted to this Court indicating the nature of the document or describing information contained therein have not been redacted because such [*11] information is necessary to make the redacted documents comprehensible.

**ORDER**
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

December 30, 1998

AND NOW, this 30Th day of December, 1998, upon consideration of Defendant Wedgewood Capital Management's Memorandum in Support of its Redactions in its Production of Documents, (Doc. 30), and Plaintiff Richard McCurdy, Trustee, Laborers' Industrial Pension Plan's reply thereto, (Doc. 32), and having reviewed the documents at issue in unredacted form it is hereby ORDERED that:

1. Defendant's Motion is GRANTED, IN PART, and defendant properly redacted the names of any present, former, or prospective clients that appear in the documents

submitted to the court except Pennsylvania State Worker's Insurance Fund ("PaSWIF").

2. Defendant's Motion is DENIED, IN PART, and defendant may not redact (a) the name of its client, PaSWIF; (b) any substantive information contained in the documents relating to PaSWIF's investment in PMSR III or Tranche IV; or (c) any additional substantive information relating either to breaches of the investment guidelines of other clients of the defendant or relating in any way to PMSR III or Tranche IV. [*12]

3. The documents, redacted in accordance with this order, are to be delivered by the defendant to plaintiff within 7 days from the date of this order.

BY THE COURT:

PETER B. SCUDERI, U.S.M.J.