**EXHIBIT J**

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 10, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

In response to your letter of yesterday, I do not understand your statement that I did not substantively address the "majority of issues raised" in your two letters dated January 26, 2005 (which was preceded by another letter earlier that week while I was out of office and has been followed by several letters since, which have addressed a variety of issues in this case – each of which I have responded to). Perhaps it stems from the fact that I followed your lead in addressing Interrogatory Responses and Document Responses under separate cover, two letters which you now have. These two letters (totaling approximately 8 single-spaced pages and reciting case law in support of Amazon.com's positions) should address all of the issues raised in your letters.

Please note that my letters also address the significant deficiencies in Plaintiff's Interrogatory Responses and Document Request Responses, so please respond to those matters as well. As explained in those letters, there is a great deal of overlap between Plaintiff's wholesale failure to identify the asserted claims, the accused features, and to provide claim charts detailing its infringement contentions for each accused product against each asserted claim and the issues you raise regarding Amazon.com's Responses. Moreover, we did not receive any documents from CD Intellectual Property Holdings, (CD IP), the plaintiff in this matter, until yesterday (which totaled little more than 3,000 pages). Given these failures and given our extensive contact, I am rather puzzled by your tone and your threats to seek Court assistance due to our purported "lack of cooperation."

In any event, in your letter you identify a number of features that "*may* infringe" the patent in suit (emphasis added). Discovery is not a fishing expedition for future, possible claims the Plaintiff may or may not have. If these features are not specifically accused of infringement, Amazon.com need not produce information related to them. FED. R. CIV. PROC. 26(b)(1) (relevant discovery is that which relates to the "claims or defense of any party"). Moreover, your list of features includes those with *no* plausible relevance to the patent-in-suit. This is readily apparent from navigating the publicly available information on the Amazon.com website and comparing the claims with the features your letter lists, as in for example, features where there is no identification of a specific item to be used as filter data. This just exemplifies the point that Plaintiff must properly respond to Amazon.com's Interrogatory Requests calling for Plaintiff's infringement contentions, as required.

Elizabeth A. Leff, Esq.
February 10, 2006
Page 2

If you still would like to have a meet and confer telephone call on Monday, February 13 at 1 p.m. EST, we are happy to do so. We will expect as part of that call, however, to discuss Plaintiff's failures to provide claim charts detailing its infringement contentions and to respond to interrogatory requests seeking information regarding conception and reduction to practice matters, as detailed in separate correspondence.

Sincerely,

Wendy Bjerknes

cc: Steven Balick
Matthew Felton

23984/00403/LIT/1244487.1