IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 05-414-JJF |
| AMAZON.COM, INC., | ) ) | |
| Defendant. | ) ) | |

## MOTION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC TO COMPEL AMAZON.COM TO ANSWER INTERROGATORIES

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

Dated: March 15, 2006

Pursuant to the discovery dispute procedures of Paragraph 4(a) of the proposed scheduling order, Plaintiff CD Intellectual Property Holdings, LLC ("CD") hereby moves this Court for an order compelling Defendant Amazon.com, Inc. ("Amazon") to respond fully to CD's First Set of Interrogatories propounded to Amazon on November 18, 2005 – more than three and a half months ago. Amazon's responses were due on December 19, 2005, but CD agreed to an extension of that date until January 9, 2006. On that date, Amazon served formal objections and responses that are wholly inadequate, particularly with respect to Interrogatory Nos. 1, 2, 4, 9, 13, 15, 16, 17, 18, and 19. (A copy of CD's Interrogatories and Amazon's responses are attached hereto as Exhibit A and Exhibit B respectively.)

Throughout this lawsuit, Amazon has resisted CD's legitimate attempts to obtain discovery. CD has already filed one motion to compel because Amazon produced only a single non-public document and because Amazon refuses to respond to any discovery requests relating to Amazon's customer recommendation features, a central aspect of this dispute. The parties have attempted to resolve their disputes through letters and two meet and confers, to no avail. With this motion, CD respectfully requests the Court to order Amazon to respond adequately to Interrogatory Nos. 1, 2, 4, 9, 13, 15, 16, 17, 18, and 19.

The inadequate nature of Amazon's interrogatory responses is exemplified by its responses to Interrogatory Nos. 4, 15, 17 and 18[1]. These "responses" are in effect "non-responses" because they refuse to provide information that Amazon possesses to which CD is entitled under the Federal Rules.

Interrogatory No. 15 requested that Amazon:

Identify all persons involved in the marketing, promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified, describe their involvement or duties with respect to each feature.

Amazon responded:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon incorporates by reference its objections to that Interrogatory. Amazon.com objects to this interrogatory as seeking discovery on persons involved in acts which Amazon.com does not generally undertake. Amazon.com objects to the interrogatory to the extent it seeks discovery outside of the time periods of any possible

---

[1] Because of space limitations, these are the only interrogatories specifically addressed here. Should the Court desire CD address each inadequate interrogatory response, CD will be happy to supplement this motion.

infringement by Amazon.com of the patent-in-suit. Subject to Amazon.com's general and specific objections, Amazon.com responds as follows: At the present time, marketing, promotion and/or advertisement specifically directed to features identified in response to Interrogatory No. 1 is not believed to have occurred.

Setting aside the fact that Amazon did not actually identify any features in response to Interrogatory No. 1 (which is currently the subject of a separate motion pending before the Court), Amazon misinterprets Interrogatory No. 15 in order to avoid the question. CD repeatedly explained in letters that the interrogatory seeks the identity of "persons involved in the marketing, promotion and/or advertisement of each customer recommendation feature regardless of whether that marketing, promotion and/or advertisement was "specifically directed to" the individual features. Even with this clarification Amazon responded that its answer "is complete as of this time." See Ex. C.

Interrogatory No. 18 to Amazon requests:

During the prosecution of the patent application that issued as U.S. Patent No. 6,266,649, Amazon.com submitted an information disclosure statement to the Patent Office which stated that Amazon.com had implemented the "customers who bought this book also bought …" feature prior to September 18, 1997. Identify the specific date when Amazon.com first implemented "customers who bought this book also bought …" feature and describe in detail how the feature was implemented and identify all individuals involved in the implementation including a description of their involvement.

Amazon responded:

Amazon.com objects to the interrogatory to the extent it requests that Amazon.com identify the specific date when Amazon.com first implemented as potentially so ambiguous given the practice of software development as to make the scope of the discovery sought unclear. Amazon.com will interpret this to mean the date of general launch on the Amazon.com website. Amazon.com objects to the interrogatory as ambiguous to the extent it seeks discovery on "how the feature was implemented;" Amazon.com will interpret this to mean the technical operation of the implementation. Amazon.com objects to the interrogatory as unduly burdensome and/or ambiguous to the extent it seeks "a description of their involvement." Amazon.com will interpret this to mean a description of the contribution to technical operation of the feature. Amazon.com objects to the interrogatory to the extent it seeks discovery regarding [sic] during time periods not relevant to the claims or defenses in this action.

After stating how it will interpret this allegedly "ambiguous" interrogatory, Amazon failed to provide any information. There is no question the information requested is relevant. Amazon's "Customers Who Bought Also Bought" feature is alleged to infringe the patent-in-suit. Moreover, Amazon has filed

counterclaims alleging that the patent-in-suit is invalid based on prior art. Amazon's objection "to the extent it seeks discovery regarding [sic] during time periods not relevant to the claims or defenses in this action" makes no sense in light of its own counterclaims.

Interrogatory No. 17 to Amazon states:

> For each customer recommendation feature identified in response to Interrogatory No. 1, identify the date of conception, reduction to practice, and date of first public use. Include in your answer the identity and role of all persons involved in the conception, reduction to practice, and first public use of each customer recommendation feature.

Amazon responded:

> To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects to the interrogatory as unduly burdensome in seeking discovery of the "identity and role of all persons …" Amazon will respond concerning individuals with the technical operation of identified features. Amazon.com objects to this interrogatory to the extent it seeks discovery on "conception" or "reduction to practice" of a feature as unduly burdensome and/or not relevant to the claims or defenses in this action. Amazon.com objects to this interrogatory to the extent it seeks discovery regarding time periods not relevant to the claims or defenses in this action.

Amazon did not provide a substantive response. In letters, CD explained that the information sought by this Interrogatory is relevant to issues of infringement and invalidity. Moreover, it is narrowly tailored to seek specific names and dates, which Amazon should easily be able to obtain from its own employees. Amazon provided no legal authority for its refusal to answer this interrogatory, and asserted in a letter that "such concepts seek discovery regarding a patent-in-suit -- but Amazon is not asserting a patent in this lawsuit." Ex. C.

Interrogatory No. 4 requested that Amazon "identify all persons who participated in responding to these interrogatories." Amazon's response was:

> Amazon.com objects to the interrogatory as cumulative to the extent it seeks identification of individuals whose identity is elsewhere sought. Amazon.com objects to the interrogatory as seeking discovery not relevant to the claims or defenses. Amazon.com objects to the interrogatory to the extent that it seeks the identification of individuals, such as attorneys, litigation assistants, paralegals, legal secretaries, letter carriers or other couriers or assistants whose connection to responding to these interrogatories is either not relevant to the claims and defenses and/or protected from discovery under a protection, immunity, doctrine, or otherwise.

Amazon's "response" fails to identify a single person who participated in responding to the interrogatories. CD is entitled to such information pursuant to Fed. R. Civ. P. 26(b). This Court has specifically found that an interrogatory seeking the identity of everyone who was consulted in order to answer the interrogatories falls "squarely within the scope of the Rule and must be answered." *Scripps Clinic and Research Foundation v. Baxter Travenol Labs, Inc.*, 1988 U.S. Dist. Lexis 7495, at * 5 (D. Del. 1988). Moreover, Amazon's objection that the interrogatory is "cumulative to the extent it seeks identification of individuals whose identity is elsewhere sought" is improper. Just because the identity of an individual might be responsive to more than one interrogatory does not make the answer cumulative. CD is entitled to know the identity of each individual involved in a particular activity whether or not they have been identified in response to another interrogatory.

Finally, in addition to its complete failure to substantially respond to some interrogatories, Amazon responded to others by improperly referring to Rule 33(d). *See, e.g.*, Interrogatory Nos. 1, 2, 13, 15, 16 and 19. Amazon has relied on Rule 33(d) to respond to interrogatories requesting the identity of persons employed by Amazon involved in certain activities. *See, e.g.,* Interrogatory Nos. 1, 2, and 16. Rule 33(d) may be used only where "the burden of ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(d). Amazon's reliance on Rule 33(d) to respond to interrogatories requesting the identity of individuals is inappropriate -- particularly since Amazon has not produced any documents from which the requested information can be ascertained. Amazon should be ordered to answer each interrogatory without reference to Rule 33(d).

## CONCLUSION

For the reasons set forth above, CD respectfully requests this Court to grant its motion to compel Amazon.com to fully respond to CD's interrogatories.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: March 15, 2006
167621.1

## <u>CERTIFICATION PURSUANT TO L.R. 7.1.1</u>

I hereby certify that counsel has discussed the attached motion, but that an agreement could not be reached.

*/s/ Tiffany Geyer Lydon*
_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2006, the attached **MOTION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC TO COMPEL AMAZON.COM TO ANSWER INTERROGATORIES** was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire                          VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon