# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CENDANT PUBLISHING, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>  Defendant. | Civil Action No. 05-414-JJF |

### FIRST SET OF INTERROGATORIES OF
### PLAINTIFF CENDANT PUBLISHING, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Cendant Publishing, Inc. ("Cendant Publishing") hereby requests that defendant Amazon.com, Inc. ("Amazon"), within thirty (30) days from the date of service hereof, serve upon the undersigned counsel for Cendant Publishing answers, under oath, to each of the interrogatories set forth below. These interrogatories should be answered in accordance with the Instructions and Definitions set forth below.

### INSTRUCTIONS

1. The term "identify" when used herein shall include:

    A. When referring to a natural person, his or her full name, present or last known home and business addresses, and his or her business affiliation during the period to which the interrogatory response refers and at present (or last known), including the position last held by that individual;

1

B.  When used in reference to a business organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized, and the address of its principal place of business;

C.  When used in reference to a document:

  i.  the type of document (e.g., letter, memorandum, etc.), and its date;

  ii.  the identity of the person who prepared the document;

  iii.  the date or dates of preparation thereof;

  iv.  the identity of each person who presently has custody, control or possession thereof (and, if any such document was, but is no longer, in your possession or control, state what disposition was made of it and when and why it was disposed of); and

  v.  notwithstanding the foregoing, when an interrogatory asks for the identity of any document, Defendant may, pursuant to Fed. R. Civ. P. 33(d), in lieu of identifying such document, produce a copy of the document together with a statement as to the interrogatory to which it responds.

D.  When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which and the place it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the

identity of each document which, in whole or in part, was the subject of the act or in which it is manifested, referred to or expressed.

2. The term "person" or "persons" when used herein shall include natural persons, corporations, governmental entities, partnerships, associations, joint ventures, sole proprietorships and academic institutions. The single and plural forms are used interchangeably.

3. If all or any part of any interrogatory is objected to as seeking privileged information, or all or any part of any response thereto is withheld under any claim of privilege, immunity or protection for each such objection or claim provide the following information: the subject matter of the information withheld, the identity of each person possessing said information or to whom such information was communicated, the means by which said information was communicated, the date of the communication and the nature of the privilege asserted to apply to such objection or claim concerning said information.

4. If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

5. Pursuant to Fed. R. Civ. P. 26(e), these interrogatories are deemed continuing to the fullest extent permissible and require that Plaintiffs provide all information known to them up to the date of response. If Defendant subsequently acquires any further information called for in response thereof,

    Defendant should promptly furnish it in writing and under oath to the undersigned counsel.

## **DEFINITIONS**

1.  For purposes of these interrogatories, the term "Amazon" means defendant Amazon.com, Inc., and any of the divisions, departments, subsidiaries, affiliates, or predecessors and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of Amazon.com.

2.  The term "Cendant Publishing" means plaintiff Cendant Publishing, Inc.

3.  The term "'370 patent" means U.S. Patent No. 6,782,370.

4.  The term "document" as used herein has the broadest meaning permissible under the Federal Rules and the Local Rules of the District of Delaware, and includes the original and every non-identical copy or reproduction in the possession, custody or control of Amazon.

5.  "Customer recommendation feature" means any system or method to recommend to a customer or a potential customer items that he or she may be interested in based on the purchasing history of other customers, including but not limited to Amazon's "Customers Who Bought This Book Also Bought" feature.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every customer recommendation feature designed, developed, implemented, used or operated by Amazon since January 1995, describe how the customer recommendation feature determines recommendations and what customer act triggers the provision of a recommendation, the date the program was implemented, and the identity of each person involved in the design, development, implementation or operation of the system.

**INTERROGATORY NO. 2:**

Identify all persons involved in, or most knowledgeable of, the design, technical operation, functionality, and development of Amazon's "Customers Who Bought this Book Also Bought" feature and any other customer recommendation feature designed, developed, implemented, or operated by Amazon and state in what capacity each person was involved.

**INTERROGATORY NO. 3:**

Identify all persons employed or retained by Amazon who have reviewed or examined the '370 patent in any capacity.

**INTERROGATORY NO. 4:**

Identify all persons who participated in responding to these interrogatories.

**INTERROGATORY NO. 5:**

Explain in detail when and how Amazon first became aware of the '370 patent.

**INTERROGATORY NO. 6:**

Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by Amazon concerning the '370 patent.

**INTERROGATORY NO. 7:**

Identify all opinions of counsel provided to Amazon or prepared on behalf of Amazon concerning the '370 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether Amazon intends to rely on any such opinions of counsel in defending against the allegation that Amazon has willfully infringed the '370 patent.

**INTERROGATORY NO. 9:**

For each claim of the '370 patents, explain in detail which claim limitations, if any, you contend are not met by at least one Amazon customer recommendation feature (including the customer recommendation features identified in response to Interrogatory No. 1). For each element that you contend is the basis for your non-infringement position, explain in detail your construction of that element as used in the claims and a detailed explanation of why each element is not met.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '370 patent is invalid, including, identifying with particularity each piece of prior art you may rely on to support your contention, each event or disclosure in a reference or publication forming in whole or part the

basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto. If you contend that one or more claims of the '370 patent is invalid in light of a combination of prior art references, specify with particularity the factual basis supporting your contention that one skilled in the art would have been motivated to combine the teachings of that prior art.

**INTERROGATORY NO. 11:**

If Amazon contends that any claim or claim term of the '370 patent requires claim construction, describe your construction of each claim or claim term and the bases for such construction, and identify the support for your construction of the claims and claim terms, including an identification of all portions of the specifications and/or prosecution histories and any extrinsic evidence relied upon by you to support the construction.

**INTERROGATORY NO. 12:**

Explain in detail the factual basis for your contention that the '370 patent is unenforceable, including identifying in detail each act or omission forming the basis for such contention, the identity of any person you allege committed such act or omission and each person with knowledge of each such event including, the person employed or retained by Amazon who is the most knowledgeable regarding Amazon's contention that the '370 patent is invalid.

**INTERROGATORY NO. 13:**

For each customer recommendation feature identified in response to Interrogatory No. 1, on a year-by-year basis, state how much revenue has been received and how much profit has

been earned by Amazon as a result of that customer recommendation feature.

**INTERROGATORY NO. 14:**

For each customer recommendation feature identified in response to Interrogatory No. 1, identify how Amazon determines the pecuniary effect on sales, revenue or profit of the customer recommendation feature and identify the person most knowledgeable about how the determination is made.

**INTERROGATORY NO. 15:**

Identify all persons involved in the marketing, promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified, describe their involvement or duties with respect to each feature.

**INTERROGATORY NO. 16:**

Identify all persons involved in calculating or determining the sales, revenue, profit and costs associated with or generated by each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified describe their involvement or duties with respect to each feature.

**INTERROGATORY NO. 17:**

For each customer recommendation feature identified in response to Interrogatory No. 1, identify the date of conception, reduction to practice, and date of first public use. Include in your answer the identity and role of all persons involved in the conception, reduction to practice, and

first public use of each customer recommendation feature.

**INTERROGATORY NO. 18:**

During the prosecution of the patent application that issued as U.S. Patent No. 6,266,649, Amazon submitted an Information Disclosure Statement to the Patent Office which stated that Amazon had implemented the "customers who bought this book also bought ..." feature prior to September 18, 1997. Identify the specific date when Amazon first implemented the "Customers who bought this book also bought feature," and describe in detail how the feature was implemented and identify all individuals involved in the implementation including a description of their involvement.

**INTERROGATORY NO. 19:**

For each settlement entered into or license obtained or issued over the past 15 years, for any customer use feature, customer purchase feature or feature relating to on-line commerce, identify the patent(s) at issue and the royalty rate and/or terms of license.

**INTERROGATORY NO. 20:**

Identify all fact and expert witnesses Amazon expects to call at trial and for each witness describe in detail the testimony the witness is expected to provide.

                    ASHBY & GEDDES

                    */s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff Cendant Publishing, Inc.*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: November 18, 2005

163786.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **FIRST SET OF INTERROGATORIES OF PLAINTIFF CENDANT PUBLISHING, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | **VIA FEDERAL EXPRESS** |

_____
Tiffany Geyer Lydon