IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-414-JJF |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) | |

**OPPOSITION OF PLAINTIFF CD INTELLECTUAL
PROPERTY HOLDINGS, LLC'S TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER STAYING AND LIMITING RULE 30(B)(6) DEPOSITION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

Dated: March 15, 2006

CD Intellectual Property Holdings, LLC ("CD") hereby opposes the motion of Amazon.com, Inc. ("Amazon") for a protective order staying and limiting CD's Notice of Deposition of Amazon pursuant to Fed. R. Civ. P. 30(b)(6). A corporate deposition became necessary because of Amazon's refusal to provide documents in response to CD's discovery requests. Amazon's motion misstates CD's basis for noticing the deposition, wrongly contending that CD seeks more discovery than it is entitled to. CD noticed this deposition to enable it to identify more specifically the Amazon.com website features concerning which it requires document discovery. Specifically, Amazon has flatly refused to search for documents concerning any recommendation feature that CD did not specifically identify as infringing in the Complaint. CD noticed the deposition which would require a corporate representative to identify additional recommendation systems with infringing features to advance discovery and ensure that it obtains full and complete document production from Amazon.

On November 18, 2005, CD served Amazon with its First Set of Interrogatories and Requests for Documents and Things. The discovery requests included interrogatories and document requests concerning Amazon's customer recommendation features. For example, Interrogatory No. 1 requested Amazon to:

> Identify every customer recommendation feature designed, developed, implemented, used or operated by Amazon since January 1995, describe how the customer recommendation feature determines recommendations and what customer act triggers the provision of a recommendation, the date the program was implemented, and the identity of each person involved in the design, development, implementation or operation of the system.

The purpose of this interrogatory was to obtain information which would assist CD in identifying which of the many features on the Amazon website infringes, in addition to the "customers who bought also bought" feature, enabling CD to narrowly focus its next set of interrogatories and document requests more accurately. In an attempt to include the information it required for the litigation while limiting the requests so as not to be overbroad, CD narrowly defined customer recommender feature to include only those features which make recommendations based on customer purchase history, the subject of the patent-in-suit. CD defined customer recommender feature as:

> any system or method to recommend to a customer or a potential customer items that he or she may be interested in based on the purchasing history of other customers, including but not limited to Amazon's "Customers Who Bought This Book Also Bought" feature.

On January 9, 2006 Amazon objected on the grounds that the requests *inter alia*, seek discovery on features not specifically accused of infringement. Amazon further responded that the answer could be derived from documents produced pursuant to Fed. R. Civ. P. 33(d). Setting aside the propriety of

Amazon's rule 33(d) response, which is the subject of a motion to compel, as of February 15, 2006, the date on which CD served the Notice of Deposition, Amazon had produced <u>only a single document</u> that was not in the public domain -- its document retention policy. Thus, even with respect to the feature CD specifically identified in its Complaint, Amazon had provided no responsive documents relating to Amazon's customer recommendation features. These issues are the subject of a motion to compel currently pending before this Court.

CD sent Amazon a draft protective order on December 20, 2005, and the parties had been negotiating a protective order since that time. CD's counsel repeatedly reminded Amazon's counsel that, in the absence of a protective order, Local Rule 26.2 requires confidential documents be produced on an outside attorneys' eyes only basis. See Exhibits A-C. Amazon's counsel denied that it was withholding confidential documents on the basis there was no protective order entered but rather stated that the "process[ing] has not yet been completed." Amazon's counsel stated during a meet and confer held on February 16, 2006 that CD would receive "some" documents by the end of the following week. That date came and went, but Amazon failed to produce any documents. In its opposition to CD's motion to compel filed just last week however, Amazon admits that, in violation of Local Rule 26.2, that it has been withholding confidential documents because a protective order had not yet been entered. "The parties have reached agreement in principle today on a stipulated protective order ... all that is required to resolve this issue [sic] entry of the Stipulated Protective Order." [Opp. to CD's Motion to Compel at 1]

## ARGUMENT

With the close of document discovery a couple of weeks away and Amazon having failed to provide any documents on the specifics of how Amazon's various customer recommendation features operate -- information that cannot be obtained simply by looking at Amazon's website -- CD was forced to notice a deposition of Amazon so it can obtain information to allow it to identify those recommender systems basing recommendations on information obtained from customer purchase history. That information will be used either in support of a motion to compel Amazon to produce additional documents or so that CD can serve additional focused document requests.

While Amazon complains that the time period set out in the proposed scheduling order for depositions has not commenced and will not commence until the conclusion of document discovery on March 15, 2006, the noticed deposition is necessary to enable CD to identify what relevant <u>documents</u> Amazon is withholding and what additional documents should be sought.

2

Amazon argues that good cause exists to stay and limit the deposition noticed of Amazon because the notice seeks "irrelevant information." This lawsuit relates to allegations that Amazon infringes the '370 patent. The '370 patent claims, *inter alia*, recommender systems or methods of making recommendations using information from customer purchase history. Contrary to Amazon's statement, CD does not request information on "*all* customer recommendation features Amazon ever implemented by Amazon [sic]." Motion for Protective Order at 3. CD has requested only information relating to recommender systems which utilize customer purchase information to make recommendations because that is the subject matter of the patent-in-suit. Indeed, the purpose of the noticed deposition is to enable CD to identify with even more specificity the information it needs.

CD's discovery requests and the topics identified in the 30(b)(6) notice fall squarely within the bounds of acceptable discovery. The standard of Rule 26 is relevance to subject matter. Relevancy for the purposes of Rule 26 is broadly construed. Katz v. Batavia Marine and Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993). "It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes." Id. "Relevant matter includes any matter related to or that reasonably could lead to other matter that is related to any issue that is or may be in the action." In re Conopco, Inc. v. Warner-Lambert Co., 2000 U.S. Dist. LEXIS 1605, at *8 (D.N.J. 2000) citing Hickman v. Taylor, 329 U.S. 495, 506 (1947). The subject matter of the '370 patent is computer recommendation features which make recommendations based upon information obtained from past customer purchase history. Accordingly, there can be no question that CD is entitled to the information that it seeks.

In its motion, Amazon seeks to minimize CD's rightful discovery of Amazon's customer recommender systems by arguing that the requests are not relevant. Amazon argues that "CD's complaint identifies only one feature in Amazon's website - 'customers who bought also bought' and therefore discovery on any other recommender systems is not relevant." Amazon misrepresents the Complaint. The Complaint alleges:

> Amazon operates an on-line marketplace through its amazon.com website. Amazon's online marketplace uses numerous features which recommend other goods to potential customers based on prior customer purchasing history. Amazon's recommendations features including, *inter alia*, "customers who bought this book also bought" infringe one or more claims of the '370 patent.

3

Complaint ¶ 8 (emphasis added). As the Complaint makes clear, recommendation features other than "customers who bought this book also bought" are at issue in this litigation.

Amazon's argument that CD's requests are overbroad because CD did not include certain claim language in its definition of recommender systems is likewise a red herring. Amazon's argument would require the Court to construe the claims of the patent prior to discovery. The discovery requested is relevant because the patent-in-suit relates to recommender systems which use customer purchase information.

Amazon also seeks improperly to limit the relevant time period for which it must provide responses. Amazon argues that CD is not entitled to any discovery prior to the date the '370 patent issued in 2004. This is plainly not the law. The patent application was filed in September 1997. Amazon has counterclaims alleging invalidity. Discovery from the period prior to patent issuance is clearly relevant to invalidity including but not limited to secondary considerations of nonobviousness. In re Conopco, 2000 U.S. Dist. LEXIS 1605, at *17-*27 (D.N.J. 2000).

Finally, Amazon argues that the Court should stay the 30(b)(6) depositions because they were "served a month early." But, the proposed scheduling order contains no language about when a notice of deposition may be served. And, importantly, Amazon's failure to respond adequately to interrogatories made the 30(b)(6) deposition necessary during the document discovery period so that CD could identify more specifically the features for which it requires discovery. This will advance discovery and could indeed lessen any burden of production about which Amazon complains.

## CONCLUSION

For the reasons stated above, CD respectfully requests the Court deny Amazon's motion in its entirety.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: March 15, 2006
167621.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2006, the attached **OPPOSITION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC'S TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER STAYING AND LIMITING RULE 30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | VIA FEDERAL EXPRESS |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon