# EXHIBIT A



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 14, 2006

Via E-Mail

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

      Re:    CD Intellectual Property Holdings LLC v. Amazon.com, Inc.
            <u>Our File No.: 3339-101</u>

Dear Wendy:

      This letter will respond to the issues raised in your letter of February 9th regarding CD's responses to Amazon's First Set of Document Requests as well as the issues raised in my letter of January 26th regarding Amazon's Responses to CD's Document Requests that were not resolved by your response.

      As an initial matter, please let me know when Amazon will begin producing documents other than alleged prior art references. I understand that processing documents is a time-consuming process. However, Amazon has had CD's document requests for over two months. Over a month has passed since document production was to begin and we have not yet received any documents from Amazon responsive to the vast majority of CD's document requests.

      With respect to Amazon's General Objection No. 2 and various other Specific Objections to the definition of "customer recommendation feature," as explained in my letter of February 9th, it is impossible to ascertain, simply by viewing the publicly available portion of Amazon's website, how all recommendations are made for Amazon.com's website. This is evidenced by the examples of the QuickPicks algorithm and the Single New Product e-mail campaign discussed in my letter of February 9th.

      In response to Amazon's Interrogatory No. 1 CD specifically identified the "Customers Who Bought Also Bought" feature as infringing and indicated that it believes additional recommender features on the Amazon.com website infringe the patent in suit. To the extent you are asking CD to identify specific infringing features, I refer you to my letter of February 9th.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 14, 2006
Page 2

Moreover, Amazon has refused to respond to CD's Interrogatory No. 1 which was served a week prior to Amazon's interrogatories on CD. After Amazon substantively responds to CD's Interrogatory Request No. 1 and provides the documents requested with respect to these features, CD will further respond to Amazon's Interrogatory No. 1. CD has reserved the right to supplement its response and fully intends to do so. If this issue is not resolved during the meet and confer, then CD will seek the Court assistance to obtain this information.

Just to reiterate another point of clarification on this issue, your letter of February 13th incorrectly states that my letter of the same date admits that CD does not and cannot accuse many of the features identified in my letter of February 9th of infringement. This is simply not true. My letter makes no such statement, and I would appreciate it if you would not mischaracterize my statements in the future.

With respect to Amazon's General Objection No. 4, Amazon's restriction of the definition of Amazon.com is inappropriate. Your letter requests that we identify our basis for requesting discovery from Amazon's subsidiaries, affiliates et cetera. Our belief that some of Amazon.com Inc.'s subsidiaries, affiliates or other related corporate entities may have responsive documents and/or information is based on Amazon's own representation that it shares customer information with subsidiaries and other affiliates within its control. *See* Amazon.com Privacy Notice, at <http://www.amazon.com/exec/obidos/tg/browse/-/468496/104-2901460-2740703#share>, updated October 27, 2005. Purchase history (which is certainly relevant to this litigation) is specifically identified in Amazon's Privacy Notice as one type of information that Amazon.com collects and shares with other companies. *See* "Examples of Information Collected," *Id.* Additionally, Amazon's 2004 Annual Report states that it operates *www.a9.com* and *www.alexa.com* that enable search and navigation, and *www.imdb.com*, a comprehensive movie database. *See* Amazon.com, Inc.'s 2004 Annual Report at p. 55. Based on this general description, all of these entities may possess information responsive to CD's requests. Finally, the legal notices on the Amazon.com website are stated on behalf of "Amazon.com and its affiliates."

CD has no way of determining what specific information Amazon.com, Inc. has shared with any specific subsidiary, affiliate or other related entity -- Amazon is in a much better position that CD to make this determination. Moreover, CD specifically included Amazon.com, Inc.'s "divisions, departments, subsidiaries, affiliates or predecessors and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of Amazon.com, Inc., its divisions, departments, subsidiaries, affiliates or predecessors" within the definition of Amazon.com, Inc. in order to ensure it receives all responsive documents.

The case law cited in my January 26th letter makes it clear that Amazon must provide responsive documents and information within its possession, custody or control, and Amazon

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 14, 2006
Page 3

cannot unilaterally redefine CD's requests so narrowly. Please confirm prior to the meet and confer set for February 16, 2006 that to the extent any documents responsive to CD's requests are within the possession, custody or control of Amazon.com Inc.'s subsidiaries, affiliates, or other related entities, as defined by CD's requests, Amazon will produce those documents.

With respect to Amazon's General Objection No. 5, and Specific Objections to Request Nos. 1-11, 13-18, and 20-42, we have already explained why Amazon's arbitrary cut-off date is improper and provided you with legal authority supporting our position. Your response does not provide any legal authority to the contrary. Nor does your response identify any valid reason why a time period from the date of Amazon's inception to the present would be unreasonable and overbroad in this case. The fact that the patent issued in 2004 does not provide such a basis in a case such as this, where Amazon has alleged invalidity. *See Scripps Clinic and Research Foundation v. Baxter Travenol Labs, Inc.*, 1998 U.S. Dist. Lexis 7495 (D. Del. 1988). Please confirm prior to the meet and confer set for February 16, 2006, you will provide all information going back to Amazon's inception.

Your letter requests that CD indicates the time-period restrictions it has imposed on any document production, including those by third parties you represent, and identify any documents it has withheld on this basis. We will agree to do so assuming that you will do the same. Please confirm prior to the meet and confer set for February 16, 2006 your agreement to identify any time-period restrictions Amazon has imposed on any document production, including those by third parties you represent, and identify any documents Amazon has withheld on this basis.

With respect to Amazon's General Objection Nos. 8, 9, and 15, our concern with each of these objections is that Amazon could withhold documents on the basis of one or a combination of these grounds in some instances where CD would not agree that the documents are cumulative, duplicative, otherwise available to CD, or that the burden of providing the documents would outweigh the benefit. As requested in my letter of January 26th, if you will agree to identify information that is being withheld on these grounds (and the source that is more convenient, less burdensome or less expensive or the basis for your belief that the burden outweighs the benefit) then we will do the same. Please confirm prior to the meet and confer set for February 16, 2006, that Amazon is willing to do so.

As explained by my letter of January 26th, Local Rule 26.2 makes no exceptions for the particular types of documents Amazon has categorized as "exceptionally confidential" and its objections are not "entirely appropriate" as stated in your letter. Given the protection of Local Rule 26.2 and our agreement to treat such highly confidential information as outside attorneys' eyes only, there is no basis for your refusal to provide this information at the present time. In fact, Delaware Local Rule 26.2 requires you to provide such information in order to avoid discovery delays of the type Amazon.com is causing in this case. Please identify the legal authority you are relying on for withholding this information in light of Local Rule 26.2.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 14, 2006
Page 4

      Thank you for agreeing that Amazon will not withhold documents on the basis of General Objection No 12 if the private or personal information can be adequately redacted or otherwise protected. In the event that Amazon determines such information cannot be adequately redacted or otherwise protected, such that it is withholding documents on the basis of General Objection No. 12, please confirm prior to the meet and confer set for February 16, 2006 that Amazon will notify CD that documents are being withheld on this basis. In the event documents are being withheld on this ground, then CD would anticipate seeking the Court's assistance for some type of in camera review to confirm all responsive information is being provided.

      With respect to Amazon's General Objection No. 18, your letter does not respond to my request for confirmation that Amazon will not withhold documents on this basis. By refusing to do so, are you saying that Amazon is withholding documents on the basis that the Court has not rendered its claim construction? If so, please state your position in writing and identify the legal authority you are relying on so that we may also raise this issue with the Court.

                                           Very truly yours,

                                           Elizabeth A. Leff

EAL:CNG:eah

cc:    Steven Balick, Esq.

Bjerknes.L25 doc responses