# EXHIBIT B



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 22, 2006

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041

      Re:    *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
             Our File No.: 3339-101

Dear Wendy:

    I am writing in response to your letter of February 21st which purports to respond to our letter of February 14th. We will respond to the issues that you have identified regarding CD's Interrogatory Responses separately. However, we are very concerned with the lack of information you have provided in response to the issues we have raised. Although your letter mentions most of the issues raised by our letter of February 14th, you do not adequately address those issues; rather you seek to deflect those issues by reiterating your view about CD's responses. Your letter is notable for your failure to cite any case law that would justify Amazon's withholding of requested information or to respond to the cases we cited. Please let us know whether you intend to do so, particularly with respect to the following topics:

    1) Amazon's improper use of the patent issue date as an arbitrary cut-off date.

    We provided case law that says this is improper. We also provided specific time frames for individual interrogatories as requested. Your letter did not provide any supporting case law for your position, nor does it respond to the specific time frames we identified. Your statement that "Amazon.com will provide development documents that <u>may predate</u> the patent issue date" (emphasis added) is not an adequate response.

    2) Amazon's refusal to provide documents within the possession, custody or control of its wholly owned subsidiaries.

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

Wendy L. Bjerknes, Esq.
February 22, 2006
Page 2

      We have provided case law which requires the production of such information.  Further, Amazon's own annual reports identify A9.com as a wholly-owned subsidiary, which by definition, is within Amazon's control.   Your letter did not provide any supporting case law for your position.

      3)  Amazon's reference to Rule 33(d) for Interrogatory Nos. 1, 2 and 16.

      We provided citations to the rule, and relevant case law supporting our position that your responses are improper.  Your letter did not provide any supporting case law for your position or any valid basis for your failure to provide substantive answers to these requests.

      4)  Amazon's insufficient response to Interrogatory No. 4.

      We provided case law to support our position that your response to this interrogatory is insufficient.  Your letter did not provide any supporting case law for your position or any valid basis for your failure to provide a substantive answer to this request.

      5)  Amazon's insufficient response to Interrogatory No. 9.

      Your letter indicated that you will supplement this response when CD provides its infringement contentions. Yet, Amazon is clearly capable of responding to Interrogatory No. 9 at this time as evidenced by the fact that it was able to do so for claim 1.  The only information that Amazon needs to have from CD in order to fully respond to Interrogatory No. 9 is CD's claim construction, which it has.

      6)  Amazon's insufficient response to Interrogatory No. 15.

      Your letter asserts that your response is complete.  It is not, as we have explained in our letters of January 26th and February 14th.  Does Amazon have any legal authority to support its position that a non-responsive answer is sufficient?

      7)  Amazon's insufficient response to Interrogatory No. 17.

      As explained in my previous letter, the information sought by this request is relevant to issues of infringement and invalidity.  We will agree that you do not have to respond to this interrogatory if you stipulate that you do not intend to rely on any of Amazon's customer recommendation features as prior art to the '370 patent.  If you are willing to do so, please let me know.  Otherwise, answer the interrogatory or provide us with a legal basis for Amazon's refusal to do so.  Your statement that this request seeks information regarding a patent-in-suit makes no sense and can only be interpreted as an attempt to delay discovery in this case.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Wendy L. Bjerknes, Esq.
February 22, 2006
Page 3

    8) Amazon's insufficient response to Interrogatory No. 18.

  Your letter indicates that you may supplement your response when Plaintiff fully responds to Amazon's interrogatory requests. You have provided absolutely no reason why Amazon is unable to respond to this interrogatory at the present time. It seems to be your view that despite the fact that Amazon's discovery responses were due a week before CD's, CD should provide all requested discovery responses before Amazon is required to begin responding to any of CD's requests (or producing documents for that matter). This certainly is not the manner in which discovery is designed to work under the Federal Rules.

  We expect to discuss each of these specific topics during the meet and confer. We would appreciate having Amazon's responses and the legal authority supporting its position prior to the meet and confer.

  Your letter also attempts to justify Amazon's refusal to produce documents or provide a response to Interrogatory No. 1 based on the absence of a protective order at this time. As previously discussed, this is not a proper basis for withholding documents or information in light of Local Rule 26.2. However, your letter misstates the scope of the protective order to which we have already agreed. You mistakenly allege that we refused to agree that those who have viewed highly confidential documents or source code material will be prohibited from rendering patent prosecution advice on the subject matter of the patent-in-suit. This is incorrect. Our most recent proposal does not allow anyone viewing highly confidential documents or source code to render patent prosecution advice related to "recommender systems" – the subject matter of the patent-in-suit for a year following any appeal. We also agreed that persons viewing this information could not prosecute patents on behalf of affiliates for a year following any appeal. There was no discussion of including the language "business and technical operations."

  We are not available for a meet and confer on Friday as you have proposed. We are available any time on Monday February 27th prior to 4:00 p.m. EST. Please let me know what time on Monday fits your schedule.

           Very truly yours,

           C. Nichole Gifford

CNG:whc:erh

cc: Steven Balick, Esq.

Bjerknes.L31.wpd