# EXHIBIT C

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 9, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

This letter is written in response to your letter regarding the purported inadequacies contained within "Defendant Amazon.com's Responses to Plaintiff's First Request for Documents and Tangible Things" ("Amazon.com's Document Reponses"). This letter also addresses the many inadequacies in "CD's Responses to Amazon.com's First Set of Request for Production of Documents (Requests Nos. 1-70) ("Plaintiff's Document Responses"). These Responses correspond to the "First Request for Documents and Tangible Things of Plaintiff Cendant Publishing, Inc." ("Plaintiff's Document Requests") and "Amazon.com's First Set of Requests for Production of Documents to Plaintiff Cendant Publishing, Inc. (Requests Nos. 1-70)" ("Amazon.com's Document Requests") respectively.

As an initial matter, I note that Plaintiff produced its first documents (of approximately 3,000 pages) in this case yesterday. Please indicate if this completes Plaintiff's production, and if not, when it will be completed.

Amazon.com's General Objection Nos. 1 and 19 states, among other things, that Amazon.com will produce on a rolling basis "unobjectionable" documents. To answer your question about what an "unobjectionable document" is, an "unobjectionable document" is one that raises no objections or is free from objectionable elements, such as, for example, it is not a privileged document. As is made clear in all of Amazon.com's Document Responses, Amazon.com's production is made subject to its general and specific objections – that is all that was meant by that term.

Regarding your inquiry about the status of Amazon.com's production, Amazon.com is producing documents on a rolling basis such that once documents are ready for production, *i.e.* they have been obtained from Amazon.com, reviewed by attorneys, and processed for production (labeled, converted to Tiff, etc.), the documents are produced. That process has not yet been completed. And as I have already indicated, there are extremely confidential documents and

Elizabeth A. Leff, Esq.
February 9, 2006
Page 2

information, including for example source code, that require protections above and beyond what Local Rule 26.2 provides. We also seek to exclude persons who have access to such highly confidential documents from rendering patent prosecution advice regarding related applications and subject matter. The parties are currently negotiating the protections affecting these documents under separate cover, and therefore, production of these materials is not appropriate until such issues have been resolved.

   Amazon.com's General Objection No. 2 and various Specific Objections object to the definition of "customer recommendation feature" as "overbroad, vague and ambiguous, and unduly burdensome" and as unrelated "to the asserted claims of the '370 patent" and "any identified accused feature." Your response that documents "relating to each of Amazon's recommendation features are…relevant to this litigation" simply begs the question as to what a "customer recommendation feature" is, and which of the many features on Amazon.com's website Plaintiff accuses of infringing the patent-in-suit. Those are the only features relevant to this lawsuit, yet they have not been identified by Plaintiff despite Amazon.com's Interrogatory Request No. 1 compelling you to provide this information.

   Amazon.com's Interrogatory Request No. 1 sought identification of all Amazon.com's features accused to be infringing and to provide plaintiff's Infringement Contentions with respect to each of them. In response to that Interrogatory, the only identified feature was "Customers Who Bought…Also Bought." No Infringement Contentions were provided at all – even with respect to this one identified feature. It is certainly not for Amazon.com to guess as to what features are accused and the bases for such infringement, which will certainly lead to accusations of guessing incorrectly. As you state, it is not up to Amazon.com "to pick and choose" the accused features – it is Plaintiff's obligation to identify them. Please do so if there are any such features.

   Amazon.com's General Objection No. 4 objects to and limits the definition of "Amazon.com" to solely Amazon.com, Inc. You have provided no basis for your request to expand discovery beyond Amazon.com to A9.com or any other company. Please provide your basis to assert that any company other Amazon.com is likely to possess relevant information. Simply providing case law that generally finds a party must provide information from sources under its "control" is insufficient to indicate why this is an improper objection and limitation.

   Amazon.com's General Objection No. 5 and various Specific Objections regarding a relevant time-period for discovery requests and responses are discussed in my letter to you dated February 8, 2006. Generally asking for documents covering the span of time from Amazon.com's incorporation to the present is unreasonably overbroad considering the patent issued in August, 2004. It also fails to take into account that a relevant time period varies depending upon the issue involved. Moreover, you apparently agree that a "relevant time period" must be established, since Plaintiff's Document Responses in General Objection No. 8 so objects. Please indicate the time-period restrictions you have imposed on any document

Elizabeth A. Leff, Esq.
February 9, 2006
Page 3

production, including those by third parties you represent, and please identify any documents you have withheld on this basis.

      Amazon.com's General Objections 8, 9 and 15 are standard objections. *See* FED. R. CIV. PROC. 26(b)(1)&(2) Please provide the authority that supports your conclusory statement that these general objections are improper, and Amazon.com will consider it. Plaintiff's Document Responses, however, in its General Objections Nos. 16 and 21, generally and broadly object to Amazon.com's Document Requests to the extent they are "unduly burdensome," "unreasonably cumulative or duplicative," "burdensome," "overbroad," and the list goes on. Please identify documents you have withheld based on these objections, and why you assert these objections if you believe them to be improper.

      Amazon.com's General Objections No. 11 and related Specific Objections are entirely appropriate as explained above and in various correspondence.

      Regarding Amazon.com's General Objection 12 and related Specific Objections, a document will not be withheld on this basis if the private or personal information can be adequately redacted or otherwise protected.

      Regarding Amazon.com's General Objection No. 18 and related Specific Objections, you note that the parties have exchanged claim construction in responding to interrogatory requests. At the time Amazon.com served these objections, however, it did not have the benefit of plaintiff's proposed claim constructions, as they were served more than a week later. In any event, as you also note, the Court will not render its claim construction until after the close of discovery. Because claim construction often "change[s] the rules of the game" with respect to what "prior art [becomes] potentially relevant to the validity of [the] claims," Amazon.com specifically reserves its right to supplement its production upon the Court's constructions, just as Plaintiff does in its General Objection No. 13. *Johns Hopkins Univ., Baxter Healthcare Corp. v. Cellpro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998).

Sincerely,

Wendy Bjerknes

cc:    Steven Balick
        Matthew Felton

23984/00403/LIT/1244380.1