IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>                Defendant. | C.A. No. 05-00414 (JJF) |

**AMAZON.COM, INC.'S MOTION TO COMPEL PLAINTIFF TO ANSWER INTERROGATORIES**

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                    Josy W. Ingersoll (No. 1088)
                                    John W. Shaw (No. 3362)
                                    Karen E. Keller (No. 4489)
                                    Monté T. Squire (No. 4764)
                                    The Brandywine Building, 17th Floor
                                    1000 West Street
                                    Wilmington, Delaware 19899-0391
                                    (302) 571-6600
                                    Attorneys for Defendant
                                    AMAZON.COM, INC..

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: March 20, 2006

## INTRODUCTION

Pursuant to the Scheduling Order Paragraph 4(a) and Federal Rule of Civil Procedure 37, Defendant Amazon.com, Inc. ("Amazon") hereby moves this Court to compel Plaintiff CD Intellectual Property Holdings, LLC ("CD") to answer Interrogatory No. 3 seeking facts underlying CD's contentions regarding priority of invention.

For the past four months, Amazon has struggled to obtain basic factual information underlying the date of invention CD alleges for the patent-in-suit (the "'370 Patent"), including conception, reduction to practice, and diligence. Despite months of waiting interspersed with endless meet-and-confer discussions, Plaintiff has provided nothing more than the purported dates of conception and reduction to practice along with a vague representation that the corroborating information can be found somewhere in Plaintiff's document production (most of which is unfinished). Date of invention is a fact-intensive issue involving an inventor's diligence and independent corroboration. CD never identifies documents, what facts any witnesses may possess and issues he or she could corroborate or any supporting information. Although Plaintiff made a final, belated promise to supplement no earlier than March 24, it refused to confirm what it would provide, failed to indicate its response would be complete as of this date and continues to rely improperly on Rule 33(d). Since the information is clearly within CD's exclusive knowledge and constitutes crucial evidence, Amazon should no longer be left in the dark and is entitled to the discovery.

## STATEMENT OF FACTS

In November 2005, the parties stipulated to the Scheduling Order, which provides for written discovery to be completed by March 15, 2006, and depositions to begin when written discovery is completed. On December 2, 2005, Amazon propounded its first set of written document requests and interrogatories. CD sought an extension of time and served its initial responses on January 17, 2006. (*See accompanying* Declaration of Wendy Bjerknes ("Bjerknes Decl."), Exs. A, B.) CD's response to Interrogatory No. 3, which sought information about the

1

date of invention alleged for the patent claims including conception, reduction to practice, diligence and corroboration, was particularly devoid of facts. (Bjerknes Decl., Ex. B at 8-11.)

The response invoked Rule 33(d) and vaguely referred Amazon "to the documents produced in response to Amazon's first set of document requests." (*Id.*) CD made no effort to identify facts, documents or witnesses (other than the two inventors) to corroborate its position on priority, and was silent about reasonable diligence in reducing to practice as well as facts to show that the invention was not abandoned, suppressed or concealed. (*Id.*) CD served a supplemental response on February 17, 2006. (Bjerknes Decl., Ex. C.) The only new information provided was CD's disclosure that the date of conception was "no later than June 11, 1996" and the date of reduction to practice was "no later than March 27, 1997." (*Id.* at 3.) CD, again, did not include any supporting facts.

Amazon's counsel sent nine letters and held three conference calls, some of which lasted three hours in length, over a five week period to secure this information. (Bjerknes Decl., Exs. D - I, K, M, and N.) In the end, Plaintiff finally agreed to supplement its response to Interrogatory No. 3, but refused to specifically state how. CD would not agree to refrain from relying on Rule 33(d) for individuals' knowledge and would not commit to identifying documents by bates numbers. CD invited Amazon to bring a motion if its offer to comply by March 24 was not acceptable. Because of the delay to date and need to complete written discovery before depositions can begin, Amazon proceeds with this motion.

## ARGUMENT

I. **Amazon's Interrogatory Seeks Highly Relevant Facts Regarding Plaintiff's Contentions on Date of Invention.**

Dates of conception and actual reduction to practice of each asserted claim along with corroborating documents and witnesses are fundamental to Plaintiff's priority claims. *IMAX Corporation v. In-Three, Inc.*, No. 05-1795, 2005 U.S. Dist. LEXIS 13807, at *2 (C.D. Cal. Jul. 8, 2005) (discovery about conception and reduction to practice is "patently relevant"). The date of invention triggers several types of invalidating prior art. *See, e.g.*, 35 U.S.C. § 102(a), (e), and (g).

2

Constructive reduction to practice is the filing date of the patent application, but an earlier date of invention can be established by proving that a person conceived of the invention first, used reasonable diligence in reducing to practice, and did not abandon suppress or conceal the invention. *Environ Prods., Inc. v. Furon Co.*, 215 F.3d 1261 (Fed. Cir. 2000); 35 U.S.C. § 102(g).

Here, the filing date for the '370 Patent is September 4, 1997. Inventors must substantiate claims of earlier invention with independent corroboration. *In re Jolley*, 308 F.3d 1317 (Fed. Cir. 2002). CD argues for an earlier priority date undoubtedly to avoid potentially invalidating prior art. CD claims without factual support that it reduced the subject matter of the '370 Patent to practice "no later than March 27, 1997" – more than five months before the filing date. (Bjerknes Decl., Ex. C at 3.) It further contends that it conceived of the idea for each claim of the '370 Patent "no later than June 11, 1996" – fifteen months before the actual filing date. (*Id.*)

Plaintiff has itself put at issue the facts surrounding these assertions. Plaintiff has cited no authority for its argument that Amazon must first identify the prior art or prior invention before releasing facts legitimately sought through contention interrogatories. CD appears to have recognized this by finally conceding to provide a supplemental response. However, CD still indicates that its information regarding diligence in particular will be less than complete because it reserves the right to supplement even after the March 24 supplementation will be provided. To ensure that Amazon receives a full and complete answer without further delay, CD should be compelled to specifically identify the documents, witnesses and facts that corroborate the dates of conception and reduction to practice. CD should also be ordered to state facts, documents and witnesses supporting reasonable diligence along with its contention that the claimed invention was not abandoned, suppressed or concealed between the date of reduction to practice and actual filing date of the patent application.

**II.    CD's Reliance on Rule 33(d) Is Improper.**

Amazon further seeks an order that precludes CD from relying on Rule 33(d) as an alternative to full disclosure. A patentee cannot rely on this option with respect to information requested about inventorship priority. *See Fresnenius Medical Care Holding v. Baxter Intern.*,

224 F.R.D. 644, 650 (N.D. Cal. 2004) (ordering patentee to fully respond to interrogatory about conception and reduction to practice without reference to Rule 33(d)). To rely on Rule 33(d), "the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as for the party served <u>and</u> the party responding must specify in sufficient detail where the answers can be found." *Id.* The first factor cannot be met where the information about conception and reduction to practice is within the exclusive possession, custody and control of CD's witnesses. Moreover, even if CD had actually produced the documents – which to date it has not – CD has not identified documents to allow Amazon to find the answer itself.

## CONCLUSION

For all the reasons stated above, Amazon respectfully requests that the Court grant this motion to compel CD to immediately answer Interrogatory No. 3 without reliance on Rule 33(d).

Dated: March 20, 2006                    Respectfully submitted,

                                         YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                         By: _____
                                         Josy W. Ingersoll (No. 1088)
                                         John W. Shaw (No. 3362)
                                         Monté T. Squire (No. 4764)
                                         1000 West Street, 17th Floor
                                         Wilmington, DE 19801
                                         Telephone: (302) 571-6600
                                         msquire@ycst.com
                                         Attorney for Defendant AMAZON.COM, INC.

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

4

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on March 20, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on 3/20/2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT &
>TAYLOR, LLP
>
>/s/ 
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID# 4489)
>Monté T. Squire (ID# 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>Telephone: (302) 571-6600
>msquire@ycst.com
>
>Attorneys for Defendant

DB01:1629996.1