IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>            Defendant. | C.A. No. 05-00414 (JJF) |

**AMAZON.COM, INC.'S MOTION FOR PROTECTIVE ORDER PRECLUDING BURDENSOME AND HARASSING DISCOVERY, AND IN THE ALTERNATIVE, MOTION TO COMPEL PLAINTIFF TO ANSWER INTERROGATORIES**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
Attorneys for Defendant
AMAZON.COM, INC..

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: March 20, 2006

## INTRODUCTION

Pursuant to the Scheduling Order Paragraph 4(a), Federal Rules of Civil Procedure 26(c) and 30(d), Amazon.com, Inc. ("Amazon") hereby moves the Court for a protective order limiting discovery and infringement claims by CD Intellectual Property Holdings, LLC ("CD") to the one and only Amazon customer recommendation feature actually accused (or that could be accused). Amazon asked CD over three months ago to identify any and all infringing features. CD limited its response to the "Customer Who Bought Also Bought" feature and refused to identify any other features until Amazon complied with CD's overly broad, burdensome and harassing discovery requests. Since CD seeks discovery about features that cannot possibly be the subject of infringement claims, there is no legitimate basis to permit CD to continue its overly broad fishing expedition or further delay its response. Accordingly, in an effort to avoid undue burden, expense and delay, Amazon seeks a protective order that limits discovery and infringement contentions to the one feature actually accused by CD. Alternatively, CD should be ordered to fully answer Interrogatory No. 1 and identify once and for all the basis for any other infringement claim.

## STATEMENT OF FACTS

On October 29, 2004, Amazon was first sued for infringement of U.S. Patent No. 6,782,370 ("the '370 Patent"), which issued in August 2004. Plaintiff's affiliate dismissed the suit and refiled on June 20, 2005. The '370 Patent purports to disclose a method for providing recommendations of goods or services to customers shopping online based on recorded purchasing history. The parties agreed to a Rule 16 Scheduling Order that requires written discovery to be completed by March 15, 2006 and depositions to begin when written discovery is completed. On December 2, 2005, Amazon served its initial written discovery. Amazon's Interrogatory No. 1 sought the factual basis for CD's infringement contentions. (*See accompanying* Declaration of Wendy Bjerknes ("Bjerknes Decl."), Ex. A.)

After obtaining an extension, CD responded with lengthy objections. (Bjerknes Decl., Ex. B at 6.) In the end, CD identified the same feature (the "Customers Who Bought Also Bought" feature) that was identified in its complaint. (*Id.*) Although CD's response states that

1

there are "other infringing recommendation features on [Amazon's] website," it refuses to identify them in response to this Interrogatory until after it has reviewed Amazon's documents. CD argues essentially that, as a plaintiff, it can postpone indefinitely identifying the basis of its infringement claims until <u>after</u> Defendant has answered any and all written discovery.

There is no reasonable basis for CD to believe that there are other recommendation features that infringe. As CD knows, during prosecution of the patent-in-suit, the PTO's appeal board affirmed the rejection of certain claims and placed specific limits on the claimed inventions. Any claim by CD, therefore, must include the claim element "receiving customer commands specifying a particular good or service to be used as filter data." (Bjerknes Decl., Ex. Q (Appeal decision at 8–9).) The absence of any possible customer selected filter item from the other recommendation features on Amazon's public website is obvious from accessing and using the site. Given this limitation, there is no basis for CD to continue demanding discovery of any and all customer recommendation features.

The parties met and conferred over the past five weeks. The discovery was the subject of nine letters by Amazon as well as three lengthy conference calls. (Bjerknes Decl., Exs. D – O.) On March 17, 2006, CD agreed only to "supplement its response to Interrogatory No. 1 to include an infringement chart comparing the asserted claims of the '370 patent with Amazon's 'Customers Who Brought Also Bought' feature." CD refused to provide information about any other feature in its interrogatory responses. It has now moved to compel Amazon to engage in burdensome discovery about features that lack the necessary claim element or otherwise cannot be the subject of infringement allegations. To avoid further delay and expense, Amazon brings this motion.

## ARGUMENT

I. **Good Cause Exists to Limit Further Discovery And Infringement Contentions To The Only Feature Actually Identified As Potentially Infringing.**

Plaintiff sued Amazon for infringement of the '370 Patent based on one customer recommendation feature. After two lawsuits spanning over a year and a half, Plaintiff refuses to definitively state the basis for any other infringement allegation until after Amazon responds to

2

CD's broad discovery. This threatens to hold up depositions, expert discovery and ultimately the trial date. Since CD is unwilling to identify any other basis for infringement, it should not be allowed to hold the discovery process hostage on the notion that it might conceivably think of a basis to accuse another Amazon feature. Here, a protective order is appropriate to relieve Defendant of burdensome and harassing discovery, while ensuring that Plaintiff cannot benefit from further stalling its own compliance. Fed. R. Civ. P. 26(c).

Good cause exists for issuance of a protective order because CD seeks discovery on irrelevant matters beyond those accused of infringement. A showing of irrelevancy of the proposed discovery satisfies the good cause requirement. *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994). The claims of the patent-in-suit limit the scope of relevant discovery for Plaintiff's infringement contentions. CD's discovery broadly seeks information about all aspects of all customer recommendation features Amazon ever implemented by Amazon. CD's discovery fails to take into account the PTO's appeal board decision affirming the rejection of certain claims. Based on this decision, all allowed claims must contain the necessary claim element. (Bjerknes Decl., Ex. Q (PTO appeal decision at 8–9). The '370 Patent is therefore limited to only certain types of recommendation features, yet CD seeks discovery on all recommendation features for which it has no plausible claim of infringement. The discovery is also overbroad in time. The patent-in-suit issued in 2004. CD requests information on features that came and went prior to any possible period of infringement, which is burdensome and irrelevant.

II.     **In The Alternative, CD Should Be Compelled To Immediately Identify The Scope And Basis For Its Infringement Contentions.**

If for any reason the Court is not inclined to narrow CD's discovery and its infringement contentions, Plaintiff should be ordered to provide a complete interrogatory response that finally identifies every Amazon feature that is allegedly infringing and why. CD's position that it will not supplement its infringement contentions (other than the one customer recommendation feature identified in its complaint) until the Court has ruled on CD's pending motion to compel

3

Amazon and pending CD's review of documents is simply a further excuse to delay. (Bjerknes Decl., Ex. O.) Given the ability to review the website to confirm the existence of the claim limitation element, there is no other information necessary to answer this discovery. By refusing to be pinned down, CD appears to be stalling for more time to continue its burdensome and unjustified fishing expedition. Accordingly, at a minimum, CD should be ordered to immediately provide the facts supporting its infringement contentions for any other accused feature to avoid further delay and allow for the orderly progression of this case.

## CONCLUSION

For all the reasons stated above, Amazon respectfully requests that the Court grant this motion for protective order to limit CD's discovery and infringement contentions to the only Amazon customer recommendation feature that has been or could be identified by Plaintiff as infringing or alternatively order full and immediate compliance with Interrogatory No. 1.

Dated: March 20, 2006

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
msquire@ycst.com
Attorney for Defendant AMAZON.COM, INC.

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on March 20, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on 3/20/2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT &
>TAYLOR, LLP
>_____
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID# 4489)
>Monté T. Squire (ID# 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>Telephone: (302) 571-6600
>msquire@ycst.com

>Attorneys for Defendant

DB01:1629996.1