# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENDANT PUBLISHING, INC. | Civil Action No. 05-414-JJF |
| Plaintiff | |
| v. | |
| AMAZON.COM, INC.. | |
| Defendant | |

## AMAZON.COM'S FIRST SET OF INTERROGATORIES
## TO PLAINTIFF CENDANT PUBLISHING, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

Amazon.com, Inc. ("Amazon") hereby requests that Plaintiff Cendant Publishing, Inc.

("Cendant"), within thirty (30) days from the date of service hereof, serve upon the undersigned

counsel for Amazon answers, under oath, to each of the Interrogatories set forth below. These

Interrogatories should be answered in accordance with the definitions and instructions set forth

below.

## DEFINITIONS

1.      The terms "Plaintiff," "Cendant" or "you" shall refer to Plaintiff Cendant

Publishing, Inc. and includes any parents, predecessors (including specifically all entities

acquired by Cendant), subsidiaries, affiliates, divisions, associated organizations, joint ventures,

present and former officers, directors, trustees, employees, staff members, agents, or other

representatives, including counsel and patent agents, in any country.

2.      "Amazon" shall refer to Defendant Amazon.com, Inc.

3.      The term "'370 Patent" refers to U.S. Patent No. 6,782,370, listing Charles Stack

as inventor, filed on September 4, 1997, issued on August 24, 2004, and titled "System and

Method for Providing Recommendation of Goods or Services Based on Recorded Purchasing History."

4.    The term "Patent-in suit" means U.S. Patent No. 6,782,370.

5.    The term "Instrumentality" shall refer to an apparatus, system, component, machine, thing, combination, composition, method, product, device, service, capability, functionality, feature, process, manufacture, act, activity, program, application, or any combination thereof.

6.    The term "Accused Product" shall refer to any Instrumentality you contend (a) the making, using, selling, offering to sell, or importing into the United States infringes any claim of the '370 Patent, (b) any Instrumentality you contend actively induces infringement of any claim of the '370 Patent, (c) any Instrumentality you contend the offering to sell or selling within the United States gives rise to liability as a contributory infringer of any claim of the '370 Patent, (d) any Instrumentality the supplying or causing to be supplied in or from the United States you contend gives rise to liability as an infringer of any claim of the '370 Patent under 35 U.S.C. § 271(f), and (e) any Instrumentality you contend the importation into the United States or the offering to sell, selling or use within the United States gives rise to liability as an infringer of any claim of the '370 Patent under 35 U.S.C. § 271(g).

7.    The term "Infringement Contention" shall mean and include, for each claim of the '370 Patent you contend such Accused Product infringes, each manner in which you contend such infringement occurs under the Court's claim construction, or, if the Court has not yet construed the claim, under your claim construction, e.g. Widget1 and Widget3 in Product (model no. 100) infringe claims 1 and 2 of the '001 Patent.

8.    "Means-Plus-Function Limitation" shall mean and include (a) a claim limitation or term to which you contend 35 U.S.C. § 112, ¶6 applies and (b) a claim limitation or term reciting either "means" or "step for."

9.    The term "Identify" means:

- 2 -

a.    When referring to any feature on the Amazon website you contend gives rise to infringement liability, the specific name given to that feature on the site;

b.    when referring to a person, the person's full name, present or last known address, and the last known title and place of employment;

c.    when referring to a business, legal, or governmental entity or association, the name and address of the main office;

d.    when referring to a fact, the fact and the documentary or testimonial support for that fact;

e.    when referring to a product or thing, the title or model name/number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

f.    when referring to a written communication, identity of the document(s) in which the communication was made;

g.    when referring to an oral communication, the identity of persons participating in the communication;

h.    when referring to nonpatent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s).

i.    when referring to patent documents, the country, patent and/or application number, dates of filing, publication, and grant, the names of patentees or applicants;

j.    when referring to an Accused Product, to name the particular Instrumentality you contend gives rise to the infringement. The identification shall be as specific as possible and include any available name and/or model number associated with the Instrumentality and any

URL through which the Instrumentality can or could be accessed, name or
identifier provided for the feature, and/or link text for the feature; and

k.    when referring to an Infringement Contention shall mean to (I) state each
claim of the Patent-in-suit that is allegedly infringed by the Accused
Product; (II) provide on a claim limitation-by-claim limitation basis (a) a
chart identifying as specifically as possible where and how every claim
limitation you contend is practiced by the Accused Product is present
therein, including for every means-plus-function limitation, the
structure(s), material(s), and act(s) that you contend perform each claimed
function in such limitation and (b) a statement whether you contend that
limitation is (1) literally present or (2) present only under the doctrine of
equivalents, including for all limitations indicated present under the
doctrine of equivalents, (i) an identification of all differences between the
claim limitation and the allegedly-corresponding feature in the Accused
Product, (ii) the full factual and legal basis supporting any contention such
differences are insubstantial, and, if that limitation was the subject of a
claim amendment during any part of the prosecution history of the patent
in which it appears or any parent or sibling application, (iii) your
contention for the reason for such amendment and the full factual and
legal basis for such contention (including all citations to the prosecution
history in support thereof), the full factual and legal basis for any
contention the alleged equivalent is only tangentially related to the
amendment, and the full factual and legal basis for any other contention
for which prosecution history estoppel should not apply; and (III) state
entity or person who you contend directly infringes such claim.

10.    The term "Document" as used herein shall have the broadest meaning as defined
in Fed. R. Civ. P. 34 and the local rules of the District of Delaware, including all of the items

- 4 -

defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or of which you have knowledge. "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

11.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive when they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

12.    The term "any" or "each" should be understood to include and encompass "all."

13.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

14.    The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

/ / /

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1.    In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of Cendant's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Cendant's control, who have the best knowledge, not merely information known to Cendant based on Cendant's own personal knowledge. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief Cendant has concerning the unanswered portion of any such Interrogatory.

2.    If you are producing documents in connection with these Interrogatories, electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3.    If you are producing documents in connection with these Interrogatories, selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

- 6 -

4.     If you are producing documents in connection with these Interrogatories, file folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

5.     If you are producing documents in connection with these Interrogatories, documents attached to each other shall not be separated.

6.     If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the Interrogatory which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a.     the basis on which the privilege is claimed;

    b.     the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c.     the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    d.     the date of the document;

    e.     a description of any accompanying material transmitted with or attached to such document;

    f.     the number of pages in such document;

    g.     the particular interrogatory to which such document is responsive; and

    h.     whether any business or non-legal matter is contained or discussed in such document.

    i.     If Cendant's response to a particular Interrogatory is a statement that Cendant lacks the ability to comply with that Interrogatory, Cendant must specify whether the inability to comply is because the particular item or category or information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Cendant's

- 7 -

         

possession, custody, or control, in which case the name and address of any

person or entity known or believed by you to have possession, custody, or

control of that information or category of information must be identified.

j.    Cendant's obligation to respond to these Interrogatories is continuing and

its responses are to be supplemented to include subsequently acquired

information in accordance with the requirements of Rule 26(e) of the

Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1.

For each Accused Product, Identify the Accused Product and Identify your Infringement

Contentions for such Accused Product.

### INTERROGATORY NO. 2.

For each claim of the Patent-in-suit which you contend is infringed in this matter, or the

construction of which you contend is relevant to the construction of an allegedly infringed claim,

state the construction you contend should be given to each word, term or phrase of such claim;

Identify specifically each reference from the specification, figures, and each item in the

prosecution history that supports, describes or explains the meaning you give to each such word,

term and phrase of the claim, including for each Means Plus Function Limitation, state by

column and line number and figure reference numeral each structure in the specification and

figures you contend corresponds to performing each claimed function in such Limitation and

state by column and line number and figure reference numeral the specific portions of the

specification you contend link such structure(s) with performing each such claimed function; and

Identify each item of other evidence that supports your proposed construction of the claim,

including but not limited to, expert testimony, inventor statements or testimony, dictionary

definitions, and citations to learned treatises, publications, or patents, and explain in detail how

such evidence supports your construction; and Identify each item of other evidence that is

counter to your proposed construction, including without limitation inventor statements or documents.

## INTERROGATORY NO. 3.

Separately, for each claim of the '370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of such date, all documents corroborating such conception, each person with information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and all facts that you contend support any diligence you contend was exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112 ¶1; and for all periods between date of reduction to practice of any claim or invention of '370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed, or concealed.

## INTERROGATORY NO. 4.

Identify each person with knowledge of the design, development, testing, use, or operation, of the system identified as the Affinity service of the '370 Patent.

## INTERROGATORY NO. 5.

For each claim you contend Defendant infringes, provide a chart identifying where each and every feature in such claim is present in any purported embodiment prepared, either in whole or in part, by you or the named inventor, or those acting with or for the same, and specifically

including the system identified in the '370 Patent as the "Affinity" service. The identification shall be as specific as possible and include, for any features implemented in software, excerpts of the source code implementing such feature, or prepackaged applications used and the manner in which they were used, and for any features implemented in hardware or networking equipment, the specific hardware and equipment and the manner in which it was used and interconnected.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 571-6600
Attorneys for Plaintiff AMAZON.COM, INC.

*Of Counsel:*

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
C. J. Alice Chen
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

Dated:  December 2, 2005

- 10 -

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on December 2, 2005, I caused to be electronically

served a true and correct copy of the foregoing document to the following counsel of record:

### BY HAND DELIVERY

Steven J. Balick, Esq.
ASHBY & GEDDES
222 Delaware Ave.
P.O. Box 1150
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Steve Lieberman, Esq.
ROTHWELL, FIGG, ERNST & MANBECK, PC
1425 K Street, NW, Suite 800
Washington, D.C. 20005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Defendant*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CD INTELLECTUAL PROPERTY
HOLDINGS LLC,

                                                  Civil Action No. 05-414-JJF

                       Plaintiff,

           v.

AMAZON.COM, INC.,

                     Defendant.

### CD'S **RESPONSES** TO AMAZON'S FIRST **SET** OF **INTERROGATORIES**

CD Intellectual Property Holdings LLC ("CD") hereby responds to the first set of interrogatories propounded by Amazon.com, Inc. ("Amazon"). The fact that CD answers any interrogatory is not an admission of relevance, materiality or admissibility and, on the contrary, CD reserves all its rights with respect to those issues.

### **GENERAL OBJECTIONS**

1.           CD objects to all interrogatory definitions and instructions to the extent they purport to impose on CD obligations not required by Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.           CD objects to the introductory definitions to the interrogatories to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders such interrogatories vague, ambiguous, unintelligible, unduly broad, and uncertain.

1

3.      CD objects to all definitions and interrogatories requesting the identification of information not currently in its possession, custody, or control or which refer to persons, entities or events not known to them, on the grounds that such definitions or requests seek to require more of CD than any obligation imposed by law, would subject CD to unreasonable and undue annoyance, oppression, burden, and expense, or would seek to impose upon CD an obligation to investigate to discover information or materials from third parties or sources which may be equally accessible to Amazon.

4.      CD objects to the interrogatories to the extent that they seek information protected by the attorney-client privilege, attorney work product doctrine or any other privilege or immunity. CD will not disclose such privileged or protected information and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product protection which may attach thereto. By responding to any interrogatory, CD does not waive the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.

5.      CD objects to these interrogatories to the extent that they purport to require CD to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. CD will not provide such information without the consent of the relevant third party or a court order.

6.      CD objects to these interrogatories to the extent that they seek to impose upon CD an obligation to investigate or discover information or things from third parties or sources that are more or equally accessible to Amazon. CD does not intend to provide information that is not in the possession, custody or control of CD.

2

7.      As discovery is ongoing, CD expressly reserves the right to amend, supplement and/or alter its responses as necessary during the course of discovery.

8.      CD objects to these interrogatories to the extent that they seek information likely to depend on construction of claim terms of the `370 Patent. As the Court has not yet construed the claims, CD specifically reserves its right to supplement.

9.      CD generally objects to the interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     CD objects to alt definitions, instructions, and interrogatories to the extent that they seek discovery that is not limited to a relevant time period.

11.     CD objects to all interrogatories, definitions and instructions to the extent they call for a legal conclusion.

12.     CD responds to the interrogatories based on the best of its employees' present knowledge, information, and belief. CD's response is at all times subject to such additional or different information that discovery or further investigations may disclose and, while based on the present state of its current employees' recollections, is subject to such refreshing of recollection and such additional knowledge of facts as may well result from further discovery or investigation.

13.     CD objects to the extent that the interrogatories contain multiple subparts in violation of Local Rule 26.1(b). CD considers each subpart as a separate interrogatory.

14.     CD objects to the extent any interrogatory seeks discovery that is unreasonably cumulative or duplicative.

15.        CD objects to the definition of the terms "you" and "Cendant" (now CD) to the extent that it purports to include CD's counsel.

16.        CD objects to the definition of the term "Accused Product" as overbroad and unlikely to lead to the discovery of admissible evidence. CD will understand the term "Accused Product" to refer to products Amazon is believed to own or operate, that is products relating to the allegations of the complaint.

17.        CD objects to the definition of "identify" when referring to an "infringement contention" as overly broad and unduly burdensome.

18.        CD objects to instruction nos. 1, 3, 4, 5 and 6 as unduly burdensome to the extent that they purport to impose on CD obligations not required by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

19.        CD objects to instruction no. 2 as vague and ambiguous.

20.        All responses are made subject to the foregoing General Objections, which may not be repeated in each response. To the extent that General Objections are cited in a specific response, those citations are provided because they are believed to be particularly relevant to the specific interrogatory and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the interrogatory.

21..        Where a partial response can be made to an interrogatory that is otherwise objectionable, such will be made without waiving any stated objection.

22.        These responses are made without waiver of, and expressly preserving:

(a)    all questions as to competency, relevancy, materiality, privilege, and admissibility of each response herein as evidence in any further proceeding in this action, including trial;

(b)    the right to object to the use of any response herein, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings;

(c)    the right to object on any ground at any time to a demand or request for a further response to this or any other discovery involving or relating to the subject matter of the responses herein provided; and

(d)    the right at any *time* to revise, correct, add to, supplement, or clarify any of the responses contained herein.

23. No incidental or implied admissions are intended by any response by CD to any interrogatory. *That* CD has responded to any interrogatory is not an admission that CD accepts or admits the existence of any alleged facts set forth in or assumed by such interrogatory, or that the making of the response constitutes admissible evidence.

Subject to these general objections and the following specific objections, CD provides the following responses to Amazon's interrogatories.

## <u>RESPONSES</u> <u>TO</u> <u>INDIVIDUAL</u> <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1.**

For each accused Product, Identify the Accused Product and Identify your Infringement

5

**RESPONSE TO INTERROGATORY NO.1**

CD objects to this interrogatory to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence in that the term " Accused Product" is defined to include all products and is not restricted to those which are the subject of this litigation. CD's response is limited to those products which are the subject of this litigation. CD objects to this interrogatory as vague and ambiguous in that the definition of the term "infringement Contention" is incomprehensible. CD will respond to the best of its understanding. CD objects to the extent this interrogatory calls for a legal conclusion. Subject to the foregoing general and specific objections, CD identifies features of the on-line marketplace Amazon.com operates on its Amazon.com website and their use. For example, an infringing feature is Amazon.com's feature "Customers who bought this book also bought," and its use when a user submits an http request for book information, and Amazon responds by identifying additional books that were bought by purchasers of the book requested by the user. CD believes Amazon.com has other infringing recommendation features on its website. CD specifically reserves the right to supplement this response as it learns more through the discovery process.

**INTERROGATORY NO. 2.**

For each claim of the Patent-in-suit which you contend is infringed in this matter, or the construction of which you contend is relevant to the construction of an allegedly infringed claim, state the construction you contend should be given to each word, term or phrase of such claim; Identify specifically each reference from the specification, figures, and each item in the prosecution history that supports, describes or explains the meaning you give to each such word,

term and phrase of the claim, including for each Means Pius Function Limitation, state by column and line number and figure reference numeral each structure in the specification and figures you contend corresponds to performing each claimed function in such Limitation and state by column and line number and figure reference numeral the specific portions of the specification you contend link such structure(s) with performing each **such claimed function; and** Identify each item of other evidence that supports your proposed construction of the claim, **including** but not limited to, expert testimony, inventor statements or testimony, dictionary definitions, and citations to learned treatises, publications, or patents, and explain in detail how such evidence supports your construction; and Identify each item of other evidence that is counter to your proposed construction, including without limitation inventor statements or documents.

### RESPONSE TO INTERROGATORY NO.2

CD obi ects to this interrogatory to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to the extent this interrogatory calls for a legal conclusion. CD objects to this request as overbroad and unduly burdensome to the extent the word "each" is construed to mean "all." CD cannot possibly know **all** evidence that supports its claim construction and will provide a reasonable cross section of support for its claim construction. CD objects to this interrogatory as premature to the extent it calls for expert testimony prior to the time expert reports must be submitted. CD will serve its expert reports in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and any scheduling order entered by the Court. Subject to the foregoing general and specific objections, CD refers to the claim chart attached hereto as Exhibit A. CD specifically reserves the right to supplement and amend this response.

**INTERROGATORY NO.3**

Separately, *for each* claim of the `370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of *such* date, all **documents corroborating such conception,** each person mrith information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance *of* such in                and all facts that you contend support any diligence you contend *was* exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by applications serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112T 1; and for all periods between date of reduction to practice of any claim or invention of `370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed or concealed.

### RESPONSE TO INTERROGATORY NO.3

CD objects to this interrogatory as containing five separate interrogatories. CD will respond to each interrogatory separately and will consider this interrogatory five separate interrogatories for purposes of the total number of interrogatories propounded.

### RESPONSE TO INTERROGATORY NO. 3A.

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory to the extent that requesting a "date of inventioif" calls for a legal conclusion. Subject to the foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in response to Amazon's first set of document requests.

**RESPONSE TO INTERROGATORY 3B**

CD objects to this interrogatory to the extent that the phrase "each person contributing to such conception" calls for a legal conclusion. CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all documents" corroborating such conception. CD can never be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such conception" is vague and ambiguous. CD objects to this interrogatory as overly broad, unduly burdensome, **in** that CD can *never be sure* that it knows "each person" with information relating to such conception. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. Subject to the foregoing general and specific objections, CD responds that at this time it contends that the invention claimed in the `370 Patent was conceived by **Charles** *Stack*. **Pursuant** *to* Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Document Request No. 31. CD further responds that Charles Stack has information on the conception of the invention claimed in the `370 Patent.

**RESPONSE TO INTERROGATORY 3C**

CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for " all documents" corroborating such reduction to practice. CD cannot be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such reduction to practice" is vague and ambiguous. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or

9.

any other applicable privilege or immunity in case law recognized by the Federal **Rules of Civil** Procedure or by the Local Rules of this Court. CD also objects to this interrogatory to the extent it calls for a legal conclusion. Subject to the foregoing general and specific objections, CD identifies Charles Stack and Adam Wallace as having contributed to the reduction to practice and having information regarding the reduction to practice and software development. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Amazon's document requests. Identifying information for Charles Stack and Adam Wallace can be found on CD's 26(a)(1) statement.

### RESPONSE TO INTERROGATORY 3D

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad, unduly burdensome, vague and ambiguous in that Amazon has not identified prior art conceived after but reduced to practice prior to the invention disclosed in the '370 Patent. CD objects to this request to the extent that it calls for a legal, opinion. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in this matter. CD contends that the first U.S. application disclosing the claimed invention is U.S. application number 0$1923, 293 filed September 4, 1997.

### RESPONSE TO INTERROGATORY 3E

CD objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or

immunity in rase law recognized by the Federal Rules of Civil Procedure or by the Local Mules

of this Court. CD objects to the extent this request requires a legal opinion. Subject to the

foregoing general and specific objections, CD contends that the invention claimed in the '370

Patent was not abandoned, suppressed or concealed. The invention was publicly disclosed, that

is, an embodiment of the invention was put online less than one year after the reduction to

practice. See Correge v. Murphy, 705 F.2d 1326 (Fed. Cir. 1983).

## INTERROGATORY NO.4

Identify each person with knowledge of the design, development, testing, use, or
operation, of the system identified as the Affinity service of the '370 Patent.

### RESPONSE TO INTERROGATORY NO.4

CD objects to this interrogatory as overbroad and unduly burdensome in that CD can

never know if each person has been identified. CD objects to this interrogatory to the extent it

seeks information protected by the attorney-client privilege, the attorney work product doctrine or

any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil

Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad and

unduly burdensome to the extent that it cannot identify each person who used or operated the

Affinity system as that would include hundreds of people who clicked onto the Bookstacks.com

website. Subject to the foregoing general and specific objections CD identifies Charles Stack and

Adam Wallace. Identifying information for Mr. Stack and Mr. Wallace can be found on CD's 26(a)

(1) disclosure.

## INTERROGATORY NO.5

For each claim you contend Defendant infringes, provide a chart identifying where each
and every feature in such claim is present in any purported embodiment prepared, either in whole

or in part, by you or the named inventor, or those acting with or for the same, and specifically including the system identified in the `370 Patent as the "Affinity" service. The identification shall be as specific as possible and include, for any features implemented in software, excerpts of the source code implementing such feature, or prepackaged applications used and the manner in which they were used, and for any features implemented in hardware or networking equipment, the specific hardware and equipment and the manner in which it was used and interconnected.

**RESPONSE TO INTERROGATORY NO. S**

CD objects to this interrogatory to the extent that it calls for information protected by the

attorney-client privilege, work product doctrine or any other applicable privilege or immunity in

case law recognized by the Federal Rules of Civil Procedure or by the Local. Rules of this Court.

CD objects to this interrogatory as overbroad and unduly burdensome in that all "purported

embodiments" are not relevant to this litigation nor reasonably likely to lead to the discovery of

admissible evidence. CD objects to this request in that the terms "feature in such claim" and "in

any purported embodiment prepared, either in whole or in part, by you or the named inventor, or

those acting with or for the same" is incomprehensible, vague and ambiguous. Subject to the

foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), CD refers

Amazon to the claim chart attached as Exhibit A and the documents produced in response to

Amazon's document requests.

ASHBY & GEDDES

Steven J. B ck (I.D. 42403)
John G. Day (I.D. 42114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17"i Floor
P.O. Box 1150
Wilmington, Delaware 19899 (
302) 654-1888

*Attomeys for Plaintiff CD Intellectual
Property Holdings LLC*

*Of Counsel:*

Steven    Lieberman
Elizabeth   A.   Leff
Brian   Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: January 17, 2006
**165733.1**

EXHIBIT A

**Claim Construction Chart for Claims of U8 Patent No. 6,782,370 (the [1]370 Patent)[1]**

| | | |
|---|---|---|
| 1. A computer-implemented method for the recommendation of goods and/or services to potential customers over a distributed network based on customer buying history utilizing an information processing system containing processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files, the method comprising the steps of | A method, implemented by a computer system, for providing to customers over a distributed network a recommendation of goods and/or services ("items") using information reflecting the purchase history of previous customers. The computer system has an information processing system that includes processing means having a modem, network card any other device utilized to facilitate the transmission of data and a database storing information in one or more database files. The method includes but is not limited to the steps of: | Specification:<br><br>"A method *for* recommending goods or services is provided which allows the user of a computer system connected to a distributed network such as the Internet to receive recommendations of goods or services of potential interest based on a particular good or service selected by the user and previous customer buying history."<br>Col. 1,11.43-48<br><br>"The operator interface 1 may be any computer with a modem, network card or any other device including wireless devices utilized in computer systems to facilitate the transmission of data and may be found in personal computers used in households, business offices or schools."<br>Col. 2,11. 44-47<br><br>Fig. 1, element 4 and Fig, 4, element 26<br><br>"FIG. 4 illustrates one example of the system structure and data flow. An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history. The recommendations are then transmitted from the processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. I block 2,"<br>Col. 4,11. 23-36 |

[1] We reserve the right to supplement and modify **these** definitions.

| | | |
|---|---|---|
| | | "Claim 1 is directed to a **computer-implemented** method for the recommendation of goods and/or services to potential customers over a distributed network based on customer buying history, wherein information is stored pertaining to goods/services **purchasing** history of previous customers; the potential customer inputs a command specifying a particular good/service as filter data, and the filter data is compared with the stored information in order to display the identity of other goods/services purchased by the previous customers who have **purchased the good/service** used as the filter data." Brief on A eal,[2] . b (emphasis in original) |
| receiving customer commands specifying a particular good or service to be used as filter data; | In response to the customer's selection of an item, receiving from the user's computer, or other device utilized to facilitate the transmission of data, a message that initiates an action or operation. The message identifies the item selected, an identifier of which is used to retrieve previously stored information associated with or corresponding to the identifier. | Specification: "The user first selects a particular good or service he may be interested in obtaining. This selection is treated as filter data input to a host computers' data processor." Col. 1, 11.52-54  Prosecution Historv: "[T]he present invention provides a recommendation of other goods and/or serv'ces based on the selection of a particular good and/or service as a filter **by a potential customer."** 3/23/00 Resp. to Office Action, p, b (emphasis in original)  Dictionary: The ordinary meaning of "command" in the computer science context is a message that initiates an action or operation. See http://dictionary.reference,comisearch?r=l&g=gommand. This definition is consistent with the specification and file history. Thus a "customer command" is a message transmitted from a user's (or customer's) computer. |
| storing information pertaining to goods and/or services purchasing history of previous customers; | storing information that reflects and/or relates to the purchase. history of previous customers | Specification; "which contains data on previous customer purchasing history." Col, 4,11.31-32  Prosecution istorv: "[C]faim 1 requires the step of storing information pertairing to goods |

| | | |
|---|---|---|
| | | and/or services purchasing history of previous customers." |
| | | Resp, after Final Office Action, p. 2. |
| | | "The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential customer, based on the recorded purchase history of previous customers."<br>3/3/99 Resp to Office Action, p. 2. |
| | | "the **present** invention **would provide** a list of other recommended books based on a customer's selection of a particular book, based on the stored purchase history of previous customers who purchased the particular book."<br>313/99 Resp to Office Action, p. 5. |
| | | "The present invention as set forth in claims 1-16 is directed to a method and **system** for **providing** a **recommendation** of **goods** and/or services to a potential customer, based on the recorded purchase history of previous customers."<br>7/8/99 Resp to Office Action, p. 2. |
| | | "In particular, claim 1 requires the step of storing information pertaining to goods and/or services purchasing history of previous customers."<br>7/8/99 Resp to Office Action, p. 2. |
| | | "Claim 1 is directed to a computer-implemented method for the recommendation of goods and/or *services* to potential customers ... wherein information is stored pertaining to goods/services purchasing history of previous customers."<br>Brief on Appeal, . 6. |
| Comparing said filter data with said stored information and determining whether, for said filter data, corresponding entries exist within the stored information; and | Comparing the identifier with the stored information to determine whether the stored information includes information that corresponds to or is associated with the identifier of the item. | Specification:<br>This input data 21 is transmitted *from the* operator to the processor 23 via a distributed network 22 similar to **the distributed networks described** earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the. database 26 which contains data on previous customer purchasing histo . The |

| | | |
|---|---|---|
| | | **recommendations** are then **transmitted** from **the processor** 23 to the operator<br>as output data 24 via a distributed network as previously described with reference to FIG. I block 2."<br>Col. 4, *IL* Ll. *23-35*<br><br>Prosecution History,<br>Distinguishing the prior art from the claimed invention the applicant stated the prior art had "nothing to do with entering a specified item as filter data for obtaining recommendations of other goods and/or services from a previous customer purchasing history database."<br>Reply Brief 2/20/01, . 3 (emphasis in original). |
| if corresponding entries exist, displaying the identity of other goods and/or services purchased by said previous customers who have purchased the good and/or service used as said filter data. | If the stored information includes information that corresponds to or is associated with the item identifier, then, in response to receiving the user command and regardless of whether the user has rated or purchased the selected item, communicating to the user the identity of other items purchased by previous customers who also purchased the item selected by the user, | Specification:<br>"The present invention allows potential customers to utilize a computer system ... to obtain recommendations of goods or services that may be of interest to them while substantially reducing the degree of customer input required in comparison to prior art systems."<br>Col. 1,11.31-35<br><br>"The goods or services purchased in common by this group of customers are returned as filtered output data and displayed to the user as recommended goods or services."<br>Col. 1,11.64-67<br><br>This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to *block 2* in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 26 which contains data on previous customer purchasing history. The recommendations are then transmitted from the processor 23 to the operator as output data 24 **via** a distributed network as previously **described with** reference to FIG. I block 2."<br>Col. 4,11.23-35<br><br>Prosecution History:<br>"Claim 1 further requires the step of displaying the identi   of other goods<br>  & services if **corresponding** entries exist for filter data specified b a |

<table>
<tr><td></td><td></td><td>customer as a particular good or service."<br><br>7112/44 Resp. to Office Action, p. 5 (emphasis in original).<br><br>"The present invention overcomes the drawbacks of the prior art by <strong>enabling</strong> customers <strong>to</strong> obtain <strong>accurate</strong> recommendations of goods/services of potential interest without requiring the customer to participate in any demographical survey or other process for creating a user profile. According to the invention, goods and/or services recommendations are determined by consulting a customer activity history database in conjunction with a particular item selected by the consumer.<br>Brief on Appeal, p. 3<br><br>"What Payton fails to disclose is that ... the list of recommended videos is provided in response to the specification of a particular video by a subscriber as a filter."<br>Brief on Appeal,  . 12</td></tr>
<tr><td>2. The method of claim 1 wherein said distributed network is the Internet.</td><td>The <strong>method</strong> of claim 1 wherein said distributed network is the Internet.</td><td>Specification<br>"In the preferred embodiment, books are recommended over the Internet<br><br>Col. 2, 11.32-33.</td></tr>
<tr><td>4. The method of claim I wherein <strong>said</strong> distributed network is a Wide Area Network.</td><td>The method of claim 1 wherein said distributed network is a Wide Area Network</td><td>Specification<br>"In the preferred embodiment, books are recommended over the Internet ... although any communication medium could be used including distributed networks such as ... Wide Area Networks...."<br>Col. 2,11.32-36.</td></tr>
<tr><td>6. The method of claim I wherein said goods are books.</td><td>The method of claim I wherein said goods are books.</td><td>Specification<br>"In the preferred embodiment, books are recommended ...."<br>Col. 2,1. 32</td></tr>
</table>

| | | |
|---|---|---|
| 7. A computer-implemented interactive system for assisting a potential customer in purchasing decisions from among a plurality of goods or services, the system comprising: | A system for recommending goods or services ("items") to a user comprising a computer and at least the following elements | Specification: "The present invention allows potential customers to utilize a computer system interfaced with a distributed network to obtain recommendations of goods or services that may be of interest to them..." Col. 1,11.31-34 |
| an operator interface for enabling potential customers to input requests to said computer, including requests for:<br><br>the purchase of goods or services,<br><br>information concerning goods or services,<br><br>recommendations of goods or services based on operator input; | A device (e.g., a computer or other device), for enabling users to transmit requests to the computer, including requests for: (a) the purchase of items, (b) information concerning items; and (c) recommendations of items based on input received from a user of the device. | Specification: "The operator interface 1 may be any computer with a modem, network card or any other device including wireless devices utilized in computer systems to facilitate the transmission of data and may be found in personal computers used in households, business offices or schools." Col. 2,11.44-49<br><br>"A screen display 140 as shown in FIG. 3A provides various hypertext selections for various actions to be performed. As indicated, a user may choose to browse, search, order, retrieve account information, or request help." Col. 3,11. 5-8 |
| a database maintained in said computer, containing information pertaining to goods and/or services purchasing history of previous customers; | A database accessible to the computer. The database stores information that reflects and/or *relates* to the purchase history of previous customers. | Specification: "which contains data on previous customer purchasing history." Col. 4,11. 31-32<br><br>Prosecution History: "[C]laim 1 requires the step of staring information pertaining to goods and/or services purchasing history of previous customers." Rasp. after Final Office Action, p. 2.<br><br>"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential |

means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database;

An information processing system configured to receive from the operator interface a request specifying a selected item and configured to process the request and carry out an algorithm, regardless of whether the user has rated or purchased the selected item, in which: (a) in response to receiving the request, the information processing system compares an identifier of the <u>selected item with the stored information to</u>

customer, based on the recorded purchase history previous customers."
*3/3/99* Resp to Office Action, p. 2.

"the present invention would **provide** a list of other recommended books based on a customer's selection of a particular book, based on the stored purchase history of previous customers who purchased the particular book."
3/3/99 Resp to Office Action, p. 5

"The present invention as set forth in claims 1-16 is directed to a method and system for providing a recommendation of goods and/or services to a potential customer, based on the recorded purchase history of previous customers."
7/8/99 Resp to Office Action, p. 2.

"In particular, claim 1 requires the step of storing information pertaining to goods and/or services purchasing history of previous customers."
7/8199 Resp to Office Action, p. 2.

"Claim 1 is directed to a computer-implemented method for the recommendation of goods and/or services to potential customers ... wherein information is stared pertaining to goods/services purchasing history of previous customers."
Brief on Appeal, v. 6.
"This selection is treated as filter data input to a host computer's data processor. The data processor then compares this input data with customer activity history database to determine if there are any possible goods or services that can be recommended to the user." Col. 1, 11.53-58

| | if those who purchased the selected item have other purchases in common that can be recommended to the user, and (b) if there are such items, then, the information processing system retrieves from the stored information an identifier identifying at least one of such items. | "FIG. 4 illustrates one example of the system structure and data flow. An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1. The processor utilizes database selection rules 25 as explained above in conjunction with the input data 21 to determine the recommendations that will be accessed from the database 2,6 which contains data on previous customer purchasing history." Col. 4, 11.23-32

Prosecution History: "The server consults a database of recorded customer purchases, to determine whether customers who have purchased Clear and Present Danger have also purchased other common book titles" 3/4199 Resp. to Office Action, p. 2

"The present invention as claimed provides a significant advance in the prior art ... by enabling goods and/or service to be recommended to a user simply by having the user select an item as filter data, and use the filter data to filter a passively compiled database of recorded customer purchase history." 8/24/00 Re q. for Reconsideration. 4. Specification: |
| a distributed network for transmitting requests from said operator interface to said computer and for transmitting responsive information from said computer to said operator interface; | A distributed network (e.g., the Internet). | "In the preferred embodiment, books are recommended over the Internet using World Wide Web technology **although** any communication **medium** could be **used** including distributed networks such as Local Area Networks (LANs), Wide Area Networks (WANs), or Electronic Bulletin Board Systems (BBSs)." Col. 2,11.32-37 Specification: |
| whereby goods and/or services identification information corresponding to _goods and/or | Whereby, in response to receiving the user command, information identifying at least one item purchased b | "The recommendations are then transmitted from the |

| | | |
|---|---|---|
| services purchased by previous customers who have purchased the goods and/or services requested by said potential customers are transmitted to said operator interface for use by said potential customers. | previous customers who also purchased the item selected by the user is transmitted to the operator interface. | processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." Col. 4,11. 32-35

"The recommendations are then transmitted to the user via the Internet 2 and displayed on the user interface 1 as shown in FIG. 3E." Col. 4,11.20-22.

Prosecution History; "Information identi    in goods/services purchased by previous customers who have purchased a good/service requested by a potential customer are transmitted to a user interface for use by the potential customer." Brief on Appeal,   . b em hasis in original) |
| 8. The system of claim 7 wherein said distributed network is the Internet. | The system of claim 7 wherein said distributed network is the Internet. | Specification "In the preferred embodiment, books are recommended over the Internet ..." Col. 2, 11.32-33. |
| 10. The system of claim 7 wherein said distributed network is a Wide Area Network. | The system of claim 7 wherein said distributed network is a Wide Area Network. | Specification "In the preferred embodiment, books are recommended over the Internet... although any communication medium could be used including distributed networks such as ... Wide Area Networks ...." Col. 2,11.32-3d. |
| 12. The system of claim 7 wherein said goods are books. | The system of claim 7 **wherein said goods** are **hooks,** | Specification "In the preferred embodiment, books are recommended ,, Col. 2,1. 32 |
| 13. The system of claim **7** wherein said operator interface is a personal computer. | the system of claim 7 wherein said operator interface is a personal computer. | Specification: "The operator interface I may be any computer ..." Col. **2,11.44-45.** |
| 14. The system of claim 7 wherein said operator interface is a workstation. | The system of claim 7 wherein said operator interface is a workstation. | Specification "The operator interface 1 may be **any** computer ..." Col. 2,11.44-45. |

16. A computer program product having a computer readable medium having computer readable code recorded thereon for the recommendation of goods or services in response to user input, comprising:

input means for receiving user commands specifying a particular good or service to be used as filter data;

database storage means for the retention of data concerning goods or services purchase decisions of prior users; and

A product including a medium readable by a computer. The medium has computer readable code stored thereon. The code implements an algorithm for recommending goods or services in response to user input. The product includes but is **not** limited to;

An information processing system configured to receive from a user device a message that initiates an action or operation. The message specifies a particular good or service ("item") selected by the user. The processing system is configured to treat an identifier of the selected item as filter data.

stores                and/or relating **to**, items purchased by previous customers.

"The present invention allows potential customers to utilize a computer system interfaced with a distributed network to obtain recommendations of goods or services that may be of interest to them..."
Col. 1,11.31-34

Specification:
"An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1."
Col. 4,11.24-28

Prosecution History:
Distinguishing the disclosed invention from the prior art, the applicant stated that "Payton fails to disclose a method for recommending goods and/or services to a customer based on the specification by that customer of a particular good and/or service which specified good and/or service is then used as a filter for a purchase history database to identify other goods and/or services purchased by customers who have purchased the specified good and/or service..."
3/23/00 Resp. to Office Action, u. 5.

"The host computer 3 contains information regarding goods or services (such as books) for sale and also contains a customer purchasing history database 4 which stores data describing all purchases of previous customers"
Col. 2,11.58-62

Diction :
The ordinary definition of the verb "to concern" is: relating to, having to do with or regarding

10

| | | |
|---|---|---|
| | | Merriam-Webster Unabridged (unabridged.merriam-webster.com)<br><br>American Heritage Dictionary of the English Language, Fourth **Edition** |
| means for filtering said database storage means using **said** specified particular good or service to obtain recommendations of other goods or services to a user based on said inputted user commands. | An information processing system configured to carry out an algorithm, regardless of whether the user has rated or purchased the selected item, in which: (a) in response to receiving the message, the information processing system compares an identifier of the selected item with the stored information to determine if those who purchased the selected item have other purchases in common that can be recommended to the user, and (b) if there are such items, then, the information processing system retrieves from the stored information an identifier identifying at least one of such items. | Specification:<br>"Utilizing the customer history database 4, the host computer 3 searches all the books purchased by all the customers who have purchased the particular **book** that was selected by the user. Titles which have been purchased in common among the customers are selected as recommendations for the user."<br>Col. 4, 11. 11-16<br><br>Prosecution History:<br>`"The server consults a database of recorded customer purchases, to determine whether customers who have purchased Clear and Present Danger have also purchased other common book titles."<br>313199 Res p. to Office Action,. 2 |

## CERTIFICATE OF SERVICE

T hereby certify that on the 17$^b$ day of January, 2006, the attached **CD'S RESPONSES TO AMAZON'S FIRST SET OF INTERROGATORIES** was served upon the below-named counsel of record at the address and in the manner indicated:

**John** W. Shaw, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17$^\mathbf{h}$ Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

HAND DELIVERY
**VIA FEDERAL EMPRESS**

1AI''

Tiffany Geyer Lydon

## <u>VERIFICATION</u> <u>OF</u> <u>ANSWERS</u>

Andrew J. Hollander being duly sworn on oath, states that he is Senior Counsel for

Cendant Corporation, that he has read the foregoing "CD's Responses to Amazon's First Set of

Interrogatories [1-5]," and that the answers to the interrogatories are true and correct based on

the information available to him.

Subscribed and sworn to before me this $a^{y}$ day of                    2006.

My commission expires:


Notary Public

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CD INTELLECTUAL PROPERTY
HOLDINGS LLC

                                      Civil Action No. 05-414-JJF

                  Plaintiff,

     v.

AMAZON.COM, INC.,

                  Defendant.

## CD'S SUPPLEMENTAL RESPONSES TO
## AMAZON'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, CD Intellectual

Property Holdings LLC ("CD") submits the following supplemental response to Amazon's First Set

of Interrogatories.

## GENERAL OBJECTIONS

The general objections as set forth in the response to Amazon's First Set of Interrogatories

are incorporated herein and shall apply with the same force and effect as if stated herein separately

and in full.

        Subject to and without waiving the foregoing general objections, CD supplements its

answer to Interrogatory No. 3 as follows:

## RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO.3**

Separately, for each claim of the `370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of such date, all documents corroborating such conception, each person with information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and all facts that you contend support any diligence you contend was exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 11211; and for all periods between date of reduction to practice of any claim or invention of `370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed or concealed.

**RESPONSE** TO INTERROGATORY NO.3

CD objects to this interrogatory as containing five separate interrogatories. CD will respond to each interrogatory separately and will consider this interrogatory five separate interrogatories for purposes of the total number of interrogatories propounded.

**RESPONSE** TO INTERROGATORY NO. 3A.

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory to the extent that requesting a "date of invention" calls for a legal conclusion. Subject to the foregoing general and specific objections, and

pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in response to Amazon's first set of document requests.

**SUPPLEMENTAL RESPONSE** TO INTERROGATORY NO. 3A

CD further preliminarily responds that the date of conception for each claim of the `370 patent was no later than June 11, 1996 and the date of reduction to practice for each claim of the `370 patent was no later than March 27, 1997. Discovery is ongoing in this case and CD specifically reserves the right to supplement this response.

**RESPONSE** TO INTERROGATORY **3B**

CD objects to this interrogatory to the extent that the phrase "each person contributing to such conception" calls for a legal conclusion. CD objects to this interrogatory as overbroad and unduly burdensome in that it. calls for "all documents" corroborating such conception. CD can never be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such conception" is vague and ambiguous. CD objects to this interrogatory as overly broad, unduly burdensome, in that CD can never be sure that it knows "each person" with information relating to such conception. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. Subject to the foregoing general and specific objections, CD responds that at this time it contends that the invention claimed in the `370 Patent was conceived by Charles Stack. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Document Request No. 31. CD further

responds that Charles Stack has information on the conception of the invention claimed in the '

370 Patent.

RESPONSE TO INTERROGATORY 3C

CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all

documents" corroborating such reduction to practice. CD cannot be sure that it has all documents.

CD objects to this interrogatory in that the term "each person contributing to such reduction to

practice" is vague and ambiguous. CD objects to this interrogatory to the extent that it seeks

information protected by the attorney-client privilege, attorney work product doctrine or any other

applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or

by the Local Rules of this Court. CD also objects to this interrogatory to the extent it calls for a

legal conclusion. Subject to the foregoing general and specific objections, CD identifies Charles

Stack and Adam Wallace as having contributed to the reduction to practice and having information

regarding the reduction to practice and software development. Pursuant to Fed. R. Civ. P. 33(d),

CD refers Amazon to documents produced in response to Amazon's document requests.

Identifying information for Charles Stack and Adam Wallace can be found on CD's 26(a)(l)

statement.

**RESPONSE** TO INTERROGATORY 3D

CD objects to this interrogatory to the extent that it seeks information protected by the

attorney-client privilege, attorney work product doctrine or any other applicable privilege or

immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules

of this Court. CD objects to this interrogatory as overbroad, unduly burdensome, vague and

ambiguous in that Amazon has not identified prior art conceived after but reduced to practice

prior to the invention disclosed in the '370 Patent. CD objects to this request to the extent that it calls for a legal opinion. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in this matter. CD contends that the first U.S. application disclosing the claimed invention is U.S. application number 08/923, 293 filed September 4, 1997.

**RESPONSE TO INTERROGATORY 3E**

CD objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to the extent this request requires a legal opinion. Subject to the foregoing general and specific objections, CD contends that the invention claimed in the `370 Patent was not abandoned, suppressed or concealed. The invention was publicly disclosed, that is, an embodiment of the invention was put online less than one year after the reduction to practice. See <u>Correge v. Murphy,</u> 705 F.2d 1326 (Fed. Cir. 1983).

ASHBY & GEDDES

(i<sup>w</sup>

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17' Floor P.
O. Box 1150
Wilmington, Delaware 19899 (
302) 654-1888

*Attorneys for Plaintiff CD Intellectual Property
Holdings LLC*

*Of Counsel:*

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: February 17, 2006

166814.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2006, the attached **CD'S**

**SUPPLEMENTAL RESPONSES** TO AMAZON'S FIRST SET OF **INTERROGATORIES**

was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

<u>HAND DELIVERY</u>
<u>VIA FEDERAL EXPRESS</u>

Tiffany Geyer Lydoh

# EXHIBIT D

**F 6 N W V C u & W E S T LLP**

**SILICON** VALLEY **CENTER**

*mm*CALIFORNIA ^ , *n* , { **MOUNTAIN·** VIEW, CA 94041

**TEE** tio.988.8i₃oc I **FAX** 65·0,938.5200 1 W.WW.FENWICK.COM

February 8, 2006

DIRECT DI$^T$.J. (650) 335-7647

VIA E-MAIL

Elizabeth A . Leff, Esq.
RuLbwo!L Fig, 6n\xi & Muu!`cek., P.C.
1425 'K. Street.,      Suite 800·
Wo^hiogton,l}.C. 20005

      Re: (ID_____ tfoldiligtyi, La '

Deal Elizabeth

      This letter **Is** written in response to your letter regarding the purported inadequacies momiainodniUdn "Defendant Arnazon.coni¹s Response to Plaintiff CI) Intellectual Property Holdings LLC`, First Sc! w[Lmbnvguohes" r"/\mu,00com`s bn!envgutory .Rmnonmes    Thbs letter also addresses (he many ioaJcquucics in CD's Responses to Amazoa..com"s First Set of Interrogatories (-Y!aiodU`sInterrogatory Responses"). These Responses correspond to the . '[ i n t Sciuf !o(cnugu\ozkes 0²y!uio\i[[[cuJuxlYuh6abing.Ioc. (~²bin\iA~ulu&rx0gok`ry Requests") and '/\mornu.cV~n`s First Set of Interrogatories to Plaintiff Cendant Publishing, Inc." ("Amu/o(wLcmn Interrogatory· Keuuestn~)respect vc(y.

                                          ' ~ /\o~uu`u.coro'
      s(~eoesJ )bics~0n I~o. \. whichu6jecutb4(the dcbnkiou of "customer recommendation !ₑᵣₐ/ᵣₑ" as"Overbroad, vague and ambiguous. and unduly burdensome" and as " facially" not limited to dctcndant Aniu/oucon/mvvchs~e...," is entirely· appropriate. Your siniple response that aJny-customer reeommendation 'feet ore used by A m a z o n is relevant to this litigation" simply begs **the question as to what o`custome/ reeommendation feature" is., and** which. of the nlan\ fcxtmcsouAnuozou.00rn'svvcbuite Plaintiff accuses of infringing dhcpatentin-suit.

      1muzou.com`s Interrogatory Request No, I compelled you to provide this information. It requested you to identify all Ama7on.com features accused to be infringing and to provide your In iriiigeiiieni Contentions with respect to each ol these features. In response to that lnterioguiory, you only specificaily accused the feature "Customers Who        ..Also Bought" as infringing. Y o u also completely failed to identify *any* Infringement Contentions - even with respect !oUioone idcoti!ieJ feature. It is certainly not for Anitizon.com to guess as 'to what features are accused and the bases for such infringement, which \v ill certainly lead &oaccusation
                                                                                    o
uf⁺Auusying incorrectly. Moreover, the /\n/azou.uouz website is publicly available. There is simply no reason why you cannot identify what additional features arc accused to be infringing

Elizabeth A. Leif Esq.
February 8, 2006 Page
2

and identify the bases for such Infringement Contentions, if there are any. Please do so immediately, or Amazon.com v, ill move to compel such a response.

Amazon.confis General Objection No. 2, which objects to and limits the definition of " Amazon.com" to solely Amazon.com, inc., is a legitimate objection and restriction. Amazon.com is the only defendant in this action. You have provided no basis for your request to expand discovery beyond Amazon.com to A9.com or any other company. Please provide your basis to assert that any company other Amaaon.eom is likely to possess relevant information, Simply providing case Ian that generally finds a party must provide information from sources under its "control" is insufficient to indicate why this is an improper objection and limitation. Moreover, Plointilfis General Objection No. 6 is essentially the same objection.

Amuaon.confs General Objection No. 4 objects to the Plaintiff's Interrogatory Requests to the extent they unreasonably seek "cumulative or duplicative" information or inrhnnation that is obtainable from other sources that are "Inure convenient, less burdensome or less expensive." Amazon.com's General Objection No. 6 similarly objects to the extent the "burden or expense of the discovery sought o w n oiglls its likely benefit " You state that these are "improper objection[s]" yet Plaintiff's Interrogatory Responses contain the essentially the same objections in its General Objections Nos. 3. 6, and 14 Moreover, Federal Rule of Civil Procedure ("Rule") 26(b)(2) makes clear that these arc in fact legitimate and standard objections to unreasonable discovery requests. Please both explain the basis for your position that these are improper objections, and wh$^y$ you put forth objections you believe to be improper.

Amazon.com's General Objection No. 9 objects to the Plaintiffs Interrogatory Requests to the extent that they seek confidential information. as Amazon.eoni would only produce confidential information pursuant to a Protective Order and:or the parties' agreement to follow the terms of Local Rule 26.2, namely thin confidential documents will be kept on an outside counsel's eyes only basis. As a general rule, Amazon.com will produce confidential information subject to the parties' agreement that it will he kept on an outside counsel's eves only basis pursuant to Local Rule 26.2. As I have already indicated, hovv ever. there are highly confidential documents and information. including for example source code, that require protections above and beyond what Local Rule 26.2 provides. We also seek to exclude persons who have access to such highly confidential documents from rendering patent prosecution advice regarding related applications and subject matter. As you know, the parties have not yet been able to agree to the terms for these protections, and Amaaon. com will not provide this information until a Protective Order is in place that adequately protects it.

Amazon.com's General Objection No. 10 objects to the Plaintiff's Interrogatory Requests to the extent they seek the private or personal informauen of its users. This objection currently only applies to information included in documents that are incorporated by reference pursuant to Rule 33(d). A document will not be withheld on this basis if the private or personal information can be adequately redacted or otherwise protected.

Elizabeth A,.Eefh Esq.
February 8, 2006 Page3

Amazon.com's General Objection No. Ii objects to the Plaintiffs tInterrOgntory Requests to the extent that they seek the confidential information Of third parties. This is an entirely proper ( injection, as indicated by Plaintiff's Interrogatory Responses. You state that such information will not be produced by the Plaintiff unless:Me third party agrees to its production or there is an order calling for such information to be produced. We will operate on the same basis with regard to such documents until a separate,. mutual agreement is reached, and the parties are currently negotiating such a provision in the context of a Stipulated Protective Orderunder separate cover.

*You* complain that A tnazon.corn specifically objected to Plaintiffs Interrogatory Request Nos.     2, 3, 13, 15, 16, **FS.** 19 to the extent *they·* seek discovery prior to the issuance *of* the patent or during *time* periods otherwise not related to the claims and defenses of this action. Interrogatppt 3 made no such specific objection. With respect to the other Interrogatory Responses, due to the breadth of the discovery requested. Amazon had to impose some reasonable limitation on discovery. I'or instance. although the patent-in-suit was issued in August, 2004 and relates to specific recommendation methods. Interrogatory 1.9 on the other hand very broadly asked for "each settlement entered into or license obtained or issued ever the past 15 years, for any customer use fixture..." Amazen.com has not even been in existence ror 15 years, and this request is not even arguably restricted to technology at issue in this action. You otherwise indicate in your letter that the relevant time-frame begins with Amazon.com's incorporation and continues -until the present. This, too, is simply overbroad, unreasonable and unduly burdensome. Moreover, lint constitutes relevant time-frame obviously depends upon the inforination sought For instance, damages for patent infringement are strictly limited to the
time after issuance of the patent. Hoover *Group, Inc,      Custom          inc.,* 66     299. 303-04 (Fed. Cie 1995). (ⁿ['Fhe pateOteel mOy of course obtain damages only for acts of infringement after the issuance of the patent"). Interrogatories 13. 15, 16. and 19 relate solely to damage related issues, and therefore, your request for information going back to Arnaᴾen.com'S incorporation is unreasonably overbroad and unduly burdensOme. Please put forth a reasonable time-period lhr cileh Interrogatory Request, and we will consider your request.

You complain that Amazon.com's reliance on Rule 33(d) as a response to Interrogatories requesting the "identity of persons" is not appropriate." Yet, Plaintiff's Interrogatory Responses similarly incorporates Rule 33(d) to Amazon's Interrogatory Requests asking for the same inlbrmatioa. Please indicate your legal authority for your position that Rule 33(d) is inappropriate here. and explain why in .Pltdnti ffis Interrogatory Responses you put forth answers you believe to be improper. Moreover, your complaint is premature until you review the documents incorporated pursuant to Rule 33(d).

You complain that Amazonteom's answer to Interrogatory 15 is inadequate, yet it specifically answers the request. Because Arnazon.coni does not believe that there was any " marketing, promotion and/or advertisement specifically directed to features identified in response to Interrogatory No. 1," it cannot "[i Identity all persons invnived in the marketing,

Elizabeth A. Leff, Esq.
February ᵍ, 2006 ige 4

promotion and/or advertisement of each customer recommendation lea re identified in response
to Interrogatory No.

Plailn ill" s interrogatory Request No. 4 reciecsted Arnazon.corn to "[i]dentify all persons
who participated in responding to these Intel iogatories," YOU state that Amazon,com's objections
to this Interrogator} arc "lueherous." which included privilege objections, particularly as it
pertained to the attorneys and other legal staff who participated          preparing these
interrogatories Please identify' your legal authority that this is an improper objection, and we will
consider our objections. I. he information sought was otheiw Ise objected to as irrelevant (as it
applies to the attorneys and Legal stall) and cumulative (as it applies to Amazon:corn employees).
Please identify your legal authority that these too are improper objections, and we will consider
our objections.

You complain thot Antazon.com's response to Plaintiff's interrogatory Request No. 9 is
incomplete, because as evidenced by CD's responses to Amazon's interrogatories, CD alleges
Arno/on infringes" multiple claims. Of course, Amazoncom did not have the benefit of evaluating
Plmntilrs Interrogatory Responses at the tine it prepared its Interrogatory Responses, as Plaintiff's
Interrogatory Reponscs were seta               more than a week afterward.

Moreover, the only infioanation et en implying dial Amazon.com is alleged to infringe
multiple claims is a claim construction chart attached as Exhibit A to Plaintiff's Interrogatory
Responses If this chart identifies those claims Arnazon.com is alleged to infringe. please fully
respond to Amazon.corn's Interrogatory Requests 1-4 with respect to those claims, which seek a
variety of information that Plm ntil'f wholly failed to supply.

Plaintiff's Interrogatory Response to Amazon.eom Interrogatory Request No. 3. w hick
calls for various infiasnation regarding the conception and the reduction to practice of the
purported inventions claimed in the patent-in-suit, incorporates by reference documents
prod aced in response to ,1niaeon's first set of document requests. The documents produced by
plaintiff fail provide the information requested in this Interrogatory. Moreover, conception is a
mental act, and what purportedly shows or corroborates it. in the documents. is a separate inquiry
that is subject to interpretation: we are entitled to know Plaintiffs exact positions regarding these
issues. I"rcsenius A      (are Holding, Inc. v. 13oxter     Inc, 224 F.R.D. 644, 650 (N.D. Cal.
2004) (motion to compel response to interrogatory seeking dates for conception and reduction to
practice without reference to Rule 33(d) was granted); LI.14XCorp, v. hi-Three, Inc., 2OO U.S.
Dist. LEXIS 13807 (C.D. Cal. 2¹)05)        hrce's motion to compel a further response to this
interrogatory is granted. 1 he information sought in this interrogatory includes, inter alia_ the precise
date of conception of the patent at issue, the date of actual reduction to practice. the date of first
public disclosure. and the date of first offer to sell or sale. These facts are *patently relevant,⁻) In
particular, identify the purported date(s) of and facts surrounding the conception, reduction to
practice, and diligence in reducing to practice the purported invention(s) claimed in the patent-in-
suit. 111 addition, identify each person contributing to such conception, reduction to

Elizabeth A. Leff, Esq.
February 8, 2006 Page
5

practice, and diligence in reducing to practice such inventions, including identifying the
substance of such information each Person has with respect to these issues, as requested.

. Sincerely,

Wendy Bjerknes

cc:     Steven Mick
        Ma:thew FeltOn

23984,¹00403/ L 1171244 H5,2