# EXHIBIT E

**FENWICK & WEST LLP**

S .ICON VALLEY CENTER

801 CALIFORNIA STREET 1 MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 I FAX 650.938.5200 ,WWW.FENWICK.COM

February 15, 2006

.. VLI'JL11'B_ERKNES

EMAIL WEJ33&NH63&5,WK3020I
DIREC" Die (653) 335-7647

**VII E-MAIL**

Elizabeth A. Leff, Esq.
RothsvclI. I igg. Lrnst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington.. D.C. 20005
  *Re: CL) Intellectual' 1'rnl ertt flulclrrrgs, LLC4 v. Amazon eorn, Inc:.*

Dear Elizabeth:

1 received your three relatively lengthy letters of yesterday afternoon, which addressed a variety of issues that cannot possibly be responded to before our meet and confer conference of tomorrow morning. as You request. Moreover, ou continue to ignore most of our ongoing concerns regarding Neintififs' wholesale failures in providing responses to various discovery requests, or you state that Plaintiff improperly intends to ysitlthold compelled information merely because .mazon. eom's responses \\ere due a week prior to Plaintiff's. Your unilateral demand that we respond to all of the issues you raise in all three of your letters in less than two days, while not providing responses to our concerns, is inappropriate.

1. therefore, suggest that at totnorrow 's meet and confer telephone-conference, we limit the discussion to the agreed-to, Tell-covcried and overlapping issues regarding:

1) Stipulated Protective Order;

2) Amazon.com's ohiection to the term "customer recommendation feature"; and

3) Plaintiffs failure to provide its Infringement Contentions and adequately provide information regarding conception and reduction to practice of the purported inventiott(s) claimed in the patent-in-suit in its Interrogatory Responses.

The parties can then fully respond to other outstanding issues, and it necessary, have a meet and confer regarding any remaining disagreements about those issues at an appropriate time.

Sincerely,

Wendy Bjerknes

ec:    Steven Balk: l

# EXHIBIT F

FENWMGK & W E S T LLP

SILICON *VALLEY* CENTER

**801 CALIFORNIA STREET** ∣ **MOUNTAIN** V EW,**CA** 9 4 0 4 1

**TEL** 6 5 0 . 9 8 8 . 8 5 0 0  1  **FAX** 6 5 0 . 9 3 8 . 5 2 0 0  ∣  **WWW** FENWICKCO+

February 2I , 2006

WENDY E ERO;tO,=S

EMAIL WBJERKNES R@FENYrOI< 0011
DIRECT DIAL 1650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figs;, Ernst & Manbeek, P.C.
1425 K Street, N.W.. Suite 800
Washington, D.C. 20005

     *Re:  CD Intellectual Property holdings, LLC v. mcle.nrr.corri, Inc..*

Dear Elizabeth:

     This letter responds to your letter of February 14, 2006 and your colleague's letter of today, February 21, 2006,, which regarded CD's and Amazon.com's Interrogatory Responses. CD's and Amazon.com's Document Responses will be addressed under separate cover.

     Regarding your letter of today, you indicate that you are unable to have a meet and confer after 1 p.m. EST on Thursday, February 23, and so suggested Wednesday, February 22 or before 1 *p.m. EST (i.e. before* 10 a.m. PST) on Thursday, February 23. Unfortunately, I have ailing in another ease on Wednesday. February 22 and have a meeting of uncertain duration on the morning of Thursday, February 23. Given our respective conflicts, 1 suggest we have a meet and confer on Friday, February 24 at I 1 a.m. PST. Please let me know if that day and time work for you.

     Regarding CD's Interrogatory Responses. you failed to respond to most of the issues I have raised. CD made virtually alt of the same objections as Amazon.com. Yet, you failed to indicate what information CD is withholding with respect to each objection, despite your demand for this same information from Amazon.eom. Please provide this information prior to our meet and confer.

     In particular, regarding General Objection No. 8, does CD intend to withhold information based on its objection that discovery is "likely to depend on construction of claim terms of the '370 patent"? If so, please identify what information is being ww°ithheld.

     Re<sup>g</sup>arding CD's Gcneid Objection No. 10, please identify if you are withholding information because it is outside of a "relevant time-period." Please also identify what time limitations CD imposed for each of its Interrogatory Responses, and the basis for **such** time limitations. You assert that the relevant ilame for Amazon.com interrogatory Responses is at least from 1995 to the present. Ifyou assert that the relevant time frame for CD's Interrogatory Responses is different, please indicate why it is different.

     Regarding CD's General Objection No. 11, please identify t-or each of Plaintiffs Interrogatory Responses those you have failed to answer in whole or in part because they "call for a legal conclusion" and your legal basis for not providing this discovery.

Elizabeth A. Leff, Esq,
February 21, 2006 Page
2

Regarding CD's General Objection No. 14, please identify for each of Plaintiffs Interrogatory Responses what information you are withholding because it is "unreasonably cumulative or dupl icons e

Regarding CD's General Objection No. 18, please identify for each of Plaintiffs Interrogatory Responses what information you are withholding because it is unduly burdensome.

Regarding CD's General Objection No. 19, please identify what is "vague and ambiguous" about Amazon.com's Instruction No. 2 and please identify how y ou interpreted this instruction,

Regarding CD's Response to interrogatory No. I, which calls for CD's "Infringement Contentions," a defined term. you state in your February 14. 2006 letter that vou "do not understand what [we] mean by Four] request for CD's Infringement Contentions." Your purported ignorance is bewildering, and you have failed to identify what is confusing to you. In any event, as I explained at our **meet** and conlcri we request a claim chart that identifies, element by element for each asserted claim, how each accused feature infringes that claim according to your construction ( )t'the claim terms (the Court's claim construction should then be used after it issues its claim construction). You have failed to do this even for the single accused feature. Please do so before the parties meet and confer.

You otherwise shin: in that same letter that "[alfter Amazon substantively responds to CD's linen iigatoi y Request No. I (and provides the requested discovery on these features) CD will further respond to Amazon's Inter'ogatory No. 1 CD has reserved its right to supplement its response and fully intends to do :to " Hits u ithhotding of any relevant information that you TIO]A have is improper and cannot be conditioned on what discovery Amazon pros ides. I asked repeatedly in our meet and confer whether CD has provided all information it currently possesses in response to this interrogatory, and you refused to answer that question. Please properly and fully put forth C1)'s infringement contentions.

Your suggestion in your February 14, 2006 letter that Plaintiff has no burden to specifically identify featuies on the Amazon.com website that are accused to infringe the patent in-suit is just wrong. If nothing else, Amazon.com's Interrogatory Request No. I specifically compels you to do so. Yet, you refuse. Instead, sou assert that it is Amazon.com's burden to provide discovery regarding any and all features that you assert in correspondence that may (or may not) infringe Plaintiff's patent. This is not allowed. Plaintiff may not go on a fishing expedition Cot possible claims. Your reliance on Federal Rule of Civil Procedure ("FRCP") 26 is misplaced. IiRCP 26 only allows discovery related to the claims and defenses at issue in a lawsuit. Broad discovery related to the subject matter of the lawsuit is only allowed pursuant to an order of the court and only alter " good cause" for such discovery is established. As explained in previous correspondence. you fail to put forth good cause.

As also noted in previous correspondence, publicly available information conclusively demonstrates that these additional features you identified in correspondence do not infringe. That you are only willing to identify these additional features for which you seek discovery correspondence. as opposed to identifying them in CD's Interrogatory Responses to specifically accuse them of infringement, is telling Mat you seek this discovery because it is purportedly related to the "subject matter" of the patent-in-suit is also telling. Hence, my statement that CD

Elizabeth .A. Leff, *Estl..*
February 21, 2006 Page

does not and cannot specifically accuse these features of infringement is not a miseharacterizahont but an accurate reflection of even your own position.

Moreover, given our refusal to agree to a Stipulated Proteetive Order provision that disallows those who have viewed Amazon com's highly confidential and source code material from rendering patent prosecution advice related to the "subject matter" of the patent-an-suit and to the "business and technical operations" for any comports, let alone affiliated companies, we have good cause to refuse this other wise overbroad and burdensome discovery that. imphcates highb, confidential information that you claim relates to the "subject matter" of the patent-insuit.

CD's Response to Interrogatory No. 3 was recently supplemented only to provide dates for the claimed conception and reduction to practice of the invention. The answer still fails to address any purported diligence in reducing to practice the invention. You have otherwise only identified by name Charles Stack and Adam Wallace as having information responsiye to this request. The interrogatory, however, also specially asks for the "substance of the information" ea-eh person has corroborating its conception, reduction to practice, and any diligenee in reducing the claimed invention to practice. Please provide this information, as required.

Supporting information called for Interrogatory No. 3 is presumably incorporated in your reference to h RCP 33idi, yet there is no identification of what documents **are relied** upon to support the purported dates of conception and reduction to practice or how those documents support the contentions. Please identify which portions of' these documents you contend evidence or corroborate the claimed conception and reduction to practice date. In addition, please Indicate whether the production of documents with respect to these issues is complete.

Also, you fail to indicte whether         intend to rely upon documents produced by Charles Stack and Adam Wallace pursuant to the subpoenas served upon them on these issues. } [you intend to do so, please identify all documents on which you intend to rely and how those documents evidence or corroborate the claimed conception         reduction to practice date.

\omz!event, usooicdin previous conr/pondcn:c.yunrporrrc!iuuccmnFBCP3ᵉ(6)im improper here. Please detail in full the events regarding the conception and reduction to practice *and any* diligence in reducing to practice the any inventions claimed ill the patent-in-suit, as required.

A final issue regarding CD's response to Interrogatory No. 3 is that CD states that an embodiment of the invention was put "online" less than one year after the reduction to practice, yet fails to provide any information regarding this alleged disclosure. Here, you do not even indicate that you will produce documents pursuant I-RCP 33(d). This answer is wholly insufficient. Please provide the full factual basis you have that the claimed invention was not " abandoned, suppressed, eoncealied," as required hy the interrogatory request.

Please indicate if CD's answer to Interrogatory No. 4 is complete. There is no basis to withhold the identity of any person based on any of CD's objections. If you are withholding the identity *or* any person based upon such uᴅ objection, please provide the legal basis for that objection.

Elizabeth *A. Leff, Esq.*
February: I , 2006 Page
4

    limning to Amazon.com's Interrogatory Responses, Amazon.com's objection to the definition of "customer recommendation feature" is entirely appropriate, As I have repeatedly explained, including the explanation provided above, Anlazon.coni will only provide discovery regarding specifically accused features. So far, CD has accused only one Feature of infringement. If CD is unwilling to accuse and identify in any of its discovery responses other features that infringe the patent-in-suit, that alone demonstrates that CD knows that these features do not even arguably infringe. In fact, there is no basis to assert that other features infringe any claim in the patent-in-suit, as can be easily seen from publicly available information. As discussed above, you attempts to otherwise obtain this incredibly burdensome discovery (which could potentially implicate hundreds of thousands. if not more, pages of documents and other significant parts of Amazon.com's extremely confidential source code) is unwarranted.

    Regarding Amazon.com subsidiaries. as we discussed in our meet and confer, the information you provided in your February 14, 2006 letter does not change our position that only Amazon.com will respond to Plaintiffs discovery requests. You have not established that any subsidiary of Amazon.com has any possibly relevant nitornration that would not otherwise exist at Amazon.com. Independent companies that are not part of this lawsuit should not be burdened with your overbroad discovery demands. Moreover, you have not even attempted to establish that A9. com or any other subsidiary is within Amazon.com's control.

    Regarding Amazon.com' s objections that Plaintiff's Interrogatory Requests are cumulative, duplicative and call for information that is equally available to either party, I am not quite sure what you are asking for. In any event. Amazon.com does not intend to produce multiple versions of the same document. Publicly ⁹rsah[able information is a common exarnpie of information that is equally available to both parties.

    Regarding Local Rule 262 and the production of conlidential documents, as I have repeatedly indicated, we will produce documents and information where they are adequately protected on an outside counsels' eyes only basis. We will otherwise seek a protective order to ensure additional protection of those materials that require it. such as source code. The parties are currently negotiating such a protective order, and to the extent the parties cannot agree as to key terms. Amazon.com will move to seek a protective order that includes them. Aniazon.com certainly wishes not to burden the Court swith such a motion and hopes the parties can come to an agreement.

    Regarding General Objection No. 10, you fail to identify what it is that you purportedly do not understand. In any event. as w e otherwise discussed at our meet and confer, if for some reason w c cannot produce a document or provide information because private customer information cannot be adequately redacted or otherwise protected, we will identify it for you.

    Regarding General Objection No, I t, so lonᵍ as CD agrees to do the same. we will agree to identify any information that is being withheld because it is the confidential information of a third party and whether Amazon (or its representative) has contacted the third party to gain approval for production.

    Regarding relevant time frames. Amazun,ccm will provide prior art dated prior to the filing of the patent-in-suit. For versions of accused features that were or are on the website subsequent to the issuance of the patent. Amazon.com will provide development documents that

Elizabeth A. Leff, Esq.
February 21. 2006
Page .5

may predate the patent issue date. With regard to all other relevant documents and information, **in** particular those documents and information related to damages, Amazon.com will provide information after the patent issued to the present.

As noted above, you ignored my inquiry regarding CD's objection that the requests were not limited to a relevant timeframe. Please indicate the information CD is withholding pursuant to this objection, and indicate the timefranmes you applied for each of Plaintiffs Interrogatory Responses and your basis for doing so.

Regarding Rule 33(di responses to interrogatories requesting the identification of individuals, none of the authorit) ' you cite states this impermissible. You complain that specific Bates ranges were not provided, however. there is not a specific Bates range provided in any of CD's Interrogatory Responses incorporating Rule 33(d). Please explain why you put forth Interrogatory Responses you assert are improper. If CD agrees to put forth Bates ranges, Amazon.com will do the same once its production is complete. Both parties have not yet completed their productions, and therefore, such identification is premature.

Regarding Amazon.com s response to Interrogatory No. 9, Amazon.com will supplement its response when CD finally provides its infringement contentions. It is, of course, at best difficult, if not impossible, to fully put forward non-infringement contentions when Plaintiff has utterly Bailed to put forward any infringement contentions. Yet, Ama/on.com tried to do so.

We did not "refuse to answer' Interrogatory 15, Our answer, as repeatedly explained to you in correspondence, is complete as of this time.

Interrogatory 17 seeks the "date of conception, reduction to practice, and date of first public use" and the "identity° and role of all persons involved in the conception, reduction to practice•, and Jute of first public use" of Amazon.cont's "customer recommendation features.¨ Such concepts seek discovery regarding a patent-in-suit - hut Amazon.com is not asserting a patent in this lawsuit. explain how this vcry specific patent related discovery is relevant to Plaintiffs infringement claim, which is based solely on its *own* patent, Interrogatory 18 similarly improperly seeks discovery related to an Amazon.com patent. In any event. Amazon.com may supplement its responses to these interrogatories when Plaintiff fully responds to Amazon.com's interrogatory requests.

Sincerely,

Wendy Rierknes

cc:    Steven Balick
       C. Nichole Gifford

EXHIBIT G



**F E N W I c K & W E S T LLP**

SILICON VALLEY **CENTER**

**801 CALIFORNIA STREET ı MOUNTAIN** VIEW, **CA** 9 4 0 4 1

**TEL** 6 5 0 . 9 8 8 . 8 5 0 0  ı **FAX** 6 5 0 . 9 3 8 . 5 2 0 0  ı  **WWW.FENWICK.COM**

February 24, 2006

WEND Y BJERKNES                                                                            EM    ..E.ERi(Nr    I.MA.JCK.CCOM
                                                                                                               ■ rEC1DIAL (c5O:, 335-7847

**VIA E-MAIL**

Elizabeth A. **Len'**. :ELI.
Rothtiwell, Figt. l²rnst & Manbeck, P.C.
1425 K Street. *N\\.. Suite 800*
Washington, U. ('. 20005

        *Re: ('`D lie ºl/ectual Property Holdings, .L LC v..1 r, o:off . Cora, Inc.*

Dear Elizabeth:

        Regarding a meet and confer for Monda\, I am. **available** ttt 12 0 p.nt., PST.. Please **be** prepared to address **the** 101lowind issues at the meet and confer:

        Insufficient responses **to** the subpoenas served on Pothwell, **Figg and Vincent DeLuca (** ▷ February 14, 2006 letter);

        Plaint ills insufficient. interrogatory Responses and **Document Responses and improper** objections (aeo February 8, ᴾ, and 21 letters); aid
        Withdrawal of the improper 30(b)(6) Deposition *Notice* (see February 2I letter).


        1. have not received any response to these letters. Awhile your February 14, 2006 letter purportedly addressed my February 9, 2006 letter regarding CD's Document Responses.you tailed to address any of the concerns I raised in that letter other than to merely state that you **will** provide relevant time period restrictions once .Arnuzon.coni does. I provided such date restrictions in my February 21, 2006 letter to **you** but have not receiᵛed any mention of what time period restriction CU has or will apply. Please address tell of the concerns addressed in all **of** ᴹ ı letters to **you,**

                                Sincerely:

                                Wendy Bjerknes

cc:    Steven Balick
       C,. Nichole Gi1¹k)rd

# EXHIBIT H

**FENWICK & WEST LLP**

SILICON VALLEY *CENTER*
801 **CALIFORNIA STREET**, MOUNTAIN **VIEW, CA** *94041*
TEL. 650.988.8500 I FAX 650.938.5200 I www.FENWICK.COM

February 28, 2006

WENDY BJERKNES

EMS  S r  .I ER h~dES@r ENWICK.CO
S r  DIAL (650) 335-7647

**VIA** il-I'v1AIL

*C.* Nichol. *(iiflord.* Esq.
R o t h  \\ell. I it,_p, I rest&,'vlanbeck, P.C.
 425 K Street, .LW., Suite 800
W'ashirteten. D.C. 20005

<i>Ke : <u>CD buellectual  Propert Holdings, T.L.C.... v, A m a <sup>e</sup> o ?</u>  <sup>c</sup>  oot, Tnc.</i>

Dear Nichols:

This letter cont'rnns your agreement that no person who h a s  reviewed n~azon.corrz's  lighly Confidential Outside Counsels' Eyes lnformation will directly or indirectly provide any patent prosecution ad\ice, as put forth in various pro'v isions in the Stipulated Proteetie Order. ˣ ly letter is not intending to have you agree to anything not expressly put forward in the Stipulated Protective Order, which I am attaching to the same email as this letter. Please confirm in writinᵍ that you agree to all terms put forward ₁₁ₜ the Stipulated Protective Order relating to " **highly Confidential — Outside Counsels' Eves**" material by the end of **tomorrow.**

In **our meet and confer of yesterday. you indicated you** \\ould ɢᴇᴛ **back to me** by the end of the day today regarding:

Whether you will withdraw your 30(bX6) Notice of I )eposition; and

The identification of E r i c  B o c k, a person you seek to have access to Arnaron t o m 's confidential material. You first put forward his name on February 14, 2006, yet you have failed to identifʸ by position and eclntpany=.(ies) he works for, despite my repeated **requests for this** information. I hawk:. asked and you have previously promised this information, and I do not understand the delay.

**The close of your business day has almost concluded, and you still have not provided this** information. Please do        by the cad of the day, as promised.

At the meet and confer. 1 indicated I would pet back to you on the following issues:

Regarding the **Stipulated** Protective Order. I offered to propose alternative language for provisions regarding that agreement for additional printing of source code and to have more than **two** experts examine **the** source. code not he -unreasonably withheld." I suggest the following language: Should the producing party refuse to agree to [the printing of additional source code] or an additional e.xpert's ability to review the source code], the receiving party may move the Court to determine 'l'the need for the request exceeds and is reasonable in light of the increased security

SILICON VALLEY * SAN FRANCISCO

c. **Nicole** ₍ᵢ ᵣ ᵢ₎ lhrd, **Esq.**
February 25, 2006
Page 2

As I explained in our meet and confer and in previous correspondence, our compromises regarding source code provisions in the Stipulated Protective Order were made so that the Court would not be burdened with motion practice. If you nevertheless insist on bringing such a motion,. this purpose is defeated. Thus. should you move, we will in turn seek the Court to adopt our initial proposal regarding source code provisions as put forth in our initial draft, which was modeled directly on the default standard for the protections of source code that I have already provided to you. Please let **me** know if this will be necessary.

Regarding relevant time periods lhr discovery responses, as I **indicated on the phone and** in previous correspondence, what is relevant depends on the information being sought. I have thus tar provided the main categories of issues covered in a patent infringement lawsuit, prior art, development of the implementation of the features accused of infringement, and dama·es, and the relevant time periods with respect to each of the categories. You otherwise asked about documents related to Stack. 1.3ooks.com, and Bookstacks.con-a. I asked why these are relevant to plaintiff's patent infringement lawsuit, and you Would not respond. Please explain why these documents are relevant. The only other category of information or documents requested that do. not otherwise fall into these cate·ories ask *for* information that relate to the various entities that have served as Phi nti ii iii this lawsuit. Please explain 'vhy documents **prior** to the issuance of the patent that relate to the various Plaintiffs are relevant. I see no other category of information requested not covered by these categories. I' there is a category that you believe does not fit within any these, please let me know.

Regarding your email of yesterday about our meet and comer. what you describe is precisely how I would describe your own behavior, I asked you repeatedly to lower your voice. to impro we your tone and sarcasm, and implored you that these meet and confer need not be unpleasant tai my colleague can confirm). In any event, your attempt in your email message to justify hanging up the phone once the *iIrree-horn•-loose* meet and confer finally turned **to** addressing CD's. insufficient *responses and* unjustified **objections -- after I.** had answered all of your questions regarding Amazon.com*s responses and* objections -- just exposes your tactic 'here. After hanging up the phone, I called Elizabeth Leff hack immediately, and she did not nrlsu cr the phone. I asked **her** to call me back, and she did not.

The most prominent example of your evasiveness_ abler first refusing'to answer questions regarding CD's speci lie objections. 15 minutes or so passed while you were presumably discussing ( you muted the phone) the then pendin· question: whether you would provide additional factual information supporting the purported conception, reduction to practice and diligence iii reduction to practice. as since you are asserting a priority date prior to the filing of the patent-in-suit, this information must be ₚovided. You demanded this to take this time, not me, by stoning "hold ₒ ₙ.· You then got hack on the phone after that long delay, said you would not. answer my question, aril hung ᵤ ₚ phone. I did not oven have the opportunity to address the other issues we had with respect to this same. interrogatory response, let alone other issues.

Regarding *your* proposal *for* an additional meet and confer, as 1 understood your position. **until you hung up the phone, 'you will rely. on your positions you put forward in your letter dated**

C. Nicole Gifford, Esq.
February 28,2806 Page-
3

February 27, 2000-and in pɾeѵiᴏᴜꜱ correspondence. Youꞏ refused to address 'CD's specific objections. You refused to answer questions regarding whether..your answers were con          asꞏ of this time. lo(hcrvvise answered the lucsuousyouuskcdimth4t!c<br. if those answers do not change your position, there is nothing !c|\ to discuss.

If you are willing to compromise with lespuct to any position put fot\\ ard in your letter, let me know. and we will discuss it. Ipropoꭓ 13 a.m. on Friday. Le1iue know by tomorrow if such a meet and confer will be useful. Otherwise, I will rely on ) our positions as stated.

Sincerely,

Wendy Bjerknes

Steven Baliek
Elizabeth Leff

/x~ w4031I.n11 245479 1

# EXHIBIT I



### FENWICK & WEST LLP

SILICON VALLEY CENTER
801 CALIFORNIA STREET I MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 I FAX 650.938.5200 ~ WWW.FENWICK.COM

March 8, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335 7647

**VIA** E-MAIL

C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: _CD Intellectual Property Holdings, LLC v. Amazon.com, Inc._

Dear Nichole:

This letter responds to your February 27, 2006 and March 2, 2006 letters. Your mischaracterization of our meet and confer is nothing short of shocking. I again implore you to improve your tone in these discussions. I refuse to engage in this, and I therefore will just address the real issues at hand below.

Your letter addresses Stipulated Protective Order issues, which I believe are now moot as the parties have agreed to follow the Stipulated Protective Order that was submitted to the Court.

Regarding relevant time frames, we seem to agree that the relevant time frame depends on the issue at hand. An arbitrary date that relates to all issues as you otherwise propose, therefore, does not make sense. Moreover, the time frame you propose is greatly overbroad. The patent-in-suit issued in 2004 and yet you call for a broad search of documents going back to 1995. You have not justified such broad discovery. To the extent any general relevant time frame applies, the time period that extends from the time the patent issued to the present addresses the relevant time period is the appropriate one. There are issues that call for documents prior to that time frame, however. The most obvious ones are documents and issues related to invalidity and unenforceability of the patent-in-suit, hence documents related to prior art, the prosecution history of the patents, etc. will be and have been produced. We will also produce documents relating to the development of features specifically accused of infringement.

At the meet and confer, you otherwise identified that you seek documents related to Charles Stack, Books.com and Bookstacks.com prior to the date the patent issued. I asked you why Amazon should have to search for such documents dated prior to the issuance of the patent, that is, why they would be relevant. You gave me no such reason. I asked you again in my letter on February 28, 2006. In your March 2, 2006 response letter, you again provided no such reason. I ask again. Perhaps more detail would help explain why this is an issue. For example, Books.com is a domain name that was acquired by Barnesandnoble.com. Therefore, a document

C. Nicole Gifford, Esq.
March 8, 2006 Page 2

request that asks for all documents that relate to Books.com calls for all sorts of irrelevant
documents. This request, therefore, needs to be tailored, which is why I ask you to explain more
specifically about what time period you are seeking, what scope you are seeking, and your basis
for doing so. Simply asserting that all such documents are relevant is incorrect and not
productive. I note that in document requests that Amazon put forth seeking similar documents,
CD objected that "not all documents relating to Book Stacks Unlimited, Books.com or
Bookstacks.com are relevant to this litigation or reasonably likely to lead to the discovery of
admissible evidence" and communications Charles Stack has "may have nothing whatsoever to
do with the '370 patent" and are therefore "not relevant." *See e.g.,* CD's Reponses to Document
Requests Nos. 29 (a request for which you refused to provide any documents) and 63. We agree,
and therefore will produce documents and information that concern the patent-in-suit, even if
they are dated prior to the issuance of the patent-in-suit, if the information is not otherwise
objectionable, for instance, it is privileged. This scope of what is relevant comports with your
own assertion of what is relevant to this lawsuit.

In my February 28, 2006 letter, I otherwise indicated that in my review of the first set of
document and interrogatory requests, the only other category of documents or information that
could possibly have a relevant time period prior to the issuance of the patent-in-suit are
documents related to the various plaintiffs in the lawsuit. Is there a reason that such documents
or information created prior to the issuance of the patent-in-suit would be relevant? If yes, please
explain.

Finally, I asked you in that same letter to otherwise identify any other categories of
information for which you seek documents or information prior to the issuance of the patent-in-
suit. You did not do so. I am happy to consider any other such categories you identify, but since
you have not identified any, I can only assume that you agree that there are none.

We have made a reasonable attempt to have CD agree that it must provide all information it
has regarding and supporting its infringement contentions and the asserted dates of conception,
reduction to practice, and diligence in reducing to practice, as called for by Arnazon.com's
Interrogatory Request Nos. 1 and 3. CD's consistent position is that it will not do so, or that it will
only supplement after Amazon.com does and with no specificity as to what information will be
provided. This is unacceptable.

Because CD is the Plaintiff and can certainly at least identify CD's contentions that
provided the basis for its filing patent infringement lawsuit, there is no excuse for failing to
provide or explain CD's complete basis for its allegation of infringement, as requested in
Interrogatory No. 1. CD's refusal to do so effectively shifts the burden to Amazon.com to guess
as to the basis of infringement and to correspondingly provide its non-infringement contentions.

Regarding CD's asserted dates of conception and reduction to practice, and diligence in
reducing to practice prior to the filing date of the patent-in-suit, before CD may rely on any such

C. Nicole Gifford, Esq.
March 8, 2006 Page 3

date, it is obligated to produce all supporting factual information, as called for by Request No. 3 and is otherwise required by case law. *See e.g. Cooper v. Goldfarb,* 154 F.3d 1321, 1330 (Fed. Cir. 1998) (holding that inventor's date of reduction to practice requires independent corroboration) and *Price v. Symsek,* 988 F.2d 1187 (Fed. Cir. 1993) ("conception by an inventor, for the purpose of establishing priority, cannot be proved by his mere allegation" and must be corroborated); *In re Jolley,* 308 F.3d 1317, 1328 (Fed. Cir. 2002) ("corroboration is required to support an inventor's testimony regarding his reasonable diligence in pursuit of the invention"). *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.,* 224 F.R.D. 644, 650 (N.D. Cal. 2004) ( motion to compel response to interrogatory seeking information regarding conception and reduction to practice without reference to Rule 33(d) was granted). This also requires to you to fully provide information in the response you labeled 3E. CD stated that the invention was not abandoned, suppressed or concealed and that there was a public disclosure of the invention, yet not even a 33(d) response is provided for corroboration of such bald assertions. You have cited no case that supports your position that you need not provide this information called for by the interrogatory request.

These same cases also provide the basis for why we are entitled to the information requested in Interrogatory No. 5, which seeks information related to embodiments of each asserted claim of the patent-in-suit, including that related to the "Affinity" service, which is the system specifically identified in the patent-in-suit. Such information related to embodiments of the inventions claimed in the patent-in-suit is also clearly related to damages. Moreover, a Rule 33(d) response is an inadequate response to either of these interrogatory requests. *Goodrich Corp v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 25158, *10 (C.D. Cal. Oct. 12, 2005) ("In determining the relative burdens to the parties, the court must balance the costs of research, the nature of the business records, and the familiarity of the interrogated party with its own documents.") We suggest one last meet and confer on this issue on Friday, March 10, 2006 at 11:30 am PST. Please let me know if this date and time work for you.

Regarding CD's Document Responses, at the last meet and confer, I attempted to go through each of CD's specific objections to determine on what basis CD is withholding documents. You refused to do this. Short of going through each of CD's specific objections to determine the basis for CD's refusal to produce document responsive to these requests and to resolve any issues that CD may have, I am at a loss as to how to do this. Please be prepared to discuss CD's specific objections at the meet and confer mentioned above. Notably, CD has refused to indicate that it will produce any documents in response to requests Nos. 13, 14, 15, 17, 23, 24, 25, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 43, 44, and 60. Unless CD agrees to produce documents, we must discuss each of the specific objections stated therein, since CD refuses to produce any documents based upon them.

A number of specific objections in CD's Responses to Documents Requests state that the requests fail "to state with particularity the document being sought" or ask Amazon.com to " clarify the documents it is requesting" or make a similar statement. These objections do not

C. Nicole Gifford, Esq.
March 8, 2006 Page 4

support CD's wholesale refusal to produce relevant documents. It also is not a proper objection to the requests at issue, as they do sufficiently identify the documents sought. *See e.g.,* 14, *15,* 17, 23, 24, 25, 27, 29, 30, 32, 37, 38, 43, 44, and 60. If you require further clarification, please identify what information you need at the meet and confer.

A number of specific objections state that requests calling for documents regarding "related patents/applications" are not relevant to this lawsuit. *See e.g.,* Request Nos. 13, 24, 27, 28, 29, 35, 36, 37 and 44. Documents relating to patent applications, including pending and abandoned applications, are relevant because they may shed light on proper claim interpretation of the patent-in-suit. *Microsoft Corp. v. Multi-Tech Sys., Inc.,* 357 F.3d 1340, 1349-50 (Fed. Cir. 2004); *Tristrata Tech., Inc. v. Neoteric Cosmetics,* 35 F.Supp.2d 370, 372 (D. Del. 1998). Therefore, please produce such documents. Moreover, this objection does not support CD's wholesale refusal to produce documents otherwise called for by the request.

Other responses state that requests calling for documents related to "embodiments" of the inventions claimed in patent-in-suit are not relevant to this litigation. *See e.g.,* Request No. 13, 33, 38. As discussed above, documents regarding embodiments or implementations of the inventions claimed in the patent-in-suit are relevant to priority date issues as well as can be related to damage issues. Your other objections do not provide a sufficient basis for your refusal to indicate that you will produce responsive documents.

Your objections in response to Request No. 14 are not comprehensible. In any event, the request calls for documents related to the disclosure of the invention. These documents are relevant to several issues. Disclosure of the invention prior to the filing of a patent application can render the patent invalid. 2 CHISUM ON PATENTS § 5.03[3][f] ("the inventor's own work disclosed in the form of a patent, printed publication, or public use with a date more than one year before the application for a patent on the invention becomes prior art as to the invention"). This is also relevant to issues of corroboration on the purported dates of conception, reduction to practice, and diligence in reducing to practice, as discussed above. Please indicate that you will produce these highly relevant documents.

I do not understand your objections in response to Request Nos. 15 and 17. The requests call for documents relating to any "use" of the claimed invention, whether authorized or not. None of your objections justify a complete refusal to produce documents.

Request No. 23 calls for documents related to any license or offers to license the patent-in-suit – a relevant and proper request. That there was a typographical error in the request does not justify your refusal to respond.

Request No. 25 calls for documents that constitute or are related to prior art – a relevant and proper request. None of your objections justify your wholesale refusal to respond.

C. Nicole Gifford, Esq.
March 8, 2006 Page 5

Request Nos. 29 and 30 call for communications the inventor had about the subject matter of the patent-in-suit, its related patents/applications or Book Stacks Unlimited, Amazon, or Cendant, this litigation or the claims and/or defenses therein. None of your objections excuse your complete refusal to produce documents responsive to this request. That you many find part of the request irrelevant does not excuse your refusal to provide relevant documents. Moreover, as explained above, the documents requested are relevant.

Request No. 32 calls for "All documents relating to, or corroborating, diligence in reducing to practice of each claimed invention of the '370 Patent." Your objection that Amazon must show that there is "a critical period for determining any diligence in reducing to practice" before CD will produce such documents is incorrect. If for no other reason, these documents are relevant because CD is asserting that it is entitled to a priority date prior to the filing of the patent. As discussed above, to do that, CD must show and corroborate diligence in reducing that invention to practice, unless it does not intend to rely on any diligence in establishing an earlier priority date. If you do not intend to so rely, please confirm in writing. Otherwise, produce the documents responsive to this request.

Please be prepared to discuss these issues at the meet and confer.

We also request a meet and confer on the various subpoenas that were served by Amazon. com on the various individuals and entity you represent (Mr. Stack, Mr. Wallace, Mr. DeLuca, and Rothwell, Figg) at the same time as that mentioned above. Please see my letters to dated February 14, 2006, February 24, 2006 and March 8, 2006 (sent under separate cover) at the same time.

Regarding your February 27, 2006 letter, as I explained in the meet and confer, I did not specifically respond to your February 14, 2006 letter regarding Amazon.com's Document Responses because the issues CD raised with respect to them were already addressed in conjunction with my correspondence regarding Amazon.com's Interrogatory Responses. You agreed as much in our meet and confer. I am confirming this discussion in writing.

Sincerely,

Wendy Bjerknes

cc:    Steven Balick
       Elizabeth Leff

23984/00403/LIT/1245984.1

# EXHIBIT J

 ROTHWELL, FIGG, ERNST & MANBECK, Pc

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone   202-783-6040
Facsimile    202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray Carla
C. Calcagno Jeffrey L.
Ihnen Glenn **E.** Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh  Z.  Callander
C.  Nichole  Gifford
Patrick   T.   Skacel
Monica   C.   Kitts
Brian   A.   Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu R.
Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores Joseph
**E.** Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

'Not Admitted in D.C.

March 9, 2006

***Via E-Mail***

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

> Re:  ***CD Intellectual Property Holdings LLC v. Amazon.com, Inc.***
> Our File No.: 3339-101

Dear Wendy:

I have received your two most recent letters regarding discovery issues. Although your letters are dated March 8th, they were sent to my office after the close of business on Wednesday, so I did not receive them until this morning.

Your request for a meet and confer tomorrow, one day after we received the letters is unreasonable and does not provide us with a sufficient amount of time to respond to the issues discussed therein. I am out of the office tomorrow, so I will get back to you with a proposed time for a meet and confer early next week after we have had a sufficient amount of time to review your letters and respond in writing to the issues discussed therein.

Very truly yours,

C. Nichole Gifford

CNG: erh

cc:     Steven Balick, Esq.

# EXHIBIT K



**FENWICK & WEST LLP**

**SILICON VALLEY CENTER**

**801 CALIFORNIA STREET I MOUNTAIN VIEW, CA 94041**

**TEL 650.988.8500 I FAX 650.938.5200 I WWW.FENWICK.COM**

March 10, 2006

WENDY BJERKNES                                                                  EMAIL WBJERKNES@FENWICK.COM
                                                                                              DIRECT DIAL (650) 335-7647

**VIA** E-MAIL

C. Nichole Gifford, Esq.
Elizabeth Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.00m, Inc.*

Dear Nichole and Elizabeth:

I received your letter indicating that you would not be available for a meet and confer today. We propose having the meet and confer on Monday, March 13 at 2 p.m. EST. Please let me know if that works for your schedule.

In any event, we must have a meet and confer no later than Tuesday, March 12, 2006 at 5 p.m. EST, so that we can file Motions to Compel by March 15, 2006, if necessary. Amazon.com has raised the various insufficiencies in Plaintiffs Interrogatory and Document Responses in various meet and confers and in various correspondence for quite a while, so while this meet and confer is a final attempt to avoid motion practice, the parties have already discussed these issues at length. Regarding the subpoenas served on Mr. Stack and Mr. Wallace as well as on Rothwell, Figg and Mr. DeLuca, I have sent various correspondence regarding them (*see* my February 14, 2006, February 24, 2006 (two separate letters) and March 8, 2006 letters), as well as offered to have a meet and confer regarding them more than once, which you rejected (*see* your letters of February 27, 2006 and March 9, 2006).

Please let me know when you are available.

Sincerely,

Wendy Bjerknes

cc:     Steven Balick

23984/00403/LIT/1246084,1

---

**SILICON VALLEY · SAN FRANCISCO**

# EXHIBIT L



**ROTHWELL, FIGG, ERNST & MANBECK,** P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone      202-783-6040
Facsimile 202-783-6031 www.
rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George  R.  Repper
Steven     Lieberman
Joseph    A.    Hynds
Elizabeth    A.    Leff
Richard      Wydeven
Martin   M.   Zoltick
Minaksi Bhatt
Sharon   L.   Davis
Robert   B.   Murray
Carla  C.  Calcagno
Jeffrey L.Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh  Z.  Callander
C.  Nichole  Gifford
Patrick  T.  Skaeel
Monica  C.  Kitts
Brian  A.  Tollefson
Joo Mee Kim'
Steven M. Giovannetti
Hyunkwoon Ryu R.
Elizabeth Brenner Adam
M. Treiber Daniel L.
Shores Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

'Nor Admitted in D.C.

March 13, 2006

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

      Re:    *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
           <u>Our File No.: 3339-101</u>_____

Dear Wendy:

      We are not available for a meet and confer at 2 pm EST today (Monday) as you proposed in the letter you sent after 8pm EST on Friday night. We are currently working on responses to the letters we received from you on Thursday March 9th, which you should receive later today.

      If, after reviewing our responses, you still wish to have a meet and confer, we will be available tomorrow.

                            Very truly yours,

                            C. Nichole Gifford

CNG:erh

cc:    Steven Balick, Esq.

Bjerknes.L44