IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | C.A. No. 05-00414 (JJF) |

## AMAZON.COM, INC.'s OPPOSITION TO MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY ANSWERS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
Monté T. Squire (I.D. # 4764)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Defendant*
*AMAZON.COM, INC.*

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

Dated: March 22, 2006

I.  **INTRODUCTION**

Plaintiff, CD Intellectual Property Holdings, LLC ("CD"), moved to compel supplemental answers to 10 interrogatories, yet only specifically addresses four interrogatories in its Motion to Compel. And even in this discussion, CD fails to identify why it is entitled to or requires the discovery sought. Moreover, Amazon.com either has no additional information to provide (Interrogatory No. 15), the information sought is privileged (Interrogatory No. 4), or the Interrogatory requests seek unduly burdensome and irrelevant discovery going back almost a decade regarding implementation of features that cannot possibly be accused of infringement. (Interrogatory Nos. 17 and 18). CD otherwise complains that Amazon.com's Rule 33(d) Response for Interrogatory Nos. 1, 2, 13, 15, 16, and 19 is inadequate. Yet, Interrogatory 15 does not have a Rule 33(d) response. CD never before complained about Amazon.com's Rule 33(d) responses for Interrogatories 13 and 19. And CD cites no case for its position that Amazon.com's other Rule 33(d) responses are inadequate. CD also did not limit in the meet and confer process its clearly overbroad requests. Regarding Interrogatory No. 9, CD fails to discuss its basis for or the scope of its Motion to Compel at all. Hence, CD's Motion to Compel is entirely without merit.

II.  **ARGUMENT**

A.  **Amazon.com's Response to Interrogatory No. 15 Is Complete**

Interrogatory No. 15 asks Amazon.com to "[i]dentify all persons involved in the marketing, promotion and/or advertisement of each customer recommendation features identified in response to Interrogatory No. 1 and for each person identified, describe their involvement or duties with respect to each feature." Amazon.com informed CD that it does not "market, promote and/or advertise" any feature accused of infringement in this lawsuit (at most what is properly sought by Interrogatory No. 1). Declaration of Wendy Bjerknes ("Bjerknes Decl."), Ex. A at 3-4 & Ex. B at 5; *see discussion in* Amazon.com's Motions for a Protective Order (Docket Nos. 53 and 65) and its Opposition to the Motion to Compel (Docket No. 52). Thus, there is no information to compel. Amazon.com can neither identify people that do not exist nor describe "their involvement or duties with respect to each feature." CD's attempt to rewrite its Interrogatory is of no avail. Plaintiff's motion is an academic exercise that is wasteful of both the Court's and Amazon.com's resources that should be denied.

1

**B.      Interrogatory Nos. 17 and 18 Seek Burdensome and Irrelevant Discovery**

Plaintiff's motion regarding Interrogatory Nos. 17 and 18 fares no better. Interrogatory 17 seeks "the date of conception, reduction to practice, and date of first public use" for each "customer recommendation feature" and to provide the "identity and role of all persons involved" in these activities. As a preliminary matter, this interrogatory also incorporates CD's extraordinarily overbroad and burdensome "customer recommendation feature" term. CD seeks through this term irrelevant discovery regarding an unbounded list of Amazon.com's features including those that cannot possibly be accused of patent infringement. Since only *one* feature has been accused, discovery should be limited to it. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003) ("Ocean Atlantic has made no attempt to limit the scope of discovery to the activities relating to the alleged [copyright] infringement....[and its motion to compel] will, of course, be denied.").

In addition, the concepts of conception, reduction to practice and first public use are distinctly patent related concepts used to learn if a Plaintiff is entitled to an earlier priority date for a patent-in-suit. Importantly, Amazon.com has moved to compel this information from Plaintiff for this very reason. (Docket No. 64). But, Amazon.com is the defendant in this action. It is not asserting a patent in this case. CD has put forward no reason why it is entitled to this information from Amazon.com. It certainly does not aid its infringement claim, which is limited to activities after the patent-in-suit issued in 2004. CD knows this. Interrogatory No. 18 seeks the date that Amazon.com first implemented the "Customers Who Bought This Book Also Bought" feature (the only Amazon.com feature that has been accused of infringement), how the feature was implemented, and the identity of all individuals involved in the implementation, including a description of their involvement. As the request itself acknowledges, this request seeks information approximately a *decade* old – yet the patent-in-suit issued in 2004. Moreover, the implementation of this feature ten years ago is not the same as it is now. Therefore, discovery related to implementations going back this far are irrelevant to CD's infringement claim, and certainly is unduly burdensome. Amazon.com has indicated that it will provide the developmental history of this feature to the extent it is related to implementations that existed after 2004 (the year the patent issued), as this is all that is possibly relevant to Plaintiff's patent infringement claim. Bjerknes Decl., Exs. B & D-F. Because

Plaintiff fails to explain why it is entitled to or needs broader discovery, this Motion should be denied.

C. **Interrogatory No. 4 Seeks Privileged Information**

Interrogatory No. 4 requested Amazon.com to "identify all persons who participated in responding to these interrogatories." Amazon.com objected to this request as calling for irrelevant and privileged, work product information, particularly as it relates to the attorneys and other legal staff involved in preparing Amazon.com's responses, and cumulative of other Interrogatories, as it applies to Amazon.com employees. Bjerknes Decl., Ex. A at 4. Amazon.com also asked for CD's authority for requesting such information over these objections. *Id.* CD cites *Scripps Clinic v. Baxter Travenol Labs, Inc.*, 1988 U.S. Dist. LEXIS 7495 (D. Del. 1988) as the basis for this request. This case states that an interrogatory asking for the names of those who were "consulted" to answer interrogatories was proper, but there were no privilege objections raised. The interrogatory at issue here is also very different. Identifying those who "participated" in answering interrogatories is much broader than asking for those persons who were "consulted." For instance, a legal secretary "participates" in preparing responses, though such a person was not "consulted" for that purpose. Because counsel for CD argues that "[i]t is standard practice" to not log or produce information created after the start of the litigation – and is improperly trying to escape discovery related to a continuation patent application on this basis – this Interrogatory, which clearly circumvents this, should not be honored. Bjerknes Decl., Exs. G at 2 & H at 2. At most, this request must be limited to identifying the names of non-legal staff at Amazon.com who provided the factual information given in the responses. Amazon.com agrees to identify that information.

D. **CD's Motion Regarding the Remaining Six Interrogatories Must Be Denied**

Because CD admits that it fails to substantively address Amazon.com's responses to the remaining six interrogatories in its Motion to Compel, the Motion must be denied. *Scripps Clinic*, 1988 U.S. Dist. LEXIS 7495 at *6 ("Because the parties did not address these issues in their briefs, however, the Court is without sufficient knowledge to rule on the propriety of the interrogatories. Consequently, the Court will deny Baxter's motion...."); Motion to Compel at n. 1. CD simply complains that Amazon.com's Rule 33(d) responses for Interrogatories 1, 2, 13, 15, 16 and 19 are inadequate. But Amazon.com did not provide a Rule 33(d) response to Interrogatory 15. CD *never* complained before this

3

Motion that Rule 33(d) responses for Interrogatories 13 and 19 were inadequate. *See e.g.* Bjerknes Decl., Exs. I at 3 & J at 2. Regarding Interrogatories 1, 2, and 16, Amazon.com indicated that it would provide bates number ranges for its Rule 33(d) responses once its production was complete if CD would do the same. *Id.*, Ex. B at 5. CD did not respond to this proposal. Moreover, since these requests seek the identity of persons, Amazon.com sought agreement as to the scope of identification required. Identifying "all" or "each" person involved in broad ranging business activities for an unlimited period of time are clearly overbroad and burdensome requests, especially for a company of Amazon.com's size. *See* Interrogatory Nos. 1, 2, 16. Rather than put forward such agreement, CD filed its Motion. This, combined with CD's utter lack of case support, should also prevent the Court from granting this Motion.

CD fails to address at all its basis for and scope of its Motion to Compel with respect to Interrogatory 9. This Interrogatory asks for Amazon.com's element-by-element non-infringement contentions for features that have not even been accused of infringement. Moreover, it is nearly impossible to provide non-infringement contentions without the benefit of Plaintiff's infringement contentions, yet Amazon.com attempted to do this. Bjerknes Decl. (Compare Ex. K (Amazon.com's Response to Interrogatory 9) with Ex. L (CD's Response to Interrogatory 1). Amazon.com reserved its right and agreed to supplement its response once CD provided its infringement contentions, which CD has not yet done. *Id.*, Exs. B, C, K & M. CD's Motion to Compel, therefore, is simply unfair and without merit. CD should not be rewarded for racing to the Court and avoiding its discovery obligations, especially when it is the Plaintiff in this action.

### III. CONCLUSION

For the foregoing reasons, the Court should deny the motion to compel in its entirety.

Dated: March 22, 2006

Respectfully submitted,

By: _____
Monté T. Squire (I.D. # 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
*Attorney for Defendant AMAZON.COM, INC.*

4

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on March 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esq.
>ASHBY & GEDDES
>222 Delaware Ave.
>P.O. Box 1150
>Wilmington, DE 19899
>sbalick@ashby-geddes.com

I further certify that on March 22, 2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Steve Lieberman, Esq.
>ROTHWELL, FIGG, ERNST & MANBECK, PC
>1425 K Street, NW, Suite 800
>Washington, D.C. 20005
>slieberman@rfem.com

>YOUNG CONAWAY STARGATT &
>TAYLOR, LLP
>_/s/_____
>John W. Shaw (ID# 3362)
>Karen E. Keller (ID# 4489)
>Monté T. Squire (ID# 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>Telephone: (302) 571-6600
>msquire@ycst.com

>Attorneys for Defendant

DB01:1629996.1