# Exhibit A

# FENWICK & WEST LLP

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 8, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Fig, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

This letter is written in response to your letter regarding the purported inadequacies contained within "Defendant Amazon.com's Response to Plaintiff CD Intellectual Property Holdings LLC's First Set of Interrogatories" ("Amazon.com's Interrogatory Reponses"). This letter also addresses the many inadequacies in CD's Responses to Amazon.com's First Set of Interrogatories ("Plaintiff's Interrogatory Responses"). These Responses correspond to the "First Set of Interrogatories of Plaintiff Cendant Publishing, Inc." ("Plaintiff's Interrogatory Requests") and "Amazon.com's First Set of Interrogatories to Plaintiff Cendant Publishing, Inc." ("Amazon.com Interrogatory Requests") respectively.

Amazon.com's General Objection No. 1, which objects that the definition of "customer recommendation feature" as "overbroad, vague and ambiguous, and unduly burdensome" and as "facially not limited to defendant Amazon.com's website...," is entirely appropriate. Your simple response that "[a]ny customer recommendation feature used by Amazon is relevant to this litigation" simply begs the question as to what a "customer recommendation feature" is, and which of the many features on Amazon.com's website Plaintiff accuses of infringing the patent-in-suit.

Amazon.com's Interrogatory Request No. 1 compelled you to provide this information. It requested you to identify all Amazon.com features accused to be infringing and to provide your Infringement Contentions with respect to each of these features. In response to that Interrogatory, you only specifically accused the feature "Customers Who Bought…Also Bought" as infringing. You also completely failed to identify *any* Infringement Contentions – even with respect to this one identified feature. It is certainly not for Amazon.com to guess as to what features are accused and the bases for such infringement, which will certainly lead to accusations of guessing incorrectly. Moreover, the Amazon.com website is publicly available. There is simply no reason why you cannot identify what additional features are accused to be infringing

Elizabeth A. Leff, Esq.
February 8, 2006
Page 2

and identify the bases for such Infringement Contentions, if there are any. Please do so immediately, or Amazon.com will move to compel such a response.

     Amazon.com's General Objection No. 2, which objects to and limits the definition of "Amazon.com" to solely Amazon.com, Inc., is a legitimate objection and restriction. Amazon.com is the only defendant in this action. You have provided no basis for your request to expand discovery beyond Amazon.com to A9.com or any other company. Please provide your basis to assert that any company other Amazon.com is likely to possess relevant information. Simply providing case law that generally finds a party must provide information from sources under its "control" is insufficient to indicate why this is an improper objection and limitation. Moreover, Plaintiff's General Objection No. 6 is essentially the same objection.

     Amazon.com's General Objection No. 4 objects to the Plaintiff's Interrogatory Requests to the extent they unreasonably seek "cumulative or duplicative" information or information that is obtainable from other sources that are "more convenient, less burdensome or less expensive." Amazon.com's General Objection No. 6 similarly objects to the extent the "burden or expense of the discovery sought outweighs its likely benefit." You state that these are "improper objection[s]" yet Plaintiff's Interrogatory Responses contain the essentially the same objections in its General Objections Nos. 3, 6, and 14. Moreover, Federal Rule of Civil Procedure ("Rule") 26(b)(2) makes clear that these are in fact legitimate and standard objections to unreasonable discovery requests. Please both explain the basis for your position that these are improper objections, and why you put forth objections you believe to be improper.

     Amazon.com's General Objection No. 9 objects to the Plaintiff's Interrogatory Requests to the extent that they seek confidential information, as Amazon.com would only produce confidential information pursuant to a Protective Order and/or the parties' agreement to follow the terms of Local Rule 26.2, namely that confidential documents will be kept on an outside counsel's eyes only basis. As a general rule, Amazon.com will produce confidential information subject to the parties' agreement that it will be kept on an outside counsel's eyes only basis pursuant to Local Rule 26.2. As I have already indicated, however, there are highly confidential documents and information, including for example source code, that require protections above and beyond what Local Rule 26.2 provides. We also seek to exclude persons who have access to such highly confidential documents from rendering patent prosecution advice regarding related applications and subject matter. As you know, the parties have not yet been able to agree to the terms for these protections, and Amazon.com will not provide this information until a Protective Order is in place that adequately protects it.

     Amazon.com's General Objection No. 10 objects to the Plaintiff's Interrogatory Requests to the extent they seek the private or personal information of its users. This objection currently only applies to information included in documents that are incorporated by reference pursuant to Rule 33(d). A document will not be withheld on this basis if the private or personal information can be adequately redacted or otherwise protected.

Elizabeth A. Leff, Esq.
February 8, 2006
Page 3


Amazon.com's General Objection No. 11 objects to the Plaintiff's Interrogatory Requests to the extent that they seek the confidential information of third parties. This is an entirely proper objection, as indicated by Plaintiff's Interrogatory Responses. You state that such information will not be produced by the Plaintiff unless the third party agrees to its production or there is an order calling for such information to be produced. We will operate on the same basis with regard to such documents until a separate, mutual agreement is reached, and the parties are currently negotiating such a provision in the context of a Stipulated Protective Order under separate cover.

You complain that Amazon.com specifically objected to Plaintiff's Interrogatory Request Nos. 1, 2, 3, 13, 15, 16, 18, 19 to the extent they seek discovery prior to the issuance of the patent or during time periods otherwise not related to the claims and defenses of this action. Interrogatory 3 made no such specific objection. With respect to the other Interrogatory Responses, due to the breadth of the discovery requested, Amazon had to impose some reasonable limitation on discovery. For instance, although the patent-in-suit was issued in August, 2004 and relates to specific recommendation methods, Interrogatory 19 on the other hand very broadly asked for "each settlement entered into or license obtained or issued over the past 15 years, for any customer use feature..." Amazon.com has not even been in existence for 15 years, and this request is not even arguably restricted to technology at issue in this action. You otherwise indicate in your letter that the relevant time-frame begins with Amazon.com's incorporation and continues until the present. This, too, is simply overbroad, unreasonable and unduly burdensome. Moreover, what constitutes a relevant time-frame obviously depends upon the information sought. For instance, damages for patent infringement are strictly limited to the time after issuance of the patent. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 303-04 (Fed. Cir. 1995). ("[The patentee] may of course obtain damages only for acts of infringement after the issuance of the patent"). Interrogatories 13, 15, 16, and 19 relate solely to damage related issues, and therefore, your request for information going back to Amazon.com's incorporation is unreasonably overbroad and unduly burdensome. Please put forth a reasonable time-period for each Interrogatory Request, and we will consider your request.

You complain that Amazon.com's reliance on Rule 33(d) as a response to Interrogatories requesting the "identity of persons" is "not appropriate." Yet, Plaintiff's Interrogatory Responses similarly incorporates Rule 33(d) to Amazon.com's Interrogatory Requests asking for the same information. Please indicate your legal authority for your position that Rule 33(d) is inappropriate here, and explain why in Plaintiff's Interrogatory Responses you put forth answers you believe to be improper. Moreover, your complaint is premature until you review the documents incorporated pursuant to Rule 33(d).

You complain that Amazon.com's answer to Interrogatory 15 is inadequate, yet it specifically answers the request. Because Amazon.com does not believe that there was any "marketing, promotion and/or advertisement specifically directed to features identified in response to Interrogatory No. 1," it cannot "[i]dentify all persons involved in the marketing,

Elizabeth A. Leff, Esq.
February 8, 2006
Page 4

promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1...."

Plaintiff's Interrogatory Request No. 4 requested Amazon.com to "[i]dentify all persons who participated in responding to these interrogatories." You state that Amazon.com's objections to this Interrogatory are "ludicrous," which included privilege objections, particularly as it pertained to the attorneys and other legal staff who participated in preparing these interrogatories. Please identify your legal authority that this is an improper objection, and we will consider our objections. The information sought was otherwise objected to as irrelevant (as it applies to the attorneys and legal staff) and cumulative (as it applies to Amazon.com employees). Please identify your legal authority that these too are improper objections, and we will consider our objections.

You complain that Amazon.com's response to Plaintiff's Interrogatory Request No. 9 is incomplete, because "as evidenced by CD's responses to Amazon's interrogatories, CD alleges Amazon infringes" multiple claims. Of course, Amazon.com did not have the benefit of evaluating Plaintiff's Interrogatory Responses at the time it prepared its Interrogatory Responses, as Plaintiff's Interrogatory Reponses were served more than a week afterward.

Moreover, the only information even implying that Amazon.com is alleged to infringe multiple claims is a claim construction chart attached as Exhibit A to Plaintiff's Interrogatory Responses. If this chart identifies those claims Amazon.com is alleged to infringe, please fully respond to Amazon.com's Interrogatory Requests 1-4 with respect to those claims, which seek a variety of information that Plaintiff wholly failed to supply.

Plaintiff's Interrogatory Response to Amazon.com Interrogatory Request No. 3, which calls for various information regarding the conception and the reduction to practice of the purported inventions claimed in the patent-in-suit, incorporates by reference documents produced in response to Amazon's first set of document requests. The documents produced by plaintiff fail provide the information requested in this Interrogatory. Moreover, conception is a mental act, and what purportedly shows or corroborates it in the documents, is a separate inquiry that is subject to interpretation; we are entitled to know Plaintiff's exact positions regarding these issues. *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (motion to compel response to interrogatory seeking dates for conception and reduction to practice without reference to Rule 33(d) was granted); *IMAX Corp. v. In-Three, Inc.*, 2005 U.S. Dist. LEXIS 13807 (C.D. Cal. 2005) ("In-Three's motion to compel a further response to this interrogatory is granted. The information sought in this interrogatory includes, inter alia, the precise date of conception of the patent at issue, the date of actual reduction to practice, the date of first public disclosure, and the date of first offer to sell or sale. These facts are 'patently relevant.'") In particular, identify the purported date(s) of and facts surrounding the conception, reduction to practice, and diligence in reducing to practice the purported invention(s) claimed in the patent-in-suit. In addition, identify each person contributing to such conception, reduction to

Elizabeth A. Leff, Esq.
February 8, 2006
Page 5

practice, and diligence in reducing to practice such inventions, including identifying the substance of such information each person has with respect to these issues, as requested.

Sincerely,

Wendy Bjerknes

cc: Steven Balick
Matthew Felton

23984/00403/LIT/1244115.2