# Exhibit B

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

February 21, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

## VIA E-MAIL

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Elizabeth:

This letter responds to your letter of February 14, 2006 and your colleague's letter of today, February 21, 2006, which regarded CD's and Amazon.com's Interrogatory Responses. CD's and Amazon.com's Document Responses will be addressed under separate cover.

Regarding your letter of today, you indicate that you are unable to have a meet and confer after 1 p.m. EST on Thursday, February 23, and so suggested Wednesday, February 22 or before 1 p.m. EST (*i.e.* before 10 a.m. PST) on Thursday, February 23. Unfortunately, I have a filing in another case on Wednesday, February 22 and have a meeting of uncertain duration on the morning of Thursday, February 23. Given our respective conflicts, I suggest we have a meet and confer on Friday, February 24 at 11 a.m. PST. Please let me know if that day and time work for you.

Regarding CD's Interrogatory Responses, you failed to respond to most of the issues I have raised. CD made virtually all of the same objections as Amazon.com. Yet, you failed to indicate what information CD is withholding with respect to each objection, despite your demand for this same information from Amazon.com. Please provide this information prior to our meet and confer.

In particular, regarding General Objection No. 8, does CD intend to withhold information based on its objection that discovery is "likely to depend on construction of claim terms of the '370 patent"? If so, please identify what information is being withheld.

Regarding CD's General Objection No. 10, please identify if you are withholding information because it is outside of a "relevant time-period." Please also identify what time limitations CD imposed for each of its Interrogatory Responses, and the basis for such time limitations. You assert that the relevant time frame for Amazon.com Interrogatory Responses is at least from 1995 to the present. If you assert that the relevant time frame for CD's Interrogatory Responses is different, please indicate why it is different.

Regarding CD's General Objection No. 11, please identify for each of Plaintiff's Interrogatory Responses those you have failed to answer in whole or in part because they "call for a legal conclusion" and your legal basis for not providing this discovery.

Elizabeth A. Leff, Esq.
February 21, 2006
Page 2

Regarding CD's General Objection No. 14, please identify for each of Plaintiff's Interrogatory Responses what information you are withholding because it is "unreasonably cumulative or duplicative."

Regarding CD's General Objection No. 18, please identify for each of Plaintiff's Interrogatory Responses what information you are withholding because it is unduly burdensome.

Regarding CD's General Objection No. 19, please identify what is "vague and ambiguous" about Amazon.com's Instruction No. 2 and please identify how you interpreted this instruction.

Regarding CD's Response to Interrogatory No. 1, which calls for CD's "Infringement Contentions," a defined term, you state in your February 14, 2006 letter that you "do not understand what [we] mean by [our] request for CD's 'Infringement Contentions." Your purported ignorance is bewildering, and you have failed to identify what is confusing to you. In any event, as I explained at our meet and confer, we request a claim chart that identifies, element by element for each asserted claim, how each accused feature infringes that claim according to your construction of the claim terms (the Court's claim construction should then be used after it issues its claim construction). You have failed to do this even for the single accused feature. Please do so before the parties meet and confer.

You otherwise state in that same letter that "[a]fter Amazon substantively responds to CD's Interrogatory Request No. 1 (and provides the requested discovery on these features) CD will further respond to Amazon's Interrogatory No. 1. CD has reserved its right to supplement its response and fully intends to do so." This withholding of any relevant information that you now have is improper and cannot be conditioned on what discovery Amazon provides. I asked repeatedly in our meet and confer whether CD has provided all information it currently possesses in response to this interrogatory, and you refused to answer that question. Please properly and fully put forth CD's infringement contentions.

Your suggestion in your February 14, 2006 letter that Plaintiff has no burden to specifically identify features on the Amazon.com website that are accused to infringe the patent-in-suit is just wrong. If nothing else, Amazon.com's Interrogatory Request No. 1 specifically compels you to do so. Yet, you refuse. Instead, you assert that it is Amazon.com's burden to provide discovery regarding any and all features that you assert in correspondence that may (or may not) infringe Plaintiff's patent. This is not allowed. Plaintiff may not go on a fishing expedition for possible claims. Your reliance on Federal Rule of Civil Procedure ("FRCP") 26 is misplaced. FRCP 26 only allows discovery related to the claims and defenses at issue in a lawsuit. Broad discovery related to the subject matter of the lawsuit is only allowed pursuant to an order of the court and only after "good cause" for such discovery is established. As explained in previous correspondence, you fail to put forth good cause.

As also noted in previous correspondence, publicly available information conclusively demonstrates that these additional features you identified in correspondence do not infringe. That you are only willing to identify these additional features for which you seek discovery in correspondence, as opposed to identifying them in CD's Interrogatory Responses to specifically accuse them of infringement, is telling. That you seek this discovery because it is purportedly related to the "subject matter" of the patent-in-suit is also telling. Hence, my statement that CD

Elizabeth A. Leff, Esq.
February 21, 2006
Page 3

does not and cannot specifically accuse these features of infringement is not a mischaracterization, but an accurate reflection of even your own position.

Moreover, given your refusal to agree to a Stipulated Protective Order provision that disallows those who have viewed Amazon.com's highly confidential and source code material from rendering patent prosecution advice related to the "subject matter" of the patent-in-suit and to the "business and technical operations" for any company, let alone affiliated companies, we have good cause to refuse this otherwise overbroad and burdensome discovery that implicates highly confidential information that you claim relates to the "subject matter" of the patent-in-suit.

CD's Response to Interrogatory No. 3 was recently supplemented only to provide dates for the claimed conception and reduction to practice of the invention. The answer still fails to address any purported diligence in reducing to practice the invention. You have otherwise only identified by name Charles Stack and Adam Wallace as having information responsive to this request. The interrogatory, however, also specially asks for the "substance of the information" each person has corroborating its conception, reduction to practice, and any diligence in reducing the claimed invention to practice. Please provide this information, as required.

Supporting information called for Interrogatory No. 3 is presumably incorporated in your reference to FRCP 33(d), yet there is no identification of what documents are relied upon to support the purported dates of conception and reduction to practice or how those documents support the contentions. Please identify which portions of these documents you contend evidence or corroborate the claimed conception and reduction to practice date. In addition, please indicate whether the production of documents with respect to these issues is complete.

Also, you fail to indicate whether you intend to rely upon documents produced by Charles Stack and Adam Wallace pursuant to the subpoenas served upon them on these issues. If you intend to do so, please identify all documents on which you intend to rely and how those documents evidence or corroborate the claimed conception and reduction to practice date.

In any event, as noted in previous correspondence, your pure reliance on FRCP 33(d) is improper here. Please detail in full the events regarding the conception and reduction to practice and any diligence in reducing to practice the any inventions claimed in the patent-in-suit, as required.

A final issue regarding CD's response to Interrogatory No. 3 is that CD states that an embodiment of the invention was put "online" less than one year after the reduction to practice, yet fails to provide any information regarding this alleged disclosure. Here, you do not even indicate that you will produce documents pursuant FRCP 33(d). This answer is wholly insufficient. Please provide the full factual basis you have that the claimed invention was not "abandoned, suppressed, concealed," as required by the interrogatory request.

Please indicate if CD's answer to Interrogatory No. 4 is complete. There is no basis to withhold the identity of any person based on any of CD's objections. If you are withholding the identity of any person based upon such an objection, please provide the legal basis for that objection.

Elizabeth A. Leff, Esq.
February 21, 2006
Page 4

Turning to Amazon.com's Interrogatory Responses, Amazon.com's objection to the definition of "customer recommendation feature" is entirely appropriate. As I have repeatedly explained, including the explanation provided above, Amazon.com will only provide discovery regarding specifically accused features. So far, CD has accused only one feature of infringement. If CD is unwilling to accuse and identify in any of its discovery responses other features that infringe the patent-in-suit, that alone demonstrates that CD knows that these features do not even arguably infringe. In fact, there is no basis to assert that other features infringe any claim in the patent-in-suit, as can be easily seen from publicly available information. As discussed above, you attempts to otherwise obtain this incredibly burdensome discovery (which could potentially implicate hundreds of thousands, if not more, pages of documents and other significant parts of Amazon.com's extremely confidential source code) is unwarranted.

Regarding Amazon.com subsidiaries, as we discussed in our meet and confer, the information you provided in your February 14, 2006 letter does not change our position that only Amazon.com will respond to Plaintiff's discovery requests. You have not established that any subsidiary of Amazon.com has any possibly relevant information that would not otherwise exist at Amazon.com. Independent companies that are not part of this lawsuit should not be burdened with your overbroad discovery demands. Moreover, you have not even attempted to establish that A9.com or any other subsidiary is within Amazon.com's control.

Regarding Amazon.com's objections that Plaintiff's Interrogatory Requests are cumulative, duplicative and call for information that is equally available to either party, I am not quite sure what you are asking for. In any event, Amazon.com does not intend to produce multiple versions of the same document. Publicly available information is a common example of information that is equally available to both parties.

Regarding Local Rule 26.2 and the production of confidential documents, as I have repeatedly indicated, we will produce documents and information where they are adequately protected on an outside counsels' eyes only basis. We will otherwise seek a protective order to ensure additional protection of those materials that require it, such as source code. The parties are currently negotiating such a protective order, and to the extent the parties cannot agree as to key terms, Amazon.com will move to seek a protective order that includes them. Amazon.com certainly wishes not to burden the Court with such a motion and hopes the parties can come to an agreement.

Regarding General Objection No. 10, you fail to identify what it is that you purportedly do not understand. In any event, as we otherwise discussed at our meet and confer, if for some reason we cannot produce a document or provide information because private customer information cannot be adequately redacted or otherwise protected, we will identify it for you.

Regarding General Objection No. 11, so long as CD agrees to do the same, we will agree to identify any information that is being withheld because it is the confidential information of a third party and whether Amazon (or its representative) has contacted the third party to gain approval for production.

Regarding relevant time frames, Amazon.com will provide prior art dated prior to the filing of the patent-in-suit. For versions of accused features that were or are on the website subsequent to the issuance of the patent, Amazon.com will provide development documents that

Elizabeth A. Leff, Esq.
February 21, 2006
Page 5

may predate the patent issue date. With regard to all other relevant documents and information, in particular those documents and information related to damages, Amazon.com will provide information after the patent issued to the present.

As noted above, you ignored my inquiry regarding CD's objection that the requests were not limited to a relevant timeframe. Please indicate the information CD is withholding pursuant to this objection, and indicate the timeframes you applied for each of Plaintiff's Interrogatory Responses and your basis for doing so.

Regarding Rule 33(d) responses to interrogatories requesting the identification of individuals, none of the authority you cite states this impermissible. You complain that specific Bates ranges were not provided, however, there is not a specific Bates range provided in any of CD's Interrogatory Responses incorporating Rule 33(d). Please explain why you put forth Interrogatory Responses you assert are improper. If CD agrees to put forth Bates ranges, Amazon.com will do the same once its production is complete. Both parties have not yet completed their productions, and therefore, such identification is premature.

Regarding Amazon.com's response to Interrogatory No. 9, Amazon.com will supplement its response when CD finally provides its infringement contentions. It is, of course, at best difficult, if not impossible, to fully put forward non-infringement contentions when Plaintiff has utterly failed to put forward any infringement contentions. Yet, Amazon.com tried to do so.

We did not "refuse to answer" Interrogatory 15. Our answer, as repeatedly explained to you in correspondence, is complete as of this time.

Interrogatory 17 seeks the "date of conception, reduction to practice, and date of first public use" and the "identity and role of all persons involved in the conception, reduction to practice, and date of first public use" of Amazon.com's "customer recommendation features." Such concepts seek discovery regarding a patent-in-suit – but Amazon.com is not asserting a patent in this lawsuit. Explain how this very specific patent related discovery is relevant to Plaintiff's infringement claim, which is based solely on its *own* patent. Interrogatory 18 similarly improperly seeks discovery related to an Amazon.com patent. In any event, Amazon.com may supplement its responses to these interrogatories when Plaintiff fully responds to Amazon.com's interrogatory requests.

Sincerely,

Wendy Bjerknes

cc:   Steven Balick
      C. Nichole Gifford