# Exhibit E

**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

March 8, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

 Re: <u>CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.</u>

Dear Nichole:

 This letter responds to your February 27, 2006 and March 2, 2006 letters. Your mischaracterization of our meet and confer is nothing short of shocking. I again implore you to improve your tone in these discussions. I refuse to engage in this, and I therefore will just address the real issues at hand below.

 Your letter addresses Stipulated Protective Order issues, which I believe are now moot as the parties have agreed to follow the Stipulated Protective Order that was submitted to the Court.

 Regarding relevant time frames, we seem to agree that the relevant time frame depends on the issue at hand. An arbitrary date that relates to all issues as you otherwise propose, therefore, does not make sense. Moreover, the time frame you propose is greatly overbroad. The patent-in-suit issued in 2004 and yet you call for a broad search of documents going back to 1995. You have not justified such broad discovery. To the extent any general relevant time frame applies, the time period that extends from the time the patent issued to the present addresses the relevant time period is the appropriate one. There are issues that call for documents prior to that time frame, however. The most obvious ones are documents and issues related to invalidity and unenforceability of the patent-in-suit, hence documents related to prior art, the prosecution history of the patents, etc. will be and have been produced. We will also produce documents relating to the development of features specifically accused of infringement.

 At the meet and confer, you otherwise identified that you seek documents related to Charles Stack, Books.com and Bookstacks.com prior to the date the patent issued. I asked you why Amazon should have to search for such documents dated prior to the issuance of the patent, that is, why they would be relevant. You gave me no such reason. I asked you again in my letter on February 28, 2006. In your March 2, 2006 response letter, you again provided no such reason. I ask again. Perhaps more detail would help explain why this is an issue. For example, Books.com is a domain name that was acquired by Barnesandnoble.com. Therefore, a document

C. Nicole Gifford, Esq.
March 8, 2006
Page 2

request that asks for all documents that relate to Books.com calls for all sorts of irrelevant documents. This request, therefore, needs to be tailored, which is why I ask you to explain more specifically about what time period you are seeking, what scope you are seeking, and your basis for doing so. Simply asserting that all such documents are relevant is incorrect and not productive. I note that in document requests that Amazon put forth seeking similar documents, CD objected that "not all documents relating to Book Stacks Unlimited, Books.com or Bookstacks.com are relevant to this litigation or reasonably likely to lead to the discovery of admissible evidence" and communications Charles Stack has "may have nothing whatsoever to do with the '370 patent" and are therefore "not relevant." *See e.g.*, CD's Reponses to Document Requests Nos. 29 (a request for which you refused to provide any documents) and 63. We agree, and therefore will produce documents and information that concern the patent-in-suit, even if they are dated prior to the issuance of the patent-in-suit, if the information is not otherwise objectionable, for instance, it is privileged. This scope of what is relevant comports with your own assertion of what is relevant to this lawsuit.

In my February 28, 2006 letter, I otherwise indicated that in my review of the first set of document and interrogatory requests, the only other category of documents or information that could possibly have a relevant time period prior to the issuance of the patent-in-suit are documents related to the various plaintiffs in the lawsuit. Is there a reason that such documents or information created prior to the issuance of the patent-in-suit would be relevant? If yes, please explain.

Finally, I asked you in that same letter to otherwise identify any other categories of information for which you seek documents or information prior to the issuance of the patent-in-suit. You did not do so. I am happy to consider any other such categories you identify, but since you have not identified any, I can only assume that you agree that there are none.

We have made a reasonable attempt to have CD agree that it must provide all information it has regarding and supporting its infringement contentions and the asserted dates of conception, reduction to practice, and diligence in reducing to practice, as called for by Amazon.com's Interrogatory Request Nos. 1 and 3. CD's consistent position is that it will not do so, or that it will only supplement after Amazon.com does and with no specificity as to what information will be provided. This is unacceptable.

Because CD is the Plaintiff and can certainly at least identify CD's contentions that provided the basis for its filing patent infringement lawsuit, there is no excuse for failing to provide or explain CD's complete basis for its allegation of infringement, as requested in Interrogatory No. 1. CD's refusal to do so effectively shifts the burden to Amazon.com to guess as to the basis of infringement and to correspondingly provide its non-infringement contentions.

Regarding CD's asserted dates of conception and reduction to practice, and diligence in reducing to practice prior to the filing date of the patent-in-suit, before CD may rely on any such

C. Nicole Gifford, Esq.
March 8, 2006
Page 3

date, it is obligated to produce all supporting factual information, as called for by Request No. 3 and is otherwise required by case law. *See e.g. Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998) (holding that inventor's date of reduction to practice requires independent corroboration) and *Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993) ("conception by an inventor, for the purpose of establishing priority, cannot be proved by his mere allegation" and must be corroborated); *In re Jolley*, 308 F.3d 1317, 1328 (Fed. Cir. 2002) ("corroboration is required to support an inventor's testimony regarding his reasonable diligence in pursuit of the invention"). *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650 (N.D. Cal. 2004) (motion to compel response to interrogatory seeking information regarding conception and reduction to practice without reference to Rule 33(d) was granted). This also requires to you to fully provide information in the response you labeled 3E. CD stated that the invention was not abandoned, suppressed or concealed and that there was a public disclosure of the invention, yet not even a 33(d) response is provided for corroboration of such bald assertions. You have cited no case that supports your position that you need not provide this information called for by the interrogatory request.

These same cases also provide the basis for why we are entitled to the information requested in Interrogatory No. 5, which seeks information related to embodiments of each asserted claim of the patent-in-suit, including that related to the "Affinity" service, which is the system specifically identified in the patent-in-suit. Such information related to embodiments of the inventions claimed in the patent-in-suit is also clearly related to damages. Moreover, a Rule 33(d) response is an inadequate response to either of these interrogatory requests. *Goodrich Corp v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 25158, *10 (C.D. Cal. Oct. 12, 2005) ("In determining the relative burdens to the parties, the court must balance the costs of research, the nature of the business records, and the familiarity of the interrogated party with its own documents.") We suggest one last meet and confer on this issue on Friday, March 10, 2006 at 11:30 am PST. Please let me know if this date and time work for you.

Regarding CD's Document Responses, at the last meet and confer, I attempted to go through each of CD's specific objections to determine on what basis CD is withholding documents. You refused to do this. Short of going through each of CD's specific objections to determine the basis for CD's refusal to produce document responsive to these requests and to resolve any issues that CD may have, I am at a loss as to how to do this. Please be prepared to discuss CD's specific objections at the meet and confer mentioned above. Notably, CD has refused to indicate that it will produce any documents in response to requests Nos. 13, 14, 15, 17, 23, 24, 25, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 43, 44, and 60. Unless CD agrees to produce documents, we must discuss each of the specific objections stated therein, since CD refuses to produce any documents based upon them.

A number of specific objections in CD's Responses to Documents Requests state that the requests fail "to state with particularity the document being sought" or ask Amazon.com to "clarify the documents it is requesting" or make a similar statement. These objections do not

C. Nicole Gifford, Esq.
March 8, 2006
Page 4

support CD's wholesale refusal to produce relevant documents. It also is not a proper objection to the requests at issue, as they do sufficiently identify the documents sought. *See e.g.*, 14, 15, 17, 23, 24, 25, 27, 29, 30, 32, 37, 38, 43, 44, and 60. If you require further clarification, please identify what information you need at the meet and confer.

A number of specific objections state that requests calling for documents regarding "related patents/applications" are not relevant to this lawsuit. *See e.g.*, Request Nos. 13, 24, 27, 28, 29, 35, 36, 37 and 44. Documents relating to patent applications, including pending and abandoned applications, are relevant because they may shed light on proper claim interpretation of the patent-in-suit. *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1349-50 (Fed. Cir. 2004); *Tristrata Tech., Inc. v. Neoteric Cosmetics*, 35 F.Supp.2d 370, 372 (D. Del. 1998). Therefore, please produce such documents. Moreover, this objection does not support CD's wholesale refusal to produce documents otherwise called for by the request.

Other responses state that requests calling for documents related to "embodiments" of the inventions claimed in patent-in-suit are not relevant to this litigation. *See e.g.*, Request No. 13, 33, 38. As discussed above, documents regarding embodiments or implementations of the inventions claimed in the patent-in-suit are relevant to priority date issues as well as can be related to damage issues. Your other objections do not provide a sufficient basis for your refusal to indicate that you will produce responsive documents.

Your objections in response to Request No. 14 are not comprehensible. In any event, the request calls for documents related to the disclosure of the invention. These documents are relevant to several issues. Disclosure of the invention prior to the filing of a patent application can render the patent invalid. 2 CHISUM ON PATENTS § 5.03[3][f] ("the inventor's own work disclosed in the form of a patent, printed publication, or public use with a date more than one year before the application for a patent on the invention becomes prior art as to the invention"). This is also relevant to issues of corroboration on the purported dates of conception, reduction to practice, and diligence in reducing to practice, as discussed above. Please indicate that you will produce these highly relevant documents.

I do not understand your objections in response to Request Nos. 15 and 17. The requests call for documents relating to any "use" of the claimed invention, whether authorized or not. None of your objections justify a complete refusal to produce documents.

Request No. 23 calls for documents related to any license or offers to license the patent-in-suit – a relevant and proper request. That there was a typographical error in the request does not justify your refusal to respond.

Request No. 25 calls for documents that constitute or are related to prior art – a relevant and proper request. None of your objections justify your wholesale refusal to respond.

C. Nicole Gifford, Esq.
March 8, 2006
Page 5

    Request Nos. 29 and 30 call for communications the inventor had about the subject matter of the patent-in-suit, its related patents/applications or Book Stacks Unlimited, Amazon, or Cendant, this litigation or the claims and/or defenses therein. None of your objections excuse your complete refusal to produce documents responsive to this request. That you many find part of the request irrelevant does not excuse your refusal to provide relevant documents. Moreover, as explained above, the documents requested are relevant.

    Request No. 32 calls for "All documents relating to, or corroborating, diligence in reducing to practice of each claimed invention of the '370 Patent." Your objection that Amazon must show that there is "a critical period for determining any diligence in reducing to practice" before CD will produce such documents is incorrect. If for no other reason, these documents are relevant because CD is asserting that it is entitled to a priority date prior to the filing of the patent. As discussed above, to do that, CD must show and corroborate diligence in reducing that invention to practice, unless it does not intend to rely on any diligence in establishing an earlier priority date. If you do not intend to so rely, please confirm in writing. Otherwise, produce the documents responsive to this request.

    Please be prepared to discuss these issues at the meet and confer.

    We also request a meet and confer on the various subpoenas that were served by Amazon.com on the various individuals and entity you represent (Mr. Stack, Mr. Wallace, Mr. DeLuca, and Rothwell, Figg) at the same time as that mentioned above. Please see my letters to dated February 14, 2006, February 24, 2006 and March 8, 2006 (sent under separate cover) at the same time.

    Regarding your February 27, 2006 letter, as I explained in the meet and confer, I did not specifically respond to your February 14, 2006 letter regarding Amazon.com's Document Responses because the issues CD raised with respect to them were already addressed in conjunction with my correspondence regarding Amazon.com's Interrogatory Responses. You agreed as much in our meet and confer. I am confirming this discussion in writing.

                                                         Sincerely,

                                                           Wendy Bjerknes

cc:    Steven Balick
        Elizabeth Leff

                                                                          23984/00403/LIT/1245984.1