# Exhibit F

Case 1:05-cv-00414-JJF   Document 72-7   Filed 03/22/2006   Page 1 of 4

**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

March 20, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth Leff, Esq.
C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

    Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Counsel:

    This letter confirms your statement made at two separate meet and confer sessions that CD has imposed no time frame restriction in responding to any of Amazon.com's discovery requests.

    This letter also responds to your March 17, 2006 letter regarding Amazon.com's objections that CD's discovery requests are overbroad as to time. As a preliminary matter, you note that Amazon.com was reluctant to discuss this issue at the meet and confer held on March 15, 2006. That is because Amazon.com repeatedly and solely requested this meet and confer to specifically discuss CD's and third party's insufficient discovery responses. CD repeatedly postponed this meet and confer with one excuse after another, and you actually hung up the phone during one three-hour meet and confer session when the discussion had finally turned to Amazon.com's concerns regarding CD's discovery responses. We certainly did not want to risk this happening yet again.

    In any event, Amazon.com has made several attempts to discuss this issue and put forth its positions. For ease of discussion, I tried in various letters to identify the categories of information sought by *CD's* first set of document and interrogatory requests and provide the relevant time frame for each category. I invited CD to identify any categories that I inadvertently missed. Rather than do so, you insisted that Amazon.com instead explicitly go through virtually every discovery request CD has served (there are more than 50 such requests) and identify any timeframe restrictions for each, because you purportedly fail to "understand" my letters.

    In your latest letter, you excluded a handful of requests from further analysis because the parties have agreed that the basic time period for information related to damages is after the patent-in-suit issued, and those requests strictly relate to damages issues. Note that information relating to the hypothetical negotiation of a royalty rate may broaden this time period somewhat,

Elizabeth Leff, Esq.
C. Nicole Gifford, Esq.
March 20, 2006
Page 2

but the parties have otherwise agreed to produce relevant license and settlement agreements or other information potentially related to this without strict regard to timeframe restrictions. To the extent you excluded any other requests for any other reason, I presume that you are satisfied with Amazon.com's explanation of its positions.

In any event, in an effort to finally resolve this time frame issue, I will go through each request you identified in your March 17, 2006 letter. You identified Document Request Nos. 1-6, 8-11, 13-16, 18, 20-27, and 29-42 and Interrogatory Requests 1, 2, 10, and 13-19. Pursuant to the agreement of the parties, privileged documents relating to this litigation created after this lawsuit commenced will not be placed on a privilege log with respect to any of these requests. To the extent these requests have inherent time frame or other restrictions set forth in them, Amazon.com does not intend to produce documents above and beyond those called for by the request. Amazon.com does not intend to waive and specifically reserves all of its other general and specific objections.

With respect to Document Request Nos. 1, 2, 9, 10, 13-16, 18, 20-24, 30-35, and 37-42, in particular with respect to the definition of "customer recommendation feature" incorporated into most of these requests, Amazon.com limits its time frame objection as follows: Because the patent issued in August 2004, only those features that were on the Amazon.com website at that time or thereafter can even possibly be accused of infringement. Therefore, Amazon.com will not produce documents regarding features or implementation of features that Amazon.com ceased using prior to the issuance of the patent-in-suit. However, subject to and without waiving its other specific and general objections, Amazon.com will not otherwise withhold documents on the basis of its time frame objections, with the exception of documents strictly related to damages. And to the extent these requests call for documents relating to Amazon.com's invalidity or other defenses/counterclaims, Amazon.com will not withhold documents on the basis of its time frame objections. Note, however, the materials sought in Documents Requests Nos. 13-18 only possible relevance to this lawsuit is regarding damage related issues. If you can explain how these documents relate to other issues, I am happy to consider it, but without such explanation, Amazon.com maintains its time frame objections for these requests.

I would like an answer to my questions for Document Request No. 3 raised in my March 13, 2006 letter before addressing whether Amazon.com will withdraw its time frame objections. I indicated that while Amazon.com will produce relevant documents prior to the patent-in-suit issuing, requesting documents from 1995 to the present clearly is an overbroad and unduly burdensome request calling for clearly irrelevant documents. If you would provide your basis for asking for documents going back as far as 1995 and continuing after barnesandnoble.com acquired the domain name books.com, I am happy to consider it. Otherwise, the earliest possible relevant date is 1997, the purported date of the reduction to practice of the invention claimed in the patent-in-suit.

Elizabeth Leff, Esq.
C. Nicole Gifford, Esq.
March 20, 2006
Page 3

      With respect to Document Request Nos. 4-5, 8, 11, 25-27, 29, and 36, Amazon.com withdraws its specific time frame objection, though maintains its other objections. To the extent these requests have inherent time frame or other restrictions set forth in them, Amazon.com does not intend to produce documents above and beyond those called for by the request.

      You also identified Interrogatory Requests 1, 2, 10, and 13-19. With respect to Interrogatory Nos. 1, 2, and 13-19, in particular with respect to the definition of "customer recommendation feature" incorporated in those requests, Amazon.com maintains its time frame objection as follows: Because the patent issued in August 2004, only those features or implementation of features that were on the Amazon.com website at that time or thereafter can even possibly be accused of infringement. Therefore, Amazon.com will not provide information regarding features or implementation of features that Amazon.com ceased using prior to the issuance of the patent-in-suit. However, subject to and without waiving its other specific and general objections, Amazon.com will otherwise produce relevant, non-privileged information related to feature(s) specifically accused of patent infringement without regard to time frame objections, with the exception of information strictly related to damages that is otherwise called for in a request. To the extent these interrogatories call for information relating to Amazon.com's invalidity or other defenses, Amazon.com will not withhold information on the basis of its time frame objections. Interrogatory Nos. 13-16 specifically call for information that is solely related to damages issues, and therefore, Amazon.com maintains its time frame objections. If you can explain how these documents relate to other issues, I am happy to consider it, but without such explanation, Amazon.com maintains its time frame objections for these requests. Interrogatory No. 10 does not have a time frame restriction imposed. For Interrogatory No. 19, Amazon.com will produce relevant, non-privileged information subject to and without waiving its other objections back to 1995, as you requested.

                                   Sincerely,

                                     Wendy Bjerknes

cc:    Steven Balick

23984/00403/LIT/1246713.1