# Exhibit G



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | Leigh Z. Callander |
| Harry F. Manbeck, Jr. | C. Nichole Gifford |
| George R. Repper | Patrick T. Skacel |
| Steven Lieberman | Monica C. Kitts |
| Joseph A. Hynds | Brian A. Tollefson |
| Elizabeth A. Leff | Joo Mee Kim* |
| Richard Wydeven | Steven M. Giovannetti |
| Martin M. Zoltick | Hyunkweon Ryu |
| Minaksi Bhatt | R. Elizabeth Brenner |
| Sharon L. Davis | Adam M. Treiber |
| Robert B. Murray | Daniel L. Shores |
| Carla C. Calcagno | Joseph E. Green |
| Jeffrey L. Ihnen | |
| Glenn E. Karta | Of Counsel |
| Martha Cassidy, Ph.D. | John A. McCahill |
| Brian S. Rosenbloom | Barbara Webb Walker, Ph.D. |

*Not Admitted in D.C.

March 13, 2006

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California  94041

      Re:   *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
              Our File No.: 3339-101

Dear Wendy:

      This will respond to your letter dated March 8th regarding the subpoenas to RFEM and DeLuca.

      As I have previously explained, Mr. DeLuca does not have any additional documents responsive to any of the document requests served pursuant to Rule 45.  Despite the fact that Mr. DeLuca has no further documents responsive to the document requests in his possession, you insist that he must supplement his formal responses to include specific language to your liking because responsive documents may potentially be discovered in the future.  Your position clearly places form over substance.

      Mr. DeLuca, who is not a party to this litigation, has already complied with his obligations to conduct reasonable good faith search for documents, and has produced the only document that was located.  Thus, it is unlikely that he will discover any additional documents in the future.  To require Mr. DeLuca to bear the costs of supplementing formal responses to document requests on the mere possibility that some other document may be discovered is unreasonable.  Federal Rule of Civil Procedure 45 (c)(1) requires an attorney who seeks information from a third-party by subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." *See* Fed. R. Civ. P. 45(c)(1);  *see also MGM Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D. Del. 2003)("It is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
March 13, 2006
Page 2

a way that the burdens of giving evidence are reasonable, under all of the circumstances presented.") In light of Mr. DeLuca's representation that he has no additional responsive documents, we do not believe your demand for supplemental responses is reasonable. To alleviate your concerns, however, in the event Mr. DeLuca locates any documents in the future that are responsive to any of the requests that you have identified in your letters, he will provide a formal supplement to that particular document request.

With respect to the subpoena to RFEM, the log of documents withheld by RFEM on the basis of privilege, we believe that the parties should agree to a date for the mutual exchange of privilege logs. Please let me know what date you propose.

With respect to Request No. 32 to RFEM, we will provide a supplemental response as requested. However, you should not expect that this will result in the production of any further documents, as we have not located any documents responsive to this request.

Your letter asks that RFEM identify the specific document requests that it will limit to the time frame prior to the initiation of the original litigation. This restriction as to time is not limited to any particular request, but is incorporated into all of our individual responses. From a practical standpoint, I am simply letting you know that we do not intend to produce documents (or log privileged documents) after the date of the initiation of the original litigation. This is standard practice. Your letter says that our refusal to produce documents does not make sense because you are not seeking documents related solely to the litigation. Although you do not explain what other documents you are seeking, I assume you are referring to documents related to the prosecution of the pending continuation application (addressed below). Please explain what other documents, if any, you are seeking after the date of the initiation of the lawsuit.

Amazon has not made a specific showing of how any pending applications are relevant to the claim construction of the '370 Patent. It was merely asserted that all related applications are relevant. The only "related" application to the '370 patent that RFEM is aware of is a single continuation application. That application has been published and is publicly available. RFEM understands that in an effort to resolve this issue, CD has offered to instruct RFEM to provide Amazon with copies of the publicly available prosecution documents. It is RFEM's position that these are the only documents that could possibly be relevant to the issue of claim construction. We look forward to hearing whether you will agree to CD's offer.

RFEM will provide a supplemental response to Document Request Nos. 9 and 18.

With respect to the term "subject matter," as explained in my previous letter, our explanation comports with our understanding of your request. Furthermore, in your motion for a protective order, you took the position that the patent-in-suit limits the scope of relevant discovery to recommendation features specifying a particular "filter item." Please explain the discrepancies between this position and your position that Amazon is entitled to information

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
March 13, 2006
Page 3

regarding "anything claimed in the patent as well as all purported features of the invention found in the specification and prosecution history."

The second to last paragraph in your letter asks us to specifically identify any documents that have been withheld on the basis that they are not in CD's possession, custody or control. Please explain how you think we should do that as it clearly is an impossible task.

We do not understand what you are asking us to confirm in the penultimate paragraph of your letter regarding the definition of counsel. Please clarify the issue, and we will try to accommodate your request.

Finally, as we explained in an earlier letter, we are happy to have a meet and confer with you regarding any remaining issues. The statement in your letter of March 10th that we have refused to have a meet and confer on any issues is wholly inaccurate, and again I implore you to stick to the truth in your letters.

As previously explained, we believe that the meet and confer should be held separately for the third party issues. Additionally, we would like to have a very specific agenda of the topics that you wish to discuss to avoid the excessively long and somewhat rambling process that has been part of the last two meet and confers. After you have reviewed this letter in detail, please let us know specifically what issues, if any, you would like to discuss at a meet and confer and when you are available. We do not believe that all motions to compel necessarily must be filed by Wednesday, March 15th. Please explain why you have imposed a deadline of Tuesday, March 14th for the meet and confer.

Very truly yours,

C. Nichole Gifford

CNG:whc:erh

cc:     Steven Balick, Esq.

Bjerknes.L42