# Exhibit H



## ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

February 27, 2006

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041

Re: *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
    Our File No.: 3339-101

Dear Wendy:

This letter will respond to your letter of February 14th regarding Rothwell Figg Ernst & Manbeck's ("RFEM") and Vincent DeLuca's ("DeLuca") objections and responses to Amazon's subpoenas seeking the production of documents.

With respect to Request Nos. 15 and 30-31 to RFEM and Request Nos. 14 and 35 to DeLuca, your letter complains that the responses do not clearly state whether we agree to produce documents or not. Mr. DeLuca does not have any documents responsive to any of these requests, so he can not agree to produce documents he does not have. To the extent any documents responsive to Request No. 15 to RFEM exist, they would be subject to the attorney-client privilege. Therefore RFEM is not agreeing to produce documents responsive to this request. However, if any documents responsive to this request are being withheld on the basis of privilege, we will include them on a privilege log. With respect to Request Nos. 30-31 to RFEM, we believe that the documents sought by these requests are irrelevant to any issue in this case. Furthermore, even if documents sought by these requests were relevant, (which they are not), they would still be subject to the attorney-client privilege. Therefore, RFEM does not agree to produce documents responsive to these requests.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 27, 2006
Page 2

    With respect to Request No. 32 to RFEM, we believe that the documents sought by this request are irrelevant to any issue in this case. However, this is a moot issue because RFEM does not have a document retention policy.

    I can confirm RFEM and DeLuca are in compliance with Local Rule 26.2 and have not withheld any documents solely on the basis of General Objection No. 7 (subject to confidentiality restrictions). With respect to RFEM's General Objection No. 12, RFEM does not intent to produce (or log) any documents created after the date of initiation of the original lawsuit against Amazon. However, with that exception, RFEM is not withholding any documents solely on the basis of Amazon's failure to restrict the subpoena to a specific timeframe as stated in General Objection No. 12.

    I can also confirm that at this time, DeLuca is not withholding any documents on the basis of privilege. Should any additional documents be discovered in the future that are withheld on that basis, a privilege log will be produced. At this time, we have no reason to expect that any further documents will be located by Mr. DeLuca. As previously stated, RFEM will provide a privilege log.

    RFEM and DeLuca stand by their objections to Amazon's requests seeking documents regarding "relevant applications." Amazon's subpoenas define "relevant applications" to include the '370 patent, parent applications and child applications as well as any application for patent naming as an inventor, an inventor on the foregoing and having substantially the same disclosure as one of the foregoing." The only patent in suit is the '370 patent, and we do not agree that there are any other applications are relevant to any claim or defense of either party. There is no parent application to the '370 patent. Federal Circuit case law holds that the prosecution history of parent application may be considered when construing the claims of a child application. Elkay Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 980 (Fed. Cir. 1999) ("When multiple patents derive from the same initial application, the prosecution history regarding a claim limitation in any patent that has issued applies with equal force to *subsequently issued patents that contain the same claim limitation."*) (emphasis added).

    RFEM and DeLuca also stand by the objection that that requests seeking documents relating to "the '370 patent and any relevant applications," are vague and ambiguous when the defined term "relevant applications" includes the '370 patent. However, I can confirm that RFEM and DeLuca have not withheld any documents related to the '370 patent application solely on the basis of this objection. As discussed above, we do not believe that "relevant applications" as defined by Amazon are relevant to any claim or defense of either party.

    With respect to Request No. 9 to RFEM and Request No. 5 to DeLuca, we will assume based on your letter that Amazon intends for the term "information material to patentability" to have the same meaning as in the context of 37 C.F.R. 1.56. If you would have simply defined the term that way in the requests, then perhaps we would have been able to understand it initially. In light of this definition, I can affirmatively state that subject to the objections stated in the formal

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 27, 2006
Page 3

responses, RFEM agrees to produce relevant non-privileged documents responsive to this request located after a good faith search and DeLuca does not have any additional documents responsive to this request. Furthermore, any documents responsive to this request were likely produced in response to Amazon's other requests.

With respect to Request No. 18 to RFEM, the purported explanation in your letter does not clarify the request. Perhaps there is a word missing in the request as written? If you are simply asking for printouts of websites visited during prosecution of the patent in suit, any such printouts made by attorneys at RFEM would be privileged, and therefore will not be produced. To the extent any such printouts exist that are withheld on the basis of privilege, they will be identified in RFEM's privilege log.

Thank you for the clarification of the term "subject matter of the '370 patent" as used in Request Nos. 23, 26, 27 and 29 to RFEM. "Subject matter of the '370 patent" could have many meanings. For example, it could mean related to computers. This objection was not frivolous to say the least. It is up to Amazon to define the terms it uses. We will assume Amazon is referring to recommender systems which make recommendations based on customer purchase history and respond on that basis. Furthermore, I disagree with your assertion that the statement in our objection to Response No. 10 would in any way enable us to understand how Amazon is purporting to use the term "subject matter of the '370 patent" in request Nos. 23, 26, 27 and 29.

I also note that RFEM's objection to Request No. 23 was not only to the term "subject matter," as suggested in your letter, but to the entire phrase "the earliest known use of the subject matter described in the claims." However, given the definition in your letter, RFEM will interpret this request as seeking documents that relate to the earliest know use of the invention described in the '370 patent, that is, recommender systems which make recommendations based upon customer purchase history. As now understood, RFEM is not withholding documents responsive to Request No. 23 solely on the basis of its objection to the term "subject matter."

With respect to Request No. 26, 27, and 29, as now understood, RFEM is not withholding documents solely on the basis of its objection to the term "subject matter of the '370 patent." As stated above, however, RFEM has not agreed to produce documents for applications other than the one that matured into the '370 patent.

RFEM and DeLuca have not withheld documents solely on the basis that the phrases listed in the paragraph bridging pages 3 and 4 of your letter are vague and ambiguous. However, as these terms are not defined in Amazon's requests, RFEM's and DeLuca's responses are based on their interpretation of the terms as commonly understood. If Amazon is using the terms other than as commonly understood, please let us know.

I do not understand what problem you could possibly have with RFEM's and DeLuca's objection regarding the production of documents that are not within their possession, custody or

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
February 27, 2006
Page 4

control. Amazon has made this exact same objection in responding to document requests from CD.

Your request for confirmation that RFEM and DeLuca have not withheld documents on the basis that they are in the possession of counsel makes absolutely no sense because RFEM and DeLuca were patent prosecution counsel for the '370 patent.

Very truly yours,

C. Nichole Gifford

CNG:whc

cc: Steven Balick, Esq.

BJERKNES.L33