# Exhibit I



## ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

January 26, 2006

*Not Admitted in D.C.

*Via E-Mail*

Wendy L. Bjerknes, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, California 94041

      Re:  *CD Intellectual Property Holdings LLC v. Amazon.com, Inc.*
            Our File No.: 3339-101

Dear Wendy:

      We have completed our initial review of the responses of Amazon.com ("Amazon") to CD's first set of interrogatories. The responses are deficient as described below.

      Amazon objects, in General Objection No. 1, to CD's definition of "customer recommendation feature" as "overbroad, vague and ambiguous, and unduly burdensome" and as "facially not limited to defendant Amazon.com's website..." In response to Interrogatory No. 1, and by incorporation Interrogatory Nos. 9, 13, 14, 15, 16 and 17, Amazon states it will respond only regarding the feature "Customers Who Bought ... Also Bought." This is improper. Any customer recommendation feature used by Amazon is relevant to this litigation. The complaint alleges that "Amazon's online marketplace uses numerous features which recommend other goods to potential customers based on prior purchasing history." The "customers who bought also bought" feature is only one example of Amazon's customer recommendation features. Information regarding each of Amazon's customer recommendation features are relevant to this litigation. Please confirm that Amazon will supplement its response these interrogatories by identifying and providing information relating to each of Amazon's customer recommendation features.

      In General Objection No. 2, Amazon objects to CD's definition of "Amazon" to the extent that it refers to any company other than Amazon.com, Inc. However, "Rule 33 requires a corporation furnish such information as is available from the corporation itself or from sources

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Wendy L. Bjerknes, Esq.
January 26, 2006
Page 2

under its control." In re ATM Fee Antitrust Litigation, 2004 U.S. Dist. LEXIS 36195 *11 (N.D. Cal. 2005) quoting Brunswick Corp. V. Suzuki Motor Co., Ltd., 96 F.R.D. 684, 686 (D.C. Wis. 1983). Please confirm that Amazon will supplement its responses to include information relating to any of Amazon.com, Inc.'s wholly owned subsidiaries such as A9.com. To the extent that Amazon refuses to do this, it must identify those companies from which it will not produce documents and Amazon's relationship to each identified company so that CD can evaluate the validity of Amazon's position.

In General Objection No. 4, Amazon objects to the extent that interrogatories are "cumulative or duplicative" or the information "is obtainable from other source that is more convenient, less burdensome or less expensive." This is not a proper objection. It is not up to Amazon on its own to determine whether the source of information is more or less convenient, burdensome or expensive to CD. Please confirm that Amazon is not withholding any information based upon this general objection. To the extent that Amazon is withholding information on the basis of this objection, please identify the information being withheld and the source Amazon believes is more convenient, less burdensome or less expensive so that CD can evaluate this objection.

In General Objection No. 6, Amazon objects to the extent that "the burden or expense of the discovery sought outweighs its likely benefit." This is an improper objection. Please confirm that Amazon is not refusing to respond to interrogatories on this basis or, to the extent that it is, please identify the information being withheld and the basis for Amazon's belief that the burden or expense of the discovery outweighs its likely benefit so that CD can evaluate this objection.

In General Objection No. 9, Amazon objects to the interrogatories to the extent that they seek Amazon's confidential information. To the extent Amazon has withheld any information based on this objection and in keeping with the spirit of Delaware Local Rule 26.2, we request that Amazon supplement its interrogatory responses to provide that information on an outside attorneys' eyes only basis until such time as a protective order is in place. Please confirm that Amazon has not withheld information based on its confidentiality objection. In her letter dated January 20, 2006, Virginia DeMarchi stated that Amazon's interrogatory responses could be provided to CD. Please confirm there is no confidential information revealed in Amazon's current responses to these interrogatories. To the extent Amazon believes some of its responses are confidential, please identify those portions of the responses Amazon contends are confidential.

In General Objection No. 10, Amazon objects on the basis that the response to the interrogatory would require Amazon to disclose the private or personally identifiable information of its users. To the extent that information containing the private or personally identifiable information of its users is responsive to CD's request, Amazon should provide that information

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

Wendy L. Bjerknes, Esq.
January 26, 2006
Page 3

without referencing the specific private or personally identifiable information. Please confirm that Amazon will promptly supplement its responses to include any information withheld based on General Objection No. 10.

In General Objection No. 11, Amazon objects to providing the requested information on the basis that it would require Amazon to disclose the confidential information of third parties. Please confirm that Amazon is not withholding any information on this basis. To the extent that Amazon is withholding information based on this objection, please provide us with a description of the nature of the information, the party with whom Amazon has a confidentiality agreement and state whether or not Amazon has contacted the third party regarding disclosure of the information.

In its responses to Interrogatory Nos. 1, 2, 3, 13, 15, 16, 18 and 19, Amazon stated it will respond only for the time period following the issuance of the '370 patent. CD's requests were not limited to the arbitrary time period to which Amazon has limited its response. Moreover, the use of the date the patent issued as a cut-off date for providing responsive information is improper. See Re: Conopco, Inc. v. Warner Lambert Co., 2000 U.S. Dist. LEXIS 1605 *17-18 (D. N.J. 2000). Information concerning events which took place prior to issuance of the patent can be relevant both to issues of infringement and to issues of patent validity (the existence of prior art) and is also likely lead to the discovery of admissible evidence. Please confirm that Amazon will not withhold information on the basis that it relates to events that occurred prior to the issuance of the '370 patent and will supplement its responses to provide the requested information for the period beginning with Amazon.com's incorporation to the present. Should Amazon refuse to provide requested information on this basis, CD will seek the assistance of the Court.

Referring CD to documents pursuant to Rule 33(d) is not an appropriate response to Interrogatory Nos. 1, 2 or 16. Rule 33(d) applies to interrogatories in which the response can be ascertained from documents and the burden of deriving the answer is substantially the same for the serving party as it is for the served party. This is not the case for Interrogatory No. 1 which requests specific information on how Amazon's customer recommendation features operate and the identity of persons involved in the design, development, implementation or operation of the system. Likewise, Interrogatory Nos. 2 and 16 request the identity of persons involved or most knowledgeable about aspects of Amazon's customer information systems, sales and revenue figures. The burden on CD of ascertaining this information is much greater than on Amazon who has knowledge of its employees, their positions and duties. Please reconsider your reliance on Rule 33(d) and supplement Amazon's responses with the requested information.

**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

Wendy L. Bjerknes, Esq.
January 26, 2006
Page 4

    Amazon's response to Interrogatory No. 4 is completely inadequate. The objections are ludicrous. CD is entitled to know who at Amazon had sufficient knowledge to participate in responding to the interrogatories. Please reconsider your non response.

    Amazon's response to Interrogatory No. 9 is incomplete as it has only responded with respect to independent claim 1. As evidenced by CD's responses to Amazon's interrogatories, CD alleges Amazon infringes claims 1, 2, 4, 6, 7, 8, 10, 12, 13, 14 and 16. Please provide Amazon's contentions concerning each of these claims.

    Amazon's response to Interrogatory No. 15 is inadequate. The interrogatory did not request Amazon to identify all persons involved in marketing, promotion and/or advertisement "specifically directed to" the features identified in response to Interrogatory No. 1. Rather, it requested that Amazon identify all persons involved in the marketing, promotion and/or advertisement "of each customer recommendation feature." Please identify any individuals involved in the marketing, promotion or advertisement of Amazon's customer recommendation features, whether or not that marketing, promotion and/or advertisement is "specifically directed to" those features.

    We look forward to your prompt response to the issues raised above.

Very truly yours,

Elizabeth A. Leff

EAL:whc

cc:    Steven Balick, Esq.

Bjerknes.L16.int responses.wpd