# Exhibit K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CD INTELLECTUAL PROPERTY
HOLDINGS LLC

Civil Action No. 05-414-JJF

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

## DEFENDANT AMAZON.COM'S RESPONSE TO PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS LLC.'S FIRST SET OF INTEROGATORIES

Defendant Amazon.com., Inc. ("Amazon.com"), by counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby provides its objections and responses in writing to plaintiff CD Intellectual Property Holding LLC.'s ("Cendant") First Set of Interrogatories.

### GENERAL OBJECTIONS

Amazon.com makes the following general objections to each and every definition, instruction, and interrogatory made in this set of interrogatories, and these general objections are hereby incorporated into Amazon.com's response to each and every interrogatory. To the extent that any of the general objections are not raised in any particular response, Amazon.com does not waive those objections.

1.     Amazon.com objects to Cendant's definition of "customer recommendation feature" as overbroad, vague and ambiguous, and unduly burdensome. Amazon.com objects to this definition as facially not limited to defendant Amazon.com's website, including features of potentially countless other websites or third parties; Amazon.com does not intend to respond regarding any website other than the www.amazon.com website. Amazon.com objects to Cendant's definition of "customer recommendation feature" as purporting to require discovery of

1

information not even colorably related to the claims of U.S. Patent No. 6,782,370 ('370 Patent), and therefore, seeks discovery that is irrelevant or whose relevance is so limited in light of its burden as to make discovery unjustified. Amazon.com does not intend to provide information that is not relevant to this lawsuit.

2.    Amazon.com objects to the definition of "Amazon.com" to the extent that it refers to any company other than Amazon.com, Inc.

3.    Amazon.com objects to all definitions, instructions, and interrogatories, as unduly burdensome and oppressive to the extent that they purport to require Amazon.com to search Amazon.com's facilities and inquire of Amazon.com employees other than those facilities and employees that could reasonably be expected to have responsive information.

4.    Amazon.com objects to the extent any interrogatory seeks discovery that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    Amazon.com objects to each interrogatory to the extent it seeks information that is not relevant to a claim or defense of a party.

6.    Amazon.com objects to each interrogatory to the extent the burden or expense of the discovery sought outweighs its likely benefit.

7.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent that they seek to impose upon Amazon.com an obligation to investigate or discover information or things from third parties or services that are more or equally accessible to Cendant. Amazon.com does not intend to produce information that is not in the possession, custody or control of Amazon.com.

8.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection as provided by any applicable law. Any disclosure of such protected or privileged information is inadvertent and not intended to waive those privileges or protections. Amazon.com expressly reserves the right to

2

object to the introduction at trial or to any other use of such information that may be inadvertently disclosed.

9.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent they seek information the provision of which is subject to an obligation or order of confidentiality. Amazon.com objects to these interrogatories to the extent that they seek the disclosure of confidential, trade secret and/or proprietary business and technical information of Amazon.com. Amazon.com will only disclose such relevant non-privileged information pursuant to an appropriate protective order stipulated to by the parties in this lawsuit against Amazon.com that adequately protects Amazon.com's confidential, trade secret and/or proprietary business or technical information from use or disclosure by Cendant or its agents for purposes other than this lawsuit, including in connection with the prosecution of new or pending patent applications or other litigation. Amazon.com designates its responses to these interrogatories confidential pursuant to Delaware Local Rule 26.2 and intends to designate them as "Highly Confidential – Outside Counsel's Eyes Only" (or similar designation) pursuant to any protective order entered in this action. Amazon.com further objects to the production of its confidential, trade secret and/or proprietary business and technical information to the extent such documents are not relevant to the subject matter of this lawsuit.

10.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent that they purport to require Amazon.com to disclose private or personally-identifiable information of its users. Amazon.com does not intend to provide such information without the consent of the relevant persons or a court order.

11.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent that they purport to require Amazon.com to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Amazon.com will not provide such information without the consent of the relevant third party or a court order.

12.    Amazon.com objects to all definitions, instructions, and interrogatories to the

extent that they seek information likely to depend on construction of claim terms of the '370 Patent. The Court has not yet rendered its claim construction, and consequently, such discovery requests are premature.

13.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent they seek identification and disclosure of information that is not demonstrably relevant. Amazon.com further objects to the extent the discovery sought is of inadmissible evidence that is not reasonably calculated to lead to the discovery of admissible evidence.

14.    Amazon.com further objects to each and every interrogatory herein, and to the definitions and instructions contained within Cendant's requests, to the extent that they are vague, ambiguous, unintelligible, or seek to impose obligations on Amazon.com that are broader than, or inconsistent with, the Federal Rules of Civil Procedure or the local rules of this Court. Unless indicated otherwise, Amazon.com shall give the terms of these interrogatories their ordinary and plain meanings. Amazon.com shall not be held responsible where its reasonable interpretation of these interrogatories does not comport with Cendant's intentions.

15.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent they request Amazon.com to identify and/or describe "any," "each," "every" and/or "all...", on the grounds that such interrogatories are overly broad, unduly burdensome and oppressive, and seek information that is neither relevant to the issues in this litigation nor likely to lead to the discovery of admissible evidence. With respect to such interrogatories, to the extent that they are not otherwise objectionable, except where otherwise indicated, Amazon.com will respond with information that reasonably meets the subject matter of the discovery sought.

16.    Amazon.com's responses are made solely for the purpose of this case. Each response is subject to all objections as to competency, relevance, materiality, propriety, and admissibility, each of which objections are expressly reserved and may be interposed at any other proceeding in this case or any other action.

17.    Amazon.com objects to each interrogatory to the extent that it is compound and/or is comprised of subparts constituting more than one interrogatory.

18.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent they seek information outside Amazon.com's direct knowledge, custody or control.

19.    Amazon.com objects to all definitions, instructions, and interrogatories to the extent that they seek discovery that is not limited to a relevant time period.

20.    No incidental or implied admissions are intended by any response by Amazon.com to any interrogatory.  That Amazon.com has responded to any interrogatory is not an admission that Amazon.com accepts or admits the existence of any alleged facts set forth in or assumed by such interrogatory, or that the making of the response constitutes admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections, which are incorporated by reference as though set forth fully in each response herein, Amazon.com responds to Cendant's interrogatories as follows:

## INTERROGATORY NO. 1:

Identify every customer recommendation feature designed, developed, implemented, used or operated by Amazon.com since January 1995, describe how the customer recommendation feature determines recommendations and what customer act triggers the provision of a recommendation, the date the program was implemented, and the identity of each person involved in the design, development, implementation or operation of the system.

## RESPONSE TO INTERROGATORY NO. 1:

Amazon.com objects to the interrogatory to the extent it seeks discovery on features not specifically accused of infringement by Amazon.com of identified claims of the patent in suit. Amazon.com will respond regarding the features "Customers Who Bought . . . also Bought" and, should plaintiff accuse other features, supplement its response at an appropriate time. Amazon.com objects to the interrogatory to the extent it seeks discovery relating to events prior to the issuance of the patent-in-suit; Amazon.com will respond relating to the technical operation of features appearing on the Amazon.com website after issuance of the patent-in-suit.

Amazon.com objects to the terms "the system" and "the program" as so vague, as used in the Interrogatory, as to make the scope of the discovery sought unclear; Amazon.com will interpret these terms as referring to features plaintiff specifically accuses of infringement. Amazon.com objects to the interrogatory to the extent the discovery sought by "the identity of each person involved in the design, development, implementation or operation" extends to persons whose involvement is not relevant to technical operation of the subject feature.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

The answer to the interrogatory may be derived or ascertained from the records of Amazon.com and, pursuant to FRCP 33(d), Amazon.com will produce or make available for inspection to plaintiff such records subject to a suitable protective order or other adequate assurances.

## INTERROGATORY NO. 2:

Identify all persons involved in, or most knowledgeable of, the design, technical operation, functionality, and development of Amazon.com's "Customers Who Bought this Book Also Bought" feature and any other customer recommendation feature designed, developed, implemented, or operated by Amazon.com and state in what capacity each person was involved.

## RESPONSE TO INTERROGATORY NO. 2:

Amazon.com objects to the interrogatory to the extent it seeks discovery relating to events prior to the issuance of the patent-in-suit; Amazon.com will respond relating to the technical operation of features appearing on the Amazon.com website after issuance of the patent-in-suit. Amazon.com objects to the interrogatory to the extent it seeks Amazon.com to "[i]dentify all persons involved in, or most knowledgeable of" on the grounds that an identification of "all persons involved in" imposes a burden that is undue or unjustified by the relevance of the discovery sought in light of other discovery and that an identification of "all persons . . . most knowledgeable" is ambiguous or impracticable in that there may not be any

single person "most knowledgeable" about operation of all aspects of the feature given Amazon.com's website operations. Amazon.com will respond with an identification of persons whose responsibilities or particular knowledge relate to technical operation of "Customers Who Bought this Book Also Bought" feature.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

The answer to the interrogatory may be derived or ascertained from the records of Amazon.com and, pursuant to FRCP 33(d), Amazon.com will produce or make available for inspection to plaintiff such records subject to a suitable protective order or other adequate assurances.

## INTERROGATORY NO. 3:

Identify all persons employed or retained by Amazon.com who have reviewed or examined the '370 patent in any capacity.

## RESPONSE TO INTERROGATORY NO. 3:

Amazon.com incorporates by reference each of its General Objections. Amazon Amazon.com objects to this interrogatory as vague and ambiguous, particularly with respect to the undefined terms "reviewed," "examined" and "retained." Amazon.com also objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks disclosure of information protected by the attorney-client privilege and attorney work-product doctrine. Any outside counsel, its agents, employees, contractors, vendors, who have reviewed or examined the '370 patent will not be identified. Amazon.com objects to the interrogatory as unduly burdensome to the extent it seeks discovery of the identification of individuals whose possible review of examination is not relevant to the claims or defenses in this action. Third parties who are not currently employed or retained by Amazon.com who may, but are not known to, have reviewed or examined the '370 patent also will not be identified.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows: Stephen C. Bishop, Jack Klingert, Kathy Sheehan, and David Zapolsky.

7

**INTERROGATORY NO. 4:**

Identify all persons who participated in responding to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 4:**

Amazon.com objects to the interrogatory as cumulative to the extent it seeks identification of individuals whose identity is elsewhere sought. Amazon.com objects to the interrogatory as seeking discovery not relevant to the claims or defenses. Amazon.com objects to the interrogatory to the extent it seeks the identification of individuals, such as attorneys, litigation assistants, paralegals, legal secretaries, letter carriers or other couriers, or assistants, whose connection to responding to these interrogatories is either not relevant to the claims and defenses and/or protected from discovery under a protection, immunity, doctrine, or otherwise.

**INTERROGATORY NO. 5:**

Explain in detail when and how Amazon.com first became aware of the '370 patent.

**RESPONSE TO INTERROGATORY NO. 5:**

Amazon.com incorporates by reference each of its General Objections. Amazon.com objects to the interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection as provided by any applicable law. Amazon.com also objects to this interrogatory to the extent it calls for a legal conclusion.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows: A letter attaching the '370 patent was faxed to the office of Mr. Jeffrey P. Bezos at Amazon.com. On its face, the letter is dated October 21, 2004 and from Steven Lieberman of Rothwell, Figg, Ernst & Manbeck. Amazon.com's in-house legal counsel received this letter and its attachment on or around that time.

**INTERROGATORY NO. 6:**

Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by Amazon.com concerning the '370 patent.

**RESPONSE TO INTERROGATORY NO. 6:**

Amazon.com objects on the ground that the interrogatory purports to seek disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection as provided by any applicable law. Amazon.com will not respond to this interrogatory unless and until it decides to assert an advice of counsel defense to any charge of willful infringement.

**INTERROGATORY NO. 7:**

Identify all opinions of counsel provided to Amazon.com or prepared on behalf of Amazon.com concerning the '370 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether Amazon.com intends to rely on any such opinions of counsel in defending against the allegation that Amazon.com has willfully infringed the '370 patent.

**RESPONSE TO INTERROGATORY NO. 7:**

Amazon.com objects on the ground that the interrogatory purports to seek disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection as provided by any applicable law. Amazon.com will not respond to this interrogatory unless and until it decides to assert an advice of counsel defense to any charge of willful infringement.

**INTERROGATORY NO. 9:**

For each claim of the '370 patents, explain in detail which claim limitations, if any, you contend are not met by at least one Amazon.com customer recommendation feature (including the customer recommendation features identified in response to Interrogatory No. 1). For each element that you contend is the basis for your non-infringement position, explain in detail your construction of that element as used in the claims and a detailed explanation of why each element is not met.

## RESPONSE TO INTERROGATORY NO. 9:

Amazon.com objects to the interrogatory as unduly burdensome and seeking discovery on matters beyond those relevant to the claims or defenses in that it seeks contentions from Amazon.com for each claim of the '370 Patent when plaintiff has not alleged with particularly any claim of the '370 Patent is infringed by a specific feature on the Amazon.com website. Amazon.com will respond concerning representative independent claims and supplement its response at appropriate periods after Plaintiff provides substantive infringement contentions. To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects to the Interrogatory as premature, and therefore unduly burdensome and harassing, to the extent that it seeks each basis for Amazon.com's contention prior to any opportunity for meaningful discovery. *See, e.g., In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985). Amazon.com objects to the Interrogatory to the extent it seeks "a detailed explanation of why each element is not met" on the grounds that Plaintiff has the burden of proving any alleged infringement, the proof of which has not been demonstrated, and Amazon.com does not bear a burden of proving non-infringement. Amazon.com objects to the Interrogatory as premature in that it seeks discovery on matters likely to be impacted by decisions of the Court on construction of the terms in the claims of the patent-in-suit and expert opinion and analysis; to the extent not provided elsewhere in the litigation, Amazon.com will supplement its responses at appropriate times thereafter.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

| CLAIM ELEMENT | RESPONSE |
|---|---|
| 1. A computer-implemented method for the recommendation of goods and/or services to potential customers over a distributed network based on customer buying history utilizing an information processing system containing processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files, the method comprising the steps of: | Amazon.com does not provide "processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files" as claimed. |

| CLAIM ELEMENT | RESPONSE |
|---|---|
| receiving customer commands specifying a particular good or service to be used as filter data; | Amazon.com does not "receiv[e] customer commands specifying a particular good or service to be used as filter data" as claimed. |
| storing information pertaining to goods and/or services purchasing history of previous customers; | |
| comparing said filter data with said stored information and determining whether, for said filter data, corresponding entries exist within the stored information; and | Amazon does not compare filter data specified by a user with "stored purchasing history of previous customers" as claimed.

Amazon does not determine whether "purchasing history of previous customers" contain entries corresponding to a particular filter data provided by a user as claimed. |
| if corresponding entries exist, displaying the identity of other goods and/or services purchased by said previous customers who have purchased the good and/or service used as said filter data. | |
| 7. A computer-implemented interactive system for assisting a potential customer in purchasing decisions from among a plurality of goods or services, the system comprising: | Amazon.com does not provide a "computer-implemented interactive system . . . comprising" the claimed elements. |
| an operator interface for enabling potential customers to input requests to said computer, including requests for: | Amazon.com does not provide the "operator interface . . . " as claimed. |
| the purchase of goods or services, | |
| information concerning goods or services, | |
| recommendations of goods or services based on operator input; | Amazon does not provide "an operator interface for enabling potential customers to input requests . . . for recommendations of goods or services based on operator input"as claimed. |
| a database maintained in said computer, containing information pertaining to goods and/or services purchasing history of previous customers; | |
| means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database; | Amazon does not include an identical or equivalent "means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database" as claimed. |
| a distributed network for transmitting requests from said operator interface to said computer and for transmitting responsive | Amazon.com does not provide "a distributed network for transmitting requests from said operator interface to said computer" as |

| Claim Element | Response |
|---|---|
| information from said computer to said operator interface; | claimed. |
| interface whereby goods and/or services identification information corresponding to goods and/or services purchased by previous customers who have purchased the goods and/or services requested by said potential customers are transmitted to said operator interface for use by said potential customers. | |

Where Amazon.com indicates some feature in its responses above and that feature is elsewhere present in the claim or, as sensibly understood, that other elements of a claim depend on that feature, Amazon.com incorporates those other elements in its response.

## INTERROGATORY NO. 10:

Explain in detail the factual basis for your contention that the '370 patent is invalid, including, identifying with particularity each piece of prior art you may rely on to support your contention, each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto. If you contend that one or more claims of the '370 patent is invalid in light of a combination of prior art references, specify with particularity the factual basis supporting your contention that one skilled in the art would have been motivated to combine the teachings of that prior art.

## RESPONSE TO INTERROGATORY NO. 10:

Amazon.com objects to the discovery sought to as premature, and therefore unduly burdensome and harassing, to the extent that it seeks each basis for Amazon.com's contention prior to any opportunity for meaningful discovery. *See, e.g., In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985). Amazon.com objects to the interrogatory as unduly burdensome as seeking discovery on potentially irrelevant claims because Plaintiff has not yet identified the claims it is asserting in this action. Amazon.com will respond regarding representative claims and supplement, if necessary, at an appropriate time should Plaintiff contend other claims are infringed. Amazon.com objects on the grounds that the interrogatory

prematurely seeks each basis for its contention on matters prior to construction of terms in the claims of the patent-in-suit, expert opinion, substantive explication of plaintiff's infringement contentions, or discovery from plaintiff or those its counsel represents. Amazon.com objects to the interrogatory as unduly burdensome or imposing a burden beyond that its relevance justifies to the extent it seeks "each person with knowledge of each such event or reference, and all documents relating thereto."

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

To the extent they could be construed to cover features of the Amazon.com website, the following items of prior art anticipate the independent claims of the '370 Patent (or render it obvious in light of findings or conclusions of the Board of Patent Appeals and Interferences during the prosecution of the '370 Patent) and invalidate such claims:

| Item | Bates |
|---|---|
| FindMe systems as described in, e.g., Burke, et al., "Knowledge-based navigation of Complex Information Spaces," University of Chicago | DEF_AMZN-IPH 279 - 285 |
| U.S. 5,583,763 A, Atcheson et al. (1996) | DEF_AMZN-IPH 7137 - 7154 |
| U.S. 5,749,081 A, Whiteis (1998) | DEF_AMZN-IPH 7450 - 7464 |
| Metral, "MotorMouth: A Generic Engine for Large-Scale, Real Time Automated Collaborative Filtering," MIT Master's Thesis, pp. 1–76 (1995) and the HOMR system it describes. | DEF_AMZN-IPH 4820 - 4890 |
| A music recommendations feature available via the CDNow.com website (1996) | |
| A music recommendations feature available via the Firefly service (1996) | |
| Nichols, et al., "Recommendation and Usage in the Digital Library" (January, 1997) | DEF_AMZN-IPH 13805 - 13819 |
| Karlgren, "An Algebra for Recommendations," Department of Computer and Systems Sciences, The Royal Institute of Technology and Stockholm University Electrum 230, S–164 40 KISTA (October 1990) | DEF_AMZN-IPH 12327 - 12336 |
| Karlgren, "Newsgroup Clustering Based on User Behavior - - A Recommendation Algebra," Technical Report T94-04, Swedish Institute of Computer Science, pp. 1-15, March | DEF_AMZN-IPH 737 - 751 |

| 1994. | |
|-------|--|

The following items of prior art, to the extent they do not directly anticipate or render obvious the independent claims, do so in connection with a reference for information filtering or item recommendations involving the feature "customer commands specifying a particular good or service to be used as filter data" in claim 1 (and corresponding features in other claims). This element is disclosed in the items noted above, and, apparently as applied by plaintiff to the Amazon.com website, was ubiquitous in web site navigation in ecommerce prior to the invention of the '370 Patent, and would have been obvious to those skilled in the art to combine as further discussed below.

| Item | Bates |
|------|-------|
| Hill, et al., "Recommending and Evaluating Choices in a Virtual Community of Use," CHI '95 Proceedings, pp. 1–11 (1995). | DEF_AMZN-IPH 5328 - 5338 |
| Net Perceptions, Inc., "White Paper: Building Customer Loyalty and High-Yield Relationships Through GroupLens Collaborative Filtering," Net Perceptions, Inc., November 19, 1996 | DEF_AMZN-IPH 427 - 435 |
| U.S. 5,724,567, Rose (1998 ) | DEF_AMZN-IPH 1088 - 1100 |
| Resnick, "GroupLens: An Open Architecture for Collaborative Filtering of Netnews," MIT Center for Coordination Science Research Report, Proceedings of ACM 1994 Conference on Computer Supported Cooperative Work, pp. 175–186 (1994) | DEF_AMZN-IPH 1066 - 1077 |
| U.S. 4,870,579, Hey (1989) or U.S. 4,996,642, Hey (1991) | DEF_AMZN-IPH 1437 – 1447& <br><br> DEF_AMZN-IPH 3437 - 3448 |
| Shardanand (1994) Social Information Filtering for Music Recommendations (Ringo) or Shardanand & Maes (1995) Social Information Filtering Algorithms for Automating "Word of Mouth" | DEF_AMZN-IPH 4109 – 4201 & <br> DEF_AMZN-IPH 4202 - 4209 |
| Kok, "User Modelling for Data Retrieval Applications," 1990 | DEF_AMZN-IPH 286 - 410 |

To the extent not anticipating, the claims are rendered obvious by U.S. 6,507,872 B1, Geshwind (2003) in view of ordinary skill the art as demonstrated in the foregoing references and systems.

Generally, references disclosing use of ratings render obvious features in the claims reciting purchases. One skilled in the field at the time recognized that access, rating, and purchase were interchangeable. *See, e.g., Net Perceptions* White Paper (purchase as implicit rating) and the same conclusion was made by the Board during prosecution of the subject application. This provides motivation for any combination or adaptation of any ratings-based information filtering system.

Generally, collaborative filtering systems that generate a set of recommendations render obvious the claims in light of, e.g., the articles by Karlgren or FindMe systems. Those in the field were aware of Karlgren's systems for use in collaborative filters as shown, e.g., by citation in Resnick et. al (1994) and U.S. 5,724,567. FindMe Systems' use of a user-profile clerk makes explicit the combination and its desirability.

The use and desirability of collaborative filtering systems, as described in the publications mentioned above, for product recommendations was widely known in the field before the invention of the '370 Patent as indicated, for instance, by the presence of several companies, e.g., Net Perceptions, Firefly, or LikeMinds, in the market commercializing such systems for web e-commerce, and pervasive statements in the literature to that effect.

Individuals with knowledge of these items of prior art may be found by the listed inventors or authors on the subject publications and in the disclosures of Amazon.com under F.R.C.P. 26.

Nothing in the identification of items of prior art above necessarily indicates that Amazon.com contends that, if properly construed, the corresponding claims would read on such item of prior art. Under a proper claim construction, Amazon.com may contend otherwise.

Claim 1 of the '370 Patent (and claims that depend from it) is invalid under 35 U.S.C. § 112 as indefinite as combining an apparatus and a method utilizing that apparatus rendering it unclear whether the claim is practiced by performing the steps with or without the recited apparatus. Claim 7 of the '370 Patent (and claims that depend from it) is invalid under 35 U.S.C. § 112 and/or 101 as indefinite and/or inoperative in its recitation of a "computer-implemented

interactive system . . . comprising . . . an operator interface for enabling potential customers to input requests to said computer . . ." in connection with use of "said computer" elsewhere in the claim and the meaning the patentee ascribed to "operator interface." Claim 7 of the '370 Patent (and claims that depend from it) is invalid under 35 U.S.C. § 112 as indefinite and/or lacking in written description as stating "interface whereby goods and/or services . . ."

## INTERROGATORY NO. 11:

If Amazon.com contends that any claim or claim term of the '370 patent requires claim construction, describe your construction of each claim or claim term and the bases for such construction, and identify the support for your construction of the claims and claim terms, including an identification of all portions of the specifications and/or prosecution histories and any extrinsic evidence relied upon by you to support the construction.

## RESPONSE TO INTERROGATORY NO. 11:

Amazon.com objects to the interrogatory as unduly burdensome and seeking discovery on matters beyond those relevant to the claims or defenses in that it seeks contentions from Amazon.com for each claim of the '370 Patent when plaintiff has not alleged with particularly any claim of the '370 Patent is infringed by a specific feature on the Amazon.com website. Amazon.com will respond concerning representative independent claims and supplement its response at appropriate periods after Plaintiff provides substantive infringement contentions. Amazon.com objects to the Interrogatory as premature, and therefore unduly burdensome and harassing, to the extent that it seeks each basis for Amazon.com's contention prior to any opportunity for meaningful discovery. *See, e.g., In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985).

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| 1. A computer-implemented method for the recommendation of goods and/or services to potential | database storage means for storing information in database files | Governed by § 112, ¶ 6.<br><br>Function: Storing the information pertaining to |

16

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| customers over a distributed network based on customer buying history utilizing an information processing system containing processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files, the method comprising the steps of: | | goods and/or services purchasing history of previous customers<br><br>Structure:<br>"The host computer 3 contains . . . a customer purchasing history database 4 which stores data describing all purchases of previous customers." (2:58–62)<br><br>"The customer history database includes three relational database tables consisting of Customers, Orders and Items. The tables are related to each by keying unique customer IDs in the Customer table to order numbers in the Orders table and product identification numbers in the Items table." (3:30–37)<br><br>"The retained customer purchasing history is stored in the customer history database 4 and is accessed whenever a request for recommendations is submitted to the host computer." (4:7–9) |
| receiving customer commands specifying a particular good or service to be used as filter data; | "Customer commands specifying a particular good or service to be uses as filter data" | Customer commands specifying that a particular good or service is to be used as filter data to generate recommendations of other items or services.<br><br>**Support**<br>**Patent**: "If there are possible recommendations the user can choose to have those goods or services |

| CLAIM | PHRASE | RESPONSE |
|-------|--------|----------|
| | | recommended to him by the system." (1:58–60)<br><br>"If other books are available as recommendations the option to request recommendations is supplied to the user in the form of a hypertext display as shown in FIG. 3D as the Affinity™ service." (3:24–27)<br><br>"The user makes a request for recommended books by selecting the Affinity™ hypertext using a tracking device such as a mouse." (3:66–4:1)<br><br>FIG. 2, block 50 "User Requests Recommendations"<br><br>**File Wrapper:**<br>"The Office action acknowledges that Robinson fails to disclose the step of receiving customer commands specifying a particular good or service as filter data to be used to identify other goods or services to be displayed as a recommendation to a customer." (Paper 9 at 6, PH 0144)<br><br>"To reiterate, the present invention provides a recommendation of <u>other goods and/or services</u> based on the selection of a particular good and/or service as a filter by a potential customer." (emphasis in original) (Paper 13 at 6, |

18

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
|  |  | PH0104)<br><br>"This has nothing to do with entering a specified item as filter data for obtaining recommendations of other goods and/or services from a previous customer purchase history database, as set forth in the claims on appeal." (Paper 22 at 1–2, PH 0039–0040)<br><br>"As we found with respect to claim 1, neither Robinson nor Payton discloses specifying a particular good or service to be used as filter data for a recommendation." (Paper 24 at 8, PH0033)<br><br>"Thus, claim 16 does not capture the idea of using a specified good or service as a filter for obtaining recommendations of other goods and services." (Paper 24 at 9, PH 0034). |
| storing information pertaining to goods and/or services purchasing history of previous customers; | "Information pertaining to goods and/or services purchasing history of previous customers" | A database of recorded customer purchase histories of goods and/or services<br><br>**Support**<br>**Patent**: "A computer-implemented method and system utilizing a distributed network for the recommendation of goods and/or services to potential customers based on a potential customer's selection of goods and/or services and a database of previous customer purchasing history." (Abstract) |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | "Instead of relying on the personal information provided by each potential customer as a basis for determining recommendations, the subject invention utilizes a customer activity history database to facilitate the determination of recommendations." (1:36–40)

"The previous customer buying history is assembled by passively tracking and retaining or storing all purchasing decisions by previous customers." (1:48–51)

"The data processor then utilizes the filter data input and the customer history database to determine all of the customers who have purchased the particular good or service selected by the user and all of the goods or services those customers have purchased. The goods or services purchased in common by this group of customers are returned as filtered output data and displayed to the user as recommended goods or services." (1:60–67)

"The host computer 3 contains information regarding goods and services (such as books) for sale and also contains a customer purchasing history database 4 |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | which stores data describing all purchases of previous customers." (2:58–62)<br><br>"The customer history database includes three relational database tables consisting of Customers, Orders and Items.  The tables are related to each by keying unique customer IDs in the Customer table to order numbers in the Orders table and product identification numbers in the Items table." (3:31–36)<br><br>"The host computer utilizes these elements to track and retain the identification of all customers and their purchases.  The retained customer purchasing history is stored in the customer history database and is accessed whenever a request for recommendations is submitted to the host computer." (4:5–9)<br><br>"Utilizing the customer history database 4, the host computer 3 searches all the books purchased by all the customers who have purchased the particular book that was selected by the user.  Titles that have been purchased in common among the customers are selected as recommendations for the user." (4:11–16);<br><br>FIG. 1 "Customer History Database, 4" |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | FIG. 4 "Customer History Database, 26" |
| | | **File Wrapper**: |
| | | "In any event, even if the Cragun sales promotion system were to be somehow combined with the Robinson statistical rating system, the invention as set forth in claims 1–16 would not be attained. Neither Cragun nor Robinson disclose the use of a database of recorded customer purchase histories of goods and/or services, and the use of customer-specified goods and/or services as filter data to be applied to the purchase history database, in order to provide the identity of other goods and/or services as recommendations to the potential customer." (Paper 7 at 6, PH0164) |
| | | "However, the claims of the present application require that goods and/or services <u>purchasing history</u> of previous customer be stored." (emphasis in original) (Paper 9 at 3, PH 0141) |
| | | "According to the invention <u>as set forth in the claims</u>, a user may obtain recommendations of other goods/services based on selection of one good or service used as a filter on a database of recorded customer purchasing history." (emphasis in original) (Paper 9 at 4, PH |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | 0142) <br><br> "Neither Cragun nor Robinson disclose the use of a database of recorded customer purchase histories of goods and/or services, and the use of customer-specified goods and/or services as filter data to be applied to the customer purchase history database, in order to provide the identity of other goods and/or services as recommendations to the potential customer. Thus, no combination of Cragun and Robinson could result in the claimed invention at issue." (Paper 9 at 8, PH 0146). <br><br> "The present invention as claimed provides a significant advance in the prior art as disclosed by Payton and Robinson by enabling goods and/or services to be recommended to a user simply by having the user select an item as filter data, and using the filter data to filter a passively compiled database of recorded customer purchase history." (Paper 13 at 7, PH 0105) |
| comparing said filter data with said stored information and determining whether, for said filter data, corresponding entries exist within the stored information; and | "comparing said filter data with said stored information" | Searching customer history database for customers who purchased the "filter data" item. The "comparing" step occurs after the "storing" step and before the "determining" step. |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | **Patent Support**<br>"The data processor then compares this input data with a customer activity history database to determine if there are any possible goods or services that can be recommended to the user." (1:55–57)<br><br>"When a user has selected a particular book, the system searches the database 4 to determine all previous customers who have purchased that book." (3:37–40)<br><br>"Utilizing the customer history database 4, the host computer 3 searches all the books purchased by all the customers who have purchased the particular book that was selected by the user." (4:10–13) |
| | determining whether, for said filter data, corresponding entries exist within the stored information | Determining whether two or more customers have purchased the filter item.<br>**Patent Support**<br><br>"If there exist in the database at least two other customers who have purchased the user-selected book . . . If the search does not find at least two customers who have purchased the selected book . . . " (3:40–47) |
| if corresponding entries exist, displaying the identity of other goods and/or services purchased by said previous customers | if corresponding entries exist, | If two or more customers have purchased the filter item.<br><br>"If there exist in the database |

24

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| who have purchased the good and/or service used as said filter data. | | at least two other customers who have purchased the user-selected book and those at least two customers have also purchased other books (or other products) in common, then the Affinity™ hypertext link will appear in the display page for the selected book." (3:40–45) |
| 7. A computer-implemented interactive system for assisting a potential customer in purchasing decisions from among a plurality of goods or services, the system comprising: | | |
| an operator interface for enabling potential customers to input requests to said computer, including requests for: | "an operator interface . . ." | A remote user's computer hardware for transmitting and receiving data<br><br>**Patent support**<br>"… a remote user utilizing an operator interface 1 accesses a distributed network communication medium 2, such as, for example, the Internet via the World Wide Web. The operator interface 1 may be any computer with a modem, network card or any other device including wireless devices utilized in computer systems to facilitate the transmission of data and may be found in personal computers used in households, business offices or schools. The computer can be any device capable of processing data such as computers based on technology from Apple Computer (e.g., The |

25

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | Macintosh, The Performa, the PowerMac series, etc.) or technology based on processors by Intel, AMD, Cyrix, etc. and commonly referred to as IBM compatibles. It should be noted however that a user need not have a computer (i.e., a machine with processing power); a so-called "dummy terminal" being sufficient." (2:41–56)<br><br>"… said operator interface is a personal computer." (claim 13)<br><br>"… said operator interface is a workstation." (claim 14)<br><br>"… said operator interface is a dummy terminal." (claim 15) |
| the purchase of goods or services, | | |
| information concerning goods or services, | | |
| recommendations of goods or services based on operator input; | "an operator interface for enabling potential customers to input requests . . . for recommendations of goods or services based on operator input." | The "operator interface" (as construed above) through which a user requests a recommendation based on a particular identified good or service.<br>**Support**<br>See citations above regarding element "customer commands specifying a particular good or service to be used as filter data" |
| a database maintained in said computer, containing information pertaining to goods and/or services purchasing history of | "maintained in said computer" | The database is within the same "computer" recited elsewhere in the claim |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| previous customers; | | **Patent support** "The host computer 3 contains information regarding goods or services (such as books) for sale and also contains a customer purchasing history database 4 which stores data describing all purchases of previous customers." (2:58–62) |
| means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database; | "means for processing inputted requests and for filtering relevant history information regarding said inputted requests from said database." | This element is governed by § 112, ¶ 6. The structure is the computer programmed to perform the algorithm described in the specification and shown in Fig. 2, particularly, the steps recited in blocks 60, 70, and 80.  **Support** **Patent**: "A computer-implemented method and system utilizing a distributed network for the recommendation of goods and/or services to potential customers based on a potential customer's selection of goods and/or services and a database of previous customer purchasing history." (Abstract)  "Instead of relying on the personal information provided by each potential customer as a basis for determining recommendations, the subject invention utilizes a customer activity history database to facilitate the determination of recommendations." (1:36–40) |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | "The previous customer buying history is assembled by passively tracking and retaining or storing all purchasing decisions by previous customers." (1:48–51)

"The data processor then utilizes the filter data input and the customer history database to determine all of the customers who have purchased the particular good or service selected by the user and all of the goods or services those customers have purchased. The goods or services purchased in common by this group of customers are returned as filtered output data and displayed to the user as recommended goods or services." (1:60–67)

"The host computer 3 contains information regarding goods and services (such as books) for sale and also contains a customer purchasing history database 4 which stores data describing all purchases of previous customers." (2:58–62)

"The customer history database includes three relational database tables consisting of Customers, Orders and Items. The tables are related to each by keying unique customer IDs in the Customer table to order numbers in the Orders table |

| CLAIM | PHRASE | RESPONSE |
|-------|--------|----------|
|       |        | and product identification numbers in the Items table." (3:31–36)<br><br>"The host computer utilizes these elements to track and retain the identification of all customers and their purchases. The retained customer purchasing history is stored in the customer history database and is accessed whenever a request for recommendations is submitted to the host computer." (4:5–9)<br><br>"Utilizing the customer history database 4, the host computer 3 searches all the books purchased by all the customers who have purchased the particular book that was selected by the user. Titles that have been purchased in common among the customers are selected as recommendations for the user." (4:11–16);<br><br>FIG. 1 "Customer History Database, 4"<br><br>FIG. 2 is a flow diagram showing one preferred embodiment of user interaction with a customer history database.<br><br>FIG. 4 "Customer History Database, 26"<br>**File Wrapper**:<br>"In any event, even if the Cragun sales promotion system were to be somehow |

| CLAIM | PHRASE | RESPONSE |
|-------|--------|----------|
|  |  | combined with the Robinson statistical rating system, the invention as set forth in claims 1–16 would not be attained.  Neither Cragun nor Robinson disclose the use of a database of recorded customer purchase histories of goods and/or services, and the use of customer-specified goods and/or services as filter data to be applied to the purchase history database, in order to provide the identity of other goods and/or services as recommendations to the potential customer." (Paper 7 at 6, PH0164)<br><br>"However, the claims of the present application require that goods and/or services purchasing history of previous customer be stored." (emphasis in original) (Paper 9 at 3, PH 0141)<br><br>"According to the invention as set forth in the claims, a user may obtain recommendations of other goods/services based on selection of one good or service used as a filter on a database of recorded customer purchasing history."  (emphasis in original) (Paper 9 at 4, PH 0142)<br><br>"Neither Cragun nor Robinson disclose the use of a database of recorded customer purchase histories of goods and/or services, and |

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | the use of customer-specified goods and/or services as filter data to be applied to the customer purchase history database, in order to provide the identity of other goods and/or services as recommendations to the potential customer.  Thus, no combination of Cragun and Robinson could result in the claimed invention at issue." (Paper 9 at 8, PH 0146).<br><br>"The present invention as claimed provides a significant advance in the prior art as disclosed by Payton and Robinson by enabling goods and/or services to be recommended to a user simply by having the user select an item as filter data, and using the filter data to filter a passively compiled database of recorded customer purchase history."  (Paper 13 at 7, PH 0105) |
| a distributed network for transmitting requests from said operator interface to said computer and for transmitting responsive information from said computer to said operator interface; | "a distributed network . . ." | A network spread across multiple nodes that carries data to and from the operator interface.<br><br>**Patent Support**<br>"distributed networks such as Local Area Networks (LANs), Wide Area Networks (WANs), or Electronic Bulletin Board Systems (BBSs)." (2:33–35)<br><br>"... a remote user utilizing an operator interface 1 accesses a distributed network |

31

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| | | communication medium 2, such as, for example, the Internet." (2:41–42)<br><br>"At step 10, a user logs onto the Internet network, such as by obtaining access through an Internet service provider, and at step 20, the user enters the website by retrieving information from host computer 3" (3:1–4)<br><br>"The request is then transmitted to the host computer 3 via the Internet 2 and is processed at the host computer 3" (4:1–3)<br><br>"An operator enters input data 21 consisting of a selected book. This input data 21 is transmitted from the operator to the processor 23 via a distributed network 22 similar to the distributed networks described earlier with reference to block 2 in FIG. 1." (4:23–27)<br><br>"The recommendations are then transmitted from the processor 23 to the operator as output data 24 via a distributed network as previously described with reference to FIG. 1 block 2." (4:32–35) |
| interface whereby goods and/or services identification information corresponding to goods and/or services purchased by previous customers | "requested by said potential customers"<br><br>"use by said potential customers" | Requested by two or more potential customers<br><br>use by the two or more requesting potential |

32

| CLAIM | PHRASE | RESPONSE |
|---|---|---|
| who have purchased the goods and/or services requested by said potential customers are transmitted to said operator interface for use by said potential customers. | | customers<br><br>Fig. 2 |

## INTERROGATORY NO. 12:

Explain in detail the factual basis for your contention that the '370 patent is unenforceable, including identifying in detail each act or omission forming the basis for such contention, the identity of any person you alleged committed such act or omission and each person with knowledge of each such event including, the person employed or retained by Amazon.com who is the most knowledgeable regarding Amazon.com's contention that the'370 patent is invalid.

## RESPONSE TO INTERROGATORY NO. 12:

Amazon.com objects to the discovery sought as premature, and therefore unduly burdensome and harassing, to the extent that it seeks each basis for Amazon.com's contention prior to any opportunity for meaningful discovery. *See, e.g., In re Convergent Tech. Sec. Litig.,* 108 F.R.D. 328 (N.D. Cal. 1985). Amazon.com objects to the interrogatory to the extent it seeks "identity of . . . the person employed or retained by Amazon.com who is the most knowledgeable regarding Amazon.com's contention" as irrelevant to the claims or defenses or protected from discovery by a privilege, immunity, or other protection. Amazon.com objects to the interrogatory as unduly burdensome to the extent it seeks discovery on "each person with knowledge of each such event" Amazon.com will interpret this as seeking discovery of persons on whose testimony Amazon.com intends to rely, to the extent their identity is not already disclosed in discovery. Amazon.com objects to the interrogatory on the grounds that, as phrased, it is so ambiguous as to make the discovery sought unclear in that it purports to request discovery on a "contention that the '370 patent is unenforceable, including . . . Amazon.com's contention

that the '370 patent is invalid." Amazon.com will interpret this interrogatory by striking the phrase "including, the person employed or retained by Amazon.com who is the most knowledgeable regarding Amazon.com's contention that the '370 patent is invalid." Amazon.com objects to the interrogatory as seeking discovery on matters not relevant to the claims or defenses in this action or as seeking discovery on matters relevant to the subject matter involved in the action without good cause. Amazon.com's Answer does not plead an affirmative defense of unenforceability and Amazon.com's Counterclaim does not seek a declaration that the '370 Patent be held unenforceable. In the event Amazon.com elects to raise such defense or seek such a counterclaim Amazon.com will revisit its response to this interrogatory thereafter.

## INTERROGATORY NO. 13:

For each customer recommendation feature identified in response to Interrogatory No. 1, on a year-by-year basis, state how much revenue has been received and how much profit has been earned by Amazon.com as a result of that customer recommendation feature.

## RESPONSE TO INTERROGATORY NO. 13:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects to this interrogatory on the grounds that it seeks information in a form not maintained by Amazon.com and the subject of expert analysis or opinion prior to, and in contravention of, the timetable for expert discovery set under the Federal Rules and contemplated by the parties' proposed Scheduling Order. Amazon.com objects to this interrogatory to the extent it seeks discovery for time periods prior to any possible infringement of the '370 Patent.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

Pursuant to FRCP 33(d), Amazon.com will produce or make available for inspection to plaintiff its records believed to be the best available for determining the discovery sought subject to a suitable protective order or other adequate assurances.

## INTERROGATORY NO. 14:

For each customer recommendation feature identified in response to Interrogatory No. 1, identify how Amazon.com determines the pecuniary effect on sales, revenue or profit of the customer recommendation feature and identify the person most knowledgeable about how the determination is made.

## RESPONSE TO INTERROGATORY NO. 14:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects the interrogatory on the grounds that it seeks discovery on determinations that Amazon.com has not or does not make as a matter of course.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

Amazon.com generally does not separately track or report the pecuniary effect on sales, revenue or profit attributable to individual website features. In certain instances, Amazon.com runs selected statistical experiments referred to as "WebLabs." Data obtained through a WebLab provides an indication of changes to metrics for the control and/or treatments undergoing investigation in a WebLab. Some of these metrics relate to sales or revenue. WebLab data may be evaluated in light of various factors. Other pecuniary measures may be estimated from WebLab metrics and other general financial information.

Ms. Diane Lye is knowledgeable about the operation of Amazon.com's WebLab methodology.

## INTERROGATORY NO. 15:

Identify all persons involved in the marketing, promotion and/or advertisement of each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified, describe their involvement or duties with respect to each feature.

## RESPONSE TO INTERROGATORY NO. 15:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates

by reference its objections to that Interrogatory. Amazon.com objects to the interrogatory as seeking discovery on persons involved in acts which Amazon.com does not generally undertake. Amazon.com objects to the interrogatory to the extent it seeks discovery outside of time periods of any possible infringement by Amazon.com of the patent-in-suit.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

At the present time, marketing, promotion and/or advertisement specifically directed to features identified in response to Interrogatory No. 1 is not believed to have occurred.

## INTERROGATORY NO. 16:

Identify all persons involved in calculating or determining the sales, revenue, profit and costs associated with or generated by each customer recommendation feature identified in response to Interrogatory No. 1 and for each person identified describe their involvement or duties with respect to each feature.

## RESPONSE TO INTERROGATORY NO. 16:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects to the interrogatory to the extent it seeks discovery on persons involved with activities that Amazon.com does not conduct with reference to individual features on the Amazon.com website as a matter of course. Amazon.com objects to the interrogatory to the extent the discovery sought is unreasonably cumulative or duplicative with that elsewhere sought herein, e.g., Interrogatory No. 14. Amazon.com objects to the interrogatory as unduly burdensome to the extent it seeks an identification of "all persons" Amazon.com will respond concerning individuals whose job responsibilities relate to the discovery sought.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

Amazon.com generally does not separately track or report the pecuniary effect on sales, revenue or profit attributable to individual website features. As may be available, the answer to

the interrogatory may be derived or ascertained from the records of Amazon.com and, pursuant to FRCP 33(d), Amazon.com will produce or make available for inspection to plaintiff such records subject to a suitable protective order or other adequate assurances.

## INTERROGATORY NO. 17:

For each customer recommendation feature identified in response to Interrogatory No. 1, identify the date of conception, reduction to practice, and date of first public use. Include in your answer the identity and role of all persons involved in the conception, reduction to practice, and first public use of each customer recommendation feature.

## RESPONSE TO INTERROGATORY NO. 17:

To the extent this Interrogatory refers to Interrogatory No. 1, Amazon.com incorporates by reference its objections to that Interrogatory. Amazon.com objects to the interrogatory as unduly burdensome in seeking discovery of the "identity and role of all persons . . ." Amazon.com will respond concerning individuals involved with the technical operation of identified features. Amazon.com objects to the interrogatory to the extent it seeks discovery on "conception" or "reduction to practice" of a feature as unduly burdensome and/or not relevant to the claims or defenses in this action. Amazon.com objects to the interrogatory to the extent it seeks discovery regarding time periods not relevant to the claims or defenses in this action.

## INTERROGATORY NO. 18:

During the prosecution of the patent application that issued as U.S. Patent No. 6,266,649, Amazon.com submitted an Information Disclosure Statement to the Patent Office which stated that Amazon.com had implemented the "customers who bought this book also bought..." feature prior to September 18, 1997. Identify the specific date when Amazon.com first implemented the "Customers who bought this book also bought feature," and describe in detail how the feature was implemented and identify all individuals involved in the implementation including a description of their involvement.

**RESPONSE TO INTERROGATORY NO. 18:**

Amazon.com objects to the interrogatory to the extent it requests that Amazon.com "identify the specific date when Amazon.com first implemented" as potentially so ambiguous given the practice of software development as to make the scope of the discovery sought unclear. Amazon.com will interpret this to mean the date of general launch on the Amazon.com website. Amazon.com objects to the interrogatory as ambiguous to the extent it seeks discovery on "how the feature was implemented;" Amazon.com will interpret this to mean the technical operation of the implementation. Amazon.com objects to the interrogatory as unduly burdensome and/or ambiguous to the extent it seeks "a description of their involvement." Amazon.com will interpret this to mean a description of the contribution to the technical operation of the feature. Amazon.com objects to the interrogatory to the extent it seeks discovery regarding during time periods not relevant to the claims or defenses in this action.

**INTERROGATORY NO. 19:**

For each settlement entered into or license obtained or issued over the past 15 years, for any customer use feature, customer purchase feature or feature relating to on-line commerce, identify the patent(s) at issue and the royalty rate and/or terms of license.

**RESPONSE TO INTERROGATORY NO. 19:**

Amazon.com objects to the interrogatory to the extent it seeks discovery beyond a timeframe that is relevant to the claims or defenses in the action, particularly in that it seeks discovery from Amazon.com before its formation. Amazon.com objects to the interrogatory to the extent it seeks discovery on matters other than patent licenses. Amazon.com objects to the interrogatory to the extent it seeks discovery on "feature relating to on-line commerce" as overbroad and beyond relevance to determination of a reasonable royalty for the patent-in-suit. Amazon.com objects to the term "issued" as ambiguous and will interpret as "granted." Amazon.com objects to the term "settlement" as so ambiguous as to make the scope of the discovery sought unclear. Amazon.com will interpret it to mean documents resolving matters

filed as bona fide litigation in state or federal court. Amazon.com objects to this interrogatory to the extent that it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Amazon.com will not provide such information without the consent of the relevant third party or a court order.

Subject to Amazon.com's general and specific objections, Amazon.com responds as follows:

The answer to the interrogatory may be derived or ascertained from the records of Amazon.com and, pursuant to FRCP 33(d), Amazon.com will produce or make available for inspection to plaintiff such records subject to a suitable protective order or other adequate assurances.

## INTERROGATORY NO. 20:

Identify all fact and expert witnesses Amazon.com expects to call at trial and for each witness describe in detail the testimony the witness is expected to provide.

## RESPONSE TO INTERROGATORY NO. 20:

Amazon.com objects on the grounds that the interrogatory prematurely seeks discovery at an early juncture in the litigation before a meaningful opportunity for discovery, expert opinion, substantive explication of Plaintiff's infringement contentions, or construction of terms in the asserted claims. Amazon.com objects to the interrogatory as seeking discovery in contravention of the timetable contemplated under the Federal Rules of Civil Procedure relating to the disclosure of experts, their testimony, and other pretrial disclosures. *See, e.g.,* F.R.C.P. 26(a)(2)(C) ("These disclosures shall be made at times and in the sequence directed by the court."). Amazon.com will provide the information contemplated under the Federal Rules of Civil Procedure, the Court's Local Rules, and pertinent Orders from the Court on the timetable they provide. Amazon.com objects to the interrogatory as unduly burdensome to the extent it requests Amazon.com "describe in detail the testimony the witness is expected to provide."

## SUPPLEMENTATION

Discovery in this case is not complete and Amazon.com's investigation is ongoing. The responses herein are based upon Amazon.com's present understanding and analysis. Further independent discovery, independent investigation, legal research and analysis by Amazon.com, its counsel, and/or its experts or consultants may supply additional information and/or add meaning to known information. The responses hereinafter set forth are given without prejudice to Amazon.com's right to introduce evidence of any additional information or compiled facts or interpretation thereof, or to supplement, modify, or otherwise change these responses. Much of the discovery sought in these Interrogatories is speculative or moot prior to, or, in practice, contingent on, Plaintiff providing substantive explication of its contentions and/or bases for its claims which it has chosen not to do in connection with these Interrogatories or elsewhere. Amazon.com anticipates that the discovery sought by these Interrogatories will be developed subsequent to Plaintiff providing such information, the Court construing terms in the claims asserted, and other events in the litigation.

Dated: January 9, 2006

Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy Bjerknes
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

*and*

Josy W. Ingersoll (I.D. # 1088)
John W. Shaw (I.D. # 3362)
Karen E. Keller (I.D. # 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Attorneys for Defendant AMAZON.COM, INC.

## VERIFICATION

I, David A. Zapolsky, declare:

I am Vice President and Associate General Counsel of Amazon.com, Inc., and I am authorized to make this verification on its behalf.

I have read the foregoing DEFENDANT AMAZON.COM'S RESPONSE TO PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS LLC'S FIRST SET OF INTERROGATORIES and know the contents thereof. I am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Verification is executed at Seattle, Washington on this 9th day of January, 2006.

David A. Zapolsky

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2006, the attached **DEFENDANT AMAZON.COM's RESPONSE TO PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS LLC.'S FIRST SET OF INTEROGATORIES** was served upon the below named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Steven J. Balick (I.D. #2403)<br>sbalick@ashby-geddes.com<br>John G. Day (I.D. #2114)<br>jday@ashby-geddes.com<br>**Ashby & Geddes**<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>(302) 654-1888 | <u>Via U.S. Mail and E-mail</u> |
| Steven Lieberman<br>slieberman@rfem.com<br>Elizabeth A. Leff<br>eleff@rfem.com<br>Brian Rosenbloom<br>brosenbl@rfem.com<br>C. Nichole Gifford<br>ngifford@rfem.com<br>**Rothwell, Figg, Ernst & Manbeck, P.C.**<br>1425 K Street, N.W.<br>Suite 800<br>Washington, D.C. 20005<br>(202) 783-6040 | <u>Via E-mail</u> |

Wendy L. Bjerknes

23984/00403/LIT/1241054.10