IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-414-JJF |
| v. | ) ) | |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) | |

**OPPOSITION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783 6040

Dated: April 3, 2006

CD Intellectual Property Holdings, LLC ("CD") respectfully submits this opposition to Amazon.com, Inc.'s ("Amazon") motion for a protective order precluding discovery, and in the alternative, motion to compel Plaintiff to answer interrogatories. As an initial matter, the issue presented in Amazon's motion for a protective order is precisely the same issue addressed by the second part of CD's fully-briefed motion to compel Amazon to produce documents and respond to interrogatories (hereinafter "CD's First Motion to Compel"), which CD filed on February 23, 2006 and to which Amazon filed an opposition on March 2, 2006. Amazon's effort to re-brief these very same issues adds nothing other than inaccurate rhetorical hyperbole.[1] Amazon is simply wasting the Court's (and the parties') time and resources. Amazon's motion should be denied because the discovery CD seeks is highly relevant, narrowly focused information which it is entitled to discover.

## FACTS

Prior to filing suit, CD conducted the necessary pre-filing investigation and formed a good faith belief that that at least one feature, and likely other features, on the Amazon.com website infringe the patent-in-suit. In its Complaint, CD specifically accused Amazon's "Customer's Who Bought Also Bought" feature of infringement. The Complaint further alleges that CD believes other Amazon customer recommendation features may infringe the patent-in-suit. Contrary to statements made in Amazon's motion, CD has a reasonable basis for believing that other customer recommendation features used by Amazon infringe the patent-in-suit. For example, CD's First Motion to Compel included printouts of some recommender features from Amazon.com's website that appear, based on - - publicly accessible information - - to infringe. *See* Ex. E (two parts) to CD's First Motion to Compel, attached hereto at Ex. A.[2]

---

[1] For example, Amazon states "[a]fter two lawsuits spanning over a year and a half, Plaintiff refuses to definitively state the basis for any other infringement allegation ..." In truth, CD's predecessor dismissed the first lawsuit prior to Amazon filing an answer so that the parties could continue to explore a business resolution to their dispute. There was no discovery in that action. Discovery in this case did not begin until November 18 -- only four months ago. Moreover, Amazon did not produce any non-public documents until three weeks ago.

[2] Based on the pleadings filed by Amazon in prior litigation with Pinpoint, CD understands that anytime a user accesses a webpage that includes a feature based on Amazon's QuickPicks algorithm, the program searches through Amazon.com's databases to find items that the user has viewed or purchased in the past. Several of these items are selected, and then Amazon.com then runs its standard "customers who bought also bought" process to find items similar to those randomly selected and these items form the basis

However, the Amazon.com website uses many different customer recommendation features -- the inner working of which cannot be discerned by examination of the website. Amazon's website is not a device, like a radio, that CD can simply disassemble and examine. It is not possible for one publicly viewing the website to determine how each of Amazon's customer recommendation features work.

On November 18, 2005, CD served Amazon with its First Set of Interrogatories and Requests for Documents and Things. Interrogatory No. 1, requested Amazon to:

> Identify every customer recommendation feature designed, developed, implemented, used or operated by Amazon since January 1995, describe how the customer recommendation feature determines recommendations and what customer act triggers the provision of a recommendation, the date the program was implemented, and the identity of each person involved in the design, development, implementation or operation of the system.

The purpose of this interrogatory was to obtain information from Amazon which would assist CD in identifying which of the many features on the Amazon website, in addition to the "Customers Who Bought also Bought," infringe the patent-in-suit, thus enabling CD to focus the remainder of its interrogatories and document requests even more narrowly.[3] In an attempt to include the information it required for the litigation while limiting the requests so as not to be overbroad, CD narrowly defined customer recommender feature to include only those features which make recommendations based on customer purchase history, the subject of the patent-in-suit.

Amazon objected to this request as seeking discovery on features not specifically accused of infringement and is now seeking a protective order from the Court to avoid providing this highly relevant information. In an effort to obtain this critical discovery prior to the close of discovery under the currently proposed schedule, CD was forced to notice a deposition of Amazon to obtain information to allow it to

---

for the recommendation shown. This "QuickPicks" algorithm is not an identifiable "feature" on the Amazon.com website, nor is it possible to identify (by viewing the publicly available portion of the website) which of the "features" on the website use this algorithm. However, information regarding the "QuickPicks" algorithm and any feature that uses this algorithm is certainly relevant to this case. CD believes it is entitled to discovery on any customer recommendation features that use the QuickPicks algorithm. Without discovery from Amazon, CD has no way of knowing which of Amazon's customer recommendation features uses the QuickPicks algorithm. See Ex. B, pgs. 8-10.

[3] Amazon's statement that it is CD's position that it could postpone the identification of its infringement claims until "after Defendant has answered any and all written discovery" is simply another example of Amazon's distortion of the facts.

2

identify those Amazon recommender features basing recommendations on information obtained from customer purchase history. Amazon refused to provide a 30(b)(6) witness on this topic and filed a motion for a protective order to avoid the deposition. That motion is currently pending before the Court.

## ARGUMENT

### CD Is Entitled to Discovery Relating to Amazon's Recommender Features

Amazon makes two meritless arguments as to why the discovery CD seeks is "irrelevant." First, Amazon incorrectly argues that only information related to the specific feature identified in the Complaint is relevant. "Consistently with the notice pleading established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help clarify the issues." Rohm & Hass v. Brotech Corp, 1990 U.S. Dist. Lexis 20117, at * 11-12 (D. Del. Sept. 14, 1990) citing Oppenheimer Fund, Inc . v. Sanders, 437 U.S. 340, 351 (1978). CD has alleged that Amazon infringes the '370 patent. The '370 patent claims, *inter alia*, recommender systems or methods of making recommendations using information from customer purchase history. CD is entitled to factual information relating to all Amazon recommendation features which rely on customer purchase information. The standard of Rule 26 is relevance to the claims or defenses of either party. Relevancy for the purposes of Rule 26 is broadly construed. Katz v. Batavia Marine and Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993). "It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes." Id. The discovery limitations Amazon seeks would result in a new lawsuit being filed each time a patent holder obtained information regarding another feature. "Relevant matter includes any matter related to or that reasonably could lead to other matter that is related to any issue that is or may be in the action." In re Conopco, Inc. v. Warner-Lambert Co., 2000 U.S. Dist. LEXIS 1605, at *8 (D.N.J. 2000) (emphasis added) citing Hickman v. Taylor, 329 U.S. 495, 506 (1947). Amazon's motion is an attempt to improperly limit CD's claims of infringement based on the information that was available to CD at the time the lawsuit was filed. Such a limitation would make discovery superfluous. CD is entitled to the discovery that it seeks.

Second, Amazon argues that CD's requests are overbroad based upon a decision of the Board of Patent Appeals and Interferences. This argument is a red herring. While the Board's opinion will be

3

relevant to the issue of claim construction, Amazon is asking this Court to construe the claims of the '370 patent on this discovery motion. Moreover, Amazon's argument ignores the fact that CD's discovery seeks information concerning only those user recommendation features that rely on customer purchasing history. The patent-in-suit relates to recommender systems which use customer purchase information. The request of CD for discovery on Amazon's recommendation features which rely on customer purchase information could not be more relevant to the issue of infringement. Accordingly, Amazon's motion for a protective order should be denied.

Amazon requests as alternate relief that the Court order CD to identify the scope and basis for all its infringement contentions. While CD has already done so with respect to the "Customers Who Bought also Bought" feature, it is not possible for CD to provide such information regarding other Amazon features <u>until it receives the discovery</u> on these features. Amazon has not yet provided <u>any</u> discovery on its other recommender features. Thus, Amazon's motion in the alternative should be denied until after Amazon has provided a response to Interrogatory No. 1 and all appropriate documents concerning such features.

## CONCLUSION

For the reasons stated above, CD respectfully requests the Court deny Amazon's motion in its entirety.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*
*CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: April 3, 2006

168236.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, the attached **OPPOSITION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | VIA FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon