IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-414-JJF |
| v. | ) ) | |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) | |

**OPPOSITION OF CD INTELLECTUAL PROPERTY HOLDINGS, LLC
TO AMAZON.COM'S MOTION TO COMPEL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783 6040

Dated: April 3, 2006

Plaintiff CD Intellectual Property Holdings, LLC ("CDIPH") respectfully files this opposition to the motion of Amazon.com, Inc. ("Amazon") to compel CDIPH to answer Interrogatory No. 3. Amazon filed this motion prematurely and contrary to the agreement reached between the parties during the meet and confer held to resolve the issues. CDIPH served supplemental responses to Interrogatory No. 3 on March 24 as agreed to by the parties.[1] Accordingly, Amazon's motion should be denied as moot.

### Facts

On March 16, 2006, the parties held a meet and confer to discuss outstanding discovery issues. These issues included, *inter alia*, the response of CDIPH to Interrogatory No. 3. Interrogatory No. 3 requests:

> Separately, for each claim of the '370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of such date, all documents corroborating such conception, each person with information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and all facts that you contend support any diligence you contend was exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112¶1; and for all periods between date of reduction to practice of any claim or invention of '370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed or concealed.

In its response and first supplemental response to Interrogatory No. 3, CDIPH identified the inventor Charles Stack and his colleague Adam Wallace as the individuals with knowledge of conception and reduction to practice. (Neither Mr. Stack nor Mr. Wallace are employed by CDIPH.) These responses also provided the latest dates for which conception and reduction to practice could have occurred. See Ex. A.

---

[1] Pursuant to Local Rule 37.1, a copy of the relevant portion of CD's Second Supplemental Responses to Amazon's First Set of Interrogatories (including CD's original response to Interrogatory No. 3, CD's First Supplemental Response to Interrogatory No. 3, and CD's Second Supplemental Response to Interrogatory No. 3) is attached hereto as Ex. A.

Despite these responses and the corroborating evidence provided in, *inter* alia, Mr. Stack's notebooks, which were produced on January 13, 2006, Amazon sought more specific information from CDIPH. CDIPH again agreed to supplement its response.

In a letter dated March 14, 2006, Amazon's counsel stated "[w]ith respect to CD's response to Interrogatory No. 3, you indicate that CD will 'supplement its response … to the best of its ability.' In order to determine whether a motion to compel is necessary, please provide your supplemental response. We intend to discuss at the meet and confer a deadline for this -- if CD refuses to agree to a deadline, Amazon.com will move to compel." See Ex. B.

A meet and confer was held on March 15. CDIPH agreed to supplement its response by March 24. Amazon's counsel stated they wanted the supplemental responses by March 22, the date to which document discovery had been extended at Amazon's request.[2] Counsel for CDIPH indicated that it needed the additional two days to respond properly. On March 16, Amazon's counsel left a voice mail for CDIPH's counsel stating that although they preferred the supplemental responses be served on March 22, they would not "bring a motion on the 24th" or "further oppose the date on that." See Ex. C. Contrary to Amazon's counsel's representation, and counter to the requirements of this Court's rules, Amazon filed this motion four days prior to the agreed to date for supplementation. As it had agreed to, CDIPH served its supplemental response on March 24, 2006. Those supplemental responses are attached as Ex. A.

## ARGUMENT

**Amazon's Motion Should Be Denied Because It Was Filed Prematurely and Relies Upon a Misrepresentation of the Facts**

Amazon's motion to compel was filed prematurely. Although following a meet and confer Amazon agreed to review the supplemental response to Interrogatory No. 3 prior to filing a motion to compel, it filed its motion four days prior to the date agreed to for service. Amazon's motion is moot and has simply caused unnecessary work for CDIPH and this Court.

Moreover, in an attempt to justify its motion, Amazon misstates the facts. For example, in referring to CDIPH's document production, Amazon states "most of which is unfinished." CDIPH produced the majority of the documents responsive to this first document request on February 8, 2006. Amazon also

---

[2] Interestingly, despite all of its inferences that CDIPH is seeking delay, on March 23, Amazon's counsel requested CDIPH to agree to yet another extension of the document discovery deadline to April 7, to which CDIPH acquiesced.

2

states that CDIPH agreed to supplement "no earlier than March 24 … and failed to indicate its response would be complete as of this date." Motion at 1. In fact, CDIPH's counsel agreed to provide the response on March 24 and represented that CDIPH would provide the information it had thus far regarding conception and reduction to practice. Additionally, CDIPH did not refuse to agree to refrain from relying on Rule 33(d) but rather agreed to identify documents by Bates number. The Bates numbers were provided with CDIPH's supplemental responses served on March 24 as agreed during the parties' meet and confer.

Thus, Amazon's motion to compel is without merit. CDIPH fully responded to the interrogatory by the date to which the parties agreed. It is difficult to avoid the conclusion that Amazon's motion practice is simply an attempt to create an issue where none exists so as to divert the Court's attention from Amazon's own serious failure to produce non-public documents until a week before the scheduled end of document production -- when it began dumping thousands of pages of documents -- and from Amazon's own inadequate interrogatory responses which are the subject of a motion to compel currently before this Court. Amazon's premature filing is exemplary of the manner in which Amazon has proceeded with discovery matters in this case. In a similar fashion, Amazon concurrently filed a motion for a protective order which is also unnecessary as the issue was fully briefed in CDIPH's motion to compel filed on February 23, 2006 and Amazon's opposition filed on March 3, 2006.

Amazon's motion to compel should be denied as moot.

## CONCLUSION

For the reasons stated above, CDIPH respectfully requests this Court to deny Amazon's motion to compel.

3

                                        ASHBY & GEDDES

                                        */s/ Tiffany Geyer Lydon*

                                        Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff
CD Intellectual Property Holdings, LLC*

*Of Counsel*:

Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: April 3, 2006

168247.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, the attached **OPPOSITION OF PLAINTIFF CD INTELLECTUAL PROPERTY HOLDINGS, LLC TO AMAZON.COM'S MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | **VIA FEDERAL EXPRESS** |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon