# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CD INTELLECTUAL PROPERTY HOLDINGS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-414-JJF |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) | |

## CD'S SECOND SUPPLEMENTAL RESPONSES TO AMAZON'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, CD Intellectual Property Holdings LLC ("CD") (hereinafter "CD") submits the following second supplemental response to Amazon's First Set of Interrogatories.

## GENERAL OBJECTIONS

The general objections as set forth in the response to Amazon's First Set of Interrogatories are incorporated herein and shall apply with the same force and effect as if stated herein separately and in full.

Subject to and without waiving the foregoing general objections, CD supplements its answer to Interrogatory Nos. 1, 2, 3, 4 and 5 as follows:

| '370 Patent – Claim 16 | Claim Construction | Support |
|---|---|---|
| | | "The present invention as claimed provides a significant advance in the prior art ... by enabling goods and/or service to be recommended to a user simply by having the user select an item as filter data, and use the filter data to filter a passively compiled database of recorded customer purchase history." 8/24/00 Req. for Reconsideration, p. 4. |

**INTERROGATORY NO. 3**

Separately, for each claim of the '370 Patent which you contend Amazon infringes, state the following: the date of invention you contend such claims should be accorded including the basis for that contention, the date on which you contend such claim was conceived, each person contributing to such conception as of such date, all documents corroborating such conception, each person with information relating to such conception, including the substance of such information, the date you contend such claimed invention was first reduced to practice, the person(s) performing such reduction to practice, each person with information relating to such reduction to practice, including the substance of such information, and all facts that you contend support any diligence you contend was exercised in reducing to practice such claimed invention including to identify each document relating to such diligence, each person with information relating to such diligence, including the substance of such information, and the patent application by application serial number in which you contend such claim was first disclosed in the manner provided by 35 U.S.C. § 112 ¶ 1; and for all periods between date of reduction to practice of any claim or invention of '370 Patent and the actual filing date of filing of such patent application, state the full factual and legal basis for any contention you have that the claimed invention was not abandoned, suppressed or concealed.

**RESPONSE TO INTERROGATORY NO. 3**

CD objects to this interrogatory as containing five separate interrogatories. CD will respond to each interrogatory separately and will consider this interrogatory five separate interrogatories for purposes of the total number of interrogatories propounded.

**RESPONSE TO INTERROGATORY NO. 3A.**

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory to the extent that requesting a "date of invention" calls for a legal conclusion. Subject to the foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in response to Amazon's first set of document requests.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3A**

CD further preliminarily responds that the date of conception for each claim of the '370 patent was no later than June 11, 1996 and the date of reduction to practice for each claim of the '370 patent was no later than March 27, 1997. Discovery is ongoing in this case and CD specifically reserves the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3A**

CD further preliminarily responds that on or about June 11, 1996, Charles Stack conceived of the invention disclosed in the '370 patent and wrote the idea down in his notebook. The dated source code printout indicates that the source code for the Affinity button embodiment existed at least as early as March 27, 1997. CD believes that the invention was reduced to practice at least several weeks and perhaps several months prior to the embodiment reflected in this source code.

### RESPONSE TO INTERROGATORY 3B

CD objects to this interrogatory to the extent that the phrase "each person contributing to such conception" calls for a legal conclusion. CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all documents" corroborating such conception. CD can never be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such conception" is vague and ambiguous. CD objects to this interrogatory as overly broad, unduly burdensome, in that CD can never be sure that it knows "each person" with information relating to such conception. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. Subject to the foregoing general and specific objections, CD responds that at this time it contends that the invention claimed in the '370 Patent was conceived by Charles Stack. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Document Request No. 31. CD further responds that Charles Stack has information on the conception of the invention claimed in the '370 Patent.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY 3B

CD further responds that Camille Tillman, John Regal, Adam Wallace and Randy Beiter each have information relating to the conception of the invention disclosed in the '370 patent. Each of these former employees of Bookstacks Unlimited discussed with Charles Stack, inter alia, his idea regarding the use of information pertaining to customer purchasing data to make e-commerce recommendations to customers/potential customers. CD further refers Amazon to

26

documents produced by Charles Stack including, but not limited to, documents identified by Bates numbers CDIP-STACK 289-916.

**RESPONSE TO INTERROGATORY 3C**

CD objects to this interrogatory as overbroad and unduly burdensome in that it calls for "all documents" corroborating such reduction to practice. CD cannot be sure that it has all documents. CD objects to this interrogatory in that the term "each person contributing to such reduction to practice" is vague and ambiguous. CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD also objects to this interrogatory to the extent it calls for a legal conclusion. Subject to the foregoing general and specific objections, CD identifies Charles Stack and Adam Wallace as having contributed to the reduction to practice and having information regarding the reduction to practice and software development. Pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to documents produced in response to Amazon's document requests. Identifying information for Charles Stack and Adam Wallace can be found on CD's 26(a)(1) statement.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 3C**

CD further responds that Charles Stack participated in the reduction of the invention disclosed in the '370 patent to practice. Mr. Stack designed the overall architecture of the invention including the manner in which the recommender system should operate. Mr. Stack guided the work done by those writing and compiling code. Mr. Stack worked with the accessible data and determined what data was necessary for the system to operate. He worked on

27

obtaining additional data such as annotations and titles. Adam Wallace and Randy Beiter also contributed to the reduction to practice of Charles Stack's ideas by, inter alia, writing and/or compiling source code, CGI and software. Camille Tillman assisted in the layout on the books.com website, site redesign, HTML coding and formatting. Each of the individuals participated in testing the operation of the various components they worked on.

**RESPONSE TO INTERROGATORY 3D**

CD objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad, unduly burdensome, vague and ambiguous in that Amazon has not identified prior art conceived after but reduced to practice prior to the invention disclosed in the '370 Patent. CD objects to this request to the extent that it calls for a legal opinion. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), CD refers Amazon to the documents produced in this matter. CD contends that the first U.S. application disclosing the claimed invention is U.S. application number 08/923,293 filed September 4, 1997.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 3D**

CD further responds that in the months between conception and reduction to practice, Charles Stack worked diligently to design an overall architecture for practicing the idea he conceived of. This included, inter alia, determining the amount and types of data necessary for the system to operate and provide recommendations, the sequence of queries and manually testing the adequacy of the data. Adam Wallace diligently created and compiled code which

28

would allow the system to search for and identify titles to be recommended. This included creating an alternative embodiment for commercialization which reduced the time it took the system to compile recommendations. Randy Beiter worked diligently in taking the sequel code and created a code in C which would enable the system to transmit the data on to the webpage. Camille Tillman redesigned the website to include the recommender system. This included, inter alia, mocking up a design by hand to create a format that was user friendly, taking the design and working on HTML coding and testing the operation of the system on the website. CD reserves the right to further supplement its response to this Interrogatory as discovery progresses and if and when Amazon identifies a particular piece of prior art or a prior invention sufficient to establish a critical period for diligence. See Marhurkar v. C.R. Bard, Inc., 79 F.3d 1572 (Fed. Cir. 1996).

**RESPONSE TO INTERROGATORY 3E**

CD objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to the extent this request requires a legal opinion. Subject to the foregoing general and specific objections, CD contends that the invention claimed in the '370 Patent was not abandoned, suppressed or concealed. The invention was publicly disclosed, that is, an embodiment of the invention was put online less than one year after the reduction to practice. See Correge v. Murphy, 705 F.2d 1326 (Fed. Cir. 1983).

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3E

CD further responds that the steps taken to make the invention publicly known soon after reduction to practice evidence that the invention was not abandoned, suppressed or concealed. See <u>Dow Chemical Company v. Astro-Valcour, Inc.</u>, 267 F.3d 1334, 1342 (Fed. Cir. 2001) (citations omitted). A commercial embodiment of the invention was put online, that is added to the books.com website, shortly after the reduction to practice . The use of the embodiment was described in the press. See, e.g., documents identified by Bates Nos. CDIPSTACK0076 - 86 and CDIP003579 - 82. Mr. Stack filed a patent application with the U.S. PTO on September 4, 1997, a reasonable time after reduction to practice.

### INTERROGATORY NO. 4

Identify each person with knowledge of the design, development, testing, use, or operation, of the system identified as the Affinity service of the '370 Patent.

### RESPONSE TO INTERROGATORY NO. 4

CD objects to this interrogatory as overbroad and unduly burdensome in that CD can never know if each person has been identified. CD objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or immunity in case law recognized by the Federal Rules of Civil Procedure or by the Local Rules of this Court. CD objects to this interrogatory as overbroad and unduly burdensome to the extent that it cannot identify each person who used or operated the Affinity system as that would include hundreds of people who clicked onto the Bookstacks.com website. Subject to the foregoing general and specific objections CD identifies

30

| | |
|---|---|
| means for filtering said database storage means using said specified particular good or service to obtain recommendations of other goods or services to a user based on said inputted user commands. | The Website also included an information processing system configured to carry out an algorithm, regardless of whether the user has rated or purchased the selected item, in which: (a) in response to receiving the message, the information processing system compares an identifier of the selected item with the stored information to determine if others who purchased the selected item have other purchases in common that can be recommended to the user, and (b) if there are such items, then, in response to a subsequent message received from the user's device, the information processing system retrieves from the stored information an identifier identifying at least one of such items. |

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*
*CD Intellectual Property Holdings, LLC*

*Of Counsel*:
Steven Lieberman
Elizabeth A. Leff
Brian Rosenbloom
C. Nichole Gifford
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Dated: March 24, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2006, the attached **CD'S SECOND SUPPLEMENTAL RESPONSES TO AMAZON'S FIRST SET OF INTERROGATORIES** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Lynn H. Pasahow, Esquire<br>Fenwick & West, LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041 | **VIA FEDERAL EXPRESS** |

_____
Tiffany Geyer Lydon