# EXHIBIT B



**FENWICK & WEST LLP**

SILICON VALLEY CENTER
801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041
TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

March 14, 2006

WENDY BJERKNES

EMAIL WBJERKNES@FENWICK.COM
DIRECT DIAL (650) 335-7647

**VIA E-MAIL**

Elizabeth Leff, Esq.
C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re: *CD Intellectual Property Holdings, LLC v. Amazon.com, Inc.*

Dear Counsel:

This letter responds to your March 13, 2006 letter regarding CD's Interrogatory and Document Responses.

Regarding CD's response to Interrogatory No. 1, you indicate that CD will provide "its preliminary contentions of infringement with respect to the 'Customers Who Bought This Item Also Bought" feature." Yet you fail to indicate what information you will provide or when. In order to determine whether a motion to compel is necessary, please provide your supplemental response. We intend to discuss at the meet and confer tomorrow a deadline for this – if CD refuses to agree to a deadline, Amazon.com will move to compel. As you note, we have discussed this issue repeatedly. Amazon.com's Interrogatory Requests were served more than three months ago. That CD is only now acknowledging its obligation to provide this information does not provide CD more opportunity for delay.

You indicate that you need not provide any other contentions you may have regarding other features, or even identify other features you may accuse of infringement. I agree that we have fully discussed this issue, and Amazon.com will move to compel on this issue, or alternatively will seek an order preventing CD from making any contentions about them, given that written discovery is at an end.

With respect to CD's response to Interrogatory No. 3, you indicate that CD will "supplement its response...to the best of its ability." In order to determine whether a motion to compel is necessary, please provide your supplemental response. We intend to discuss at the meet and confer tomorrow a deadline for this – if CD refuses to agree to a deadline, Amazon.com will move to compel. For all the reasons previously discussed, CD's obligation to fully provide information regarding conception, reduction to practice, and diligence in reducing to practice have absolutely nothing to do with Amazon.com or discovery produced by Amazon.com and is otherwise required by both the Interrogatory and case law. As you note, we have discussed this issue repeatedly for over a month – that CD is only now acknowledging its obligation to provide this information does not provide CD more opportunity for delay.

SILICON VALLEY ■ SAN FRANCISCO

Elizabeth Leff, Esq.
C. Nicole Gifford, Esq.
March 14, 2006
Page 2

      With respect to Interrogatory No. 5, I have explained why information regarding embodiments of the purported invention(s) is relevant to this lawsuit. The requested information is relevant to several disputed issues in this case, including the scope of the patent in suit, when the claimed invention(s) was/were conceived, reduced to practice, licensed, sold, and offered for sale (if ever), all of which are relevant to claims or defenses in the litigation. The requested information also is directly relevant to the existence and extent of any claimed damages. *See* 7-20 CHISUM ON PATENTS § 20.03. I cited multiple cases regarding the relevance of this information in my March 8, 2006 letter. Moreover, as plaintiff, you must substantiate your positions on these issues by identifying where in each embodiment each claim element can be found. Since your position is that you need not supplement your response, Amazon.com will move to compel.

      Regarding CD's Document Responses, in my March 8, 2006 letter, I identified **20** separate document requests for which CD provided no indication that it would produce responsive documents. You have now agreed to supplement some of these requests, but you fail to indicate when and how you will supplement your responses. We intend to discuss at the meet and confer tomorrow a deadline for this – if CD refuses to agree to a deadline, Amazon.com will move to compel.

      Moreover, you still assert that you still do not understand some of the requests (though you fail to indicate which ones), and you otherwise fail to indicate that you will produce any responsive documents to the others. To the extent that CD did not understand any of these requests, I asked in my March 8, 2006 letter that you identify the source of your confusion in a meet and confer, as I am happy to address any questions that you may have about these requests. Rather than ask those questions, you simply assert that CD will "supplement its response" to 14 of those Document Requests based on the "few clarifications" I provided in my letter. I again ask that you identify what you do not understand in each request. Since you continue to assert that you do not understand these requests, we will go through and discuss each of them at the meet and confer.

      Regarding Document Request No. 15, you still fail to indicate that you produce *any* responsive documents. This is unacceptable. The request asks for documents related to any "use" of the inventions claimed in the patent-in-suit. "Use" of a patented method or device is not only the standard basis of infringement, documents related to any purported "use" of the invention relate to damages issues, validity issues, and unenforceability issues. There is no basis for your refusal to produce these highly relevant documents. Your statement that uses by non-parties is irrelevant to the issues in this case is simply incorrect – it directly impacts on Plaintiff's claims for damages and scope of coverage of the patent-in-suit. CD's position on this issue is not justifiable, and Amazon.com will move to compel CD's production of such documents.

      With respect to document requests specifically related to "embodiments" of the patent-in-suit (in particular requests 13, 33, 36 and 38), I have repeatedly explained why such documents are relevant to this lawsuit, including the reasons identified in this letter. That it is improper to analyze and compare the Plaintiff's commercial embodiment to the defendant's product to determine whether the defendant's product infringes, of course does not mean that all purported embodiments of the invention(s) claimed in the patent-in-suit (both before and after the patent-

Elizabeth Leff, Esq.
C. Nicole Gifford, Esq.
March 14, 2006
Page 3

in-suit issued) are not relevant to other aspects of this case. CD's position on this issue is not justifiable, and Amazon.com will move to compel CD's production of such documents.

CD's limitation that it will produce only the published "continuation application" to respond to requests regarding "related patents/applications" is unacceptable. Documents regarding the application, drafts of documents submitted in the prosecution of the application, and discussing the application itself are relevant to this case, in particular to issues regarding claim construction, prosecution history estoppel, as well as conception, reduction to practice, and diligence issues. Please indicate that you will produce these documents, or Amazon.com will move to compel them.

With respect to Document Request Nos. 28 and 35, which you argue are duplicative of Document Requests Nos. 27 and 2 respectively, since we do not know how you are interpreting the scope of these requests, we cannot affirm that they are duplicative or not. We believe they are not duplicative. For instance, Document Request 35 seeks all documents maintained in a file by or for CD (as defined in the requests) relating to the '370 Patent or any related patents/applications. Therefore, if there are documents placed in such a file do not fall within the scope of Request No. 2, we still are entitled and seek those documents. Document Request 28 calls for documents before the patent-in-suit or related patents issued, namely documents created during the process of preparing to and prosecuting the patents. Document Request 27 is directed to documents regarding '370 Patent itself, including any summaries or descriptions, the scope of any claim, etc. as put forth in the remainder of the request. Please produce all such documents. If you fail to indicate that you will do so, Amazon.com will move to compel these documents.

Regarding your comments about Amazon.com's position on the relevant time frames involved in this lawsuit, I put forward this position in my March 8, 2006 letter to you and in other correspondence, as well as explained it in our meet and confer. Your cut and paste of your *incorrect* summary of Amazon.com's position from your March 2, 2006 letter into your most recent letter is not helpful. In my March 8, 2006 letter, I explained Amazon.com's position, which also referenced previous correspondence. In that correspondence, I have repeatedly invited you to identify any additional categories of documents or information that are relevant prior to the issuance of the patent-in-suit other than those put forward by Amazon.com (your letter does not accurately summarize Amazon.com's position on what those categories are). Your only response to that was to discuss how documents related to Books.com may be relevant prior to the patent-in-suit issuing, but I already agreed that Amazon.com would produce documents and information that concern the patent-in-suit, even if they are date prior to the issuance of the patent-in-suit, including documents related to Charles Stack, Books.com, and Book Stacks Unlimited. As I explained in my March 8, 2006 letter, this follows directly your statements regarding the scope of relevance for such documents put forth in CD's Document Responses. *See e.g.,* CD's Responses to Document Requests Nos. 29 and 63. These are documents most likely in CD's hands – how CD can assert that it need not produce such documents but Amazon.com must is untenable.

In any event, you never explained the relevance of documents mentioning Books.com in any meet and confer. And even now in your March 13, 2006 letter, while you propose that a hypothetical document might say "something along the lines of 'the books.com website has a great recommendation feature called Affinity that is really novel and we should copy it,'" you

Elizabeth Leff, Esq.
C. Nicole Gifford, Esq.
March 14, 2006
Page 4

still do not explain why such a document would be relevant. According to your position throughout the remainder of your letter, anything related to the Affinity embodiment (or any embodiment for that matter) is *not* relevant to this lawsuit. In fact, the one case you cite stands for the proposition that comparison of the accused product to an embodiment of the patent is not relevant to an infringement analysis. So again, please explain how even your hypothetical document is relevant. Moreover, until you establish that the Affinity feature was even an embodiment or the inventor's reduction to practice of a claim of the patent-in-suit, how can you even assert that documents Amazon.com may have regarding it are relevant to this patent infringement lawsuit.

    I look forward to discussing these issues at the meet and confer tomorrow.

Sincerely,

Wendy Bjerknes

cc:    Steven Balick

23984/00403/LIT/1246398.2